UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TELECOM BUSINESS SOLUTION, LLC, LATAM TOWERS, LLC, AND AMLQ HOLDINGS (CAY), LTD., | : : : : | Civil Action No.: |
| Petitioners, | : | |
| v. | : : | |
| TERRA TOWERS CORP. AND TBS MANAGEMENT, S.A., | : : : | |
| Respondents. | : | |

## PETITION TO CONFIRM PARTIAL FINAL AWARD

Petitioners Telecom Business Solution, LLC, LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay) Ltd. ("AMLQ," and together with Peppertree, "Petitioners") allege as follows:

### NATURE OF THE PROCEEDING AND RELIEF SOUGHT

1.  Petitioners commence this proceeding seeking the confirmation of a partial final award (the "Partial Final Award") pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 9 U.S.C. § 207.

2.  The Partial Final Award was issued pursuant to a confidential arbitration and is presently confidential in nature. Petitioners, therefore, intend to seek leave of this Court to file the documents in support of this Petition under seal. Such documents will include an amended petition, memorandum in support, and declaration in support with supporting exhibits (including the Partial Final Award).

1

3. Additionally, Petitioners seek pre- and post-judgment interest on the amounts awarded in the Partial Final Award at the rates set forth therein.

## PARTIES

4. Petitioner Telecom Business Solution, LLC is a limited liability company organized under the laws of the State of Delaware.

5. Petitioner LATAM Towers, LLC is a limited liability company organized under the laws of the State of Delaware.

6. Petitioner AMLQ is a Cayman Island Exempted Company Limited by Shares, and it is incorporated in the British Virgin Islands.

7. Respondent Terra Towers Corp. ("Terra Towers") is a company incorporated in the British Virgin Islands, with registered number 1375181, whose registered office is at Commerce House, Wickhams Cay 1, P.O. Box 3140, Road Town, Tortola, British Virgin Islands.

8. Respondent TBS Management, S.A. ("Terra TBS," and together with Terra Towers, the "Terra Respondents") is a *Sociedad de Responsabilidad Limitada* organized under the laws of Panama.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction to confirm the Partial Final Award under the New York Convention, 9 U.S.C. § 203.

10. The Terra Respondents consented to this Court's jurisdiction over them by agreeing to arbitrate the parties' disputes in New York, New York pursuant to a governing Shareholders Agreement.

11. Venue is proper in this Court pursuant to 9 U.S.C. § 9, 9 U.S.C. § 204, and 28 U.S.C. § 1391(b)(3).

## FACTUAL BACKGROUND

### The Shareholders Agreement Requires Arbitration of Disputes in New York

12. Petitioners and the Terra Respondents are shareholders of a Latin American telecommunications company (the "Company"). On October 22, 2015, the Petitioners and the Terra Respondents executed the Shareholders Agreement[1] in connection with their investments in the Company.

13. The Shareholders Agreement provides that any disputes related thereto will be settled by binding arbitration and that the seat of the arbitration shall be in New York, New York.

### Peppertree Initiated Arbitration

14. On February 2, 2021, Peppertree filed a Demand for Arbitration and Statement of Claims (the "Statement of Claims") against the Terra Respondents and certain other parties in an arbitration styled, *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al*, AAA/ICDR No. 01-21-0000-4309 (the "Arbitration").

15. Pertinent to this action, in the Statement of Claims, Peppertree sought specific performance of certain provisions of the Shareholders Agreement against the Terra Respondents ("Peppertree's Claim").

16. On February 19, 2021, the Terra Respondents filed their Statement of Answer and Counterclaim. Therein, the Terra Respondents asserted various counterclaims against Peppertree, as well as claims against AMLQ.

17. On March 25, 2021, AMLQ filed its Answering Statement, Affirmative and Other Defenses, and Counterclaims. AMLQ's Counterclaims sought an award of specific performance

---

[1] The Shareholders Agreement itself is confidential. Accordingly, Petitioners will seek leave of the Court to file the Shareholders Agreement under seal together with other documents in support of this Petition.

3

requiring the Terra Respondents to perform certain of their obligations under the Shareholders Agreement ("AMLQ's Claim," and together with Peppertree's Claim, the "Claims").

18. On July 13, 2021, Peppertree and AMLQ filed amended pleadings in the Arbitration, which likewise included the Claims.

19. On July 19, 2021, the International Center for Dispute Resolution confirmed the three-arbitrator tribunal in the Arbitration (the "Tribunal") pursuant to the process set forth in the Shareholders Agreement and as agreed to by the parties.

### The Tribunal Issued the Partial Final Award Related to the Claims

20. In August 2021, the Tribunal ordered that the Arbitration proceed in phases, with the Claims to be addressed first in Phase 1. After extensive submissions and argument relating to the Claims by both Petitioners and Terra Respondents, on February 24, 2022, the Tribunal issued the Partial Final Award deciding the Claims in favor of Petitioners. The Partial Final Award also included an award of attorneys' fees and costs to Petitioners in connection with the Claims.

### CLAIMS FOR RELIEF

### Count I – Confirmation of the Partial Final Award Pursuant to the FAA

21. Petitioners repeat and allege every allegation contained in the preceding paragraphs as if fully restated herein.

22. This Petition to Confirm is timely because it is brought within the one-year period prescribed by the FAA. 9 U.S.C. § 9.

23. This Court "*must grant*" the relief sought in this Petition to Confirm, namely, confirmation pursuant to the FAA and the New York Convention, because the Partial Final Award has not been "vacated, modified, or corrected." 9 U.S.C. § 9 (emphasis added). In addition, the Partial Final Award will not be subject to vacatur, modification, or correction because it is not infirm.

24. There is more than a barely colorable justification for the outcome reached by the Tribunal in the Partial Final Award.

25. Therefore, the Court should enter an order confirming the Partial Final Award pursuant to 9 U.S.C. § 9.

### Count II - Confirmation of the Partial Final Award Pursuant to the New York Convention

26. Petitioners repeat and allege every allegation set forth in the preceding paragraphs as if fully restated herein.

27. The United States is a contracting party to the New York Convention, subject to the reciprocity reservation set forth in Article I of the New York Convention.

28. The New York Convention has been implemented in the United States by Chapter Two of the FAA. *See* 9 U.S.C. §§ 201, *et seq.*

29. The New York Convention applies to the Partial Final Award because the arbitration provision at issue involves at least one foreign party. *See* 9 U.S.C. § 202.

30. This Petition to Confirm is timely because it is brought within the three-year period prescribed by the New York Convention. 9 U.S.C. § 207.

31. This Court must confirm the Partial Final Award pursuant to the New York Convention. Specifically, the New York Convention provides that this Court "*shall confirm*" the Partial Final Award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said convention." *Id*. (emphasis added).

32. None of the grounds available for refusal or deferral of recognition and enforcement of an award specified in the New York Convention apply to the Partial Final Award.

33. There is more than a barely colorable justification for the outcome reached by the Tribunal in the Partial Final Award.

34. Therefore, the Court should enter an order confirming the Partial Final Award pursuant to 9 U.S.C. § 207.

### Count III – Interest on Amounts Due Under the Partial Final Award

35. Petitioners repeat and allege every allegation set forth in the preceding paragraphs as if fully restated herein.

36. The Partial Final Award orders the Terra Respondents to pay Petitioners' fees and disbursements.

37. This Court should award Petitioners pre-judgment interest on the fees and disbursements awarded by the Tribunal from February 24, 2022, the date of the Partial Final Award, to the date of the Court's judgment, at the rates set forth in the Partial Final Award.

38. This Court should also grant post-judgment interest on its judgment confirming the Partial Final Award at the rates set forth therein, running from the date of judgment confirming the Partial Final Award until the judgment is satisfied.

**WHEREFORE**, Petitioners respectfully request an order:

a. Confirming the Partial Final Award pursuant to the FAA, 9 U.S.C. § 9;

b. Confirming the Partial Final Award pursuant to the New York Convention, 9 U.S.C. § 207; and

c. Awarding Petitioners pre- and post- judgment interest on the Partial Final Award.

Dated: March 2, 2022                                          Respectfully submitted,

By: /s/ *David A. Landman*                                    By: /s/ *Gregg L. Weiner*
David A. Landman                                              Gregg L. Weiner
**ULMER & BERNE LLP**                                         Ethan Fitzgerald
275 Madison Avenue, Suite 2002                                **ROPES & GRAY LLP**
New York, New York 10016-1138                                 1211 Avenue of the Americas
Phone: (917) 262-0470                                         New York, New York 10036-8704
Fax:     (917) 262-0480                                       Phone: (212) 596-9000
dlandman@ulmer.com                                            Fax:     (212) 596-9090
                                                              gregg.weiner@ropesgray.com
Michael N. Ungar                                              ethan.fitzgerald@ropesgray.com
(*pro hac vice* forthcoming)
Katherine M. Poldneff                                         Daniel V. Ward
(*pro hac vice* forthcoming)                                  (*pro hac vice* forthcoming)
Gregory C. Djordjevic                                         Katherine M. McDonald
(*pro hac vice* forthcoming)                                  (*pro hac vice* forthcoming)
**ULMER & BERNE LLP**                                         **ROPES & GRAY LLP**
1660 West 2nd Street, Suite 1100                              Prudential Tower
Cleveland, Ohio 44113-1406                                    800 Boylston Street
Phone: (216) 583-7000                                         Boston, Massachusetts 02199-3600
Fax:     (216) 583-7001                                       Phone: (617) 951-7000
mungar@ulmer.com                                              Fax:     (617) 951-7050
kpoldneff@ulmer.com                                           daniel.ward@ropesgray.com
gdjordjevic@ulmer.com                                         katherine.mcdonald@ropesgray.com

*Counsel for Petitioners Telecom Business*                    *Counsel for Petitioner AMLQ Holdings*
*Solution, LLC and LATAM Towers, LLC*                         *(Cay), Ltd.*