# EXHIBIT 2

January 19, 2021

BY EMAIL TRANSMISSION ONLY

CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED
Commerce House, Wickhams Cay 1
P.O. Box 3140
Road Town, Tortola
British Virgin Islands, VG1110
Attention: Alberto Arzu, Jorge Gaitán, Andrew Swapp, Ryan D. Lepene

Terra Towers Corp.
Commerce House, Wickhams Cay 1
P.O. Box 3140
Road Town, Tortola
British Virgin Islands, VG1110
Attention: Jorge Hernández, Jorge Gaitán, Alejandro Sagastume

TBS Management, S.A.
2da calle 8-01 zona 14, 01014
Edificio Las Conchas, séptimo nivel
Ciudad de Guatemala, Guatemala
Attention: Jorge Gaitán, Alejandro Sagastume

Goldman, Sachs & Co.
200 West Street
New York, NY 10282
Attention: Ryan Flanagan

*Re: Sale of the Company*

All:

Reference is hereby made to:

(i) that certain Shareholders Agreement (the "SHA"), dated as of October 22, 2015, among CONTINENTAL TOWERS LATAM HOLDINGS LIMITED, a company incorporated in the British Virgin Islands, with registered number 1882295, whose registered office is at Commerce House, Wickhams Cay 1, PO Box 3140, Road Town, Tortola, British Virgin Islands (the "Company"), LATAM Towers, LLC ("Peppertree Latam"), a limited liability company organized under the laws of the State of Delaware, Telecom Business Solution, LLC ("Peppertree TBS" and, together with Peppertree Latam, "Peppertree"), a limited liability company organized under the laws of Delaware, AMLQ Holdings (Cay) Ltd. ("Goldman"), a Cayman Island Exempted Company Limited by Shares, Terra Towers Corp. ("Terra Towers"), a company incorporated in the British Virgin Islands, with registered number 1375181, whose registered office is at Commerce House, Wickhams Cay 1, PO Box 3140, Road Town, Tortola, British Virgin Islands and TBS Management, S.A. ("Terra TBS" and, together with Terra Towers, "Terra"), a *sociedad anónima* organized under the laws of Panama; and

1

PPT-AMLQ Exhibit 8      PPT-AMLQ 000200

(ii) the Articles of Association of the Company dated July 15, 2015 and approved October 20, 2015 (the "Articles").

Capitalized terms used and not defined herein shall have the meaning given to such terms in the SHA.

Pursuant to Section 5.04(b)(i) of the SHA (and Section 17.1(i) of the Articles), on November 4, 2020, Peppertree delivered to the Company and the other Initial Shareholders a Proposed Sale Notice, including a Proposed Offer, related to an Approved Sale.

On November 24, pursuant to Section 5.04(b)(i) of the SHA (and Section 17.1 of the Articles) Terra rejected the Proposed Offer and included a purported "opinion" from UBS alleging that the value of the Proposed Offer is materially less than comparable transactions in the industry and the Territory. Also on November 24, Terra responded separately through its counsel further objecting to the Proposed Offer by unilaterally, and improperly, claiming that the Proposed Offer was not "bona fide" and was "the by-product of the collusive efforts of the B and C Shareholders".

On December 3 and December 7, representatives of the Shareholders convened by video conference. At each such video conference, the parties verbally agreed to toll all time periods relating to their various disputes. The parties were ultimately unable to settle their disputes.

Via email on December 16, Peppertree, through counsel, demanded that the Company retain an Investment Bank, as required by Section 5.04(b)(ii) of the SHA (and Section 17.1(ii) of the Articles), as a result of Terra's rejection of the Proposed Offer. On December 22, Terra, through its counsel, responded by email expressly refusing to cause the Company to engage an Investment Bank claiming both (i) the time period to engage such Investment Bank had expired (notwithstanding the previous tolling agreements) and (ii) the Proposed Offer was not "bona fide" (a claim for which there is no basis in fact).

Notwithstanding the foregoing and without limiting in any way Peppertree's rights as non-Objecting Shareholders with respect to the Proposed Offer (rejected by Terra) referenced above, pursuant to Section 5.04(b) of the SHA (and Section 17.1 of the Articles), Peppertree hereby requests "a sale of all or substantially all of the Company's assets or all or substantially all of the Shares in the Company (in one or more transactions) to an unaffiliated Third Party Purchaser" and, pursuant to Section 5.04(b)(ii) of the SHA (and Section 17.1(ii) of the Articles), demands that the Company, within thirty (30) calendar days of the date first set forth above, retain an Investment Bank to facilitate an Approved Sale. Peppertree hereby reminds Terra of their obligations under the SHA and the Articles to "…vote for, consent to and raise no objections against such an Approved Sale and take all necessary and reasonable actions in connection with the consummation of the Approved Sale". You will note that Peppertree's request is being delivered within the ninety (90) calendar day period following expiration of the Lock-Up Period as contemplated by Section 5.04(b) of the SHA (and Section 17.1 of the Articles).

Representatives of Peppertree are available this week to initiate the process of retaining an Investment Bank as required by the SHA. Please advise as to Terra's availability at you earliest convenience.

Thank you.

TELECOM BUSINESS SOLUTION, LLC

By: _____
Name: Ryan D. Lepene
Title: President

**LATAM TOWERS, LLC**

By: _____R⁊—⁄⁄_____
Name: Ryan D. Lepene
Title: President and Chief Executive Officer

cc: Rafael Briz (Mayora & Mayora, S.C.)
      Garrett Evers (Thompson Hine LLP)
      Ryan Flanagan (Goldman, Sachs & Co.)
      Ben Nale (Goldman, Sachs & Co.)
      Jonathan P. Gill (Ropes & Gray LLP)
      Alejandro Garzaro
      F. Howard Mandel
      John Ranieri
      Danielle Jasmin Kirby, Esq.
      Juan J. Rodriguez, Esq. (Carey Rodriguez)

3

PPT-AMLQ Exhibit 8          PPT-AMLQ 000202