# EXHIBIT 11

| From: | Hodgson, Mélida N. <MHodgson@jenner.com> |
|---|---|
| Sent: | Monday, May 17, 2021 11:12 PM |
| To: | Landman, David; ryan.roycer@ropesgray.com; Jonathan.Gill@ropesgray.com; lcabrera@fidjlaw.com; jhernandez@careyrodriguez.com; Poldneff, Katherine; dlevine@sfl-law.com; christian.reigstad@ropesgray.com; Gregg.weiner@ropesgray.com; Djordjevic, Greg; Ungar, Michael; service@careyrodriguez.com; nmcginn@gsgpa.com; ajoseph@fidjlaw.com; ffunes@gsgpa.com; ynunez@sfl-law.com; JRodriguez@careyrodriguez.com; aschachter@gsgpa.com; service@careyrodriguez.com; psanchez@sfl-law.com; rbriz@mayora-mayora.com; dkirby@illuminationtechnologies.com |
| Cc: | rziegler@acumenadr.com; LuisMartinez@adr.org; analombardia@adr.org; Peralta, Nora M. |
| Subject: | RE: Telecom Business Solution, LLC, a/k/a Peppertree o v. Terra Towers Corp.;TBS Management, SA - Case 01-21-0000-4309 |
| Attachments: | Telecom v.Terra TribunalPresident Selection051721.pdf |

Dear Counsel,

On behalf of Richard Ziegler and myself, I write to memorialize the agreement we have discussed with you regarding a strike and rank process to select the president of the Tribunal.

Please review and respond by email confirming your agreement on behalf of your clients.

Best regards,

**Mélida Hodgson**
**Jenner & Block LLP**
**Head of International Arbitration, New York**
**212-891-1642**

---

**Mélida N. Hodgson**

**Jenner & Block LLP**
919 Third Avenue, New York, NY 10022-3908  |  jenner.com
+1 212 891 1642 | TEL
+1 347 271 1538 | MOBILE
MHodgson@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

Telecom Business Solution, LLC, a/k/a Peppertree o v. Terra Towers Corp.; TBS Management, SA
Case 01-21-0000-4309

1. The co-arbitrators will generate a list of five potential candidates. Each co-arbitrator will be confident that any of the five candidates is well qualified to serve as the chair of the tribunal in this case.

2. The co-arbitrators will present that joint list to the parties in a joint email sent to all parties by the co-arbitrators. That email will briefly explain the basis for the choices and any known connections or relationships between the candidates and the co-arbitrators. The co-arbitrators may supplement that email in a separate discussion with the respective parties, but that discussion will not reveal which co-arbitrator initially suggested which candidates.

3. The Parties will be asked to indicate if any conflicts exist with any of the five names, and to respond by email to the co-arbitrator designated by that side within three business days of receipt of the list.

4. If there are conflicts, then the co-arbitrators will provide [an]other, name(s) to maintain five viable candidates, and the Parties will have another three business days to report any conflicts relating to the substitute candidate(s). If the co-arbitrators jointly conclude that any reported conflict is clearly immaterial, the co-arbitrators will jointly report that the candidate will remain in the group and that the list is final.

5. The Parties may then strike up to two of the five and rank the remaining candidates. Each side will share its determinations only with the arbitrator it has designated. Each side's report of its strike(s)/ranking will be made to its designated co-arbitrator on the fifth business day after the co-arbitrators have jointly reported that the list is final (or such earlier time as the Parties may agree).

6. The co-arbitrators will then consolidate the two sides' rankings and determine which of the five candidates is more preferred by the two sides. In the event of a numerical tie in the ranking, the co-arbitrators will flip a coin to determine the chair.

7. The Parties' agreement to this process for selection of the chair is without prejudice to their right to challenge the selected arbitrator in the event that arbitrator, in connection with or following his or her selection as chair, makes disclosures of facts or circumstances, previously unknown to the challenging party, that warrant a challenge.