UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELECOM BUSINESS SOLUTION, LLC, LATAM TOWERS, LLC, and AMLQ HOLDINGS (CAY) LTD.,<br><br>*Petitioners,*<br><br>v.<br><br>TERRA TOWERS CORP. and TBS MANAGEMENT, S.A.,<br><br>*Respondents.* | No. 22-cv-1761-LAK |
| TERRA TOWERS CORP., TBS MANAGEMENT, S.A., and DT HOLDINGS, INC.<br><br>*Cross-Petitioners,*<br><br>v.<br><br>TELECOM BUSINESS SOLUTION, LLC, LATAM TOWERS, LLC, and AMLQ HOLDINGS (CAY) LTD.,<br><br>*Cross- Respondents.* | |

## CROSS-PETITION TO VACATE

Respondents/Cross-Petitioners Terra Towers Corp., TBS Management, S.A. (together, "Terra"), and DT Holdings, Inc. ("DTH") hereby allege as follows:

### NATURE OF THE PROCEEDING AND RELIEF SOUGHT

1. Cross-Petitioners commence this proceeding seeking vacatur of an arbitral award issued on February 24, 2022 (the "February 24 Award"), an award issued on November 12, 2021 ("November 12 Award"), and related orders entered on February 2, 2022 and March 15, 2022 (together, the "Awards"), pursuant to Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention").

### PARTIES

2. Cross-Petitioner Terra Towers Corp. is a company incorporated in the British

Virgin Islands, with registered number 1375181, whose registered office is at Commerce House, Wickhams Cay 1, P.O. Box 3140, Road Town, Tortola, British Virgin Islands.

3. Cross-Petitioner TBS Management, S.A. is a *Sociedad de Responsibilidad Limitada* organized under the laws of Panama.

4. Cross-Petitioner DTH is incorporated in the Republic of Panama.

5. Cross-Respondent Telecom Business Solution, LLC ("Peppertree TBS") is a limited liability company organized under the laws of the State of Delaware.

6. Cross-Respondent LATAM Towers, LLC ("Peppertree LATAM," and together with Peppertree TBS, "Peppertree") is a limited liability company organized under the laws of the state of Delaware.

7. Cross-Respondent AMLQ Holdings (Cay) Ltd. ("AMLQ") is a Cayman Island Exempted Company Limited by Shares, and it is incorporated in the British Virgin Islands.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction to vacate the Awards under the New York Convention, 9 U.S.C. § 203.

9. Cross-Respondents have consented to this Court's jurisdiction over them by filing their initial Petition to Confirm before this Court, and by agreeing to arbitrate the parties' dispute in New York, New York pursuant to the governing Shareholders Agreement.

10. Venue is proper in this Court pursuant to 9 U.S.C § 10, 9 U.S.C. § 204, and 28 U.S.C. § 1391(b)(3).

## FACTUAL BACKGROUND
### Governing Agreements

11. Terra, Peppertree, and AMLQ are shareholders of Continental Towers LATAM Holdings Limited (the "Company"). On October 22, 2015, Terra, Peppertree, and AMLQ executed

the Shareholders Agreement in connection with their investments in the Company. On that same day, DTH, Terra, and the Company entered into the Development Agreement which largely concerns DTH's role in developing telecommunications towers for the Company.

12. Both the Shareholders Agreement and the Development Agreement provide that any disputes will be arbitrated before the American Arbitration Association ("AAA") in New York, New York, and New York substantive law will apply.

### The Arbitration Commences

13. On February 2, 2021, Peppertree filed a Demand for Arbitration and Statement of Claims (the "Demand") against Terra, DTH, and other parties in an arbitration styled, *Telecom Business Solution, LLC, et al. v. Terra Towers Corp, et al.*, AAA Case No. 01-21-0000-4309 (the "Arbitration"). In its Demand, Peppertree sought, as an alternative form of relief, specific performance of certain provisions of the Shareholders Agreement against Terra.

14. On February 19, 2021, Terra filed a its answer to Peppertree's Demand, and asserted various counterclaims against Peppertree and AMLQ.

15. On March 25, 2021, AMLQ filed its answer to Terra's counterclaims, and asserted its own counterclaim against Terra. AMLQ also sought, as an alternative form of relief, an award of specific performance of certain provisions of the Shareholders Agreement against Terra.

16. Peppertree and AMLQ amended their claims July 13, 2021 and kept the same request for specific performance.

17. On July 19, 2021, the AAA confirmed a three-arbitration tribunal in the Arbitration (the "Tribunal").

18. Since her appointment, the arbitrator appointed by Terra and DTH, Melida Hodgson, has suffered from disqualifying conflicts, including conflicts that she has failed to

disclose.

19.     Ms. Hodgson did not disclose that she was nominated to be an arbitrator for DTH's adversary in a different, related arbitration, and has still not provided any information to the parties about that appointment.

20.     In the midst of the proceedings, Ms. Hodgson became a partner at a new law firm which, unlike her prior firm, has extensive and ongoing work with Goldman Sachs affiliates, who are thereby affiliates of AMLQ.

21.     Terra and DTH sought to exclude Ms. Hodgson from further service on this basis, but their objection was denied by the arbitral administrator in this case.

### February 24 Award

22.     On February 24, 2022, the Tribunal issued the February 24 Award, resolving the specific performance claims brought by Peppertree and AMLQ.

23.     The February 24 Award arose from a process that was fundamentally unfair to Cross-Petitioners.

24.     In the February 24 Award, the Tribunal manifestly disregarded its obligation to rely on New York law and flouted the contractual provisions that governed Peppertree and AMLQ's claims for specific performance.

25.     In the February 24 Award, the Tribunal exceeded its authority under the Shareholders Agreement by rendering an award that was no permitted by the terms of that agreement.

### The November 12 Award and Its Progeny

26.     In October 2021, the Tribunal expanded its jurisdiction to invite an emergency motion that interfered with matters beyond the Tribunal's jurisdiction and tried to exercise control

4

over the day-to-day management of Cross-Petitioner DTH's *non-party* subsidiaries.

27. In connection with this satellite issue, which was not properly before the Tribunal, the Tribunal issued the November 12 Award.

28. The November 12 Award dictated how non-party DTH subsidiaries must manage their relationships with employees by, *inter alia*, ordering the restoration of employees to their jobs and setting the terms and conditions of their employment.

29. After repeated requests for reconsideration and clarification of the November 12 Award, based on the fact that it was beyond the Tribunal's jurisdiction to issue it, on March 15, 2022, the Tribunal reaffirmed the November 12 Award.

30. In addition, the March 15, 2022 order (the "March 15 Order") required DTH's non-party subsidiaries to retract truthful public statements they have made in Latin American press outlets and issue additional press statements.

31. Additionally, because of its alleged jurisdiction over DTH subsidiaries and other non-parties, the Tribunal issued an order on February 2, 2022 requiring employees of DTH and its subsidiaries to provide all communications concerning the Company to Peppertree and AMLQ at the time they are created, whether or not they relate to the Arbitration ("February 2 Order").

**CLAIMS FOR RELIEF**

**Count I – Vacatur of the Awards Pursuant to the FAA**

32. Cross-Petitioners repeat and allege every allegation contained in the preceding paragraphs as if fully restated herein.

33. This Petition to Vacate is timely because it is brought within three month period prescribed by the FAA. 9 U.S.C. § 12.

34. The February 24 Award, the November 12 Award, and the related February 2 and March 15 Orders should be vacated pursuant to the FAA.

35. This Court may make an order vacating the Awards where:

   a. they were procured by corruption, fraud, or under means;

   b. there was evident partiality or corruption in the arbitrators, or either of them;

   c. the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

   d. the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

36. This Court may also vacate the Awards under the FAA when an arbitrator acts in "manifest disregard of the law". *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007).

37. The Awards should be vacated because they exceeded the powers of the Arbitrators, manifestly disregarded both applicable New York law and the parties' contract, failed to consider material evidence or permit the parties discovery, were in manifest disregard of the law, and were rendered by an arbitral panel with a member who had disqualifying conflicts of interest.

38. Therefore, the Court should enter an order vacating the Awards pursuant to 9 U.S.C. § 10.

**WHEREFORE**, Cross-Petitioners respectfully request an order:

   a. Vacating the February 24 Award, November 12 Award, February 2 Order, and March 15 Order pursuant to the FAA, 9 U.S.C. § 10;

   b. Excluding Ms. Hodgson from further service and permitting Terra and DTH to

appoint a new arbitrator in her place; and

c. Awarding any other relief this Court deems just and proper.

Dated: New York, New York
April 1, 2022

                                        LAW OFFICES OF JOHN F. BAUGHMAN, PLLC

                                        By: */s/ George W. Kroup*

                                            John F. Baughman
                                            George W. Kroup
                                            299 Broadway – Suite 1816
                                            New York, New York 10007
                                            (212) 548-3212

                                            - and -

                                        CAREY RODRIGUEZ MILIAN, LLP

                                            Juan J. Rodriguez
                                            1395 Brickell Avenue, Suite 700
                                            Miami, Florida 33131
                                            (305) 372-7474
                                            *Admitted Pro Hac Vice*

                                        *Attorneys for Respondents/Cross-Petitioners Terra Towers Corp., TBS Management S.A., and DT Holdings, Inc.*