UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELECOM BUSINESS SOLUTION, LLC, LATAM TOWERS, LLC, and AMLQ HOLDINGS (CAY) LTD., <br><br> *Petitioners,* <br><br> v. <br><br> TERRA TOWERS CORP. and TBS MANAGEMENT, S.A., <br><br> *Respondents.* <br><br> TERRA TOWERS CORP., TBS MANAGEMENT, S.A., and DT HOLDINGS, INC. <br><br> *Cross-Petitioners,* <br><br> v. <br><br> TELECOM BUSINESS SOLUTION, LLC, LATAM TOWERS, LLC, and AMLQ HOLDINGS (CAY) LTD., <br><br> *Cross- Respondents.* | No. 22-cv-1761-LAK |

**RESPONDENTS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF PETITION TO VACATE PARTIAL FINAL AWARD**

Dated: June 6, 2022

| | |
|---|---|
| **SHER TREMONTE LLP** <br> 90 Broad Street, 23rd Floor <br> New York, New York 10004 <br> (212) 202-2600 | **CAREY RODRIGUEZ MILIAN, LLP** <br> 1395 Brickell Avenue, Suite 700 <br> Miami, Florida 33131 <br> (305) 356-5486 |

*Counsel for Respondents/Cross-Petitioners
Terra Towers Corp., TBS Management S.A.,
and DT Holdings, Inc.*

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii
PRELIMINARY STATEMENT .............................................................................................. 1
ARGUMENT ............................................................................................................................ 2
   I.   THE FEBRUARY 24 PARTIAL FINAL AWARD SHOULD BE VACATED ............. 2
   II.  THE NOVEMBER 12 AWARD AND RELATED ORDERS SHOULD BE VACATED .............. 7
CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**   Page(s)

*Abbott Lab'ys v. Feinberg*,
   506 F. Supp. 3d 185 (S.D.N.Y. 2020) ................................................................................. 4

*Cablevision Sys. Corp. v. Can Muneyyirci*,
   1995 WL 362541 (E.D.N.Y. June 2, 1995) ....................................................................... 10

*CE Int'l Res. Holdings LLC v. S.A. Minerals Ltd. P'ship*
   2012 WL 6178236 (S.D.N.Y. Dec. 10, 2012) .................................................................... 8

*Duferco, S.A. v. Tube City IMS, LLC*,
   2011 WL 666365 (S.D.N.Y. Feb. 4, 2011) ......................................................................... 5

*Fed. Deposit Ins. Corp. v. Murex LLC*,
   500 F. Supp. 3d 76 (S.D.N.Y. 2020) ................................................................................... 4

*Home Indem. Co. v. Affiliated Food Distributors, Inc.*,
   1997 WL 773712 (S.D.N.Y. Dec. 12, 1997) ...................................................................... 5

*Int'l Bus. Machines Corp. v. Comdisco, Inc.*,
   1993 WL 155511 (N.D. Ill. May 10, 1993) ...................................................................... 10

*Metallgesellschaft A.G. v. M/V Capitan Constante*,
   790 F.2d 280 (2d Cir. 1986) ................................................................................................ 8

*Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*,
   935 F.2d 1019 (9th Cir. 1991) ............................................................................................. 8

*Pecorella v. Greater Buffalo Press, Inc.*,
   486 N.Y.S.2d 562 (4th Dep't 1985) ................................................................................ 6, 7

*Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*,
   497 F.3d 133 (2d Cir. 2007) ................................................................................................ 7

*Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*,
   157 F.3d 174 (2d Cir. 1998) ................................................................................................ 9

*Sanitation Union Loc. 813 v. V & J Rubbish Removal*,
   1990 WL 144207 (S.D.N.Y. Sept. 26, 1990) ..................................................................... 8

*Sarhank Grp. v. Oracle Corp.*,
   404 F.3d 657 (2d Cir. 2005) ................................................................................................ 9

*Tempo Shain Corp. v. Bertek, Inc.*,
   120 F.3d 16 (2d Cir. 1997) .............................................................................................. 2, 5

*Transp. Workers Union of Am. v. Veolia Transportation Servs., Inc.*,
   211 F. Supp. 3d 505 (E.D.N.Y. 2016) ................................................................................. 5

*Trina Solar US, Inc. v. Jasmin Solar Pty Ltd*,
   954 F.3d 567 (2d Cir. 2020) ................................................................................................ 9

**Statutes**

9 U.S.C. § 10(a)(3) ..................................................................................................................... 2
9 U.S.C. § 10(a)(4) ..................................................................................................................... 7

**Rules**

Fed. R. Civ. P. 65 ..................................................................................................................... 10

Respondents/Cross-Petitioners Terra Towers Corp., TBS Management, S.A. (together, "Terra"), and DT Holdings, Inc. ("DTH") (together with Terra, "Respondents")[1] hereby submit this reply memorandum of law in further support of Terra and DTH's Cross-Petition to Vacate [Dkt. No. 27] (the "Reply").

## PRELIMINARY STATEMENT

Parties who elect to resolve their disputes through arbitration do not forfeit their right to evenhanded and fair adjudication. While arbitrators' decisions are entitled to significant deference, parties are still entitled to a fair opportunity to be heard on their claims and defenses. That did not happen here.

The Tribunal violated its duty to treat the parties equally in its February 24 Award because it denied Respondents an opportunity to develop evidence to support its defenses. Indeed, the Tribunal denied Respondents any opportunity to assert affirmative defenses *at all*. This denial was inconsistent with both the arbitration rules and New York law. In their Opposition,[2] Petitioners do not claim otherwise and do not point to any principle of law or arbitration that would justify this prejudicial denial. Instead, Petitioners assert that the proceeding was fair because Respondents were allowed to present evidence on other topics the Tribunal chose to entertain. Even if this were true, Petitioners' argument does not show that Respondents had a fair opportunity to develop their defenses in the arbitration. Petitioners' alternative argument that the Tribunal's denial of discovery

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in *Respondents' Memorandum of Law in Opposition to Petition to Confirm and in Support of Petition to Vacate Partial Final Award* [Dkt. No. 29] (the "Respondents' Opening Memorandum").

[2] *Telecom Business Solution, LLC's Latam Towers, LLC's and AMLQ Holdings (Cay) Ltd.'s Memorandum in Further Support of Their Amended Petition to Confirm the Partial Final Award and In Opposition to Terra Towers Corp.'s TBS Management, S.A.'s, and DT Holdings, Inc.'s Cross-Petition to Vacate* [Dkt. No. 47] (the "Opposition" or "Opp'n").

1

was fair because Respondents failed to identify discovery topics relevant or necessary to decide Petitioners' specific performance claim is simply incorrect.

The November 12 Award, which ordered nonparty subsidiaries of DT Holdings to rehire certain individuals, should also be vacated because it went beyond the scope of the Tribunal's authority. The nonparty subsidiaries never consented to arbitration and, in fact, had separate employment contracts that required disputes with those individuals to be resolved in a different forum. Petitioners' procedural argument that the November 12 Award is unreviewable because it is styled as an "interim order" is incorrect. Courts in this district have repeatedly recognized that arbitral awards fully disposing of issues that are collateral to and separate from the other claims in the arbitration, as well as awards which provide interim injunctive relief, are final awards subject to district court review. Both of those circumstances are present here, as the November 12 Award concerns an employment dispute whose relationship to the core dispute over the sale of the Company is tenuous (at best), and the November 12 Award granted mandatory injunctive relief.

For these reasons, the February 24 Award and the November 12 Award should be vacated.

## ARGUMENT

### I. THE FEBRUARY 24 PARTIAL FINAL AWARD SHOULD BE VACATED

The Federal Arbitration Act provides that a federal court may vacate an arbitral award where "the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). Although an arbitrator is not required to "hear all the evidence proffered by a party," this discretion is not unbounded; an arbitrator must "give each of the parties to the dispute an adequate opportunity to present its evidence and argument." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) (internal quotation marks omitted) (vacating award where arbitrator declined to hear testimony in support of respondents' fraudulent inducement affirmative defense).

2

Here, the Tribunal's refusal to allow Respondents any discovery necessary to support their affirmative defenses—indeed, its refusal to hear Respondents' affirmative defenses at all—constitutes an unfair deprivation of their right to a fair hearing and merits vacatur.

During the Phase 1 Hearing, Respondents requested discovery to pursue certain affirmative defenses to the Petitioners' request for specific performance—primarily, unclean hands. *See* Kroup Ex. 10 at 2. As Respondents explained in their submissions, the discovery was necessary to substantiate their allegations that Petitioners had acted in bad faith by refusing to consent to the development of new towers for several years prior to the expiry of the lock-up period, and by interfering with a 2018 Company sale proposal brokered by Respondents. *Id.*; Sher Ex. 1 at 2-3.[3] This discovery was directly relevant to the forced sale requested by Petitioners at the Phase 1 hearing because Respondents alleged that Petitioners' bad-faith actions were done to depress the value of the Company so that it could be sold at a discount to Petitioners' affiliate. Kroup Ex. 10 at 2. The Tribunal refused this request on the grounds that during Phase 1, the Tribunal would determine only "the legal sufficiency" of the Respondents' affirmative defenses, purportedly making factual development unnecessary. Kroup Ex. 11 at 3.

In the February 24 Award, the Tribunal explained why it had denied Respondents' request. The Tribunal stated that while AAA Rules authorized it to grant equitable relief in the form of specific performance, the defense of unclean hands was unavailable because "the doctrine of unclean hands is a judicial procedural principle applicable when a court sits as a court of equity, rather than an aspect of the New York law of contracts." Landman Ex. 22 ¶ 57.

---

[3]   Citations to "Sher Ex. __" refer to the Declaration of Justin M. Sher in Further Support of Petition to Vacate Partial Final Award.

In other words, the Tribunal found that while Petitioners were allowed to pursue equitable *claims* against Respondents,[4] Respondents were not permitted to assert equitable *defenses* to those claims. This unfair ruling is incorrect for at least two reasons. *First*, the Tribunal's refusal to entertain Respondents' affirmative defenses was inconsistent with the very same rules of arbitration it cited in support of the February 24 Award. AAA Commercial Rule R-47, which the Tribunal cited as its authority to grant specific performance, explicitly states that an arbitrator "may grant any remedy or relief that the arbitrator deems just *and equitable*" (emphasis added). It defies logic that this rule granted the Tribunal authority to grant equitable relief to Petitioners but did not otherwise impose any equitable constraints on the exercise of that authority. Further, AAA Commercial Rule 32-(a) provides that the respondent "shall [] present evidence in support of this defense." The arbitrator may only vary from this procedure and deny discovery where "the parties *are treated with equality* and that *each party has the right to be heard and is given a fair opportunity to present its case*." (emphasis added). The parties were not treated with equality because the Tribunal heard evidence relevant to Petitioners' claims for breach of the Shareholders' Agreement but refused to hear evidence relevant to Respondents' defenses.

*Second*, contrary to the Tribunal's ruling, the equitable defense of unclean hands is a matter of substantive New York law. Federal courts in this district sitting in diversity routinely look to New York state substantive law as the source of the doctrine. *See, e.g.*, *Abbott Lab'ys v. Feinberg*, 506 F. Supp. 3d 185, 202 (S.D.N.Y. 2020) (citing New York law for statement of unclean hands doctrine); *Fed. Deposit Ins. Corp. v. Murex LLC*, 500 F. Supp. 3d 76, 122 (S.D.N.Y. 2020) (same).

---

[4] As explained in greater depth in the Memorandum, the Tribunal's conclusion that the AAA arbitration rules granted it the power to order injunctive relief notwithstanding the substantive New York law of equitable remedies was incorrect. *See* Memorandum at 28-30. But even assuming *arguendo* that the Rules empowered the Tribunal to grant such relief, the Tribunal's inconsistent and self-contradictory application of this conclusion is an independent ground for vacatur.

4

These routine appeals to New York state law would be incorrect under *Erie* and its progeny if—as the Tribunal concluded—unclean hands was merely a procedural doctrine. The Tribunal's conclusion that the parties had essentially waived any right to assert state-law equitable affirmative defenses by choosing the arbitral forum is impossible to square with the parties' choice to have the substantive law of New York govern the Shareholders Agreement.

Unsurprisingly, Petitioners do not present any case law for the proposition that an arbitral tribunal can preclude a party from developing evidence necessary to support its affirmative defenses. Instead, the cases cited by Petitioners stand for the unremarkable proposition that the arbitrator may, during a phased proceeding, refuse to hear evidence that is not relevant or material to the issue before the arbitrator at that phase. *See Transp. Workers Union of Am. v. Veolia Transportation Servs., Inc.*, 211 F. Supp. 3d 505 (E.D.N.Y. 2016) (during first phase of proceeding dedicated to timeliness of employer's claim, arbitrator's refusal to hear employer's evidence regarding reinstatement offer to employee did not warrant vacatur); *Duferco, S.A. v. Tube City IMS, LLC*, No. 10 CIV. 7377 JSR, 2011 WL 666365, at *2 (S.D.N.Y. Feb. 4, 2011), *aff'd sub nom. Duferco S.A. v. Tube City IMS, L.L.C.*, 464 F. App'x 28 (2d Cir. 2012) (arbitrator's refusal to hear evidence regarding negligence of cargo inspector did not warrant vacatur where respondents' defense depended on bad faith (and not mere negligence) at the first phase of the proceeding).

Unlike *Veolia* and *Duferco*, the evidence which Respondents sought to discover during the Phase 1 hearing in this case was directly relevant to their equitable defenses, because it would address whether Petitioners had deliberately suppressed the value of the Company whose sale they sought to enforce. *See Tempo Shain*, 120 F.3d at 20 (vacating award where arbitrator excluded testimony that was relevant to respondent's affirmative defense of fraudulent inducement); *Home*

5

*Indem. Co. v. Affiliated Food Distributors, Inc.*, No. 96 CIV. 9707 RO, 1997 WL 773712 at *4-6 (S.D.N.Y. Dec. 12, 1997) (vacating award where arbitrator barred party from "defending itself by precluding discovery of files central and dispositive to the dispute before it," because this denial deprived them of "a fundamentally fair hearing"). Such evidence could have been critical to Respondents' argument that Petitioners acted with unclean hands and, therefore, were not entitled to specific performance. *See Pecorella v. Greater Buffalo Press, Inc.*, 486 N.Y.S.2d 562, 563 (4th Dep't 1985) (reversing trial court's grant of specific performance where it refused to consider arguments that plaintiffs' unclean hands barred grant of specific performance).

Petitioners do not attempt to argue that the Tribunal gave Respondents an opportunity to take discovery on their affirmative defenses or allowed Respondents to raise equitable defenses at all. Rather, they offer two arguments as to why the Tribunal's denial of all discovery with respect to Respondents' defenses was inconsequential. *First*, Petitioners argue that "any pertinent documents and other information were already in the possession of the parties." Opp'n at 18. But Respondents' requests for documents sought internal communications among the Respondents and Torrecom and were focused on discovering evidence of the bad-faith efforts by Peppertree and AMLQ to depress the value of the Company and facilitate its sale to an affiliated buyer. *See* Kroup Ex. 10 at 3, 10. Peppertree and AMLQ cannot credibly contend that the internal communications relevant to Respondents' allegations were already available to Respondents or to the Tribunal.

*Second*, Petitioners argue that "the parties submitted numerous witness statements and dozens of exhibits reflecting their correspondence in connection with the sale of the Company" and that Respondents failed to "identify[] any specific discovery that would have been relevant or necessary to the Phase 1 sale claim." Opp'n at 18-19. This assertion is simply wrong: Respondents set forth thirteen specific document requests and detailed the legal rationale for each. See Kroup

6

Ex. 10 at 10-15. Petitioners' bad-faith conduct was relevant to the Phase 1 sale claim because (as Respondents argued) that conduct depressed the value of the Company whose sale was contemplated in Phase 1. If proven, such conduct would have barred the Tribunal's grant of equitable relief.[5]  *See Pecorella*, 486 N.Y.S.2d at 563.

## II. THE NOVEMBER 12 AWARD AND RELATED ORDERS SHOULD BE VACATED

Vacatur is also appropriate where "the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). The authority of the arbitral tribunal is created by the parties who have voluntarily contracted to submit to arbitration; "[w]here the arbitrator goes beyond that self-limiting agreement between consenting parties, it acts inherently without power, and an award ordered under such circumstances must be vacated." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 140 (2d Cir. 2007).

Petitioners argue that the November 12 Award and its follow-on awards are not subject to judicial review because they are not final. Opp'n at 24-5. However, the Second Circuit has recognized that, where the issues determined by the arbitrator and presented to the district court are "separate from the remaining issues before the arbitrators and could be finally determined without reference to those legally irrelevant issues," judicial review is appropriate.

---

[5] In the February 24 Award, the Tribunal also contended that any evidence of Petitioners' bad faith with respect to the Torrecom bid "is a collateral matter at this point, as [Petitioners] do not seek enforcement of the Torrecom bid or any other sale to a specific third party that they have identified. No misconduct by [Petitioners] is alleged by Respondents in regard to the Company sale process at issue here – the sale initiated by the January 19. 2021 Proposed Sale Notice." Landman Ex. 22 ¶ 58. But the alleged misconduct was relevant to the issue before the Tribunal at the Phase 1 proceeding because the 1) the misconduct would depress the value of the Company if it were ordered to be sold; and 2) even if Petitioners did not *successfully* engineer a sale to an affiliated bidder (Torrecom), their *attempts* to engineer a below-value sale are relevant to the question of whether they came to the Tribunal with clean hands when they requested equitable relief.

7

*Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 282 (2d Cir. 1986) (holding that review was appropriate "[b]ecause the award in the instant case finally and conclusively disposed of a separate and independent claim and was subject to neither abatement nor set-off, the district court did not err in confirming it."). Courts in this district have frequently reviewed awards that were partial yet separable. *See Priv. Sanitation Union Loc. 813 v. V & J Rubbish Removal*, No. 89 CIV. 5945 (SWK), 1990 WL 144207, at *2 (S.D.N.Y. Sept. 26, 1990) (collecting cases).

Courts have also recognized that an arbitrator's grant of equitable or injunctive relief represents a final order subject to judicial review. *See Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1023 (9th Cir. 1991) (holding that an arbitrator's "temporary equitable award has an element of finality sufficient to be confirmed and enforced under the FAA"). Indeed, in *CE International Resources Holdings LLC v. S.A. Minerals Limited. Partnership*, the very case the Tribunal cited for its authority to grant injunctive relief in this matter, the district court held that the grant of injunctive relief distinct from the merits of the arbitration was a final award, noting that "the styling of an award as 'interim' does not insulate it from review if it finally determines a severable issue in the case." No. 12 CIV. 8087 CM, 2012 WL 6178236, at *2 (S.D.N.Y. Dec. 10, 2012).

Here, the issue presented by the Tribunal's November 12 Award is entirely collateral to and separate from the other issues in the arbitration. Though it is styled as a grant of "interim relief," it addressed and purported to completely resolve a corporate governance issue that bears no connection whatsoever to the Petitioners' claims that they were entitled to a sale of the Company (or damages) under the Shareholders Agreement. Further, the November 12 Award granted relief that was, by its own terms, injunctive: the Tribunal gave "relief in the form of an injunction" ordering DTH to restore Gaitan and Echeverria to their positions at the Company and

to implement certain working conditions. Kroup Ex. 24 ¶ 12. For both these reasons, the November 12 Award resolved the issue of Gaitan and Echevarria's employment "definitively enough so that the rights and obligations of the two parties, *with respect to the issues submitted,* do not stand in need of further adjudication." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998). Thus, the November 12 Award is properly subject to judicial review.[6]

Petitioners next contend that the Tribunal had authority to order Terra and DTH to cause certain nonparty subsidiaries of DTH to employ Gaitan and Echeverria because DTH, a party to the arbitration, allegedly has the power to direct its subsidiaries to comply with the Tribunal's orders. Opp'n at 27. But this argument misses the point of Respondents' objection: the subsidiaries themselves *never consented* to the arbitration of employment disputes before this Tribunal, and Petitioners make no showing that the non-signatory DTH subsidiaries are bound to DTH's agreement by principles of agency law. *See Sarhank Grp. v. Oracle Corp.*, 404 F.3d 657, 661 (2d Cir. 2005) (nonparty could not be compelled to arbitrate without evidence of its "clear and unmistakable" intent to arbitrate). In fact, Gaitan's and Echeverria's employment at the DTH subsidiaries in question is governed by entirely separate contracts providing for binding arbitration in a different forum. *See* Kroup Ex. 1 at 5; Kroup Ex. 2 at 5 (employment agreements for Gaitan and Echeverria specifying Guatemala as the forum for any disputes under the respective agreements). *See Trina Solar US, Inc. v. Jasmin Solar Pty Ltd*, 954 F.3d 567, 571 (2d Cir. 2020) (reversing district court's confirmation order against corporate parent where it was not a signatory

---

[6] Petitioners also contend that Respondents' petition to vacate the November 12 Award is untimely. Opp'n at 26. However, as Petitioners acknowledge, the November 12 Award was subject to a series of follow-up submissions requesting clarification and reconsideration. Motion practice on these motions continued through an evidentiary hearing in February and a March 15 Award stating that the November 15 Award was jurisdictionally sound and ordering other relief. Vacatur proceedings would have been premature before March 15 given the Tribunal's ongoing proceedings regarding the scope of the Award and the Tribunal's grant of further equitable relief.

to arbitration agreement). The cases Petitioners cite for the proposition that a court can compel a parent to direct its subsidiaries to comply with a court's orders—*Int'l Bus. Machines Corp. v. Comdisco, Inc.,* 1993 WL 155511 (N.D. Ill. May 10, 1993) and *Cablevision Sys. Corp. v. Can Muneyyirci,* 1995 WL 362541 (E.D.N.Y. June 2, 1995)—are each non-arbitration cases which explicitly cite Federal Rule of Civil Procedure 65 as the basis for the district court's power to compel the subsidiaries.  There is no counterpart to Rule 65 in the AAA Rules, and Petitioners cite no authority for the proposition that an arbitrator can compel a parent to direct a non-signatory subsidiary to comply with an arbitral injunction.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the Memorandum, Terra and DTH respectfully request that the Court grant Terra and DTH's Cross-Petition to Vacate.

Dated: New York, New York
June 6, 2022

By: */s/ Juan J. Rodriguez*
Juan J. Rodriguez*
CAREY RODRIGUEZ MILIAN LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Phone: 305-372-7474
Fax: 305-372-7475
jrodriguez@careyrodriguez.com
* Admitted Pro Hac Vice

By: /s/ *Justin M. Sher*
Justin M. Sher
Wesley Erdelack
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Phone: (212) 202-2600
Fax: (212) 202-4156
jsher@shertremonte.com
werdelack@shertremonte.com

*Counsel for Respondents/Cross-Petitioners
Terra Towers Corp., TBS Management, S.A.,
and DT Holdings Inc.*