SHER TREMONTE LLP

June 17, 2022

**BY ECF**

The Honorable Lewis A. Kaplan
United State District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:** ***Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al., No.*** (Case No. 22-cv-1761 (LAK))

Dear Judge Kaplan:

We represent respondents Terra Towers Corp. and TBS Management S.A. ("Respondents") in this action. We write in response to Petitioners'[1] June 14, 2022 letter motion (the "Motion") requesting expedited treatment of their petition to confirm the arbitral tribunal's February 24, 2022 Partial Final Award. (ECF No. 60.)

The Court should strike or disregard the Motion because it constitutes an impermissible sur-reply. While Petitioners filed the Motion for the ostensible purpose of seeking expedited treatment, the majority of their letter is devoted to addressing the merits of Respondents' motion to vacate the arbitration tribunal's February 24, 2022 Partial Final Award. Indeed, the second half of Petitioners' Motion under the heading, "Respondents' Reply Does Not Impact the Straightforward Issues Before this Court. . ." is devoted to contesting arguments Respondents made in their Reply Memorandum in Further Support of their Petition to Vacate. Petitioners have already had ample opportunity to address the cross-petitions on the merits. In fact, the Court previously granted Petitioners leave to exceed applicable page limits to do so. *See* ECF No. 50. The Court should not permit Petitioners to submit a sur-reply without first obtaining leave from the Court.[2] For these reasons, the Court should decline to consider those portions of Petitioners' letter that address the merits of their petition to confirm and Respondents'

---

[1] Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay) Ltd.

[2] *See Endo Pharms. Inc. v. Amneal Pharms., LLC*, No. 12 CIV. 8060 (TPG), 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016) (granting motion to strike sur-reply, noting the principle that "supplementary filings require leave of the court"); *Kapiti v. Kelly*, No. 07 CIV. 3782 RMB KNF, 2008 WL 754686, at *1 (S.D.N.Y. Mar. 12, 2008) ("[T]he decision to permit a litigant to submit a surreply is a matter left to the Court's discretion, since neither the Federal Rules of Civil Procedure nor the Local Civil Rules of [the Southern District of New York] authorize litigants to file surreplies.").

cross-petition to vacate.

With respect to the portion of Petitioners' Motion that seeks expedited consideration, the Court should reject Petitioners' contention that they are likely to suffer irreparable harm. Petitioners suggest that "further delay" inflicts irreparable harm because they are not able to exercise their purported contractual right to immediate sale of Continental Towers LATAM Holding Limited (the "Company"), exposing them to "increased market risk from their extended ownership of the Company." Motion at 2. But Petitioners cite no case law suggesting that exposure to market risk constitutes irreparable harm justifying expedited treatment. Of course, whether a delay in the sale of the Company would actually cause any harm to Petitioners is purely speculative. It is equally possible that market conditions may improve. Regardless, if Petitioners ultimately sell the Company for an amount that is lower than the amount they contend they could have obtained previously, any such difference would be quantifiable. Petitioners are free to pursue money damages from the arbitral panel for any such purported injury.

Further, Respondents note that a relatively short period of time—scarcely three months—has elapsed since Petitioners filed their petition to confirm the arbitral award. In contrast, in the underlying arbitration, over a year elapsed between Petitioners' commencement of the arbitration on February 2, 2021 and the issuance of the Partial Final Award on February 24, 2022.

While Respondents, like Petitioners, are eager for the Court to resolve this matter, the reasons Petitioners put forward for preferential treatment relative to other litigants before the court are not valid. Further, Respondents believe that, given the complexity of the issues before it, the Court may benefit from oral argument on the parties' cross-motions for confirmation and vacatur before the Court reaches a decision.

For these reasons, Respondents respectfully request the Court disregard the Petitioners' additional arguments on the merits presented in their letter and schedule oral argument.

Respectfully submitted,

*/s/ Justin M. Sher*
Justin M. Sher
Wesley Erdelack

/s/ *Juan J. Rodriguez*
Juan J. Rodriguez

*Counsel for Respondents/Cross-Petitioners Terra Towers, Corp., TBS Management, S.A., and DT Holdings Inc.*

cc: All Counsel of Record (via ECF)