# SHER TREMONTE LLP

June 24, 2022

**BY ECF**

The Honorable Lewis A. Kaplan
United State District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*, No. 22-cv-1761 (LAK)

Dear Judge Kaplan:

      We represent Respondents Terra Towers Corp. and TBS Management S.A. ("Respondents") in this action. In light of the Court's decision to consider the portions of Petitioners' June 14, 2022 letter motion[1] raising new arguments on the merits of the parties' cross-petitions for confirmation and vacatur of the arbitral award, Respondents respectfully request leave to submit the attached supplemental submission responding to those arguments.

      Respectfully submitted,

*/s/ Justin M. Sher*
Justin M. Sher

*/s/ Juan J. Rodriguez*
Juan J. Rodriguez

*Counsel for Respondents/Cross-Petitioners Terra Towers, Corp., TBS Management, S.A., and DT Holdings Inc.*

cc: All Counsel of Record (via ECF)

---

[1] ECF No. 60.

90 Broad Street | 23rd Floor | New York, NY 10004
www.shertremonte.com | tel. 212.202.2600 | fax. 212.202.4156

**ATTACHMENT 1**

# SHER TREMONTE LLP

June 24, 2022

**BY ECF**

The Honorable Lewis A. Kaplan
United State District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re: *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*, No. 22-cv-1761 (LAK)

Dear Judge Kaplan:

We represent Respondents Terra Towers Corp. and TBS Management S.A. ("Respondents") in this action. We write in further response to the June 14, 2022 letter (the "Letter") submitted by Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay) Ltd. (collectively, "Petitioners").

In their Letter, Petitioners put forth two main arguments in opposition to Respondents' cross-petition to vacate the arbitral award. *First*, Petitioners contend that the arbitral tribunal's denial of the Respondents' requests for discovery does not present an "evidentiary" issue. According to Petitioners, Respondents' argument that this denial warrants vacatur actually represents "an argument that the Tribunal manifestly disregarded the law." Letter at 3.

Through this argument, Petitioners appear to contend that the Tribunal's determination that equitable defenses are categorically unavailable in arbitration transforms its manifestly unjust evidentiary ruling into a manifestly unjust *legal* ruling subject to "exceedingly high" vacatur standards. Letter at 3. But Petitioners' argument proves too much. Almost all evidentiary rulings about the parties' entitlement to discovery involve background legal judgments about the relevance and materiality of that discovery to the parties' claims and defenses. Accepting Petitioners' logic, the Second Circuit should have applied the "manifest disregard of the law" standard in *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16 (2d Cir. 1997) because the tribunal's refusal to hear material testimony turned on a legal judgment whether fraudulent inducement was a defense to a breach of contract claim of breach. But the Second Circuit did not apply this higher standard and instead vacated the award based on its straightforward finding that the evidence was pertinent and material and should have been considered by the tribunal. *Id.* at 21. Indeed, Petitioners' argument would swallow the FAA's explicit statement that an arbitrator's refusal "to hear evidence pertinent and material to the controversy" warrants vacatur. 9 U.S.C. § 10(a)(3).

Even if Petitioners are correct that the "manifest disregard of the law" standard applies to the Tribunal's denial of Respondents' discovery requests, that standard is met here. There is no legal authority supporting the Tribunal's determination that equitable defenses are categorically unavailable in arbitration—the Tribunal did not cite to any case holding that equitable defenses do not apply, and Petitioners do not cite any case law supporting that proposition either. Further, the Tribunal's decision is directly contrary to the AAA Rules governing the arbitration, which explicitly specify that the arbitrator's remedial powers are to be guided by their judgment of what is "just and equitable." *See* ECF No. 58 at 3-7; *see also Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.*, 559 U.S. 662, at 676–77 (2010) (holding that an arbitration panel exceeded its powers where it failed to "identify[] and apply[] a rule of decision derived from the FAA . . . or New York law).

*Second*, Petitioners argue that the Tribunal's denial of discovery was immaterial because Respondents were permitted "to assert and to brief" their affirmative defenses before the Tribunal. Letter at 3. This is a misdirection. There is no dispute that the Tribunal allowed Respondents to *ask* for discovery. But the question is whether Respondents had "an adequate opportunity to present its evidence." *Tempo Shain*, 120 F.3d at 20. While Respondents repeatedly requested an opportunity to develop and present evidence supporting its equitable defenses, those requests were denied, and those denials warrant vacatur. *See Home Indem. Co. v. Affiliated Food Distributors, Inc.*, No. 96 CIV. 9707 RO, 1997 WL 773712 at *4-6 (S.D.N.Y. Dec. 12, 1997) (vacating award where arbitrator barred party from "defending itself by precluding discovery of files central and dispositive to the dispute before it.").[2]

Respondents respectfully request that the Partial Final Award be vacated.

Respectfully submitted,

/s/ Justin M. Sher
Justin M. Sher

/s/ Juan J. Rodriguez
Juan J. Rodriguez

*Counsel for Respondents/Cross-Petitioners Terra Towers, Corp., TBS Management, S.A., and DT Holdings Inc.*

cc: All Counsel of Record (via ECF)

---

[2] Petitioners also contend that the requested discovery was immaterial because the bad faith conduct underlying Respondents' unclean hands defense was only pertinent to a specific sale proposal that was no longer relevant to the proceedings. Letter at 4. However, Respondents' discovery requests went beyond that proposal, and included allegations that Petitioners had acted in bad faith by failing to consent to the development of new towers and by interfering with a 2018 sale proposal brokered by Respondents. *See* ECF 58 at 3.