# Memo Endorsed

September 9, 2022

Gregg L. Weiner
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036

Michael N. Ungar
Ulmer & Berne LLP
1660 W. 2nd Street, Ste. 1100
Cleveland, Ohio 44113

**USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/2022**

**BY CM/ECF & HAND DELIVERY**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

## Granted.
## /s/ LAK 9/12/22

Re:   *Telecom Business Solution, LLC, et al., v. Terra Towers Corp., et al.,*
       Civil Action No.: 1:22-cv-01761

Your Honor:

  Undersigned counsel represent Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay), Ltd. ("AMLQ," together with Peppertree, "Peppertree/AMLQ") in the above-captioned action (the "Action"). On August 29, 2022, this Court granted Terra Towers Corp., TBS Management, S.A., and DT Holdings, Inc.'s (collectively, "Terra/DTH") motion for leave to file under seal their Motion for Leave to File Amended Cross-Petition to Vacate and supporting brief, declaration, and exhibits (collectively, the "Motion to Amend"). ECF No. 79. Pursuant to Federal Rule of Civil Procedure 5.2(d), Peppertree/AMLQ respectfully seek leave to file under seal their opposition to the Motion to Amend, supporting declaration, and exhibit attached thereto (collectively, the "Opposition to the Motion to Amend").

  By way of background, this Action relates to the American Arbitration Association matter of *Telecom Business Solution, LLC et al. v. Terra Towers Corp. et al.*, AAA Case No. 01-21-0000-4309 (the "Arbitration"). In a procedural order issued in August 2021, the Tribunal of the Arbitration ordered:

> The Parties shall treat the details of the Arbitration as private and confidential, except to the extent necessary to comply with mandatory applicable laws, including regulatory obligations, court orders, or orders of a regulatory or an administrative body, or to comply with obligations to insurers, auditors, accountants, or investors. In such cases, the disclosure shall not extend beyond what is legally required and any non-governmental recipients shall commit to maintain the information in confidence.

ECF No. 6-1 (Procedural Order No. 2), ¶ 22 (the "Confidentiality Order"). This Order is consistent with the confidentiality provisions of the parties' underlying shareholders agreement (the "Shareholders Agreement"), under which the parties agreed not to disclose any confidential

-2-

information disclosed to it by another shareholder or the Company, subject to limited exceptions. *See* ECF No. 9-1 (Shareholders Agreement), § 6.03.  As with Terra/DTH's Motion to Amend, Peppertree/AMLQ's Opposition to the Motion to Amend contains information covered by the Confidentiality Order and the confidentiality provisions of the parties' Shareholders Agreement.

Undersigned counsel will meet and confer with Terra/DTH's counsel concerning confidentiality designations in this matter.  We will then promptly re-file publicly any material that they agree is non-confidential and bring any remaining disputes concerning confidentiality to the Court for resolution.  In the meantime, for the reasons discussed above, Peppertree/AMLQ respectfully request leave to file under seal their Opposition to the Motion to Amend.

Respectfully submitted,


/s/ *Gregg L. Weiner*
Gregg L. Weiner

*Counsel for AMLQ Holdings (Cay), Ltd.*

/s/ *Michael N. Ungar*
Michael N. Ungar

*Counsel for Telecom Business Solution, LLC*
*and LATAM Towers, LLC*


Enclosure

CC: All Counsel of Record