UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELECOM BUSINESS SOLUTION, LLC, LATAM TOWERS, LLC, and AMLQ HOLDINGS (CAY) LTD., <br><br> Petitioners, <br><br> -against- <br><br> TERRA TOWERS CORP., TBS MANAGEMENT, S.A., and DT HOLDINGS, INC. <br><br> Respondents. | Case No. 1:22-cv-01761-LAK |
| TERRA TOWERS CORP., TBS MANAGEMENT, S.A., and DT HOLDINGS, INC. <br><br> Cross-Petitioners, <br><br> -against- <br><br> TELECOM BUSINESS SOLUTION, LLC, LATAM TOWERS, LLC, and AMLQ HOLDINGS (CAY) LTD., <br><br> Cross-Respondents. | |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO MOTION FOR CIVIL <u>CONTEMPT</u>**

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.   STATEMENT OF PERTINENT FACTS ..................................................................... 1

III.  LEGAL STANDARD .................................................................................................... 3

IV.   ARGUMENT .................................................................................................................. 4

  I.  The monetary award portions of the FPFA are money judgments that can only be enforced through the enforcement mechanisms set forth in Federal Rule of Civil Procedure 69…............................................................................................................................. 4

      A. The portions of the FPFA that Petitioners assert non-compliance with are money judgments. ................................................................................................................ 4

      B. Money judgments are enforced through writs of execution, not civil contempt proceedings. ............................................................................................................. 8

  II. Even if the Court determines that the relevant portions of the FPFA are not money judgments, Civil Contempt Sanctions are nonetheless improper and premature under the facts of this case. ................................................................................................... 12

V.    CONCLUSION ............................................................................................................ 14

## **TABLE OF AUTHORITIES**

**Cases**

*A Royal Flush, Inc. v. Arias*,
    855 F. App'x 23 (2d Cir. 2021) ............................................................................................... 4

*Advanced Video Techs. LLC v. HTC Corp.*,
    No. 11 CIV. 06604 (CM), 2019 WL 13214942, at *7 (S.D.N.Y. Jan. 31, 2019) ........................ 7

*Aetna Cas. & Sur. Co. v. Markarian*,
    114 F.3d 346 (1st Cir. 1997) ............................................................................................. 9, 10

*Albahary v. City & Town of Bristol, Conn.*,
    96 F. Supp. 2d 121 (D. Conn. 2000) ...................................................................................... 7

*Aquavit Pharms., Inc. v. U-Bio Med, Inc.*,
    No. 19-CV-3351 (VEC), 2021 WL 3862054, at *5 (S.D.N.Y. Aug. 30, 2021) ........................ 11

*California Artificial Stone Paving Co. v. Molitor*,
    113 U.S. 609, 618 (1885) ..................................................................................................... 13

Cardell Fin. Corp. v. Suchodolski Assoc., at 09 Civ. 6148(VM)(MHD),
    U.S. Dist. LEXIS 188295 at *217 (S.D.N.Y. July 17, 2012) ................................................. 11

*Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd.*,
    888 F.2d 260 (2d Cir. 1989) ............................................................................................... 6, 8

*Citigroup Inc. v. Seade*,
    No. 21 Civ. 10413 (JPC), 2022 U.S. Dist. LEXIS 34653 (S.D.N.Y) ..................................... 11

*Combs v. Ryan's Coal Co.*,
    785 F.2d 970 (11th Cir. 1986) ........................................................................................... 9, 10

*Dole Fresh Fruit Co. v. United Banana Co.*,
    821 F.2d 106 (2d Cir. 1987) ................................................................................................... 3

*E.E.O.C. v. Loc. 638 . . . Loc. 28 of Sheet Metal Workers' Int'l Ass'n*,
    753 F.2d 1172, 1179 (2d Cir. 1985) ..................................................................................... 13

*Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*,
    172 F. Supp. 3d 691 (S.D.N.Y. 2016) ............................................................................ *passim*

*Florasynth, Inc. v. Pickholz*,
    750 F.2d 171 (2d Cir.1984) .................................................................................................... 5

*Fox v. Nat'l Oilwell Varco*,
    602 Fed.Appx. 449 (10th Cir.2015) ............................................................................... 6

*Gabovitch v. Lundy*,
    584 F.2d 559 (1st Cir.1978) ........................................................................................... 9

*Gill v. Bausch & Lomb Supplemental Ret. Income Plan I*,
    No. 6:09-CV-6043 MAT, 2015 WL 2129546, at *2 (W.D.N.Y. May 6, 2015) .......... 7

*Governor Clinton Co. v. Knott*,
    120 F.2d 149 (2d Cir. 1941) ..................................................................................... 6, 10

*Great–West Life & Annuity Ins. Co. v. Knudson*,
    534 U.S. 204 (2002) ....................................................................................................... 8

*Gucci Am., Inc. v. Gucci*,
    *No*. 07 CIV. 6820(RMB)(JC, 2009 WL 440463, at *7 (S.D.N.Y. Feb. 20, 2009) ......11

*In re Att'y Gen. of U. S.*,
    596 F.2d 58 (2d Cir. 1979) ........................................................................................... 13

*In re Irving*,
    600 F.2d 1027 (2d Cir. 1979) ........................................................................................ 3

*Jaffee v. United States*,
    592 F.2d 712 (3d Cir.1979) ........................................................................................... 5

*King v. Allied Vision, Ltd.*,
    65 F.3d 1051, 1058 (2d Cir. 1995) ............................................................................... 13

*MidAmerica Federal Savings & Loan Ass'n v. Shearson/American Exp., Inc.*,
    962 F.2d 1470 (10th Cir.1992) ...................................................................................... 7

*Nye v. United States*,
    313 U.S. 33 (1941) .......................................................................................................... 3

*Nykcool A.B. v. Pac. Fruit Inc.*,
    No. 10 CIV. 3867 LAK AJP, 2012 WL 1255019, at *8 (S.D.N.Y. Apr. 16, 2012) ............ *passim*

*Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Technologies, Inc.*,
    369 F.3d 645 (2d Cir. 2004) ........................................................................................... 3

*Parsons & Whittemore Ala. Mach. & Servs. Corp. v. Yeargin Constr. Co.*,
    744 F.2d 1482 (11th Cir.1984) ...................................................................................... 6

*Penn Terra Ltd. v. Dep't of Env't Res., Com. of Pa.*,
  733 F.2d 267 (3d Cir. 1984) ................................................................................................ 6, 7

*Perez v. Danbury Hosp.*,
  347 F.3d 419 (2d Cir. 2003) .................................................................................................. 13

*Shuffler v. Heritage Bank*,
  720 F.2d 1141 (9th Cir. 1983) ............................................................................................... 10

*Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*,
  No. 12CIV4502ALCRWL, 2018 WL 6251982, at *1 (S.D.N.Y. Mar. 30, 2018) ..................... 12

*Spain v. Mountanos*,
  690 F.2d 742 (9th Cir.1982) .................................................................................................... 9

*Spectacular Venture, L.P. v. World Star Int'l, Inc.*,
  927 F. Supp. 683 (S.D.N.Y. 1996) ........................................................................................ 12

**Other Authorities**
Black's Law Dictionary (9th ed. 2009) .................................................................................... 6, 8

**Rule**
Federal Rule of Civil Procedure 69 ................................................................................. *passim*

Federal Rule of Civil Procedure 70……………………………………………………………… 9

Respondents Terra Towers Corp., *et al.* ("Respondents"), through undersigned counsel, file the instant Memorandum in Opposition to Petitioners Telecom Business Solution, LLC's, *et al.* ("Petitioners"), motion to hold Respondents in civil contempt and for contempt sanctions ("Motion") [ECF Nos. 136, 137]. In support thereof, Respondents state as follows:

## I.     INTRODUCTION

It is a well-settled and common-sense principle that money judgments are enforced through writs of execution, as clearly set forth in the Federal Rules of Civil Procedure, and not through civil contempt proceedings. Petitioners, however, have erroneously attempted to invoke this Court's contempt powers in an effort to collect a recent money judgment entered by the Court against Respondents. Petitioners' attempt to pursue civil contempt for a purported failure to satisfy a money judgment is inconsistent with governing authority and falls woefully short of demonstrating the kind of extraordinary circumstances that would justify deviating from the general rule that money judgments may only be enforced through writs of execution. Furthermore, the facts of this case do not warrant the imposition of contempt sanctions under the narrow extraordinary circumstances exception given that Petitioners have not even attempted to enforce the money judgment entered by the Court through the correct mechanism set forth in Federal Rule of Civil Procedure 69, nor have Petitioners even propounded a single discovery request in aid of execution. Accordingly, for the reasons set forth below, Petitioners' poorly conceived Motion for Civil Contempt should be denied.

## II.     STATEMENT OF PERTINENT FACTS

On March 2, 2022, Petitioners filed their petition with this Court seeking to confirm the Arbitral Tribunal's First Partial Final Award ("FPFA") that was entered in the Parties' Underlying Arbitration on February 24, 2022 [ECF No. 7]. As relevant here, the Tribunal's FPFA (1) ordered

1

the approved sale of Continental Towers LATAM Holdings, Ltd. (the "Company"), to proceed in the manner specified in Petitioners' proposed sale notice that was filed in the Underlying Arbitration on January 19, 2021; and (2) awarded Petitioners fees and disbursements in the amount of $818,160.30. *See* [ECF No. 9-22]. In other words, the Tribunal's FPFA contained an award for specific performance and separate awards for fees payable to Petitioners. Subsequently, following the submission of Respondents' cross petition to vacate the FPFA [ECF No. 27] and the exchange of competing briefs by the Parties, this Court entered an Order on January 18, 2023 (the "Confirmation Order"), granting the Petition to confirm the FPFA and denying Respondents' cross-petition to vacate the FPFA. [ECF No. 124]. A Clerk's Judgment was promptly entered thereafter against Respondents. [ECF No. 125]. Shortly after, on February 17, 2023, Respondents filed their notice of appeal with the United States Court of Appeals for the Second Circuit, seeking reversal of this Court's Order confirming the Tribunal's FPFA [ECF No. 129]. The appeal is pending.

Since then, Respondents have already taken the initial steps to sell the Company, as directed in the Tribunal's FPFA and this Court's Confirmation Order [ECF No. 124]. Since the Court entered its Confirmation Order, Respondents agreed to engage an investment bank for the purpose of completing the sale of the Company. Importantly, Petitioners acknowledge Respondents are currently complying with this portion of the Court's Confirmation Order. *See* [ECF No. 137 P. 7, n.4].

With respect to the monetary award portion of the FPFA, Petitioners have directed exactly two communications to Respondents on this issue since the Court's Confirmation Order: (1) a January 20, 2023, e-mail communication from Petitioners' counsel demanding, among other things payment of $842,127.41 under the FPFA, and (2) a brief follow-up e-mail to the January 20, 2023, communication that was sent on February 15, 2023. See [ECF No. 137-1]. Crucially, Petitioners

2

have not filed a writ of execution seeking enforcement of the money judgment component of the FPFA, they have not initiated an enforcement action in any other jurisdiction and Petitioners have not propounded a single discovery request in aid of execution. Instead, less than two months after this Court entered its Confirmation Order and after having only circulated two e-mail communications with Respondents, Petitioners filed their Motion seeking the drastic remedy of civil contempt on the purported ground that Respondents have not complied with this Court's Confirmation Order. The instant response ensues.

### III.    LEGAL STANDARD

The chief purpose in holding a party in civil contempt is to "compel obedience to an order of the court to enforce the rights of the other party to the action." *In re Irving*, 600 F.2d 1027, 1031 (2d Cir. 1979) (citing *Nye v. United States*, 313 U.S. 33, 42 (1941)). A party may be sanctioned with a finding of civil contempt for failure to comply with a court order where "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Technologies, Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). When evaluating whether to impose coercive sanctions, courts must consider "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987). The most important consideration in the civil contempt context is whether the contemplated coercive sanction is reasonable in light of the facts of the case. *See A Royal Flush, Inc Inc. v. Arias*,

3

855 F. App'x 23, 26 (2d Cir. 2021) (citing *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989)).

## IV.     ARGUMENT

### I.     The monetary award portions of the FPFA are money judgments that can only be enforced through the enforcement mechanisms set forth in Federal Rule of Civil Procedure 69.

In support of their Motion for Civil Contempt, Petitioners contend that Respondents have failed to comply with subsections iv, v and vi of the FPFA, which was confirmed in its entirety by this Court on January 18, 2023. *See* [ECF Nos. 124 p. 20; 9-22 pp. 41-43; 137 pp. 2-3]. Petitioners claim entitlement to coercive sanctions despite not initiating enforcement proceedings in any jurisdiction and not propounding a single discovery request in aid of execution. However, pursuant to well-settled, governing authority on motions for civil contempt, the Court's Confirmation Order rendered subsections iv, v and vi of the FPFA money judgments that are only enforceable through the procedures set forth in Federal Rule of Civil Procedure 69. As such, Petitioners' Motion seeking to hold Respondents in civil contempt should be denied for the simple reason that the Confirmation Order in this case "confirmed an interim arbitral award, which required [Respondents] to pay a sum certain to [P]etitioners within 30 days of the issuance of the award…," and is, therefore, a money judgment that must be enforced through writ of execution. *See Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*, 172 F. Supp. 3d 691, 696 (S.D.N.Y. 2016).

### A.     The portions of the FPFA that Petitioners assert non-compliance with are money judgments.

Subsections iv, v and vi of the FPFA direct Respondents to pay Petitioners as follows: (1) "[t]he Claimants' share of the compensation and expenses of the arbitrators totaling US$200,000 (the "Awarded Tribunal Fees") shall be borne by Respondents, jointly and severally"; (2) "Respondents, being jointly and severally liable, shall pay the Peppertree Claimants, within thirty

4

(30) days from the date of this Partial Final Award, the sum of United States Dollars 199,036.90 (US$199,036.90) to reimburse them for attorney fees and costs incurred in connection with proceedings culminating in this Partial Final Award"; and (3) "Respondents, being jointly and severally liable, shall pay AMLQ, within thirty (30)days from the date of this Final Award, the sum of United States Dollars 419,123,40 (US$419,123.40) to reimburse them for attorney fees and costs incurred in connection with proceedings culminating in this Partial Final Award." [ECF No. 9-22 pp. 42-43]. These portions of the FPFA that direct Respondents to pay arbitrator-related expenses, attorneys' fees and costs are money judgments that cannot be enforced through contempt proceedings in the absence of extraordinary circumstances.

The Court's Confirmation Order confirmed an interim arbitration award that directed Respondents, in pertinent part, to pay attorneys and arbitrators' fees within thirty (30) days of the award being rendered. [ECF No. 124 p. 20; ECF No. 9-22 pp. 42-43]. In other words, the Court's Confirmation Order made "what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984). To assess the proper enforcement mechanism for the Judgment set forth in the Confirmation Order, the Court must first determine whether the substance of the award renders it an equitable judgment for performance of a specific act or whether the Confirmation Order is simply a judgment for the payment of money. *See Ecopetrol S.A.*, 172 F. Supp. 3d at 695-96 ("The substance of the award determines its proper characterization.") (citation omitted); *Jaffee v. United States*, 592 F.2d 712, 715 (3d Cir.1979) ("A plaintiff cannot transform a claim for damages into an equitable action by asking for an injunction that orders the payment of money."). If the substance of the award renders it a money judgment, then it is governed by the enforcement mechanisms set forth in Federal Rule of Civil Procedure 69, and it should not be the subject of contempt proceedings. *See Governor Clinton Co. v. Knott*,

5

120 F.2d 149, 153 (2d Cir. 1941) ("[The] process to enforce a judgment for a money payment is by writ of execution according to state law, Federal Rule of Civil Procedure 69(a), by which execution not merely has long been proper to enforce equitable decrees for money, but in most circumstances has entirely supplanted contempt.") (internal and external citations omitted).

Relying on various Federal Appellate decisions from sister circuits, this district has defined a money judgment as "consisting of 'two elements: (1) an identification of the parties for and against whom judgment is being entered, and (2) a definite and certain designation of the amount which plaintiff is owed by defendant.'" *Ecopetrol S.A.*, 172 F. Supp. 3d at 696 (quoting *Fox v. Nat'l Oilwell Varco*, 602 Fed.Appx. 449, 452 (10th Cir. 2015) (additional citations omitted)); *see also Penn Terra Ltd. v. Dep't of Env't Res., Com. of Pa.*, 733 F.2d 267, 275 (3d Cir. 1984). Moreover, Black's Law Dictionary defines a money judgment as follows: "[a] judgment for damages subject to immediate execution, as distinguished from equitable or injunctive relief." *See* Black's Law Dictionary (9th ed. 2009). The Second Circuit and this Court have also recognized that judgments confirming arbitral awards for the payment of money, such as the Court's Confirmation Order, are money judgments. *See Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd.*, 888 F.2d 260, 269 (2d Cir. 1989) ("[Appellee] contends that *Parsons & Whittemore* [*Ala. Mach. & Servs. Corp. v. Yeargin Constr. Co.*, 744 F.2d 1482 (11th Cir.1984)] involved a simple money judgment, whereas the judgment in the instant case enforces an arbitral award providing for future payments and offsets. We see no basis to conclude, however, that the instant judgment is for that reason not a 'money judgment' within the meaning of section 1961(a)."); *Nykcool A.B. v. Pac. Fruit Inc.*, No. 10 CIV. 3867 LAK AJP, 2012 WL 1255019, at *8 (S.D.N.Y. Apr. 16, 2012) (Kaplan, J.).

In addition, numerous courts have confirmed that money judgments include an award of attorneys' fees, such as the awards set forth in the FPFA. *See Albahary v. City & Town of Bristol,*

*Conn.*, 96 F. Supp. 2d 121, 122 (D. Conn. 2000) ("The phrase 'any money judgment' includes a judgment awarding attorneys' fees.") (citations omitted); *Gill v. Bausch & Lomb Supplemental Ret. Income Plan I*, No. 6:09-CV-6043 MAT, 2015 WL 2129546, at *2 (W.D.N.Y. May 6, 2015) ("Courts within the Second Circuit have considered judgments awarding attorneys' fees to constitute money judgments and, accordingly, have awarded post-judgment interest on such awards."); *Advanced Video Techs. LLC v. HTC Corp.*, No. 11 CIV. 06604 (CM), 2019 WL 13214942, at *7 (S.D.N.Y. Jan. 31, 2019) ("An award of attorneys' fees is a money judgment…."); *MidAmerica Federal Savings & Loan Ass'n v. Shearson/American Exp., Inc.*, 962 F.2d 1470, 1476 (10th Cir.1992) ("Treating an attorneys' fees award the same as we would any other money judgment....").

Applying the foregoing principles to the relevant portions of the FPFA, Petitioners are clearly seeking a contempt order based on the alleged nonpayment of money judgments. *See Ecopetrol S.A.*, 172 F. Supp. 3d at 696. The interim arbitration award that was confirmed in this case enforced the fee shifting provisions of the Parties' Shareholders Agreement in the Underlying Arbitration, and it did nothing more than direct Respondents to pay a definite sum of money by a specified period of time. Stated differently, the pertinent portions of the FPFA identified (1) the Parties for and against whom the judgment was entered and (2) it specified a definite and certain amount that Respondents owed Petitioners in arbitrators and attorneys' fees. *See Ecopetrol S.A.*, 172 F. Supp. 3d at 696; and *see* also *Penn Terra Ltd.*, 733 F.2d at 275. Moreover, and as noted above, both the Second Circuit and this Court have expressly recognized that judgments like the Confirmation Order which confirm arbitral awards requiring the payment of money are money judgments. *See Carte Blanche (Singapore) Pte., Ltd.*, 888 F.2d at 269; *see also Nykcool A.B.*, No. 10 CIV. 3867 LAK AJP, 2012 WL 1255019, at *8 (identifying confirmation order of underlying

arbitration award for breach of contract as a money judgment). Notably, Petitioners do not address in their Motion whether the relevant portions of the FPFA constitute money judgments. Instead, and as developed at length below, they rely on a plethora of factually inapposite cases that involved violations of orders granting equitable relief or orders directing parties to undertake specific acts.

Moreover, there can be no doubt that the Court's Confirmation Order, as it pertains to subsections iv, v, vi of the FPFA, clearly falls within the two elements of a money judgment that have been enunciated by this district, *see See Ecopetrol S.A.*, 172 F. Supp. 3d at 696, as well as the definition for money judgments set forth in Black's Law Dictionary. *See* Black's Law Dictionary (9th ed. 2009). Accordingly, the relevant portions of the FPFA are ordinary money judgments that are subject to the enforcement mechanisms set forth in Federal Rule of Civil Procedure 69 because the only requirement they impose is the payment of a sum certain within a specified time frame. *See Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (citations and quotation marks omitted) ("Almost invariably ... suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.") (alteration in original); *See Ecopetrol S.A.*, 172 F. Supp. 3d at 698.

### B. Money judgments are enforced through writs of execution, not civil contempt proceedings.

Having established that the relevant portions of the FPFA are simple money judgments that are governed by Rule 69, Respondents now turn to the proper enforcement mechanisms for money judgments. Petitioners ill-conceived Motion for Civil contempt should be denied for the simple reason that civil contempt is foreclosed as a means of enforcing money judgments in all but the

most extraordinary circumstances that are clearly not present in the instant case. *See Nykcool A.B.*, No. 10 CIV. 3867 LAK AJP, 2012 WL 1255019, at *8.

Federal Rule of Civil Procedure 69 provides, in relevant part, that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Although Rule 69 specifies that a money judgment may be enforced through an alternative to a writ of execution if "the court directs otherwise," this clause is read narrowly and invoked only sparingly in exceptional circumstances. *See Ecopetrol S.A.*, 172 F. Supp. 3d at 695 (citing *Aetna Cas. & Sur. Co. v. Markarian*, 114 F.3d 346, 349 (1st Cir. 1997)). In contrast to Rule 69, Federal Rule of Civil Procedure 70 allows courts to hold disobedient parties in contempt to enforce a judgment for the performance of a specific act, but it makes no mention of compelling payment towards the satisfaction of an outstanding money judgment. *See* Fed. R. Civ. P. 70(a)(e); *see also Nykcool A.B.*, No. 10 CIV. 3867 LAK AJP, 2012 WL 1255019, at *8. Accordingly, "the equitable remedies provided under Rule 70 are [ordinarily] not appropriate in enforcing a money judgment." *Spain v. Mountanos*, 690 F.2d 742, 744–5 (9th Cir.1982); *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir.1986); *Gabovitch v. Lundy*, 584 F.2d 559, 560 n.1 (1st Cir. 1978) ("equitable remedies, even those permitted by Rule 70, are seldom appropriate aids to execution of a money judgment"); *Ecopetrol S.A.*, 172 F. Supp. 3d at 695.

In addition to Rule 69's clear text, multiple Federal appellate and district courts have confirmed that money judgments are almost exclusively enforced through writs of execution and that civil contempt is foreclosed as a means of collecting on money judgments in the absence of extraordinary circumstances. *See Nykcool A.B.*, No. 10 CIV. 3867 LAK AJP, 2012 WL 1255019,

9

at *8. ("While a court may hold a disobedient party in contempt to enforce a judgment for a specific act pursuant to Rule 70, Rule 70's equitable remedies are not appropriate to enforce a money judgment."); *Governor Clinton Co.*, 120 F.2d at 153 ("[The] process to enforce a judgment for a money payment is by writ of execution according to state law, Federal Rule of Civil Procedure 69(a), by which execution not merely has long been proper to enforce equitable decrees for money, but in most circumstances has entirely supplanted contempt."); *Aetna Cas. & Sur. Co.*, 114 F.3d at 349 n.4 ("[T]he size of the award and the difficulties in enforcing the judgment due to the location of the assets and the uncooperativeness of the judgment debtor are not the types of extraordinary circumstances which warrant departure from the general rule that money judgments are enforced by means of writs of execution rather than by resort to the contempt power of the courts.") (citation omitted); *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1986) ("It is equally clear that when a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt."); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983) ("The proper means for [Appellee] to secure compliance with a money judgment is to seek a writ of execution, not to obtain a fine of contempt for the period of non-payment.").

The foregoing authority clearly illustrates the well-settled principle that a money judgment, such as the relevant portions of the FPFA, must be enforced through writs of execution in the absence of extraordinary circumstances. *Aetna Cas. & Sur. Co.*, 114 F.3d at 349 n.4 (describing examples of extraordinary circumstances that could warrant the imposition of civil contempt sanctions to enforce money judgments which are completely inapplicable to the instant case). Petitioners do not identify any exceptional circumstances in this case that would allow them to coerce payment of a money judgment through the drastic remedy of civil contempt sanctions. *See Nykcool A.B.*, No. 10 CIV. 3867 LAK AJP, 2012 WL 1255019, at *8. Notably, the Court rendered

its Confirmation Order roughly two months ago and Petitioners have not even attempted to obtain a writ of execution to collect on the money judgments in the Court's Confirmation Order. Petitioners, therefore, have also not demonstrated the existence of an egregious pattern of noncompliance with a properly obtained writ of execution or with discovery requests in aid of execution, which Petitioners have propounded none. Put simply, the circumstances of this case do not warrant a departure from the general rule that money judgments must be collected through writs of execution. As such, the Judgments at issue in Petitioners' Motion constitute money judgments that must be enforced through writ of execution, and Petitioners' have failed to identify any exceptional circumstances warranting the imposition of contempt sanctions in this case. *See Aetna Cas. & Sur. Co.*, 114 F.3d at 349 n.4; see also *Nykcool A.B., No*. 10 CIV. 3867 LAK AJP, 2012 WL 1255019, at *8.

Furthermore, Petitioners rely on factually inapposite cases in support of their contention that a finding of civil contempt is warranted in this case. For example, some of the cases that Petitioners rely on involved courts that held parties in contempt to enforce orders for equitable relief, not money judgments like the ones at issue in subsections iv-vi of the FPFA. *See* [ECF No. 137 pp. 6-7 (*citing Aquavit Pharms., Inc. v. U-Bio Med, Inc.*, No. 19-CV-3351 (VEC), 2021 WL 3862054, at *5 (S.D.N.Y. Aug. 30, 2021) (involving failure to abide by the terms of preliminary injunction order); *Gucci Am., Inc. v. Gucci, No*. 07 CIV. 6820(RMB)(JC, 2009 WL 440463, at *7 (S.D.N.Y. Feb. 20, 2009) (involving failure to adhere to the terms of a temporary restraining order); *Cardell Fin. Corp. v. Suchodolski Assoc*., at 09 Civ. 6148(VM)(MHD), U.S. Dist. LEXIS 188295 at *217 (S.D.N.Y. July 17, 2012) (imposing coercive fine due to violation of anti-suit injunction); *Citigroup Inc. v. Seade*, No. 21 Civ. 10413 (JPC), 2022 U.S. Dist. LEXIS 34653 (S.D.N.Y. Feb. 28, 2022) (imposing coercive fine on respondent due to failure to abide by preliminary injunction

11

that directed respondent to dismiss claims)]. Petitioner rely on two other factually irrelevant cases that do not involve injunctive relief orders. *See* [ECF No. 137 p. 6 (*citing Spectacular Venture, L.P. v. World Star Int'l, Inc*., 927 F. Supp. 683, 686 (S.D.N.Y. 1996) (holding defendant and its principal in civil contempt where defendant had entered a consent judgment with plaintiff and defendant disregarded multiple court orders and contempt applications during an extended period of time); *Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, No. 12CIV4502ALCRWL, 2018 WL 6251982, at *1 (S.D.N.Y. Mar. 30, 2018) (recommending the imposition of civil contempt sanctions where defendant repeatedly disobeyed court orders and actively impeded post-judgment asset discovery to aid in execution of a judgment against defendant.)].

In contrast to the factually inapposite cases cited in the Motion for Civil Contempt, Petitioners are attempting to enforce an ordinary money judgment against private corporations, Petitioners have not made any meaningful attempts to collect on the money judgments set forth in the Confirmation Order and the portions of the FPFA upon which Petitioners seek contempt sanctions do not provide for injunctive or any other form of equitable relief. *See Nykcool A.B*., No. 10 CIV. 3867 LAK AJP, 2012 WL 1255019, at *9. Moreover, there has been no showing of misconduct or defiance of court orders on the part of Respondents in this case. Accordingly, Petitioners' Motion for coercive sanctions should be denied and Petitioners should be required to adhere to the enforcement process set forth in Federal Rule of Civil Procedure 69.

II. **Even if the relevant portions of the FPFA were not money judgments, Civil Contempt Sanctions are nonetheless improper and premature under the facts of this case.**

Even if the Court determines that the relevant portions of the FPFA are injunctive in substance, rather than money judgments, the Court should nonetheless decline to impose the drastic penalty of civil contempt sanctions on the facts of this case. *See Ecopetrol S.A.*, 172 F.

Supp. 3d at 698. The Second Circuit has recognized that contempt orders are "potent weapons" that "courts should not resort to '"where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct[.]"' *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (quoting *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)). As such, "[a] contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." *King*, 65 F.3d at 1058. "[A] district court's contempt power is narrowly circumscribed, *see Perez v. Danbury Hosp.*, 347 F.3d 419, 423 (2d Cir. 2003), and so "the court must not lightly invoke its contempt power." *In re Att'y Gen. of U. S.*, 596 F.2d 58, 65 (2d Cir. 1979).

As a threshold matter, Petitioners have not demonstrated that civil contempt is even a viable option here because Petitioners have made no meaningful or proper efforts to execute on subsections iv, v, and vi of the FPFA. Indeed, the two e-mail communications that were circulated by counsel, *see* [ECF No. 137-1], do not amount to proper attempts at executing on a judgment. Petitioners can attempt to enforce sections iv-vi of the FPFA through writ of execution on the Judgment, and Petitioners have made no showing that such efforts to execute on the judgments set forth in the Confirmation Order would be ineffective. Indeed, Petitioners have not even begun discovery in aid of execution, but instead circulated a couple of e-mails and then immediately filed their poorly conceived Motion for Civil Contempt. Even after submitting their Motion for Civil Contempt, Petitioners have made no meaningful efforts to execute on the Judgment with the proper remedies provided for in the Federal Rules of Civil Procedure. Notably, Petitioners have provided no explanation for their lack of diligence in undertaking legitimate execution efforts, which forecloses their attempt to obtain contempt sanctions against Respondents. *Cf. E.E.O.C. v. Loc. 638 . . . Loc. 28 of Sheet Metal Workers' Int'l Ass'n*, 753 F.2d 1172, 1179 (2d Cir. 1985) (rejecting

13

defendants' laches challenges to contempt motion where plaintiffs initially pursued less drastic measures than contempt and were persistent in urging defendants to comply with court orders.).

Importantly, and as acknowledged by Petitioners, *see* [ECF No. 137 P. 7, n.4], Respondents have already begun to comply with the equitable relief portions of the FPFA. As such, the coercive sanctions which Petitioners seek to impose by way of civil contempt, improper so, are nothing more than a disguised attempt to multiply Petitioners' recovery beyond the post-judgment interest which the law already provides. In light of the totality of the circumstances here and the fact that Respondents have already begun to abide by the equitable portions of the FPFA that they are immediately able to comply with, there is clearly significant doubt as to whether Respondents have engaged in wrongful or defiant conduct in this action. *See King*, 65 F.3d at 1058. The Court should therefore decline to impose civil contempt sanctions upon Respondents because it is not clear that a Court Order has been violated, Petitioners have not been diligent in pursuing execution efforts for the relevant portions of the FPFA and because the simple non-payment of a money judgment does not amount to the egregious misconduct that justifies a drastic civil contempt order.

## V.     CONCLUSION

For the foregoing reasons, Respondents respectfully request that Petitioners' Motion for Civil Contempt [ECF Nos. 136-137] should be denied.

Date: March 28, 2023.                                         Respectfully Submitted,

                        **LUPKIN PLLC**

                        By: */s/ Michael B. Smith*
                        Jonathan D. Lupkin
                        Michael B. Smith
                        80 Broad Street, Suite 1301
                        New York, NY 10004
                        Tel: (646) 367-2771
                        jlupkin@lupkinpllc.com
                        msmith@lupkinpllc.com

                        **CAREY RODRIGUEZ MILIAN, LLP**

                        By: */s/ Juan J. Rodriguez*
                        Juan J. Rodriguez
                        1395 Brickell Avenue, Suite 700
                        Miami, Florida 33131
                        Tel: (305) 356-5486
                        *Admitted Pro Hac Vice*

                        *Counsel for Respondents/Cross-Petitioners*