# EXHIBIT A

IN THE CIRCUIT COURT OF THE SEVENTEETH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

TERRA TOWERS CORP., a British Virgin
Islands corporation, and TBS MANAGEMENT,
S.R.L., a Panama company,

    Plaintiffs,

v.                                                          Case No. CACE21-00643 (07)

TORRECOM PARTNERS, LLC, a Delaware
limited liability company.

    Defendant.
_____/

## MOTION TO LIFT STAY

Plaintiffs Terra Towers Corp., and TBS Management, S.R.L., (collectively, "Plaintiffs"), move to lift the stay of proceedings pending arbitration Ordered by this Court on October 14, 2021.

## INTRODUCTION

Justice delayed, is justice denied. It has been "months and months and months and months" since the arbitration proceeding styled *Telecom Business Solutions, LLC et al., claimants, v. Terra Towers Corp., et al., respondents, and Continental Towers Latam Holdings, LTD,* pending before the American Arbitration Association (AAA) and bearing Case No. 01-21-0000-430 (the "Arbitration Proceeding") was instituted. *Cf.* Mot. to Dismiss Hr'g Tr. 26:17-19 (June 24, 2021). Following this Court's Order, Plaintiffs' claims related to the squeeze-out merger alleged in the above-captioned action (the "Action") were relegated in the Arbitration Proceeding to a "collateral matter" and were reserved for a bifurcated proceeding on damages, a Phase II, which does not have a start date, and is contingent upon the sale of the company ordered on February 24, 2022. An appeal concerning the sale of the company is pending, a buyer is yet to be identified and Phase II on damages will not begin until the sale is completed, and the appeal resolved. *But see* Order Mot.

Stay p. 12 (October 14, 2021) (determining that an eight to eleven month stay of the case does not, in and of itself, cause irreparable harm). In fact, on February 24, 2022, the sale of the company was ordered in the Arbitration Proceeding under a *separate*[1] sale notice initiated by the minority shareholders, pursuant to a *separate*[2] provision of the parties Shareholders Agreement.

In other words, the minority shareholders who attempted this squeeze-out merger against Plaintiffs with the help of the Defendant, Torrecom Partners, LLC ("Defendant") subsequently sought an *end run around* of Plaintiffs affirmative defense to the sale of the company—Unclean Hands—to accomplish the goal of depriving the majority shareholder of their equitable ownership in the company, by excising the bad faith and unfair dealings with the Defendant from the issues before the Arbitral Tribunal. *Cf.* Order Mot. Stay p. 9 (October 14, 2021) ("the Court declines to serve as the end run around [Plaintiffs'] obligation to resolve its claims...which are clearly at issue in the Arbitration Proceeding"). For reasons set forth below, further delay of the determination of the issues in this Action—indefinitely—constitutes irreparable harm to the Plaintiffs that cannot be repaired by plenary appeal; while judicial economy *now* weighs in favor of lifting the stay of proceedings given the structure of this Arbitration Proceeding.

*First*, **by order of the Tribunal** in the Arbitration Proceeding, which Torrecom is not a party to: (1) the determination of facts and issues relevant to this Action has not occurred thus far; (2) will not be determined until appellate remedies are exhausted; (3) will not be decided until a potential buyer for the company is located; and (4) will not be determined until the company is ultimately sold, if ever.

---

[1] The sale initiated by the January 19, 2021, Proposed Sale Notice. *contra* Pl's Am. Complaint ¶ 37 ("On November 4, 2020, Peppertree presented Terra with a notice of proposed sale to Torrecom").
[2] Section 5.04(b)**(ii)**. While the November 4, 2020, proposed sale to Torrecom was made pursuant to Section 5.04(b)**(i)**.

*Second*, the Arbitration Proceeding and this Action will not simultaneously consider the same facts and legal issues, so there is no risk of conflicting decisions. A factual finding as to whether the Shareholders Agreement ("SHA") was breached—a requisite element of Plaintiffs claim against Defendant for tortious interference—has been unfairly delayed and dismissed as a "collateral matter" while the company is first sold, under a separate and distinct sale notice, to a buyer yet to be identified. The "significant overlap" this Court alluded to has yet to occur almost two (2) years since inception of the Arbitration Proceeding and will not occur for an indeterminate period. *See* Order Mot. Stay at p. 9 (October 14, 2021).

*Third*, the duration of the stay has far exceeded the scope of what the parties and this Court had anticipated. A temporary suspension is not several years, let alone *months and months and months and months* without a foreseeable end. *See* Mot. to Dismiss Hr'g Tr. 26:17-19 (June 24, 2021); *E.g., Black's Law Dictionary* (5th ed. 1979) ("*Stay of proceedings.* The temporary suspension of the regular order of proceedings in a cause..."). Given the involuntary disposition of Plaintiffs equitable ownership in the company threatened by the force sale of the company, further delay in these proceedings blurs the lines between a stay of proceedings, and abatement. But as this Court previously noted, abatement is not available as there is not a complete identity of parties. Order Mot. Stay at n. 5 (October 14, 2021) (citing *REWJB Gas Invs. v. Land O'Sun Realty, Ltd.,* 645 So. 2d 1055, 1057 (Fla. 4th DCA 1994)).

*Fourth*, prior judicial resolution of the non-arbitrable claims will not prejudice the primacy of the Arbitration Proceeding. *Ronbeck Const. Co., Inc. v. Savanna Club Corp.,* 592 So.2d 344, 347 (Fla. 4th DCA 1992). The Arbitration Proceeding has chosen to relegate Plaintiffs claims related to Torrecom as a mere "collateral matter", staying Phase II of the proceeding pending the forced sale of the company, and it will not prejudice the primacy of the Arbitration Proceeding whose *laisse-faire* approach to the issues before this Court has resulted in a stay of these **non-arbitrable** claims

3

against a **non-party** to the arbitration, lacking a foreseeable start date within the Arbitration Proceeding itself. (Emphasis added).

## STATEMENT OF FACTS

1. On March 3, 2021, Plaintiffs filed their original complaint in this Action against Defendant in connection with the Proposed Sale Notice of *November 4, 2020* ("Nov. 4 Sale"). Complaint ¶ 37 (emphasis added).

2. On October 14, 2021, this Court Ordered this Action stayed, pending the earlier of i) the entry of a final order or dismissal of the Arbitration Proceeding, or ii) an Order of this Court lifting the stay entered after the filing of a motion to lift the stay supported by evidence demonstrating that irreparable harm will be suffered by any further stay of this case. Order Mot. Stay at p. 13. Noting, "the Court will not stay this case indefinitely nor will it otherwise abate the case." *Id.* at p. 12.

3. Two (2) years after Defendant's attempted squeeze-out, on February 24, 2022, the Tribunal in the Arbitration Proceeding issued the First Partial Final Award ("1PFA"), ordering "Approved Sale of the Company shall proceed on the basis of Claimants' Proposed Sale Notice of *January 19, 2021....*" ("Jan. 19 Sale"). 1PFA at p. 42 (emphasis added). The 1PFA states "[the] alleged bad faith conduct in advancing the [Nov. 4 Sale] to buy the company is a collateral matter at this point, as Claimants do not seek enforcement of the Torrecom bid or any other sale to a specific third party that they have identified. No misconduct by Claimants is alleged by [Plaintiffs] in regard to the Company sale process at issue here—the [Jan. 19 Sale]. And Claimants alleged bad faith conduct in refusing to approve Tower development proposals is also a collateral matter." *Id.* at p. 35. 1PFA attached hereto as <u>Exhibit A</u>.

4. Three (3) years after Defendant's attempted squeeze-out, on January 18, 2023, the petition to confirm the 1PFA was granted, and Plaintiffs cross-petition to vacate the 1PFA was

denied. *Telecom Business Solution, LLC, et al., v. Terra Towers Corp., et al.,* 2022-CV-1761 (LAK) (S.D.N.Y., Jan. 18, 2023). Attached hereto as Exhibit B.

5. Immediately thereafter, on February 17, 2023, Plaintiffs instituted an appeal to the United States Court of Appeals for the Second Circuit "from each and every part of the Judgment, dated January 18, 2023...". Attached hereto as Exhibit C.

## RELIEF SOUGHT

Plaintiffs move this Court to lift the stay of proceedings in this Action entered on October 14, 2021, and requests that the Court permit this Action to proceed on its merits. The continued stay of this Action will cause irreparable harm to the Plaintiffs that cannot be remedied upon plenary appeal. *Harper v. E.I. Du Pont de Nemours and Co.*, 802 So.2d 505, 511 (Fla. 4th DCA 2001) (quashing the stay entered in the lower court, holding "Petitioners have a right to proceed in their chosen forum, state court, without undue delay"). Alternatively, in exercising its discretion, should the Court permit the stay to remain in place, Defendant should post sufficient security to make Plaintiffs whole if Defendant is found liable to Plaintiffs under Count I, Count II, and/or Count III. *See Klein v. Royale Group, Ltd.,* 524 So.2d 1061, 1063 at n. 1 (Fla. 3rd DCA 1994) (noting refusal to vacate a stay order should be "tested by the same principles as those relating to the issuance of temporary injunction"); *see also REWJB Gas Invs.*, 643 So.2d at 1108 (noting just as with a temporary injunction, there is nothing unfair or improper about the parties opposing vacatur of a stay of proceedings to post sufficient security) (citations omitted).

## MEMORANDUM

### I. Undue delay warrants lifting the stay.

"There comes a time when a stay becomes unreasonable under all circumstances." *Klein*, 524 So.2d at 1062. A delay of the entire proceedings resulting from the court's exercise of its broad discretion in granting a motion to stay a case pending before it, may constitute a departure from the

5

essential requirements of law and cause irreparable injury that cannot be remedied on direct appeal. *Verlingo v. Telsey*, 801 So.2d 1009 (Fla. 4th DCA 2001) (holding that stay of proceeding pending resolution of arbitration proceeding was not warranted). Upon granting the stay, the Court reasoned "an eight to eleven month stay of the case does not, in and of itself, cause irreparable harm to the parties." Order. Mot. Stay at p 12 (October 14, 2021). Seventeen months (17) since this Court's order, and Plaintiffs claims related to the Nov. 4 Sale have not been determined. Seventeen months (17) since this Court's Order, and the same claims are not set to be determined by the end of 2023. *Compare Klein*, 524 So.2d at 1062 (holding it was a departure from the essential requirements of law or a gross abuse of discretion to continue for an additional nine months, the previous stay of suit).

## II. The Nov. 4 Sale and associated claims are stayed—indefinitely.

The stay in this Action, pendent upon determination of issues stayed in the Arbitration Proceeding, is not time-specific, and questionable. *Harper*, 802 So.2d at 510 (quashing the stayed when the length of the wait is questionable, as the stay was not time specific). The risk of inconsistent rulings is low. Resolutions of issues relevant to this Action have not begun, and will not begin, if at all, until the company is sold. Instead, they have been stayed and their significance relegated to a "collateral matter." *See* 1PFA at p. 35. A squeeze-merger perpetrated against the majority shareholder of a company, surreptitiously, and with the assistance of the minority shareholder, is hardly a collateral matter. The Nov. 4 Sale is the culmination of the minority shareholders breach of fiduciary duties of good faith and loyalty, aided and abetted by the Defendant, to steal this company from its founder/majority shareholder.

## III. Primacy of the Arbitration Proceeding will not be prejudiced.

An important inquiry into whether a trial judge should decide whether claims should be stayed pending arbitration is whether a prior judicial resolution of the non-arbitrable claims would

6

prejudice the primacy of the arbitration process. *Ronbeck Const. Co.,* 592 So.2d at 347. The claims before this Court are brought against a non-party to the arbitration, regarding the Nov. 4 Sale which has been relegated to a "collateral matter" by the Tribunal in the Arbitration Proceeding. Indeed, despite Defendants attempted squeeze-out merger perpetrated against Plaintiffs, the company was ordered sold on February 24, 2022, and the claims associated with the Nov. 4 Sale were stayed pending sale of the Company. It has been almost two (2) years since the inception of this litigation and Arbitration Proceeding, and the company is not sold, appeals are pending the Southern District of New York, and a buyer is yet to be identified who would endeavor to purchase a company now embroiled in a trans-national and multi-district dispute such as this. The Tribunal in the Arbitration Proceeding has stayed Plaintiffs claims related to Defendants until all the hurdles preventing the sale of the company have been eclipsed. This Court should not do the same. Plaintiffs have been prejudiced by the stay, as it has caused undue delay which has prevented them from prosecuting their actions in state court. *Harper*, 802 So.2d at 510. Plaintiffs have a right to proceed in their chosen forum, state court, without undue delay. *See Id.* at 511.

## CONCLUSION

Plaintiff's respectfully request that they be given their opportunity to be heard in this Action, the stay of proceedings should be lifted, and this Action should proceed on its merits. The stay is forcing Plaintiffs to await the conclusion of the Arbitration Proceeding before presenting to this Court their dispute against the Defendant who are not parties to the Arbitration Proceeding. The lack of a foreseeable end to the Arbitration Proceeding amounts to irreparable injury.

Date: March 13, 2023,                                                        Respectfully Submitted,

                                                                             CAREY RODRIGUEZ, LLP
                                                                             1395 Brickell Avenue, Suite 700
                                                                             Miami, FL 33131
                                                                             Tel.: (305) 372-7474
                                                                             Fax: (305) 372-7475

7

> By: */s/ Ethan B. Rodriguez*
> Juan J. Rodriguez (FBN 613843)
> Email: jrodriguez@careyrodriguez.com
> Secondary: cperez@careyrodriguez.com
> Luke T. Jacobs (FBN 1024787)
> Email: ljacobs@careyrodriguez.com
> Secondary: service@careyrodriguez.com
> Ethan B. Rodriguez (FBN 1036022)
> Email: erodriguez@careyrodriguez.com
>
> *Attorneys for Plaintiffs Terra Towers Corp. and TBS Management, S.R.L.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2023, a true and correct copy of the foregoing document was electronically filed, which will serve a Notice of Filing on counsel of record, via the Court's e-service system.

> By: */s/ Ethan B. Rodriguez*
> Ethan B. Rodriguez (FBN 1036022)

8