November 13, 2023

| Gregg L. Weiner | Michael N. Ungar |
| --- | --- |
| Ropes & Gray LLP | Ulmer & Berne LLP |
| 1211 Avenue of the Americas | 1660 W. 2nd Street, Ste. 1100 |
| New York, NY 10036 | Cleveland, Ohio 44113 |

**BY CM/ECF & HAND DELIVERY**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: ***Telecom Business Solution, LLC, et al., v. Terra Towers Corp., et al.,***
United States District Court for the Southern District of New York Civil Action No.: 1:22-cv-01761

Your Honor:

We write to provide the Court with updates that are material to certain pending requests for relief and to request expedited intervention. Undersigned counsel represent Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay), Ltd. ("AMLQ," together with Peppertree, "Peppertree/AMLQ") in the above-captioned action (the "Action"). As detailed below, in light of recent developments, we respectfully request that the Court: (1) expedite its consideration of Peppertree/AMLQ's petition to confirm the Second Partial Final Award (the "SPFA") issued in the Arbitration underlying the Action (ECF No. 92) (the "Petition"); and (2) expedite its consideration of Peppertree/AMLQ's motion to enjoin a foreign proceeding that impermissibly seeks to re-litigate the SPFA, in violation of the Court's jurisdiction over the Petition (the "Motion for Anti-Suit Injunction") (ECF. No. 171).[1]

### I. Peppertree/AMLQ's Related Requests for Relief are Ripe for Adjudication

By way of background, on February 24, 2022, the Tribunal issued the First Partial Final Award (the "FPFA"), whereby it required that Respondents take all necessary steps to sell the Company, pursuant to the terms of a valid and binding contract between the parties. After issuance

---

[1] The "Arbitration" refers to *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*, AAA/ICDR Case No. 01-21-0000-4309, which remains pending among Peppertree/AMLQ, respondents Terra Towers Corp. and TBS Management, S.A. (collectively, "Terra") and DT Holdings, Inc. ("DTH" and together with Terra, "Respondents"), and Continental Towers LATAM Holdings Limited (the "Company"), and is presided over by a panel of three highly qualified and experienced arbitrators (the "Tribunal"). The "BVI Action" refers to *Quisquinay v. Continental Towers LATAM Holdings Limited*, Case No. BVIHCOM2023/0042.

of the FPFA, Peppertree/AMLQ filed a motion to confirm the award, which the Court granted on an expedited basis on January 18, 2023. *See* ECF No. 125.[2]

The unanimous SPFA was issued by the Tribunal on August 12, 2022 and stems from Respondents' ongoing campaign to intimidate and remove certain members of Company management, namely the Chief Executive Officer ("CEO") Jorge Gaitán and Chief Operating Officer ("COO") Carol Echeverria (collectively, "Management"). *See* ECF No. 93 at 6. In the SPFA, the Tribunal affirmed that Mr. Gaitán is the CEO of the Company and sanctioned Respondents by, *inter alia*, staying their counterclaims in the Arbitration until they complied with the Tribunal's orders and awards. *See generally* ECF Nos. 92-93. The Tribunal determined that this relief was warranted based on Respondents' "multi-faceted effort […] to present to th[e] Tribunal and the Company's Board a false narrative of misconduct and criminality by" Management, including by filing baseless criminal complaints against them in Guatemala, in order to excuse their ongoing violations of the Tribunal's interim orders.[3] *See* ECF No. 94-99. On September 16, 2022, Peppertree/AMLQ filed the Petition asking the Court to confirm the SPFA. The parties completed briefing on the Petition and on Respondents' cross-petition to vacate the SPFA on December 16, 2022. *See* ECF Nos. 67, 92-94, 108-113, 120-122.

On May 15, 2023, Peppertree/AMLQ learned that, purporting to act in his capacity as the Chief Financial Officer ("CFO") of the Company, Mr. Juan Francisco Quisquinay—who is also CFO of DTH and Respondents' long-time employee and/or agent—filed the BVI Action against the Company and Mr. Gaitán. In the BVI Action, Mr. Quisquinay seeks a declaration regarding the identity of the Company's CEO—a matter the Tribunal conclusively settled in the SPFA and that is subject to this Court's exclusive review via the Petition.

On July 20, 2023, Peppertree/AMLQ filed the Motion for Anti-Suit Injunction, asking the Court to order Respondents and their agents, including Mr. Quisquinay and Terra's appointees to the Company's board of directors, to immediately terminate the BVI Action to refrain from litigating the identity of the Company's CEO outside of the Arbitration. *See generally* ECF No. 174. The parties completed briefing on the Motion for Anti-Suit Injunction on September 7, 2023. *See* ECF Nos. 172, 179, 184.

## II. Recent Developments Warranting the Court's Prompt Intervention

Since the parties completed briefing regarding the Motion for Anti-Suit Injunction, events in both the BVI Action and the Arbitration have occurred that warrant the Court's expedited review of the Petition and the Motion for Anti-Suit Injunction. ***First***, on October 5, 2023, Terra's appointees to the Company's board of directors moved to intervene in the BVI Action, confirming that they intend to litigate the matter in disregard of this Court's jurisdiction to confirm the SPFA.

---

[2] On September 6, 2022 this Court also confirmed the Third Partial Final Award (the "TPFA") which requires Respondents to cause the termination of improper and duplicative arbitrations in several jurisdictions where the Company operates. *See* ECF Nos. 182-83. Respondents have not done so, and instead are appealing the Court's decision. ECF No. 186. Peppertree/AMLQ reserve their rights to seek further relief in connection with the TPFA.

[3] This Court denied Respondents' petition to vacate those interim orders in its January 18, 2023 decision confirming the FPFA. *See* ECF No. 124 at 18-20.

*See* **Exhibit A** hereto ¶ 17 (Terra's appointees "have maintained that the position of CEO of the Company has been vacant since . . . 9 March 2021 [and] do not recognise Mr. Gaitán as CEO . . . ."); ¶ 21 ("Mr. Gaitán . . . is under criminal investigation in Guatemala and El Salvador, and his job performance while CEO and COO of the Company is under scrutiny").

***Second***, on October 26, 2023, the Tribunal issued a procedural order rejecting Respondents' arguments that the stay of their counterclaims ordered in the SPFA should be lifted or that, as an alternative, Phase 2 of the Arbitration be stayed until the SPFA is confirmed or vacated by the Court. *See* **Exhibit B** hereto. The Tribunal noted that "Respondents acknowledge . . . that they have ***not made any attempt to comply*** with [the SPFA's] requirements for which they have not identified any legal or other impediment to compliance . . . [but rather] ***seek to have the stay lifted notwithstanding their ability to comply with those requirements*** . . . ." *Id.* at 7 (emphasis added). The Tribunal also found that, in light of this Court's prior confirmation of the FPFA and the TPFA, Respondents failed to make a showing that the SPFA was likely to be vacated. *See id.* at 9; ECF Nos. 124, 182. To date, Respondents still have not complied with the Tribunal's interim orders, the criminal proceedings against Mr. Gaitán persist, and Respondents have even initiated new criminal proceedings against Mr. Gaitán in El Salvador based on many of the same allegations the Tribunal already rejected in the SPFA. In sum, Respondents have made clear they will not comply with the Tribunal's directives, and the Tribunal has rejected their argument that this Court's pending evaluation excuses their non-compliance.

Action by the Court is necessary to compel Respondents to comply with the Tribunal's awards and respect and abide by this Court's jurisdiction to enforce them. Thus, as this Court has already recognized with respect to the FPFA and TPFA, expedited confirmation of the SPFA and injunction of the improper and collateral BVI Action are appropriate here. *See* ECF Nos. 62 (granting Peppertree/AMLQ's request for expedited consideration of the FPFA); 182 (confirming the TPFA and noting request for expedited consideration); *see also Bos. Celtics Ltd. P'ship v. Shaw*, 908 F.2d 1041, 1051 (1st Cir. 1990) (Breyer, J.) ("[T]he legal principles that grant courts broad powers to enforce arbitration . . . permit the district court's expedited enforcement of the arbitration award."). In seeking expedited consideration of both the Petition and Motion for Anti-Suit Injunction, Peppertree/AMLQ reserve all rights to seek further relief related to the SPFA and the BVI Action.

Peppertree/AMLQ sincerely appreciate the Court's consideration of these requests. Undersigned counsel will provide the Court with any additional information and make themselves available at the Court's convenience for a status conference.

Respectfully submitted,

/s/ *Gregg L. Weiner*  
Gregg L. Weiner

*Counsel for AMLQ Holdings (Cay), Ltd.*

/s/ *Michael N. Ungar*  
Michael N. Ungar

*Counsel for Telecom Business Solution, LLC and LATAM Towers, LLC*

CC: All Counsel of Record