# EXHIBIT A

THE EASTERN CARIBBEAN SUPREME COURT
TERRITORY OF THE VIRGIN ISLANDS
IN THE HIGH COURT OF JUSTICE
COMMERICAL DIVISION

CLAIM NO. BVI(COM) 2023/0042



Submitted Date:05/10/2023 11:23

Filed Date:05/10/2023 11:24

Fees Paid:274.20

BETWEEN:-

JUAN FRANCISCO QUISQUINAY

Claimant

and

(1) CONTINENTAL TOWERS LATAM HOLDINGS LIMITED
(2) JORGE GAITAN CASTRO

Defendants/Respondents

(3) TELECOM BUISNESS SOLUTIONS, LLC
(4) LATAM TOWERS, LLC
(5) AMLQ HOLDINGS (CAYMAN) LTD

Interveners/Respondents

(6) WILLIAM RENE MENDEZ ARAUJO
(7) JOSE ALEJANDRO SAGASTUME FIGUEROA

Second Interveners/Applicants

---

AFFIDAVIT OF WILLIAM RENE MENDEZ ARAUJO

---

I, William Rene Mendez Araujo, of *15 avenida 17-40 zona 13, edificio Torre Mundial I, oficina 901, Guatemala, Guatemala* MAKE OATH and SAY AS FOLLOWS:

1. I am a director of the First Defendant/Respondent in these proceedings, Continental Towers Latam Holdings Limited (the "**Company**"). I make this affidavit on behalf of José Alejandro Sagastume Figueroa ("**Mr Sagastume**") and I (jointly referred to as the "**Second Interveners**") in support of our

1

application to be joined as parties to these proceedings and for consequential directions (the "**Application**").

2. I make this affidavit from facts within my own knowledge, save where otherwise appears. Matters to which I refer in this affidavit are within my own knowledge and are true. Where I refer to matters not within my own knowledge, the source of such information is stated, and such information is true to the best of my knowledge and belief.

**INTRODUCTION**

3. The Claimant in these proceedings, Mr Juan Francisco Quisquinay ("**Mr Quisquinay**"), is the Chief Financial Officer (the "**CFO**") of the Company. By the Claim Form and Statement of Claim filed on 7 March 2023, Mr Quisquinay seeks a declaration as to whether any person holds the office of Chief Executive Officer ("**CEO**") of the Company (the "**Claim**"). He seeks this relief in circumstances where he says the board of directors of the Company are deadlocked on the issue of whether there is a CEO of the Company, and specifically whether the Second Defendant, Mr Jorge Gaitan Castro ("**Mr Gaitan**") is the duly appointed CEO of the Company.

4. Mr Sagastume and I are members of the board of directors. We are therefore connected to the matters in dispute in the Claim, have an interest in its determination and can assist the Court with its effective disposal.

5. By the Application, the Second Interveners seek the following relief:

    5.1. an order that Mr Sagastume and I be added as parties to the proceedings pursuant to ECSC CPR rule 19.3;

    5.2. consequential directions arising from the Second Interveners being joined as parties to the Claim, including:

    5.2.1. directions in relation to the time within which the Second Interveners may file and serve any Defence pursuant to ECSC CPR Part 10;

    5.2.2. that the Court take no steps to list and/or determine the application filed on 7 July 2023 by Telecom Business Solutions LLC, LATAM Towers LLC and AMLQ Holdings (Cay) Ltd (collectively, the "**Peppertree Applicants**") by which the Peppertree Applicants seek

orders for, among other things, a permanent stay of the proceedings, strike out and/or summary judgment;

5.2.3. directions in relation to the time within which the Second Interveners may file any evidence in response to the Peppertree Applicants' application; and

5.2.4. such further and/or other directions the Court thinks fit;

5.3. Messrs F Howard Mandel and John Joseph Ranieri, be joined to the proceedings in their capacity as directors of the Company;

5.4. Ms Carol Echevarria be joined as a party to these proceedings; and

5.5. a declaration as to the identity of the CEO and COO of the Company.

**THE COMPANY'S MANAGEMENT TEAM**

6. The Company was incorporated in the BVI in 2015 and is in the business of building telecommunication towers at various locations in Central and South America, and leasing spaces on those towers to other mobile communications operators for profit.

7. Article 5 of the Company's Memorandum and Articles of Association (the "**Mem&Arts**") authorises the Company to issue three categories of shares: Classes A, B and C. Classes A and B shareholders enjoy a right to vote at meetings of shareholders or any resolution of the shareholders. Article 45 further provides that the shareholders may appoint a maximum of 4 directors to the board of the Company, two of which are to be appointed by the Class A shareholders and the other two by the Class B shareholders. Terra Towers Corp and TBS Management SRL (jointly referred to as "**Terra**") jointly holds 59,215.23 Class A shares which accumulates to approximately 54.35% of the total issued shares of the Company. The Peppertree Applicants hold the remaining 45.55% of issued shares, with LATAM Towers LLC and Telecom Business Solution LLC holding 35,021.69 Class B shares. On this basis, as of 9 March 2021, the board of directors consisted of:

7.1. Messrs F Howard Mandel and John Joseph Ranieri who have been appointed by LATAM Towers LLC and Telecom Business Solution LLC; and

7.2. Messrs Sagastume Figueroa and I, who have been appointed by Terra.

8. Article 52 of the Mem&Arts empowers the board to appoint any person (by resolution of the directors) to be an officer or agent of the Company. Such officers or agents may consist of persons who from time to time the board deems desirable. Article 53 specifies that a person appointed as an officer or agent of Company holds office until a qualified successor is elected or until the person is removed from office by a resolution of the board of directors. Additionally, an officer or agent may resign from a position to which he/she was appointed.

9. The relationship between the Company's shareholders is governed by a Shareholders Agreement dated 22 October 2015 (the "SHA"). The SHA, however, also sets out terms for the management of the Company through a Management Team which defined under Article 1 of the SHA as the *Executive Team* and the senior managers of the Company and senior management of the Company's subsidiaries. The Executive Team is comprise of the Company's CEO and CFO. Section 4.04 of the SHA provides that the board has the authority to add, remove and compensate members of the Company's Management Team.

10. The role of the Executive Team is set out in section 4.06 of the SHA which states that the Executive Team shall, in general supervise and control all the business and affairs of the Company subject to the oversight of the board of directors. It also gave the CEO the power to nominate the remaining senior managers of the Company and senior management of the Company's subsidiaries.

**THE APPOINTMENT OF THE MANAGEMENT TEAM**

11. Section 4.06 of the SHA provides that the initial CEO shall be Mr Gaitan. This was brought into effect by a written director's resolution dated 10 July 2015. Section 4.06 also provided that the initial CFO shall be Mr Juan Francisco Quisquinay (i.e. the Claimant in these proceedings).

12. On 16 May 2016, per express request from Peppertree, the directors unanimously resolved to remove Mr Gaitan from the position of CEO, and appointed Mr Alberto Arzu ("**Mr Arzu**") as the Company's new CEO. Mr Arzu had been a director of the Company since 2015 (having been appointed by Terra), and it was the board's intention that he would perform both roles (director and CEO) from thereon. By the same resolution, the board further resolved to appoint Mr Gaitan as the Company's Chief Operating Officer (the "**COO**").

13. On 9 March 2021, Mr Arzu resigned as director and CEO of the Company. In response to this, Terra appointed Mr Sagastume Figueroa as Mr Arzu's replacement on the board. The board has not appointed anyone to fill the role of CEO following Mr Arzu's resignation and has appointed anyone to the post since the resignation of Mr Arzu.

**DISPUTE AS TO THE CEO**

14. Mr Gaitan claims that he is the CEO of the Company. His position is supported by the two Peppertree-appointed directors (Messrs Mandel and Ranieri) who say that Mr Gaitan is the Company's CEO and Ms Carol Echevarria ("**Ms Echevarria**") is the COO.

15. Mr Sagastume and I have maintained that the position of CEO of the Company has been vacant since Mr Arzu's resignation on 9 March 2021. Additionally, since 16 May 2016 Mr Gaitan has been the Company's COO and has not been removed by the board or resigned from that position as far as the Second Interveners are aware. In the circumstances, the Second Interveners do not recognise Mr Gaitan as CEO and Ms Echevarria as COO. The board is therefore evenly split and deadlocked on the issue of the identity of the Company's CEO and COO.

16. The Peppertree Applicants' position, as set out in their 7 July 2023 application in these proceedings, is that Mr Gaitan is the Company's CEO and that the question as to the identity of the Company's CEO was settled in arbitration proceedings involving the shareholders of the Company which are currently ongoing in New York (the "**New York Arbitration**"). The Peppertree Applicants therefore seek an order for the Claim to be stayed permanently, or for summary judgment and/or strike out.

17. Neither I nor Mr Sagastume are parties to the New York arbitration proceedings. We understand from the Peppertree Applicants' application filed on 7 July 2023 that during the New York Arbitration proceedings, the Company had been added as a nominal defendant. Terra and the Peppertree Applicants (each of them being shareholders of the Company) and Terra's affiliate DT Holdings Inc ("**DTH**"), all entered into an agreement on 19 March 2021 (the "**Framework Agreement**") to instruct independent and neutral counsel for the Company. The Framework Agreement purported that Mr Gaitan was the CEO of the Company and would provide instructions to the lawyers appointed to act on behalf of the Company. The Peppertree Applicants say that during the course of the arbitral proceedings, Terra and DTH attempted to unilaterally remove Mr Gaitan as CEO of the Company without the requisite board approval in order to replace him with an individual who would act on

Terra/DTH's instructions. The Peppertree Applicants sought the intervention of the arbitral tribunal, who on 12 November 2021 ordered that Terra/DTH restore Mr Gaitan as CEO of the Company. On 12 August 2022, the arbitral tribunal (ignoring the evidence) ordered sanctions against Terra/DTH for failing to comply with the 12 November 2021 order, and re-affirmed Mr Gaitan's role as CEO and Mrs. Echeverría's role as COO. Judge Lewis A. Kaplan in the United States District Court Southern District of New York has confirmed the these orders.

18. Peppertree has even filed an action for an anti-suit injunction in the USA through which they sought to prevent these BVI proceedings, which would prejudice of our rights as Company directors in the BVI.

**RELIEF SOUGHT BY THE SECOND INTERVENERS**

19. The Claim and the Peppertree Applicants' application raise several issues as to the internal management of a company for which the Second Interveners are directors. The Second Interveners are appropriate persons to be added to the Claim. Mr Sagastume and I are connected to the matters in dispute and can assist with the effective disposal of the Claim. Particularly, we have knowledge and access to contemporaneous documentary evidence of the appointment of persons to the position of CEO of the Company since its inception.

20. Mr Sagastume and I are concerned about the relief being sought by the Peppertree Applicants. The Company's Mem&Arts provides that the CEO can only be appointed by a resolution of the directors. Since the resignation of Mr Arzu in March 2021, the board has not passed any resolution appointing a new CEO. The Peppertree Applicants seek an order for summary judgement/stay/strike which would recognise Mr Gaitan as the Company's CEO on the basis of the Framework Agreement and the New York Arbitration already upheld that he was the CEO. The Court should be cautious of recognising Mr Gaitan as the Company's CEO in circumstances where the directors of the Company (those with the authority to appoint the CEO) were never parties to the Framework Agreement or the New York Arbitration. The simple fact is that at no time has there been a valid resolution passed by the directors appointing Mr Gaitan as CEO after 9 March 2021.

21. Mr Sagastume and I are further concerned that it is now being submitted that Ms Echeverria is the COO of the Company when there is no board resolution bringing that into effect. There is therefore a real possibility that Mr Gaitan and Ms Echevarria have taken or will take steps which may be counter

to the interests of the Company on the basis that they are the purported CEO and COO respectively. For instance, Mrs. Echeverria currently works for a competing company in Guatemala, therefore, she clearly has a conflict of interest which means she cannot be acting in the best interest of the Company. In the case of Mr. Gaitan, he currently is under criminal investigation in Guatemala and El Salvador, and his job performance while CEO and COO of the Company is under scrutiny. Such investigations will affect the Company's management credibility and reputation. Therefore, maintaining Mr. Gaitan and Mrs. Echeverría in a position that they should not hold is clearly in the Company's detriment.

22. The Court should join as parties to the Claim the current directors of the Company as well as Ms Carol Echeverria to the Claim on the basis that they may assist with the effective disposal of the Claim.

23. Until the Second Interveners have been allowed to file evidence and make submissions on the relief sought by the Peppertree Applicant's application for stay/summary judgment/strike, the Second Interveners ask that the Court take no steps to determine the Peppertree Applicant's application.

**CONCLUSION**

24. For the reasons I set out above, I respectfully invite the Court to make the Orders sought by the Application herein.

**SWORN** by the said William Rene Mendez Araujo

**AT** 15 avenida 17-40 zona 13, edificio Torre Mundial I, oficina 901, Guatemala, Guatemala

WILLIAM RENE MENDEZ ARAUJO

BEFORE ME:

Commissioner for Oaths/Notary Public

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
TERRITORY OF THE VIRGIN ISLANDS
COMMERCIAL DIVISION
CLAIM NO. BVI(COM) 2023/0042

BETWEEN:-

JUAN FRANCISCO QUISQUINAY

Claimant

and

(1) CONTINENTAL TOWERS LATAM HOLDINGS LIMITED
(2) JORGE GAITAN CASTRO

Defendants/Respondents

(3) TELECOM BUISNESS SOLUTIONS, LLC
(4) LATAM TOWERS, LLC
(5) AMLQ HOLDINGS (CAYMAN) LTD

Interveners/Respondents

(6) TERRA TOWERS CORP.
(7) TBS MANAGEMENT S.A.

Second Interveners/Applicants

---

AFFIDAVIT OF WILLIAM RENE MENDEZ ARAUJO

---

# CAREY OLSEN

Legal practitioners for the First Defendant

Rodus Building, Road Reef Marina, PO Box 3093

Road Town, Tortola

British Virgin Islands

Tel: +1 (284) 394 4030

Ref: TW/TB/1083408.0001

8