

**BY CM/ECF**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    ***Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.,***
             Civil Action No.: 1:22-cv-01761

Your Honor:

        Our firm represents Terra Towers Corp, *et al.* ("Terra") in the above action. Terra opposes Telecom Business Solution, LLC, LATAM Towers, LLC and AMLQ Holdings (Cay), Ltd.'s (collectively, "Peppertree-AMLQ") Letter-Motion seeking leave to file under seal their motion to seal Terra's opposition to their antisuit motion. (ECF No. 191). The Letter-Motion was filed at the instance of an order of the arbitral tribunal sitting in an arbitration pending between the parties and administered by the AAA, *Telecom Business Solution, LLC, et al., v. Terra Towers Corp., et al.,* AAA Case No, 01-21-0000-4309 (the "Arbitration"). Even though the Parties had stipulated to the non-confidentiality of the relevant judicial records (ECF No. 189), and even though Peppertree-AMLQ filed their reply in support of their antisuit motion publicly (ECF No. 184), the letter-motion to seal Terra's opposition was purportedly filed on behalf of all the parties, but Terra was not consulted, nor did it consent or approve the filing. (*See* ECF No. 192). The Letter-Motion should be denied for several other reasons as well. *First*, the Court should not permit Peppertree-AMLQ to unilaterally withdraw their stipulation which remains on the public docket. (*See* ECF No. 189). *Second*, Peppertree-AMLQ have agreed to the Tribunal's request to issue a public statement regarding the very same issue, acknowledging the public nature of the judicial records they now seek to seal. (*Infra* Ex. B). And *third*, there is no basis to seal judicial records which are publicly available from other sources, when the asserted third-party interest is insufficient to trump the presumption of public access. (*See* 192-1).

        On July 20, 2023, Peppertree-AMLQ sought leave to file under seal their antisuit motion and supporting documents and stated "undersigned counsel will meet and confer with counsel for [Terra] in this action concerning confidentiality designations in this matter. [Peppertree-AMLQ] will then promptly re-file publicly any material ***that they agree is non-confidential*** and bring any remaining disputes concerning confidentiality to the Court for resolution." (ECF No. 170) (emphasis added). Thereafter, Terra filed their opposition to Peppertree-AMLQ's antisuit motion. (ECF No. 179-180). On September 7, 2023, Peppertree-AMLQ filed their reply in support. (ECF No. 184). And on September 11, 2023, Peppertree-AMLQ stated in conferral that they "intend to have the papers filed with their motion re-filed on the public docket…we presume you will have no objection to unsealing [Peppertree-AMLQ's] papers and have prepared the attached stipulation to that effect." Attached as <u>Exhibit A</u>. Terra had no objection. (Ex. A). Peppertree-AMLQ then submitted the Parties' stipulation they drafted. (ECF No. 189). The conferral between the parties reflected the Parties' intended stipulation on material *they agreed was non-confidential*. (*Cf.* ECF No. 170; *see, e.g.,* ECF No. 184).

On November 28, 2023, the Tribunal in the Arbitration *sua sponte* issued an order noting that information related to the Arbitration had been published on Jus Mundi, a research and reference resource used by thousands involved in international arbitration worldwide. (ECF No. 192-1). The Tribunal referenced the confidentiality provision contained in Procedural Order No. 2 (hereinafter, "PO-2") which Peppertree-AMLQ previously referenced on the docket. (*See* ECF No. 170; ECF No. 189). Section IX provides that the Parties "shall treat the details of the Arbitration as private and confidential, ***except to the extent necessary to comply with mandatory applicable law….***" (ECF No. 6-1 ¶ 22) (emphasis added). And then provides "[n]otwithstanding paragraph 22 above, the Parties are permitted to disclose confidential information to third parties as required to prepare and present their claims or defenses," subject to a stipulated protective order, which the parties submitted to the Tribunal to encompass the exchange of documents in discovery. (*Id.* ¶ 24). Neither provision encompasses documents publicly available, much less those on a research and reference resource used by thousands in international arbitration. (*See* ECF No. 192-1). The same paragraph also provides "***nothing stated in this Section IX shall be construed to address whether a court should enter into such an agreement as condition of the ability of a party to seek in that court to confirm, modify, or vacate an award issued by the Tribunal or to seek any other judicial relief in relation to the Arbitration.***" (ECF No. 6-1 ¶ 24). That same day, the Tribunal also asked the Parties to comment on its ability to make public statements regarding the public article and Terra's request to disqualify the Panel due to its bias. (ECF No. 192-1). Two (2) days later, in response to the Tribunal, Peppertree-AMLQ stated:

> [T]he Tribunal ***may treat*** the WSW Article and the unsuccessful ICDR challenge ***as non-confidential and issue public statements*** on the matter as it deems appropriate under these most unusual circumstances. *First*, the WSW Article remains on the WSW website and is, therefore, ***public***. *Second* Respondents have publicly filed their Opposition (and exhibit 37 thereto addressing the ICDR challenge); therefore, it has been exposed ***in the public record for over 3 months*** already.

Peppertree's Nov. 30, 2023, submission, p 3. (emphasis added). Attached as <u>Exhibit B</u>. Terra provided the Tribunal a response as well. Attached as <u>Exhibit C</u>. Then, on December 1, 2023, the Tribunal issued Procedural Order 2023-11 requesting that the parties seek to seal all the judicial records in this matter, and "take similar steps with regard to the Record on Appeal and relevant portions of briefs already filed in the pending appeal of the Judgment confirming PFA-1, and the forthcoming Record on Appeal on the recently-filed appeal from the Judgment confirming PFA-3." (ECF No. 192-5).

Courts generally enforce stipulations that narrow issues in a case and a party to a stipulation is not entitled to withdraw from its agreement unilaterally. *U.S. ex rel Reilly v. New England Teamsters*, 737 F.2d 1274, 1278 (2d Cir. 1984). Where a party never consented to a withdrawal by the other party from a stipulation, the withdrawing party is bound by stipulation unless it could obtain relief by action of the Court. *Id.*; *see Sinicropi v. Milone*, 915 F.2d 66, 69 (2d Cir. 1990). Peppertree-AMLQ proposed the stipulation, drafted and prepared the stipulation, and filed it with Your Honor for adoption. (*See* Ex. A; *e.g.,* ECF No. 189). They filed their reply in support publicly (ECF No. 184), and they are bound by their agreement and their acknowledgment that nothing in the judicial records at issue here is confidential. (ECF No. 170; *and compare* ECF No. 189). New York law applies to this Arbitration and nothing about the filings is confidential under New York law, nor can an arbitral tribunal dictate to this Court, or Your Honor, what portions—if any—of

court proceedings must be sealed. Peppertree-AMLQ is therefore estopped from contending materials it agreed were *non-confidential* should now be sealed solely on the basis of prompting by the Tribunal which seeks to avoid "reputational harm" to its chairman due to public information that has been available for over eighteen (18) months. (*See* Ex. B, *e.g.,* ECF No. 184, ECF No. 189; *see also* ECF No. 192-1). The Tribunal also directed the Parties to seek to retrieve from a public database, Jus Mundi, ***publicly available information*** ostensibly to avoid reputational harm to the Tribunal stemming from an anonymous internet article which identified the Chair as being tied to allegations of corruption. (*See* Ex. B; *see also* ECF No. 192-5). The Rules require that when a party seeks leave to file sealed or redacted materials on the ground that an opposing or *third party* has requested it, that party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials. *See* Individual Rules of Practice (LAK), ECF Filing Practices at 2. (April 18, 2020). The Tribunal has become an interested party, even though it is duty-bound to remain impartial. Jus Mundi is an interested party but has not been given notice of the Tribunal's request to remove those publicly available submissions from its website. (ECF No. 192-5 ¶ 9). Sealing judicial records must be consistent with the ***presumption in favor of public access*** to judicial documents. *Lugosh v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) (emphasis added). The parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543(JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015). Because the "***rights involved are the rights of the public***." *Id.* (citation omitted) (emphasis added). That's the mandatory controlling law in the Arbitration and nothing in PO-2 or the subsequent stipulated protective order trumps that.

      On November 30, 2023, Peppertree-AMLQ permitted the Tribunal to treat the WSW Article and the unsuccessful ICDR challenge as ***non-confidential and to issue public statements,*** acknowledging that the WSW Article is ***public*** and noting the fact that the relevant portions of the docket in this matter have been ***public for over three months***. (Ex. B p. 3). Peppertree-AMLQ now seeks to seal Terra's opposition to the antisuit motion which contains the same *non-confidential* and *public* information they consented *to allow the Tribunal to make public statements*. (*See* ECF No. 192). There cannot be a genuine basis to seal judicial records that touch upon the same non-confidential topic. (Ex. B p. 3). The Court is required to make its own inquiry to determine whether sealing court records is warranted and does not approve wholesale sealing of motion papers, even when both sides of the litigation request sealing. *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) (holding a naked conclusory statement "woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal"). Unsubstantiated fears are insufficient to overcome the First Amendment presumptive rights of public access, which Jus Mundi and the public retain. *Doe v. Public Citizen*, 749 F.3d 246, 2014 WL 1465728 (4th Cir. 2014). The asserted interest here is not even that of the Parties, but rather that of the Tribunal, and its concern for "reputational harm" which is speculative. The Court should reject Peppertree-AMLQ's attempt to unilaterally withdraw their previous stipulation. Peppertree-AMLQ, themselves, stated that these judicial records have been public for three months. (Ex. B). They filed their reply publicly and sought to unseal their own moving papers. (*E.g.,* Ex. A). Peppertree-AMLQ's feigned prejudice seeks only to curry favor before the Tribunal, and it is contradicted by the record before the Court—ECF No. 184 & ECF No. 189—and the standards for sealing court records under New York Law. *See Joy*, 692 F.2d at 894. Leave should be denied.

Date: December 12, 2023,                    Respectfully Submitted,

                                            */s/ Juan J. Rodriguez*
                                            Juan J. Rodriguez
                                            *Counsel for Terra, et al.*

CC: All Counsel of Record.