

November 30, 2023

**VIA ELECTRONIC MAIL**

███████████████████████
███████████████████████

Re:   *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*, AAA Case No. 01-21-0000-4309 (the "Arbitration")—**Peppertree/AMLQ's Comments to the Tribunal's Questions Regarding Confidentiality in Their Nov. 28, 2023 Email**

Dear Members of the Tribunal:

Thank you for providing Peppertree/AMLQ with the opportunity to respond to the questions in the Tribunal's correspondence of November 28, 2023. Our responses follow:

1. **<u>Whether the Tribunal should direct the Parties to seek relief in the SDNY to reinstate the sealing of the submissions in connection with motions pending before the court (other than the public version of PFA-2)</u>:** Peppertree/AMLQ respectfully submit that there is no need for the Tribunal to direct either the undersigned counsel or our clients to seek such relief in the SDNY. That said, if the Tribunal believes it prudent or wise to do so, then we have no objection to it either. No matter what, as stated in yesterday's comments to the Tribunal on this matter (the "November 29 Comments"), Peppertree/AMLQ will immediately request that Respondents' Opposition to the Motion for Anti-Suit Injunction (the "Opposition") and all exhibits thereto be sealed, and that Peppertree/AMLQ's briefing in connection with the Motion for Anti-Suit Injunction (the "Motion") remain under seal. Peppertree/AMLQ intend to file a motion in the SDNY for this purpose shortly. As set forth in our November 29 Comments, we will do everything we can to ask Judge Kaplan to seal the relevant briefing, especially Exhibit 37 to ███ ███████ Declaration, which explicitly references the false and defamatory WSW Article.

   Respondents' purported rationale for failing to agree to a stipulation to seal the briefing is pre-textual and reflects their clear intent to continue to publicize the false WSW Article— which they first initiated with their unilateral public filing of the Opposition. In their November 29 comments, Respondents claim that they "cannot accede to the Tribunal's request" because the parties recently filed a stipulation to unseal previously filed materials. This is absurd and not in accordance with either the parties' long-standing practice of sealing filings in the SDNY proceedings or the repeated orders of Judge Kaplan where he has readily agreed to seal certain sensitive filings.

   *First*, it is simply false that Respondents "*cannot* accede to the Tribunal's request"; rather, they don't want to do so. The fact that the parties have filed a stipulation (attached hereto) seeking to unseal Peppertree/AMLQ's briefing—which does *not* address the false and irrelevant WSW Article—has absolutely no effect on whether Respondents *can* now seek to seal the offending briefing and exhibit. The parties can easily withdraw that stipulation,

1

on which the Court has not yet ruled.[1] Respondents have provided absolutely no rationale or authority demonstrating otherwise. Notably, that stipulation does not address the primary issue here, which is Respondents' publicly filed Opposition (and Exhibit 37 thereto). It only stipulates that the parties agree that *Peppertree/AMLQ's* previously sealed briefing should be made public (even though that has not yet been agreed to or effectuated by the Court). Thus, that stipulation in no way limits Respondents' (or the parties') ability to seek that the Opposition be sealed, and our clients again commit to the immediate withdrawal of the stipulation given the emergence of this issue.

*Second*, in the SDNY action, the Opposition is the *only* time that the parties have failed to seal a substantive filing—and Respondents filed the Opposition (and Ex. 37) unilaterally *without* conferring with Peppertree/AMLQ, despite the parties' prior agreement that information related to the WSW Article should remain under seal. (*See* Redacted SPFA, attached to Peppertree/AMLQ's November 29 Comments). Judge Kaplan has consistently granted the parties' requests to seal their filings related to this arbitration. Indeed, he has done so no less than fifteen (15) separate times, *see, e.g.,* ECF Nos. 34, 68, 79, 85, 96, 107, 114, 123, 134, 144, 159, 165, 176, 187, and 188, and not once has he denied such a request. Thus, there is no reason to believe the he would deny such a request now, especially given the false and defamatory allegations relating to the WSW Article contained in Ex. 37.

Accordingly, Respondents provide absolutely no legitimate support for their refusal to accede to the Tribunal's request to seal the briefing relating to the Motion.

2. **Whether the Tribunal should direct the Parties to attempt to cause Jus Mundi to remove from its website all information about this case other than the public versions of the Tribunal's Awards and the SDNY decisions/judgments confirming them (and whether such a direction could as a practical matter be effectuated by Jus Mundi):** Peppertree/AMLQ respectfully submit that it is unnecessary for the Tribunal to direct the Parties to take this action, but will nonetheless respect and comply with whatever the Tribunal orders. As set forth in Peppertree/AMLQ's November 29, Comments, we will work to cause Jus Mundi to remove information from their website regarding this case, and especially the false and defamatory WSW Article. We do not need Respondents' assistance in this regard when it is clear that they have no desire to offer it. And Peppertree/AMLQ have every reason to believe that any purported assistance by Respondents at this point would, at best, be counterproductive, and, at worst, yield sabotage, given their stated position and clear intent to publicize the WSW Article and the accusations that led to it.

3. **Whether – particularly in view of the potential for continuing reputational harm – the Tribunal may treat the WSW Article (including communications of the Tribunal with the Parties in 2022 concerning the WSW Article) and the unsuccessful ICDR challenge to the Tribunal made by Respondents based on the WSW Article as non-confidential matters on which the Tribunal might properly issue public statements (if it chooses to do so, and provided any such statements are made in compliance with all**

---

[1] Even if the Court has ruled on the stipulation and Peppertree/AMLQ's briefing were made public, the parties could certainly stipulate to re-seal the documents and/or move to have them re-sealed.

**applicable rules):** Yes.  Peppertree/AMLQ respectfully submit that the Tribunal may treat the WSW Article and the unsuccessful ICDR challenge as non-confidential and issue public statements on that matter as it deems appropriate under these most unusual circumstances.  *First*, the WSW Article remains on the WSW website and is, therefore, public.  *Second*, Respondents have publicly filed their Opposition (and exhibit 37 thereto addressing the ICDR challenge); therefore, it has been exposed in the public record for over 3 months already.

*   *   *

Should the Tribunal require any additional information from us, please let us know.

Respectfully submitted,



*Counsel for Telecom Business Solution, LLC and LATAM Towers, LLC*

*Counsel for AMLQ Holdings (CAY) Ltd.*

cc:

All counsel of record