# MEMO ENDORSED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/2024
```

TELECOM BUSINESS SOLUTION, LLC, LATAM TOWERS, LLC, and AMLQ HOLDINGS (CAY) LTD.,

　　　　　　　　*Petitioners,*

v.

TERRA TOWERS CORP. and TBS MANAGEMENT, S.A.,

　　　　　　　　*Respondents.*

TERRA TOWERS CORP., TBS MANAGEMENT, S.A., and DT HOLDINGS, INC.

　　　　　　　　*Cross-Petitioners,*

v.

TELECOM BUSINESS SOLUTION, LLC, LATAM TOWERS, LLC, and AMLQ HOLDINGS (CAY) LTD.,

　　　　　　　　*Cross-Respondents.*

No. 22-cv-1761-LAK

**MOTION FOR RECONSIDERATION**

　　　Pursuant to 59(e) of the Federal Rules of Civil Procedure, Respondents/Cross-Petitioners Terra Towers Corp., TBS Management, S.A. (together, "**Terra**"), and DT Holdings, Inc. ("**DTH**"), respectfully moves to **alter** or **amend** the judgment entered on February 20, 2024, granting Petitioners' motion to confirm the Second Partial Final Award ("SPFA") and denying Respondents' cross-motion to vacate it, and for other and further relief as the Court deems just and proper. In support, Terra/DTH submits their Memorandum of Law dated March 18, 2024, and a Declaration in Support, which are being filed contemporaneously with this **motion**.

Dated: Miami, FL

　　　　　March 18, 2024

　　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　**CAREY RODRIGUEZ LLP**
　　　　　　　　　　　　　　　　　　　　　　　　By: */s/ Juan J. Rodriguez*

Memorandum Endorsement        Telecom Bus. Sol. LLC v. Terra Towers Corp., 22-cv-1761 (LAK)

The motion for reconsideration (Dkt 220) is denied.

"Reconsideration of a previous order is an extraordinary remedy, to be used sparingly."[1] Such relief typically is available only where "the movant establishes an intervening change in controlling law, offers newly discovered evidence, demonstrates clear error of law, or shows that relief is necessary to prevent manifest injustice."[2]

Respondents contend that the "Court overlooked critical facts"[3] but fail to identify any overlooked facts, instead repackaging arguments that the Court rejected previously.[4] Respondents argue next that reconsideration is warranted by "[n]ewly discovered evidence,"[5] but they fail to identify any such evidence in their motion. Instead, they refer the Court to 229 exhibits (which were not filed properly) filling three bankers boxes. The Court declines to "sift through them to determine if some nugget is buried somewhere in that mountain of papers."[6] Last, respondents assert that reconsideration is necessary to prevent manifest injustice. The Court disagrees.

It is long since time that counsel and his clients recognize that they have lost. Their endless repetition is vexatious and inappropriate though they are welcome to pursue any appellate remedies in the appropriate Court.

SO ORDERED.

Dated:       May 1, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[1] *Morisseau v. DLA Piper*, 532 F. Supp. 2d 595, 598 (S.D.N.Y. 2008), *aff'd*, 355 F. App'x 487 (2d Cir. 2009) (internal quotation marks omitted).

[2] *In re Transcare Corp.*, No. 20-cv-06274 (LAK), 2021 WL 5909794, at *1 (S.D.N.Y. Dec. 14, 2021) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[3] Dkt 221 at 5.

[4] *E.g.*, Dkt 221 at 6 ("[T]his Court has overlooked that the Tribunal's misconduct is unequivocally aimed at securing a predetermined outcome . . . .").

[5] Dkt 221 at 7.

[6] *Carmel v. CSH & C*, 32 F. Supp. 3d 434, 436 (W.D.N.Y. 2014); *see United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

The Court notes further that respondents have not attempted to meet the applicable standard for reconsideration on the basis of newly discovered evidence. *See Fields v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 03-cv-8363 (SHS), 2004 WL 626180, at *2 (S.D.N.Y. Mar. 30, 2004).