April 11, 2025

| | |
|---|---|
| Quinn Smith | Lucila I. M. Hemmingsen |
| GST LLP | The Fladgate Firm PC |
| 78 SW 7th Street | 305 Broadway, 7th Floor |
| Miami, FL 33130 | New York, NY 10007 |

**BY CM/ECF**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:   *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*, Case No. 22-cv-1761

Your Honor:

    Pursuant to this Court's invitation, extended at oral argument on April 9, 2025, the respondents, Terra Towers Corporation ("Terra"), TBS Management S.R. de L. ("TBS Management") (together, the "Terra Parties"), and DT Holdings, Inc. ("DT Holdings"), write in regard to the application of Fed. R. Civ. P. 65 to non-parties in enforcing the judgments issued by this Court.

    The Second Circuit has recently written on the scope of Rule 65 and a permanent injunction. In *Havens v. James*, the Second Circuit cited the longstanding rule that "'no court can make a decree which will bind any one but a party' because a court's 'jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court.'" 2 F.4th 103, citing Alemite Mfg. Corp. v. Staff , 42 F.2d 832, 832-33 (2d Cir. 1930) (L. Hand, J.). "The nonparty must either be 'legally identified' with the enjoined party or 'abet' the enjoined party's violation of the injunction. *Alemite Mfg. Corp.*, 42 F.2d at 832. Persons who act independently and "whose rights have not been adjudged" are not subject to the injunction. *Havens*, 2 F.4th 103, *citing Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13 (1945) (additional citation omitted).

    There is thus a two-step process. "Under an aiding-and-abetting theory, a court must first conclude that the party subject to the court's mandate committed contempt." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002). Then a court must decide that "'the challenged action' of the nonparty 'was taken for the benefit of, or to assist, a party subject to the decree' in violating the injunction." *Havens*, 2 F.4th 103, citing *Arista Records, LLC v. Tkach*, 122 F. Supp. 3d 32, 36 (S.D.N.Y. 2015) (further citations omitted). "The enjoined party must, in essence, be the principal or the intended beneficiary of the nonparty's conduct." *Havens*, 2 F.4th 103. The injunction is based on the "assumption that the named defendant [was] an adequate

representative of the rights" of the nonparty in the original proceeding. *Havens v. James*, 2 F.4th 103 (2d Cir. 2023) (additional citations omitted).

In the hypothetical posed by the Court, Harvey the Builder was the nonparty constructing a building in Wyoming. If Harvey was not "legally identified" with the judgment debtor or acting independently, then the injunction would not apply. Part of this analysis would include whether the judgment debtor was the principal of Harvey the Builder. With these general principles in mind, the next issue is the extension of any injunction outside of the United States.

The Second Circuit addressed the territorial scope of a post-judgment injunction in a different case. In *Next Investments LLC v. Bank of China*, the respondent banks had branches in New York as well as accounts in China. 12 F.4th 119 (2d Cir. 2021). They argued that, according to Chinese law, they could not freeze accounts in China pursuant to an injunction issued by a court in the United States. *Id*. Applying a comity analysis, the Second Circuit affirmed the denial of a contempt motion. *Id*. In essence, contempt was improper where the banks, the customers, and the accounts were all located in China. *Id*.

A corollary to this analysis deals with the ability to secure compliance. While a federal court with personal jurisdiction over a party has power to enjoin it from committing acts elsewhere, "this power should be exercised with great reluctance when it will be difficult to secure compliance with any resulting decree or when the exercise of such power is fraught with possibilities of discord and conflict with the authorities of another country." *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 647 (2d Cir.1956) (footnote omitted). "Injunctive relief may properly be refused when it would interfere with the other nation's sovereignty." *Sajida Bano v. Union Carbide Corporation*, 361 F.3d 696 (2d Cir. 2004).

Applied to this case, the parties are the Terra Parties and DT Holdings. ECF 124, ECF 182, p. 1; ECF 207 (citing ECF 92, which lists the parties on page 2). Everyone else would therefore be a non-party. The reference in 3PFA to parties would only bind Mr. Hernandez in his capacity as a director. There was no independent claim against him. The same is true for Mr. Arzu, who is no longer a director. Neither individual is a named party to the enforcement action. For those non-parties outside the United States, the hypothetical with Harvey the Builder has more limits. Should the relief sought interfere with the sovereignty of a foreign state, such as the prosecuting authorities in Guatemala and El Salvador and Interpol, this would arguably stretch beyond the Court's power. A similar result would hold true for an injunction aimed at the powers of courts in foreign countries to review any of the awards under the New York Convention. This would implicate considerations of comity as well as the powers given to courts in the Contracting States to the New York Convention. Each of those courts has the authority to consider for itself certain defenses under Article V or apply more favorable grounds for enforcement under Article VII. There are also comity concerns. Consider a case where an American award holder was the victim of an improper set aside at the seat of arbitration outside of the United States followed by an anti-suit injunction issued by the court at the seat of

arbitration. The courts of the United States would likely exercise their own review under the New York Convention, regardless of the anti-suit injunction. The same result should apply in reverse. Importantly, in that context, it would be the courts of the seat of arbitration who might have violated the New York Convention, but not any parties to the set aside proceedings, as courts, not litigating parties, are bound by, and can breach, said Convention. Finally, there are concerns with an injunction targeting conduct outside of the United States. Not only might it interfere with another nation's sovereignty, but it could prove difficult to enforce. There are mandatory reporting laws in other countries, such as the duty in Guatemala to report the commission of a crime. *See* Guatemalan Criminal Procedural Code, Articles 297, 298. Sorting through these laws on a routine basis would prove cumbersome and create undue tension with the decisions of courts in other countries.

For these reasons, the respondents respectfully reiterate their request that the motion for anti-suit injunction and contempt be denied.

Respectfully submitted,

| | |
|---|---|
| */s/ Rodney Quinn Smith, II* | */s/ Lucila I. M. Hemmingsen* |
| Rodney Quinn Smith, II | Lucila I. M. Hemmingsen |
| (pro hac vice application pending) | Counsel for the Terra Parties |

cc:    Counsel of Record