**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------ | X | |
| TELECOM BUSINESS SOLUTION, LLC, *et al.*, | : | Civil Action : 1:22-cv-01761 |
| | : | |
| Petitioners, | : | Judge Lewis A. Kaplan |
| v. | : | |
| | : | Magistrate Judge Robert W. |
| TERRA TOWERS CORP., *et al.*, | : | Lehrburger |
| | : | |
| Respondents. | : | |
| ------------------------------------------------------------------ | : | |
| | X | |

# PETITIONERS' SUPPLEMENTAL BRIEF

Michael N. Ungar
(admitted *pro hac vice*)
Katherine M. Poldneff
Ashtyn N. Saltz
(admitted *pro hac vice*)
**UB GREENSFELDER LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Phone: (216) 583-7000
Fax:    (216) 583-7001
mungar@ubglaw.com
kpoldneff@ubglaw.com
asaltz@ubglaw.com

David A. Landman
**UB GREENSFELDER LLP**
1700 Broadway, Suite 1802
New York, New York 10019-7710
Phone: (917) 262-0470
Fax:    (917) 262-0480
dlandman@ubglaw.com

*Counsel for Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC*

Gregg L. Weiner
Andrew S. Todres
Ethan R. Fitzgerald
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Phone: (212) 596-9000
Fax:    (212) 596-9090
gregg.weiner@ropesgray.com
andrew.todres@ropesgray.com
ethan.fitzgerald@ropesgray.com

Daniel V. Ward
(admitted *pro hac vice*)
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Phone: (617) 951-7000
Fax:    (617) 951-7050
daniel.ward@ropesgray.com

*Counsel for Petitioner AMLQ Holdings (Cay), Ltd.*

Peppertree/AMLQ respectfully submit this supplemental brief in further support of the Motion pursuant to the Court's invitation at the April 9, 2025 hearing (the "Hearing") to address whether, pursuant to Fed. R. Civ. P. 65(d)(2), a judgment confirming an arbitration award containing injunctive relief is binding on non-parties to the arbitration who have notice of the judgment and are in active concert and participation with the arbitration parties.[1] *See* ECF No. 287 (Tr.) at 35:9-37:2. As this Court accurately forecasted, Second Circuit law is clear that a confirmed arbitration award issuing injunctive relief binds those "in active concert or participation with" the parties subject to the injunction. Thus, this Court has broad inherent authority to enforce its orders confirming such awards, including "the authority to issue arrest warrants, for a whole lot of people, to enforce the confirmed awards here for civil contempt." *Id*. at 19:8–12.

**I.   THE COURT'S JUDGMENTS ARE BINDING ON ANYONE IN ACTIVE CONCERT OR PARTICIPATION WITH RESPONDENTS**

*Legal Standard*. An arbitration award providing for injunctive relief that is then confirmed by a district court also binds those "in active concert or participation with" the parties subject to the injunction. As this Court noted in the 1PFA Judgment, "[j]udicial confirmation of an arbitration award . . . 'makes what is already a final arbitration award a judgment of the court.'" *Telecom Business Solution, LLC v. Terra Towers Corp.*, 2023 WL 257915, at *4 (S.D.N.Y. Jan. 18, 2023) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). When a district court issues an injunction against a party, the application of Fed. R. Civ. P. 65(d) is "automatic" in binding those in active concert or participation with the party. *NML Cap., Ltd. v. Republic of Argentina*, 727 F.3d 230, 239 (2d Cir. 2013) ("Though the . . . injunctions directly bind only Argentina, the district court correctly explained that, through the automatic operation of

---

[1] Unless otherwise noted all defined terms herein shall have the same meaning as in Peppertree/AMLQ's Memorandum of Law in Support of the Motion (ECF No. 244, the "Brief").

1

Federal Rule of Civil Procedure 65(d), they also bind Argentina's 'agents' and 'other persons who are in active concert or participation' with Argentina."); *see also Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168, 179, 94 S. Ct. 414, 422–23 (1973) ("Rule 65(d) is derived from the common-law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in privity with them, represented by them or subject to their control.") (internal quotation omitted).

In other words, when this Court issues a judgment confirming an arbitration award containing injunctive relief, that judgment is the equivalent of an injunction coming from the Court itself. *A fortiori*, it is binding on the non-parties specified in Rule 65(d), just as an injunction unconnected to arbitration would be, and the Court need not invoke Rule 65 to make it so. Indeed, courts have squarely held that where an "arbitrator's award is sufficiently definite and specific to comply with the requirements of Fed. R. Civ. P. 65(d)[,] it bec[omes] an injunction when it [i]s confirmed by the Court." *Harrison Baking Co. v. Bakery & Confectionery Workers, Loc. No. 3, AFL-CIO*, 777 F. Supp. 306, 310 (S.D.N.Y. 1991) (discussing arbitration award ordering reinstatement of employee); *see also Telenor Mobile Commc'ns AS v. Storm LLC*, 587 F. Supp. 2d 594, 601, 619 (S.D.N.Y. 2008) (holding non-party in contempt of judgment confirming arbitration award that ordered party to "to take steps to comply with its contractual obligations," including divesting its shares in company, and containing an anti-suit injunction), *aff'd,* 351 F. App'x 467 (2d Cir. 2009).

***The Court's Judgments Confirming the 1PFA, 2PFA, and 3PFA Bind Non-Parties***. Accordingly, the Court's judgments confirming the Tribunal's awards for both prohibitory and mandatory injunctive relief—the 1PFA, 2PFA, and 3PFA—constitute injunctions of this Court to

2

which Rule 65(d) applies.[2]  The 1PFA Judgment contained a mandatory injunction with respect to Terra—and accordingly, its appointees to the Company's Board at the time and in the future (Hernandez, Sagastume, Mendez, and Porras)—that they "vote for [and] consent to" the sale of the Company, and a prohibitory injunction that they (and those in active concert and participation with them) "raise no objection against" a sale.  ECF No. 245-4 (1PFA) at 7.  The 2PFA Judgment likewise mandated "that DTH immediately restore Jorge Gaitán and Carol Echeverría to the Company positions they occupied as of March 19, 2021, and that [Terra] take all necessary steps to cause DTH to comply . . . ."  ECF No. 245-5 (2PFA) at 22 n.14.  Finally, the 3PFA both mandated that "Respondents . . . cause the Foreign Arbitrations to be terminated within 10 days" and prohibited "the commencement of any similar Foreign Arbitration or other legal proceeding involving all or any of the subject matter of Respondents' counterclaims in this arbitration."  ECF No. 245-6 (3PFA) at 42.[3]

As such, each of the Court's judgments is binding on anyone in active concert or participation with Respondents.[4]  In their Opposition and at the Hearing, Respondents never

---

[2] Because the Court has confirmed awards containing mandatory injunctive relief, Peppertree/AMLQ have already met the standard necessary to obtain further such relief from the Court.  *Cf.* Tr. at 32:17-33:3; *see also* ECF No. 269 ("Reply") at 5-6.  To clarify a topic addressed briefly at the Hearing, while the Motion mainly requests prohibitory injunctive relief, it does also seek limited mandatory injunctive relief by requiring Respondents and their agents to withdraw the collateral civil litigations and criminal complaints they initiated.  *See* ECF No. 243-1 (Proposed Order) at 6-8.  And the declarations submitted by Peppertree/AMLQ's counsel in the BVI, El Salvador, Guatemala, and Peru confirm Respondents' ability to successfully withdraw those proceedings.  *See* ECF Nos. 270-6, 270-7, 270-8, 270-9.

[3] In the 5PFA, the Tribunal confirmed that Hernandez is an obligor of the 3PFA.  *See* ECF No. 270-4 at 99 n.46.  And as discussed at the Hearing, Respondents' argument that "3PFA expressly does not extend to non-parties" (Opp. at 31) is beside the point.  *See* Tr. at 33:7-35:5.  The Tribunal's discretionary decision not to invoke Rule 65 when it issued the 3PFA does not limit the application of Rule 65 to the Court's 3PFA Judgment.  *See Techcapital Corp. v. Amoco Corp.*, 2001 WL 267010, at *6 (S.D.N.Y. Mar. 19, 2001) ("the Panel did not exceed its authority by enjoining Amoco and those acting in concert with it").  Indeed, in the Arbitration, Respondents affirmatively argued that "in arbitration, non-parties can be restrained to the extent permitted by Rule 65(d)."  Ex. 1 to the Declaration of Gregg L. Weiner being filed herewith at 14.  Accordingly, the Tribunal could not, and did not purport to, diminish the power of *this Court* by restricting the scope of its judgments.

[4] Even if they were not in active concert with Respondents (they are), given the multiple determinations by the Tribunal, confirmed by this Court, that Hernandez exercises complete control over Terra/DTH and their agents and subsidiaries, Respondents would still be in contempt for failing to cause their agents and subsidiaries to act in accordance with the Court's judgments, and those agents and subsidiaries would themselves be subject to sanction as

dispute that the awards are sufficiently definite and specific to meet the requirements of Fed. R. Civ. P. 65(d). *See* Opp. at 5-6, 25-30 (claiming Respondents are in compliance and making no arguments that compliance is impossible).[5] But as the Court astutely noted at the Hearing, Respondents have not complied with **any** of its judgments. *See, e.g.*, Tr. at 38:12-14 ("THE COURT: You're really standing there, and with a straight face, saying [the Company] could have been sold if [Peppertree/AMLQ] wanted to?"); *see also* Reply at 8-9; ECF No. 270-4 (5PFA) at 1 ("We have made four Partial Final Awards, all of them against the Respondents, and none of them has been complied with in any respect."); *id.* at 2–3 ("Respondents by continuing [to] claim that the CEO committed 'crimes,' and causing public prosecutors in Central America accept this claim, are defying our authority and that of the SDNY Court.").

## II. THE TERRA DIRECTORS, THE DTH MANAGERS, AND THE DTH SUBSIDIARIES ARE IN CONTEMPT OF THE COURT'S JUDGMENTS

Accordingly, all parties "in active concert or participation with" the Respondents in violating this Court's orders can and should be held in contempt. This further confirms that the persons Peppertree/AMLQ propose be bound by the Proposed Order are not only all appropriate subjects for further injunctive relief from this Court,[6] but are also bound by the injunctions contained in the 1PFA Judgment, the 2PFA Judgment, and the 3PFA Judgment, and in contempt

---

non-party contemnors. *See, e.g.*, ECF No. 245-6 (3PFA) at 3, ("in reality, the [Company's] operations are run by [DTH] — 100% owned by Mr. Hernandez — through its affiliates organized in and under the laws of each country"); 21 ("The evidence of Respondents' control over the Manager Claimants is considerable, while the evidence that they are acting without Respondents' blessing here is almost nil. Respondents have not disputed that Mr. Hernandez has the sole discretion to terminate the Manager Claimants from their non-Company positions at DTH.").

[5] Respondents' arguments that orders from foreign tribunals preclude their compliance with the Court's judgments likewise provide no defense. *See United States v. Chase Manhattan Bank, N.A.*, 590 F. Supp. 1160, 1163 (S.D.N.Y. 1984) (sanctioning party who claimed it could not comply with judgment due to foreign court's interim order obtained by subsidiary in ex parte application).

[6] The relief is clearly necessary because Hernandez's agents continue to behave as if they are not bound by the existing awards and court orders. *See, e.g.,* Ex. 2 (Email from DTH manager Alejandro Garzaro asserting that the Company's subsidiaries in Peru "are not parties to [the A]rbitration and, accordingly, are not bound by any of its resulting awards.")

of them. Moreover, the individuals and entities identified in the Proposed Order—Hernandez, Terra's Board Representatives, the DTH Managers, and DTH's Subsidiaries— are all undoubtedly bound by, on notice of, and knowingly violating the Court's judgments because they are all being directed by Hernandez, as the Tribunal and the Court have determined over and over and over again. *See* Reply at 3 n.3. Thus, as the Court acknowledged at the Hearing, there "is a stronger case" for these individuals and entities being bound by the Court's judgments and subject to sanctions for their blatant violations of them, than even the "Harvey Builder" hypothetical posited by the Court. Tr. at 36:20.[7]

## CONCLUSION

For all of these reasons and those set forth in the Brief and the Reply, Terra's Board Representatives, the DTH Managers, and the entities they control are: (1) all bound by the Court's injunctions against Hernandez and Terra/DTH; (2) subject to civil contempt sanctions for blatantly and knowingly violating those judgments; and (3) bound by future orders of this Court.

---

[7] With respect to the collectability of any monetary sanctions the Court may order, Peppertree/AMLQ have identified a number of U.S. entities that appear to be controlled by Hernandez and have sought discovery regarding their assets. *See* ECF No. 288.

| | |
|---|---|
| Dated: April 11, 2025 | Respectfully submitted, |

By: */s/ Michael N. Ungar*
Michael N. Ungar
(admitted *pro hac vice*)
Katherine M. Poldneff
Ashtyn N. Saltz
(admitted *pro hac vice*)
**UB GREENSFELDER LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Phone: (216) 583-7000
Fax:   (216) 583-7001
mungar@ ubglaw.com
kpoldneff@ ubglaw.com
asaltz@ ubglaw.com

David A. Landman
**UB GREENSFELDER LLP**
1700 Broadway, Suite 1802
New York, New York 10019-7710
Phone: (917) 262-0470
Fax:   (917) 262-0480
dlandman@ubglaw.com

*Counsel for Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC*

By: */s/ Gregg L. Weiner*
Gregg L. Weiner
Andrew S. Todres
Ethan R. Fitzgerald
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Phone: (212) 596-9000
Fax:   (212) 596-9090
gregg.weiner@ropesgray.com
andrew.todres@ropesgray.com
ethan.fitzgerald@ropesgray.com

Daniel V. Ward
(admitted *pro hac vice*)
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Phone: (617) 951-7000
Fax:   (617) 951-7050
daniel.ward@ropesgray.com

*Counsel for Petitioner AMLQ Holdings (Cay), Ltd.*

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was filed electronically on April 11, 2025. Notice of this filing will be sent to all counsel of record through the Court's electronic notice system.

*/s/ Gregg L. Weiner*  
*Counsel for AMLQ Holdings (Cay), Ltd*
