

PRYOR CASHMAN LLP                                New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806                 pryorcashman.com

**James S. O'Brien**

Direct Tel: 212-326-0121
Direct Fax: 212-326-0806
jobrien@pryorcashman.com

May 5, 2025

<u>**VIA ECF**</u>

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      **Re:**    ***Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.,***
             <u>**Case No.: 1:22-cv-01761**</u>

Dear Judge Kaplan:

      We represent, as local counsel for the Miami firm of Shutts & Bowen LLP, non-parties Telecom Business Solution S.R.L., Continental Towers Peru, S.R.L., Collocation Technologies Peru, S.R.L., Magali Marino Ascarrunz, and Alejandro Garzaro Perez (the "Peru Non-Parties") in connection with the Court's Memorandum Opinion Granting Anti-Suit Injunction and Coercive Civil Contempt Remedies (the "Injunction") (ECF No. 295). On behalf of the Peru Non-Parties, and pursuant to Rule 2(C)(i) of this Court's Individual Rules of Practice in Civil Cases, we write to request a fourteen (14) day extension of the deadline: (i) to seek reconsideration of the Injunction, and (ii) for compliance with paragraph 6 of the Injunction. We recognize that the Court requires such requests to be made two days prior to the deadline, but request that this request be accepted due to exigent circumstances.

      The Court entered the Injunction on April 22, 2025. It orders numerous parties named therein, as well as the Peru Non-Parties, to terminate several foreign proceedings and vacate any relief granted to them thereunder, or risk significant coercive civil fines, commencing on May 6, 2025 – only fourteen (14) after the entry of the Injunction. As it relates to the Peru Non-Parties, the coercive civil fines are applicable only to Magali Marino Ascarrunz and Alejandro Garzaro Perez, individually (the "Individual Peru Non-Parties"), with the remaining Peru Non-Parties having been specifically carved out of the imposition of the coercive fines or entry of money judgments for such fines in paragraph 8 of the Injunction.

      Because the Peru Non-Parties are not parties to these proceedings, they did not immediately receive notice of the Injunction. Rather, the Peru Non-Parties learned of the Injunction on Monday, April 28, 2025, only eight (8) days before compliance therewith is due. Upon learning of the Injunction, the Peru Non-Parties immediately sought to retain counsel, and ultimately retained the



The Honorable Lewis A. Kaplan
May 5, 2025
Page 2

Florida firm of Shutts & Bowen LLP on the mid-afternoon of **May 1, 2025**.  Shutts & Bowen, in turn, retained us on **Friday afternoon, May 2**.

As the Court is aware, this action has been pending for several years with a docket containing in excess of 300 entries, with the majority of the relevant pleadings having been sealed and available only to counsel of record.  As such, the Peru Non-Parties have yet to be able to obtain copies of the papers on which the Court based its Injunction because they are sealed.  The Peru Non-Parties also have not been able to contact counsel to all parties in this action to request their consent, but are continuing to do so.  Moreover, the undersigned Shutts & Bowen LLP attorneys have not yet had an opportunity to submit their *pro hac vice* applications to this Court and are in the process of doing so.

Local Rule 6.3 provides that a notice of motion for reconsideration must be served within fourteen days after the entry of the order being challenged.  However, the Rule also grants the Court discretion to extend the deadline to reconsider a prior order of the Court, provided it is timely filed.  The fourteen days have not expired and, as such, the instant request is being timely filed.  The Peru Non-Parties have not previously requested any extensions.

By filing this Motion for Extension, the Peru Non-Parties do not submit themselves to the jurisdiction of this Court and expressly reserve all available defenses, including but not limited to challenges to the Court's jurisdiction. This Motion is not intended to, and does not, constitute a waiver of any defense or objection available to the Peru Non-Parties.

Accordingly, for the foregoing reasons, the Peru Non-Parties respectfully request that the Court grant this extension request and, pursuant to Local Rule 6.3, enter an Order extending by fourteen (14) days the deadline to seek reconsideration of the Court's Injunction, as well as for compliance with paragraph 6 of the Injunction.  Upon filing a motion for reconsideration, the Peru Non-Parties will request the Court to stay the effect of the Injunction as against them until the Court has had an opportunity to consider and rule on the motion for reconsideration.

Sincerely,

/s/  James S. O'Brien, Jr.
James S. O'Brien, Jr.

*Counsel for Peru Non-Parties, Telecom Business Solution S.R.L., Continental Towers Peru, S.R.L., Collocation Technologies Peru, S.R.L., Magali Marino Ascarrunz, and Alejandro Garzaro Perez*

**PRYOR CASHMAN LLP**

The Honorable Lewis A. Kaplan
May 5, 2025
Page 3


cc:     Counsel of record (via ECF)
        Aliette D. Rodz, Esq., Shutts & Bowen LLP (via email)
        Eduardo de la Peña Bernal, Esq., Shutts & Bowen LLP (via email)
        Martha M. Ferral, Esq., Shutts & Bowen LLP (via email)

**PRYOR CASHMAN LLP**