May 5, 2025

| | |
|---|---|
| Quinn Smith | Lucila I. M. Hemmingsen |
| GST LLP | The Fladgate Firm PC |
| 78 SW 7th Street | 305 Broadway, 7th Floor |
| Miami, FL 33130 | New York, NY 10007 |

**BY CM/ECF**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*, Case No. 22-cv-1761

Your Honor:

On behalf of the respondents, Terra Towers Corporation ("Terra"), TBS Management S.R. de L. ("TBS Management") (together, the "Terra Parties"), and DT Holdings, Inc. ("DT Holdings"), we write to respectfully request that the sanctions for civil contempt in the Memorandum Opinion dated April 22, 2025 (the "Opinion") be stayed an additional 14 days. The Terra Parties and DT Holdings have undertaken good faith steps to purge the finding of contempt, and imposing sanctions now is therefore unnecessary and would undermine the aim of civil contempt sanctions.

Following receipt of the Opinion, the Terra Parties and DT Holdings began efforts to comply. A civil contemnor may purge itself of contempt through compliance. *In Re John Irving v. Anthony Dilapi*, 600 F.2d 1027 (2d Cir. 1979). But the power to impose a coercive civil contempt sanction "is limited by a party's ability to comply with the Court's order." *In re: Various Grand Jury Subpoenas*, No. 1:12-mc-00381, 2-3 (S.D.N.Y. Feb 13, 2017) (citation omitted). And imposing sanctions after the contemnor "has taken good faith steps to comply would defeat the purpose of civil contempt." *Id.*, pp. 4-5; *see also In re Various Grand Jury Subpoenas*, 248 F. Supp. 3d 525, 530 (S.D.N.Y. 2017) (further extending deadline to comply).

The Terra Parties have proposed resolutions of Continental Latam Holdings Ltd. (the "Company") that direct the dismissal of the El Salvador Action and the vacatur of the relief granted in the BVI Actions. After accepting changes proposed by the directors appointed by Telecom Business Solution LLC and Latam Towers LLC ("Peppertree"), those resolutions have been adopted and sent to the relevant individuals and entities. While those resolutions were being negotiated, the relevant individuals and entities were notified of the Opinion and their obligation to comply with the same. Ms. Granillo has replied that she will undertake the steps to dismiss the El Salvador Action. *See* Ex. A. Further, Continental Towers El Salvador has submitted a request to dismiss the El Salvador Action. Ms. Merino and Mr. Garzaro have indicated their intent to

comply. *See* Ex. B. Based on a recent communication, the entities have retained their own counsel to advise on the Opinion and consulted counsel in BVI who have provided an option to the Board of Directors of the Company to effectuate the vacatur of the Peru-Related BVI Action. *See id*.

That being said, there are currently delays in El Salvador with court processing times, and dismissal is now in the hands of the Supreme Court of El Salvador. There is also the issue of the precise type of action to vacate the relief granted in the BVI Actions. This will take additional time. The Terra Parties and DT Holdings cannot confirm how many days, but they will continue to undertake those steps necessary, in good faith, to comply with the Opinion. Because the Terra Parties and DT Holdings have shown their good faith intent to comply with the Opinion through concrete action, no further coercive sanctions are necessary, and any coercive penalties that may apply should be delayed an additional 14 days.

The Terra Parties and DT Holdings are cognizant of the Opinion's requirement of an affidavit from Mr. Hernández. They have requested a declaration. *See* Ex. C. Because an affidavit requires notarization that can lead to certain apostille obligations, the Terra Parties and DT Holdings requested a declaration. This achieves the same purpose (sworn testimony) without the incumbent delays and complications with the apostille process. The Terra Parties and DT Holdings respectfully request that the Court accept the declaration in compliance with Sections 5.2 and 6.2 of the Opinion.

For these reasons, the Terra Parties and DT Holdings respectfully request an additional 14 days to conclude the actions related to the El Salvador Action and the BVI Actions. The Terra Parties and DT Holdings further commit to provide any reasonable updates on these good faith efforts to comply with the Opinion.

Respectfully submitted,

*/s/ Rodney Quinn Smith, II*  
Rodney Quinn Smith, II

*/s/ Lucila I. M. Hemmingsen*  
Lucila I. M. Hemmingsen  
Counsel for the Terra Parties

cc:     Counsel of Record