UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Telecom Business Solution, LLC, *et al.*, | Civil Action No.: 1:22-cv-01761 |
| Petitioners, | Judge Lewis A. Kaplan |
| v. | Magistrate Judge Robert W. Lehrburger |
| Terra Towers Corp., *et al.*, | |
| Respondents. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SERVICE

Jorge Hernández, by and through undersigned counsel, hereby appears specially and moves to quash service of process of (1) the Motion for Preliminary and Permanent Anti-Suit Injunction and Civil Contempt Sanctions (ECF No. 243) and supporting materials, and (2) the Petition to Confirm the Fifth Partial Final Award (ECF No. 257) and supporting materials. In support thereof, Mr. Hernández states as follows:

### INTRODUCTION

Despite knowing that Mr. Hernández resides in Guatemala, the petitioners have attempted to serve him at 2500 Spring Mountain Road, St. Helena, California (the "Property"). Service should be quashed for the following reasons:

- The Property is not Mr. Hernández's "dwelling place or place of abode." Mr. Hernández resides in Guatemala and does not frequent the Property. His son lives at the Property, and his son is not authorized to accept service of process. The petitioners should know as much, having relied on documents containing a statement by Mr. Hernández that he resides in Guatemala.

- The Property is not Mr. Hernández's "last known address" because Mr. Hernández resides in Guatemala, as shown in the petitioners' exhibits.

- The mailing to the "last known address" was incomplete.

- Service of the motion for civil contempt also failed to comply with Local Civil Rule 83.6, meaning that any service of those papers must also be quashed.

## BACKGROUND

On March 31, 2025, the petitioners filed the Affidavit of Abraham Klein (the "Klein Affidavit") where Mr. Klein lists the documents delivered. ECF 265, ¶ 2. There is no mention of delivering a copy of Local Civil Rule 83.6. The Klein Affidavit references "press reports, property records and public records databases" that indicate that Mr. Hernandez's residence is the Property. ECF 265, ¶ 5. The Klein Affidavit cites these same materials to indicate that Ana Hernández "lives at the property." *Id*. These documents are not part of the record. The Klein Affidavit goes to claim that Jorge Hernández Anguiano, Mr. Hernández's son, "stated that he would accept service on behalf of Respondent Jorge Hernández." *Id*., ¶ 7. Mr. Hernández Anguiano is not authorized to accept service, does not work for Mr. Hernández, and did not say what the Klein Affidavit claims he said. *See* Exhibit B, ¶¶ 4, 6-7, a true and correct copy of the Declaration of Jorge Hernández Anguiano.

The petitioners have routinely cited to documents that contain Mr. Hernandez's address. On April 4, 2025, the petitioners filed the Supplemental Declaration of Gregg Weiner, whose Exhibit 2 states as follows: "I, Jorge Alberto Francisco Hernandez Ortiz, fifty-two years old, a married man, a Guatemalan citizen, Businessman, with residence in the Department of Guatemala[.]" ECF 279-2, p. 1. This shows that Mr. Hernández is a Guatemalan citizen, living in Guatemala. The document goes to state that Mr. Hernández "has produced his Personal Identification Document number 2308 67340 0101, issued by the Office of Vital Statistics of Guatemala." *Id*. The petitioners have not disputed the authenticity or accuracy of the statements contained in Exhibit 2.

Three days later, on April 7, 2025, the petitioners sent, via Federal Express Prior (Overnight Delivery), Exhibit 2, along with a list of other documents, to Mr. Hernández at the Property. ECF 281, pp. 2-3. The Affidavit of Darlene Pavlak (the "Pavlak Affidavit") lists the documents sent. The Notice of Petition to Confirm (ECF 257), Petition to Confirm (ECF 258), and Memorandum in support of the Petition to Confirm (ECF 259) are not listed. A copy of Local Rule 83.6 does not appear in the list of documents.

Mr. Hernández Anguiano has provided a declaration to accompany the Motion (the "Hernández Anguiano Declaration"). Mr. Hernández Anguiano states that his father, Mr. Hernández, lives in Guatemala, same as his mother, Ana Hernández. Ex. B, ¶¶ 3-4, 6. Mr. Hernández Anguiano does not work for his father; is not an employee, director, or officer of any of the parties to the lawsuit; and is not authorized to accept service on behalf of his father. *Id.*, ¶¶ 7-8. Mr. Hernández Anguiano directly disputes the statements in the Klein Affidavit regarding Mr. Hernández's residence, the residence of Ms. Hernández, and the purported acceptance of service. *Id.*, ¶¶ 3-7.

Mr. Hernández has not entered an appearance in this action. He is not a party to the prior judgments rendered by this Court. ECF 124, p. 2; ECF 207, p. 1; ECF 182, p. 1; ECF 151, p. 3 (listing parties to the action).

## ANALYSIS

It appears that the petitioners have attempted service of both their petition to confirm the fifth partial final award (the "5PFA Petition") and their motion for preliminary and permanent anti-suit injunction and civil contempt sanctions (the "Contempt Motion") through service on a personal resident outside of New York. CPLR 313. This requires compliance with CPLR 308, which necessitates "delivering the summons within the state to a person of suitable age and

discretion at the actual place of business, dwelling place or usual place of abode of the person to be served[.]" There must then be "either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business[.]" The envelope requirements are not relevant. Service is then complete ten days after filing proof of service. Mr. Hernández has moved to quash 21 days following the date when service was purportedly complete, making his application timely. The Court must then determine if the summons was delivered to the "actual place of business, dwelling place or usual place of abode" followed by a mailing of the same documents to the "last-known residence" of Mr. Hernández. There is an additional requirement for service of the Contempt Motion, which is addressed below.

Courts have quashed service due to non-compliance with CPLR 308 when the statutory requirements for service were not met. "Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court", *Macchia v. Russo*, 67 N.Y.2d 592, 595 (NY 1986) (quashing service made on son instead of father). Delivery to a defendant's wife at the usual place of abode is insufficient. *Davis v. Gahan*, 227 F. Supp. 867, 871 (S.D.N.Y. 1964). And delivery to the wrong person is not proper service, even if "the summons shortly thereafter comes into the possession of the party to be served[.]" *Macchia*, 67 N.Y.2d at 593-594.

I. **Service should be quashed because the Property is not Mr. Hernandez's "dwelling place or usual place of abode"**

The words "dwelling place or usual place of abode" have bedeviled courts for decades. "Despite the length of time the language . . . has been a part of federal practice, the decisions do not make clear precisely what it means." *National Development Company v. Triad Holding Corp.*, 930 F.2d 253 (2d Cir. 1991) (referred to as "*NDC*"), citing 4A C. Wright & A. Miller,

Federal Practice and Procedure Sec. 1096, at 73 (2d ed. 1987). In *NDC*, the Second Circuit required "sufficient indicia of permanence." *NDC*, 930 F.2d at 257. The Second Circuit has continued to apply this standard. *See, e.g. United States v. Buff*, No. 23-1070, *5 (2d Cir. Sep 23, 2024).

There is some guidance from State and Federal courts. A residence maintained by someone other than the defendant is not a "dwelling place or usual place of abode," especially when the defendant lives somewhere else. *See, e.g., Cortese v. Panzanella*, 32 Misc. 3d 507, 509-510 (N.Y. Sup. Ct. 2011). When the defendant moves, without demonstrating an intent to return, the dwelling place changes as well. *Khan v. Khan*, 360 F. App'x 202 (2d Cir. 2010). This is especially true where the defendant has established a different residence and does not regularly frequent the former address. *Feinstein v. Bergner*, 48 N.Y.2d 234, 238 (NY 1979). It must be an actual dwelling place or usual place of abode. *Zhu Jun v. Bank of America, N.A.*, No. 23-7903, 5-6 (2d Cir. Dec 17, 2024), citing *Feinstein*, 48 N.Y.2d at 241.

Mr. Hernández has provided more than sufficient evidence that the Property is not his actual dwelling place. Mr. Hernández resides in Guatemala, a fact that the petitioners should know based on documents they have submitted and relied on. ECF 279, Ex. 2. Mr. Hernández does not routinely frequent the Property, and he has not demonstrated an intent to make the Property his dwelling place in the future. *See* Declaration of Jorge Hernández, ¶ 1, a true and correct copy attached as Exhibit A. The Property is the residence of someone else: Mr. Hernández Anguiano. *Id*., ¶ 4. No one at the Property had authority to accept service for Mr. Hernández, and since Mr. Hernández resides in Guatemala, he had no reason to expect service at the Property. Mr. Hernández does not have multiple dwelling places, nor does he visit the

Property for a determined number of days every year or with any set frequency. Mr. Hernández, as the petitioners should know, actually resides in Guatemala, and any service must occur there.

**II.     Service should be quashed because the Property is not Mr. Hernandez's "last known residence"**

A "dwelling place or usual place of abode" does not equal a "last known residence." "There has never been any serious doubt that neither term ["dwelling place or usual place of abode"] may be equated with the 'last known residence' of the defendant." *Feinstein*, 48 N.Y.2d at 239. Actual notice does not cure a defect in service under CPLR 308. *Id.*, 241-42. Merely owning a property, using it, or moving in personal effects is insufficient to establish a "last known residence." *Mangold v. Neuman*, 449 N.Y.S.2d 232 (1st Dep't 1982), aff'd 57 N.Y.2d 627, 628 (NY 1982) (residence not "defendant's dwelling place, where she stayed occasionally in connection with her business activities"). Occasionally using an address for business does not convert the location in a "residence." *Zeballos v. Tan*, No. 1:06-cv-01268, 8-9 (S.D.N.Y. Jul 10, 2006) (dismissing complaint).

In addition to the Property falling outside the definition of "dwelling place," it is far from a "last known residence." The petitioners have already provided evidence of Mr. Hernández's residence—indisputably in Guatemala. Mr. Hernández cannot anticipate every argument that the petitioners may make, but a prior business meeting at the Property could not convert it into a "residence." As Mr. Hernández has stated, his residence is in Guatemala, and when the petitioners sent the mailing to the Property, they failed to meet the statutory requirements for service of process on Mr. Hernández.

**III.     The mailing failed to contain the necessary documents**

Service requires sending the summons to the "dwelling place or usual place of abode" followed "by [] mailing the summons to the person to be served at his or her last known

residence." CPLR 308(2). "Jurisdiction is not acquired pursuant to CPLR 308 (2) unless both the delivery and mailing requirements have been strictly complied with[.]" *Gray-Joseph v. Shuhai Liu*, 90 A.D.3d 988, 989 (N.Y. App. Div. 2011) (citations omitted).

The Pavlak Affidavit fails the statutory test. There is no indication of mailing the summons, nor the petition to confirm or memorandum in support. Strict compliance is necessary, and the Pavlak Affidavit is not the kind of error (such as a missing zip code) that would ensure the correct documents arrive at the right address. Rather, the Pavlak Affidavit demonstrates a total failure to contain the necessary documents. It cannot therefore be the basis for service.

### IV.     The petitioners have failed to include the necessary documents to serve their Motion for Civil Contempt

"Local Rule 83.6(a)[1] requires personal service of a non-party sought to be held in civil contempt; actual notice alone is insufficient." *Absolute Nevada, LLC v. Grand Majestic Riverboat Company LLC*, No. 1:19-cv-11479, 7-9 (S.D.N.Y. Sep 1, 2020) (gathering cases). Those who are not parties or "the parties' officers, agents, servants, employees, and attorneys" are "entitled to notice . . . and adequate time to prepare a defense." *Dole Fresh Fruit Co. v. United Banana Co., Inc., Stanton Zebroski, Raymond Zebroski and Michael Lee*, 821 F.2d 106 (2d Cir. 1987). Failure to effectuate service can defeat a motion for contempt. *See, e.g. Matrix Essentials v. Quality King Distributors, Inc.*, 346 F. Supp. 2d 384, 393 (E.D.N.Y. 2004); *see also*

---

[1] "A proceeding to adjudicate a person in civil contempt, including a case provided in Fed. R. Civ. P. 37(b)(1) and 37(b)(2)(A)(vii), must be commenced by the service of a notice of motion or order to show cause. The affidavit on which the notice of motion or order to show cause is based must set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby, and such evidence as to the amount of damages as may be available to the moving party . . . Where the alleged contemnor has appeared in the action by an attorney, the notice of motion or order to show cause the papers on which it is based may be served on that attorney; otherwise service must be made personally, together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons."

*Roytlender v. D. Malek Realty, LLC*, No. 2:21-cv-00052 (E.D.N.Y Mar 24, 2023) (applying New York law regarding service). Rule 4 governs the manner of service for a summons, requiring service outside of the United States in accordance with subsection (f). This requires service in accordance with an international treaty or a method that complies with the law of a foreign country.

There can be little doubt that the petitioners failed to comply with Local Civil Rule 83.6. In the affidavits of service, there is no mention of service of a copy of Local Civil Rule 83.6. *See* ECF 281. The language in Local Civil Rule 83.6 is mandatory, requiring that "service must be made personally, together with a copy of [the rule][.]" Service has not been effectuated, for reasons above, and there was also no copy of the rule included, providing an additional basis to quash service.

## CONCLUSION

Based on the foregoing, Mr. Hernández respectfully requests that this Court quash service of both the petition to confirm and the motion for civil contempt.

Dated: May 8, 2025

    /s/
Rodney Quinn Smith II
(admitted *pro hac vice*)
**GST LLP**
78 SW 7th Street, Suite 500
Miami, FL 33130
Phone: (305) 856-7723
quinn.smith@gstllp.com

*Counsel for Respondents*

Respectfully submitted,

    /s/
Lucila I. M. Hemmingsen
**The Fladgate Firm PC**
305 Broadway, 7th Floor
New York, NY
Phone: (646) 369-5843
lh@hemmingsenadr.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), I hereby certify that this document complies with the word count limitations. There are 2,508 words in this document.

*/s/ Quinn Smith*
Rodney Quinn Smith II