May 12, 2025

| | |
|---|---|
| Quinn Smith | Lucila I. M. Hemmingsen |
| GST LLP | The Fladgate Firm PC |
| 78 SW 7th Street | 305 Broadway, 7th Floor |
| Miami, FL 33130 | New York, NY 10007 |

**BY CM/ECF**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*, Case No. 22-cv-1761

Your Honor:

On behalf of the respondents, Terra Towers Corporation ("Terra"), TBS Management S.R. de L. ("TBS Management") (together, the "Terra Parties"), and DT Holdings, Inc. ("DT Holdings"), we write in support of the Motion for Extension of Time to Complete Compliance (ECF 299, referred to herein as the "Motion") and in response to the Letter Response (ECF 305, referred to herein as the "Opposition") filed by the petitioners. The purported legal dispute identified by BVI counsel to the petitioners serves only to aggravate the dispute. The respondents have shown a good faith intent to comply. The petitioners' BVI counsel does not contest that compliance is possible, and any further sanctions would only reward the petitioners' attempts to frustrate compliance.

*The BVI Actions*

The Opposition relies on a letter by BVI counsel (ECF 306, Ex. 7, referred to herein as the "Maples Letter") that aims to complicate, rather than facilitate, compliance. The Maples Letter engages in a lengthy, incorrect characterization of 5PFA and these proceedings, a dispute about disclosure under BVI law, and then allegations that opposing BVI counsel is wrong on a legal point. Maples Letter, pp. 4-5. This is irrelevant. Any legal dispute would merely create a "fair ground of doubt" as to the requirements of foreign law, precisely the kind of issue that frustrates a civil contempt sanction. *See, e.g. Next Investments, LLC v. Bank of China*, 12 F.4th 119 (2d Cir. 2021). And the legal dispute is unnecessary. The Maples Letter recognizes that the petitioners can "intervene" to obtain the relief sought, *i.e.* dismissal of the BVI Actions. *Id*., p. 5. There is no allegation that this would cause any prejudice to the petitioners. Instead of engaging in arcane legal arguments and mischaracterizations of the underlying proceedings, the respondents merely request that the petitioners undertake the steps that they acknowledge can terminate the BVI Actions, either by reconsidering their opposition to the Motion and cooperating in the BVI Actions or pursuant to further directions from this Court.

*The El Salvador Action*

The Opposition does not meaningfully dispute the intent to comply with the Opinion and dismiss the El Salvador Action. There is no quarrel regarding the delays that may occur due to processing times. The issue is instead the existence of the request to dismiss. The request was filed, the directors appointed by the Terra Parties have notified the Board of Directors of the Company. *See* Notification of Filing, attached as Exhibit A. The other complaints regarding timing are unavailing. The respondents have taken those steps necessary to comply and will continue to do so.

*The Hernández Declaration*

As to the Hernández Declaration, the petitioners take issue with missing language. ECF 305, p. 5. Mr. Hernández has amended his declaration to correct the oversight. *See* Amended Declaration of Jorge Hernández, attached as Exhibit B. The other quibbles illustrate the conflicting facts regarding ownership and control. The respondents are incorrect as to service, which Mr. Hernández detailed in his motion to quash. Personal service is required, pursuant to Local Civil Rule 83.6. *See also* ECF 302, p. 7. The other aspersions as to supposedly evading service are unwarranted and unsupported.

\* \* \* \* \*

For the above reasons, the Terra Parties and DT Holdings respectfully request that the Court grant the Motion.

Respectfully submitted,

*/s/ Rodney Quinn Smith, II*                    */s/ Lucila I. M. Hemmingsen*
Rodney Quinn Smith, II                          Lucila I. M. Hemmingsen
                                                Counsel for the Terra Parties

cc:     Counsel of Record