**MANDATE**

23-7312(L)
*Telecom Business Solution v. Terra Towers*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 14 2025

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-five.

Present:
    JOHN M. WALKER, JR.,
    MICHAEL H. PARK,
    STEVEN J. MENASHI,
      *Circuit Judges.*

---

TELECOM BUSINESS SOLUTION, LLC, LATAM TOWERS, LLC, AMLQ HOLDINGS (CAY), LTD.,

    *Petitioners-Appellees*,

  v.                  23-7312(L), 24-513(CON),
                     24-722(CON), 24-749(CON)

TERRA TOWERS CORP., TBS MANAGEMENT, S.A.,

    *Respondents-Appellants.*[*]

---

FOR PETITIONERS-APPELLEES:   GREGG L. WEINER, Ropes & Gray LLP, New York, NY, *with* Andrew S. Todres, Ropes & Gray LLP, New York, NY, Daniel V. Ward, Ropes & Gray LLP, Boston, MA, *on the brief*.

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

**MANDATE ISSUED ON 05/14/2025**

|  |  |
|---|---|
|  | MICHAEL N. UNGAR, UB Greensfelder LLP, Cleveland, OH, *with* Katerine M. Poldneff, UB Greensfelder LLP, Cleveland, OH, Christiane McKnight, UB Greensfelder LLP, Chicago, IL, *on the brief*. |
| FOR RESPONDENTS-APPELLANTS: | RODNEY Q. SMITH, GST LLP, Miami, FL. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

On February 6, 2024, this Court affirmed the confirmation of an arbitral panel's First Partial Final Award ("1PFA") in favor of Petitioners-Appellees Telecom Business Solution, LLC; Latam Towers, LLC; and AMLQ Holdings (Cay), Ltd. *See Telecom Bus. Sol., LLC v. Terra Towers Corp.*, No. 23-144, 2024 WL 446016 (2d Cir. Feb. 6, 2024). Respondents-Appellants Terra Towers Corp. and TBS Management, S.A. (collectively, "Terra") now appeal from the district court's confirmation of the same arbitral panel's Second Partial Final Award ("2PFA"), Third Partial Final Award ("3PFA"), and Fourth Partial Final Award ("4PFA") in favor of Respondents-Appellees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"This Court reviews a district court's decision to confirm or vacate an arbitration award de novo for questions of law. We review findings of fact for clear error." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (cleaned up).

Terra argues that the district court erred in confirming the 2PFA and 3PFA for three reasons.[1] First, Terra argues that the 2PFA and 3PFA were the products of "evident partiality," 9 U.S.C. § 10(a)(2), because the arbitral panel "twisted the evidence" against Terra to impose overly punitive sanctions, Terra Br. at 22. But "[e]vident partiality may be found only where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 64 (2d Cir. 2012) (quotation marks omitted). Terra has not shown that is true here. The "only basis" for its claim of partiality is that the arbitral panel "consistently relied on evidence and reached conclusions favorable to [Petitioners-Appellees]." *Bell Aerospace Co. Div. of Textron v. Loc. 516, Int'l Union*, 500 F.2d 921, 923 (2d Cir. 1974). But that is not enough to require a reasonable person to conclude that the arbitral panel was biased. *Id.*

Second, Terra argues that the arbitral panel exceeded the scope of its authority in imposing sanctions. We disagree. American Arbitration Association Rule 47(a) provides that an "arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties." That broad authority includes the power to impose sanctions. *See ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 87 (2d Cir. 2009) (explaining that sanctions "are appropriately viewed as a remedy within an arbitrator's authority to effect the goals of arbitration").

Finally, Terra argues that the 2PFA and 3PFA were not final awards ripe for confirmation. But Terra forfeited this prudential ripeness argument by failing to raise it before the district court.

---

[1] Terra also argues that "[v]acatur of 2PFA should lead to vacatur of . . . 4PFA." Terra Br. at 19. We do not vacate the 2PFA, so we do not reach this argument.

3

*See, e.g., Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 670 n.2 (2010); *see also Windward Bora LLC v. Sotomayor*, 113 F.4th 236, 245 (2d Cir. 2024) ("[C]ircumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments." (cleaned up)).

We have considered Terra's remaining arguments and find them to be without merit. For the foregoing reasons, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit