UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

TELECOM BUSINESS SOLUTION, LLC, *et al.*,

Petitioners,

-against-

TERRA TOWERS CORP., *et al.*,

Respondents.

------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-15-25

22-cv-1761 (LAK)

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Terra Towers Corp., T.S. Management, S.A., and DT Holdings, Inc. (together, "Respondents") for a fourteen day stay of coercive civil contempt sanctions ordered by this Court's April 22 Memorandum Opinion Granting Anti-Suit Injunction and Coercive Civil Contempt Remedies ("April 22 Opinion").[1]

The Court assumes familiarity with its previous decisions in this matter as well as those of the Court of Appeals. Suffice it for present purposes to say that this Court confirmed the arbitrators' first and third partial final awards (respectively, the "FPFA" and "TPFA"), issued in 2022 and 2023, in judgments entered in 2023. Respondents have yet to comply with any of them.

The April 22 Opinion imposed coercive civil contempt sanctions against Respondents and certain non-parties.[2] Those sanctions arose from Respondents' non-compliance with this Court's judgments confirming awards issued during an ongoing arbitration before a three-arbitrator

---

[1]    Dkt 299.

[2]    Dkt 295 at 46–48.

2

tribunal. The TPFA and this Court's judgment confirming it (the "TPFA Judgment")[3] required Respondents to terminate certain foreign arbitrations and precluded them from initiating other legal proceedings. As set forth in the April 22 Order, Respondents contumaciously failed to comply with that judgment by failing to terminate an arbitration in Peru and violated it by causing the initiation of legal proceedings in El Salvador and the British Virgin Islands for the purpose of frustrating enforcement of the confirmed arbitration awards. The April 22 Opinion imposed coercive monetary sanctions for continuation of Respondents' contumacious behavior in addition to granting an anti-suit injunction. It also afforded Respondents fourteen days within which to purge their contempt free of the imposition of coercive economic sanctions, after which sanctions would begin to accrue on May 6, 2025.[4]

Respondents concededly have not purged themselves of contempt. But they ask for an additional fourteen days of grace before the monetary sanctions would begin by contending that they have taken substantial steps to purge their contempt, but that factors outside their control prevented them from purging their contempt before May 6. Respondents assert that their agents have expressed their putative intent to comply with the April 22 Order and undertaken steps to dismiss the foreign actions. However, Respondents assert, "delays in El Salvador with court processing times" have prevented them from terminating a legal proceeding pending in that country.[5] In addition, Respondents contend that uncertainty about how to vacate relief obtained in

---

[3]

Dkts 182; 183.

[4]

Dkt 295 at 46–48. Sanctions relating to non-compliance with the FPFA are not pertinent to this motion.

[5]

Dkt 299 at 2.

3

actions initiated in the British Virgin Islands has impeded their ability to comply with the April 22 Opinion with respect to those actions.[6]

A stay of the coercive civil contempt sanctions against Respondents is not warranted. First, Respondents have had ample time to comply with the TPFA and the TPFA Judgment. The arbitration tribunal issued the TPFA and this Court confirmed it in September 2023. They thus have had well over a year to comply but have not done so. There is no reason to suppose that an additional fourteen days will matter, particularly against the background of this matter.

More broadly, Respondents have not demonstrated sincere, diligent, good faith and effective attempts to comply with the April 22 Opinion. Respondents point to a resolution they proposed to the Company board of directors[7] directing parties to foreign proceedings to terminate those proceedings. But that resolution was not a necessary nor an efficient and effective means of complying with the TPFA Judgment and the April 22 Opinion. Rather, as set forth in the April 22 Opinion, Respondents control over the foreign parties to the proceedings in question is independent of the Company.[7] Respondents point also to correspondence with parties to the foreign proceedings, in which those parties profess their intention to comply. But Respondents have not attached any filings made in those proceedings, nor have they identified any tangible progress made in terminating those proceedings. Indeed, Respondents actions to date do not evidence a good faith

---

6

    *Id.*

7

    The "Company" refers to Continental Latam Holdings Ltd. Respondents Terra Towers Corp. and T.S. Management, S.A. are shareholders of the Company, along with the petitioners in this litigation.

7

    Dkt 295 at 16–22.

4

and effective effort to come into compliance at the earliest possible moment. Rather, they smack

of what has been seen all along – attempts to delay and avoid their obligations.

Accordingly, Respondents' motion for a fourteen day stay of civil contempt sanctions

(Dkt 299) is denied.

SO ORDERED.

Dated:        May 15, 2025

_____
Lewis A. Kaplan
United States District Judge