UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------------------- X | | |
| TELECOM BUSINESS SOLUTION, LLC, *et al.*, | : | Civil Action No.: 1:22-cv-01761 |
| | : | |
| Petitioners, | : | Judge Lewis A. Kaplan |
| v. | : | |
| | : | Magistrate Judge Robert W. |
| TERRA TOWERS CORP., *et al.*, | : | Lehrburger |
| | : | |
| Respondents. | : | |
| | : | |
| ------------------------------------------------------------------- X | | |

### [PROPOSED] ORDER GRANTING PETITIONERS' MOTION FOR FURTHER CIVIL CONTEMPT SANCTIONS AND EMERGENCY INJUNCTIVE RELIEF

This matter comes before the Court on the Motion for Further Civil Contempt Sanctions and Emergency Injunctive Relief (the "Motion") of Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree") and Petitioner AMLQ Holdings (CAY) Ltd. ("AMLQ" and together with Peppertree, "Peppertree/AMLQ"), related to certain criminal actions listed in Attachment A (the "Criminal Actions"), in violation of the First Partial Final Award ("1PFA") ordering the sale of the Continental Towers LATAM Holdings Limited (the "Company"), this Court's Order confirming the same [ECF 124], and this Court's April 22, 2025 Order [ECF 295] enforcing the First Partial Final Award ("1PFA") in the underlying New York-based arbitration (the "Arbitration").[1]

The Motion seeks additional civil contempt sanctions, including injunctive relief, or, in the alternative, an emergency temporary restraining order to protect Jorge Alberto Gaitan Castro, the Chief Executive Officer ("Mr. Gaitan" or the "CEO") of the Company and Jorge Leonel Gaitan Paredes (the "CEO's Father")—who are currently in fear for their lives due to the activities of

---

[1] The Arbitration in the state of New York is captioned, *Telecom Business Solutions, LLC, et al. v. Terra Towers Corp, et al.*, AAA/ICDR No.: 01-21-0000-4309.

Respondents Terra Towers Corp., TBS Management, S.A., DT Holdings, Inc., and Jorge Hernandez (collectively, "Respondents")—and to halt continuing violations of the 1PFA and this Court's corresponding judgments and orders. The Court finds that Peppertree/AMLQ have demonstrated that Respondents are in further contempt of the Court's judgment confirming the 1PFA and that the relief granted herein is necessary to cure that contempt and to prevent immediate and irreparable injury and to preserve the *status quo*, including maintaining Mr. Gaitan's position as the CEO of the Company. Maintaining Mr. Gaitan in his position is necessary to ensure compliance with this Court's Order confirming the 1PFA requiring that the Company be sold, and this Court's April 22, 2025 Order enforcing the 1PFA. Respondents have continued to interfere with the ordered sale process through the criminal prosecution and imprisonment of the Mr. Gaitan and the CEO's Father.

Upon due consideration by the Court, having considered Peppertree/AMLQ's Motion, as well as the arguments and oppositions, responses, replies, and other submissions related thereto, and the evidence presented by the parties, the Court finds that Respondents are in further contempt of the Court's judgment confirming the 1PFA and emergency relief is warranted to cure that contempt, and because there is an imminent risk of irreparable harm to Petitioners caused by Respondents' continued and escalated efforts to interfere with the ordered sale through the prosecution of Mr. Gaitán, among others, which has resulted in his imprisonment and risk of imminent bodily harm, Peppertree/AMLQ's Motion is well-taken, and the relief requested therein is hereby **GRANTED**.

As set forth in greater detail herein, the Enjoined Parties (defined in Attachment B) must, among other relief ordered herein, cure their contempt by taking any and all actions possible to request and support the nullification and/or termination of decisions and remedies issued or

awarded in the Criminal Actions against Mr. Gaitán and the CEO's Father, including, but not limited to, any orders or remedies (provisional, preliminary, or permanent) resulting in the incarceration of Mr. Gaitán and the CEO's Father.

Accordingly, **IT IS HEREBY ORDERED** that Respondents, their officers, agents, servants, employees, attorneys, and/or all other persons who are in active concert or participation with them, acting on their behalf, and/or at their direction or within their control, including, but not limited to, Hernandez, Terra's Board Representatives, the DTH Managers, the Company's Subsidiaries, and DTH's Subsidiaries (each defined separately in Attachment B, and all collectively, the "Enjoined Parties"):

> (i) Shall immediately, but in no event more than two (2) days following the date of this Order, take any and all actions necessary to withdraw any criminal complaints, witness statements, and other support for the Criminal Actions, including, but not limited to, any criminal complaints, submissions, or other actions that resulted in, instigated, or supported: (1) the raid removing Mr. Gaitán and the CEO's Father from the Mariscal Zavala prison on or about May 15, 2025; and (2) the Guatemala Company Counsel and Management Action filed on or about April 8, 2025.
>
> (ii) Shall immediately, but in no event more than two (2) days from the date of this Order, take any and all actions necessary to facilitate the termination of the Criminal Actions including, but not limited to, the immediate withdrawal, dismissal, revocation, and/or discontinuance of any and all complaints or other materials filed by Respondents, Proyectos Terrestres, Sociedad Anónima, Proyectos Terrestres, S.A., Tierras Nacionales, Desarollos Terrestres Peru S.A., Maintenance & Services, and Desarrolladora de Tierras, Sociedad Anónima and

            any other agent of Respondents or any other party owned or controlled by Respondents (the "Prosecuting Parties") in the Criminal Actions. For purposes of clarity, anything short of a full withdrawal all submissions or filings made by the Prosecuting Parties or their agents to initiate, instigate, or in any way further the Criminal Actions, and the discontinuance of any activity designed to further the prosecution of the Criminal Actions will constitute non-compliance with this Order;

(iii)    Shall immediately, but in no event more than three (3) days from the date of this Order, take any and all actions possible to request and support the nullification and/or termination of any orders or remedies issued or awarded in Criminal Actions, including, but not limited to, any orders or remedies (provisional, preliminary, or permanent) resulting in the incarceration of Mr. Gaitán and the CEO's Father;

(iv)    Shall refrain from promoting, facilitating, litigating, encouraging, or voluntarily participating in the Criminal Actions while this Order remains in effect;

(v)    Shall refrain from bringing, instituting, maintaining, or causing to be brought, instituted, or maintained, promoting, facilitating, or voluntarily participating in or pursuing any proceeding—other than the Arbitration—seeking to raise any legal claims or matters raised in the Criminal Actions or any other criminal action based on conduct that the arbitration Tribunal has previously determined (including, but not limited to, in its Second Partial Final Award) to constitute false accusations of criminality against the CEO and/or Carol Odette Echeverría Cabrera de Reyes while this Order remains in effect or that would otherwise interfere with the sale of the Company ordered in the 1PFA; and

4

    (vi)    Shall, within five (5) days of the date of this Order, file and serve a sworn affidavit (or affidavits) in this action confirming that they have fully complied with these provisions of this Order and detailing the method of compliance.

If not fully compliant with this Order, any of the Enjoined Parties may be subject to civil confinement.

**IT IS SO ORDERED.**

Dated: _____, 2025

                                                                       Hon. Lewis A. Kaplan

**ATTACHMENT A**

| Country | Case No., Court | Claimant | Defendant(s) |
|---|---|---|---|
| **Criminal Actions Leading to Mr. Gaitáns' Imprisonment** | | | |
| Guatemala | Case No. 1070-2022-00023 (the "Guatemala Management Action") | Proyectos Terrestres, S.A. | Jorge Alberto Gaitán Castro, Carol Odette Echeverría Cabrera de Reyes, Marisabel Umaña Velásquez, and Juan Ignacio Berger Jiménez |
| Guatemala | Extradition Case No. 01036-2025-0005 (initiated in relation to El Salvador Management Action) | Tierras Nacionales | Jorge Alberto Gaitán Castro |
| El Salvador | Criminal Case No. 286-23-6-11 (the "El Salvador Management Action") | Tierras Nacionales | Jorge Alberto Gaitán Castro |
| Guatemala | Criminal Case No. MP001-2025-19061 (the "Guatemala Company Counsel and Management Action") | "Rafael Carrera" | Jorge Alberto Gaitán Castro, Carol Odette Echeverría Cabrera de Reyes, Marisabel Umaña Velásquez, Juan Ignacio Berger Jiménez, Company Counsel (Adam Schachter) and Mr. Gaitán's personal lawyers in Guatemala |
| Guatemala | Unknown ("Guatemala Prison Raid Action") | Unknown | Jorge Alberto Gaitán Castro and Jorge Leonel Gaitán Paredes (and possibly others) |

## ATTACHMENT B

A. This Order for emergency relief enjoins Respondents, including Jorge Hernandez (owner and controller of Terra and DTH, former Terra representative on the Company's board, ("Hernandez")); and

B. Any and all of Respondents' officers, agents, servants, employees, attorneys, and/or all other persons who are in active concert or participation with them, acting on their behalf, and/or at their direction or within their control, including, but not limited to:

    i. Any and all former, current, or future members of the Company's board of directors appointed by Terra, including, without limitation:

        i. William Rene Mendez Araujo;

        ii. Alejandro Sagastume Figueroa;

        iii. Alberto Arzu; and

        iv. Andres Porras Castillo (together "Terra's Board Representatives")); and

    ii. Any and all former, current, or future officers, agents, servants, employees, attorneys, or contractors for Respondents who have had, currently have, or will have in the future roles with the Company or any of its affiliates or subsidiaries or with DTH or its affiliates, including, without limitation:

        i. Juan Francisco Quisquinay;

        ii. Magali Merino Ascarrunz;

        iii. Jorge Alejandro Garzaro Perez;

        iv. Hugo Rene Ortiz; and

        v. Antonieta Granillo (together, the "DTH Managers"); and

    iii. Any and all of the Company's affiliates or subsidiaries, including, without limitation:

        i. Continental Towers de Guatemala, S.A.;

        ii. Colocation Technologies Guatemala, S.A.;

        iii. Continental Telecommunications Corp. Guatemala, LTDA;

        iv. Continental Towers El Salvador, S.A. de C.V.;

        v. Collocation Technologies El Salvador, S.A. de C.V.;

        vi. Continental Corp. El Salvador, Ltda. de C.V.;

      vii. Continental Towers Nicaragua, S.A.;

     viii. Collocation Technologies Nicaragua, S.A.;

       ix. Collocation Technologies Nicaragua, S.A.;

        x. Continental Corp. Nicaragua y Compañia Limitada;

       xi. Continental Towers de Honduras, S.A.;

      xii. Colocation Technologies de Honduras, S.A.;

     xiii. Telecom Business Solution Honduras, S. de R.L.;

     xiv. Continental Towers Costa Rica, S.A., Collocation Technologies Costa Rica, S.A.;

      xv. Costa Rican Business Solution SRBS, SRL;

     xvi. Continental Towers de Panama, S.A.;

    xvii. Collocation Technologies de Panama, S.A.;

   xviii. Continental Corp. Panama S. de R.L.;

     xix. Continental Towers Peru, S.A.;

      xx. Collocations Technologies Peru, S.A.'

     xxi. Telecom Business Solution SRL;

    xxii. Interco Latam Limited;

   xxiii. Continental Towers Holding Corp.;

   xxiv. Collocation Holding Ltd.;

    xxv. Continental Towers South America & Caribbean Corp., (collectively, the "Company's Subsidiaries"); and

iv. Any and all of Terra's and DTH's affiliates or subsidiaries, including, without limitation:

        i. DT de Guatemala, S.A.;

       ii. Desarrollos Terrestres Colombia, S.A.S.;

      iii. Desarrollos Terrestres Honduras, S.A. de C.V.;

      iv. Desarrollos Terrestres (Nicaragua), S.A.;

       v. Desarrolladora de Tierras Costa Rica Responsibilidad Limitada;

      vi. Tierras Nacionales Ltd. de C.V.;

     vii. Desarrollos Terrestres de Panama, S.A.;

    viii. Desarrollos Terrestres Peru, S.A.,

      ix. Proyectos Terrestres, (collectively, "DTH's Subsidiaries").