May 21, 2025

| | |
|---|---|
| Gregg L. Weiner | Michael N. Ungar |
| Ropes & Gray LLP | UB Greensfelder LLP |
| 1211 Avenue of the Americas | 1660 W. 2nd Street, Ste. 1100 |
| New York, NY 10036 | Cleveland, Ohio 44113 |

**BY CM/ECF & HAND DELIVERY**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.,*
       No. 22-cv-01761[1]

Your Honor:

We write on behalf of Peppertree/AMLQ to inform the Court of additional contemptuous conduct by Respondents who once again failed to comply with this Court's April 22 Order (ECF No. 295). Such non-compliance provides further support for the additional civil contempt sanctions Peppertree/AMLQ seek in their May 20, 2025 Motion for Further Civil Contempt Sanctions and Emergency Injunctive Relief and related filings. *See* ECF Nos. 329-331.

In its April 22 Order, the Court ordered the El Salvador Contemnors and BVI Contemnors (the "Contemnors") to file an affidavit, signed by Jorge Hernandez, on May 5, 2025 "stating the measures taken to effectuate the termination of the El Salvador Action [and the BVI Action] and the vacatur of any relief granted therein" and that they must file such an affidavit "every fourteen days thereafter so long as they fail fully to purge themselves of this contempt." ECF No. 295 at 47-48. On May 15, 2025, this Court denied Respondents' eleventh hour request for a fourteen day stay of civil contempt sanctions after deciding that Respondents had "not demonstrated sincere, diligent, good faith and effective attempts to comply" with the April 22 Order. *See* ECF Nos. 299,

---

[1] As the Court knows, we represent petitioners Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay), Ltd. ("AMLQ," together with Peppertree, "Peppertree/AMLQ") in the above-captioned action. This action arises from an arbitration administered by the American Arbitration Association captioned *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*, AAA/ICDR Case No. 01-21-0000-4309 (the "Arbitration") and presided over by a panel of three highly qualified and experienced arbitrators (the "Tribunal"). The Arbitration is pending among Peppertree/AMLQ, Continental Towers LATAM Holdings Limited (the "Company"), and respondents Terra Towers Corp. and TBS Management, S.A. (collectively, "Terra"), respondent and Terra affiliate DT Holdings, Inc. ("DTH" and together with Terra, "Terra/DTH"), and respondent Jorge Hernandez ("Hernandez" and together with Terra/DTH, the "Respondents"), whom both the Tribunal and this Court have already found to control Terra/DTH. The Tribunal recently issued its Fifth Partial Final Award, unanimously finding in favor of Peppertree/AMLQ and awarding a total sum of approximately $354 million against Respondents, jointly and severally. This award includes $25 million in punitive damages against Hernandez, individually.

317. Despite the fourteen-day deadline to submit a new compliance report to the Court on May 19, 2025, neither the El Salvador Contemnors nor the BVI Contemnors filed any such affidavit signed by Jorge Hernandez.[2] Moreover, Peppertree/AMLQ are not aware of any basis for the Contemnors to claim that the contempt has been purged, *i.e.*, Peppertree/AMLQ have not received any notice that the BVI Actions and the El Salvador Action have been terminated.

Accordingly, Peppertree/AMLQ respectfully request that this Court consider this non-compliance with this Court's orders as further support for Peppertree/AMLQ's Motion for Further Civil Contempt Sanctions and Emergency Injunctive Relief.  *See* ECF Nos. 329-331.

Respectfully submitted,

| | |
|---|---|
| */s/ Gregg L. Weiner* | */s/ Michael N. Ungar* |
| Gregg L. Weiner | Michael N. Ungar |
| | |
| *Counsel for AMLQ Holdings (Cay), Ltd.* | *Counsel for Telecom Business Solution, LLC and LATAM Towers, LLC* |

---

[2] The Peru Contemnors' May 19, 2025 Motion for Reconsideration (ECF Nos. 322-326) does not absolve the other parties included in the definition of the April 22 Order as the "BVI Contemnors", namely Terra, DTH, and Jorge Hernandez, as well as Hugo Rene Ortiz and Antonietta Granillo, of their obligations under the April 22 Order.