**United States District Court**
**Southern District of New York**

| | |
|---|---|
| Telecom Business Solution, LLC, *et al.*, | Civil Action No.: 1:22-cv-01761 |
| Petitioners, | Judge Lewis A. Kaplan |
| v. | Magistrate Judge Robert W. Lehrburger |
| Terra Towers Corp., *et al.*, | |
| Respondents. | |

### JORGE HERNANDEZ'S REPLY MEMORANDUM OF LAW
### IN SUPPORT OF HIS MOTION TO QUASH

Rodney Quinn Smith II
(admitted *pro hac vice*)
**GST LLP**
78 SW 7th Street, Suite 500
Miami, FL 33130
Phone: (305) 856-7723
quinn.smith@gstllp.com

Lucila I. M. Hemmingsen
**The Fladgate Firm PC**
305 Broadway, 7th Floor
New York, NY
Phone: (646) 369-5843
lh@hemmingsenadr.com

*Counsel for Jorge Hernandez*

Jorge Hernández, by and through undersigned counsel, appearing specially, files this reply (the "Reply") in support of his Motion to Quash (the "Motion") service of process of (1) the Motion for Preliminary and Permanent Anti-Suit Injunction and Civil Contempt Sanctions (ECF No. 243) and supporting materials and (2) the Petition to Confirm the Fifth Partial Final Award (ECF No. 257) and supporting materials. In support thereof, Mr. Hernández states as follows:

## INTRODUCTION

After providing evidence that Mr. Hernández resides in Guatemala, the petitioners have not engaged with that evidence, at all, relying instead on overstating the import of documents from 2014 without even attempting to serve Mr. Hernandez at his residence. The petitioners have failed to show that service at 2500 Spring Mountain Road, St. Helena, California (the "Property") is proper for the following reasons:

- The petitioners have provided no evidence that Mr. Hernandez frequents the Property or has taken the necessary steps to treat it as his "dwelling place or place of abode." Their process server does not contradict the witness evidence offered by Mr. Hernández and his son, Mr. Hernandez Anguiano. The petitioners do not try to contradict their documents showing that Mr. Hernández resides in Guatemala.

- The Motion was timely under CLPR 308, which the petitioners abandoned, and after expressly stating his intent to oppose service of process, Mr. Hernandez moved to quash well within any standard of timeliness.

- There are no exceptions to the Federal Rules of Civil Procedure for service on a non-party to an arbitration clause, and actual notice is plainly insufficient.

- The petitioners admit that they failed to comply with Local Civil Rule 83.6, and they do not engage with the requirement for personal service, which is not equivalent to actual notice.

For these reasons and those stated below, Mr. Hernandez requests that service on him be quashed.

**BACKGROUND**

Until filing their opposition to the Motion, the petitioners had never indicated that they were relying solely on 9 U.S.C. 9 and Fed. R. Civ. P. 4(e). Opp. at 10. Apparently, Ms. Pavlak sent a list of documents by Federal Express as an attempt to comply with Rule 4(e). Opp. at 5. The petitioners do not identify the portion of Rule 4(e) that requires sending a copy of documents via Federal Express. Such a requirement can be seen in CPLR 308(2). The petitioners do not argue that service complies with CPLR 308.

After receiving the declarations of Mr. Hernandez and his son, Mr. Hernandez Anguiano, the petitioners procured a second affidavit from Abraham Klein (the "Second Klein Affidavit"). Mr. Hernandez Anguiano stated that he "never told Mr. Klein that either or both of my parents live with me." ECF 302-2, p. 1. He continued as follows: "I never stated that I would accept service on behalf of my father." *Id*. This is in direct contradiction to the Klein Affidavit. ECF 265, p. 2. Mr. Klein did not respond to or even address these statements in the Second Klein Affidavit. Instead, the petitioners relied on argument in the Opposition. Opp. at 20. Mr. Klein has never identified the "press reports, property records and public records databases" that he supposedly relied on. Mr. Klein does not state that he delivered a copy of Local Civil Rule 83.6.

The petitioners chose not to mention any reference to Exhibit 2 of the Supplemental Declaration of Gregg Weiner, which stated that, "I, Jorge Alberto Francisco Hernandez Ortiz, fifty-two years old, a married man, a Guatemalan citizen, Businessman, with residence in the Department of Guatemala[.]" ECF 279-2, p. 1. The petitioners do not contest the veracity of this statement, or the personal identification number presented. Mr. Hernandez cited to this document at length. Mot. at 2, 5-6.

The petitioners have provided a number of documents. The documents state that the Property is owned by the Hernandez Family Trust. ECF 343-6. The petitioners do not point to a single document that states otherwise. Rather, the Opposition relies only on argument, not any document or testimony, that Mr. Hernandez "owns" the Property. Opp. at 1.

There is a document indicating the ownership of a 2017 car. ECF 343-18. Mr. Hernandez has never used this car. *See* Second Declaration of Jorge Hernandez, attached as ECF 350-1, ¶ 6. His wife used the car until she moved back to Guatemala. The car is currently being used by Mr. Hernandez Anguiano, who pays for the costs associated with the car. *Id*., ¶ 7; Second Declaration of Mr. Hernandez Anguiano, attached as ECF 350-2, ¶ 9. The petitioners have provided no evidence, other than speculation by counsel, that Mr. Hernández frequents the Property.

Further, the petitioners state that Mr. Smith represented Mr. Hernandez in the arbitration. Opp. at 9. The petitioners fail to acknowledge that Mr. Hernandez was not in fact a party to the arbitration. At the hearings in July and October, Mr. Hernandez was not present. Mr. Hernandez was not named, in his individual capacity, in the Consolidated Claims. *See* Pet. to Vacate at 6. Mr. Hernandez is not a party to any of the prior judgments. Mot. at 3.

## ANALYSIS

Likely realizing that their prior attempts to comply with CPLR 308 had fallen woefully short, the petitioners have changed their approach, focusing on Rule 4(e) and a line of cases that apply solely to parties to an arbitration, but not to non-parties. CPLR 308 is thus not at issue. Fed. R. Civ. P. 4(e)(1). The petitioners do not claim to have delivered the documents personally, and they do not argue that Mr. Hernandez Anguiano is an "agent authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A), (C). The only question is therefore compliance with Rule 4(e)(2)(B), meaning that the petitioners must prove that Mr. Klein left a

copy of the documents at Mr. Hernandez's "dwelling or usual place of abode." The petitioners fail to rebut the evidence presented by Mr. Hernanez.

I. **The Motion is timely, especially when the petitioners gave Mr. Hernandez every reason to believe that they were attempting to comply with CPLR 308**

Courts look at the circumstances underlying the case when deciding on the expiration of a "reasonable time" to move to quash service. *See Luv N' Care, Ltd. v. Babelito, S.A.*, 306 F. Supp. 2d 468, 473 (S.D.N.Y. 2004) (almost two months not unreasonable). "Where a defendant has preserved his objection to personal jurisdiction and has filed a motion to dismiss in a reasonable time, this Court has found no waiver." *Jain v. University of CT*, No. 3:08-cv-00489, 6 (D. Conn. Jan 22, 2009) (four months not unreasonable); *In Re Helicopter Crash Near Wendle Creek, British*, 485 F. Supp. 2d 47, 52 (D. Conn. 2007) (four months reasonable to raise personal jurisdiction).

The petitioners hardly make a case on this point, other than arguing that service on Mr. Hernandez Anguiano, not Mr. Hernandez, started the clock, and that Mr. Smith was counsel to Mr. Hernandez in the arbitration. Opp. at 9-10. Neither argument is convincing nor meets legal standards. Mr. Hernandez is not Mr. Hernandez Anguiano, and service was plainly insufficient under CPLR 308—the petitioners do not contest this point. Mr. Hernandez was not a party to the arbitration in his individual capacity and had already resigned as a director. Mr. Smith was not, and could not, be Mr. Hernandez's counsel in the arbitration.

Turning to an application of the case law, the Opposition provides no authority for the argument that complying with the timeliness standards under CPLR 308 is somehow indicative of an unreasonable delay. This is especially relevant when the petitioners undertook the steps to comply with CPLR 308, leading Mr. Hernandez to believe a different standard applied. The petitioners did not identify the rule, but they filed the Pavlak Affidavit. This document serves no

purpose under Rule 4(e)(2)(B) since delivery by Federal Express would never equal delivery under this subsection, and there is no argument to the contrary. Only after reviewing the Motion did the petitioners, for the first time, change positions and allege untimeliness.

This gambit falls far short for other reasons. There is no case cited for the proposition that a handful of days is an unreasonable delay, especially in light of the facts of this case. Mr. Hernandez has only participated in this proceeding under protest, expressly conveying his opposition to service and indicating that he would move to quash. Mr. Hernandez timely moved to quash based on the affidavits of service that indicated an intent to comply with CLPR 308, not taking any steps inconsistent with that position. Mr. Hernandez has not filed a petition to vacate, and the corporate respondents have not made arguments on Mr. Hernandez's behalf. The corporate respondents stipulated to an extension of time—Mr. Hernandez did not. Present counsel to Mr. Hernandez was clear that it could not accept service of process. And there is no bad faith in waiting to respond until the deadline under CPLR 308. Mr. Hernandez was in the process of retaining separate counsel for him, and current counsel's efforts were temporary and designed to preserve Mr. Hernandez's rights. The petitioners do not allege any prejudice, nor could they. The petitioners knew that Mr. Hernandez was a resident of Guatemala, made no attempt to serve him in Guatemala, and insisted instead on service in California. In sum, none of the factors that characterize an unreasonable period of time are present.

**II.    Documents from 2014 or references to the businesses of his children is insufficient to show that the Property is Mr. Hernandez's "dwelling place or usual place of abode"**

Both sides seek to construe "sufficient indicia of permanence." Mot. at 5; Opp. at 14-15. The Opposition does not dispute that someone else's residence is not a "dwelling place or usual place of abode." *See, e.g., Cortese v. Panzanella*, 32 Misc. 3d 507, 509-510 (N.Y. Sup. Ct. 2011). Nor does the Opposition engage with the argument that a defendant can change its dwelling

place by moving without demonstrating an intent to return. *Khan v. Khan*, 360 F. App'x 202 (2d Cir. 2010); *Feinstein v. Bergner*, 48 N.Y.2d 234, 238 (NY 1979); *Zhu Jun v. Bank of America, N.A.*, No. 23-7903, 5-6 (2d Cir. Dec 17, 2024).

The petitioners do not try to rebut their evidence that Mr. Hernández resides in Guatemala. ECF 279, Ex. 2. The Opposition does not engage with Mr. Hernandez's declaration, preferring to focus on aspirational statements. Mr. Hernández, in 2014, stated that he wanted the Property to remain with his family (ECF 343-4, p. 2), a statement that does not make the Property his dwelling place and is entirely consistent with the Hernandez Family Trust, not Mr. Hernandez, purchasing the Property. Another statement from 2014, when Mr. Hernandez's children were teenagers, cannot prove Mr. Hernandez's dwelling place in 2025. ECF 343-2. Whatever the intent was over a decade ago is not probative of the present. This is apparent from the website reference, which mentions the work done by his adult children, not Mr. Hernandez. ECF 343-22. There are mentions of a business address for Mr. Hernandez's wife (ECF 343-11 to 14, 16 to 17), along with a charming article about her work with her daughter. ECF 343-15. None of this contradicts, in the least, the sworn statements by Mr. Hernandez and Mr. Hernandez Anguiano.

The only document dated 2025 relates to a 2017 vehicle. ECF 343-18. This vehicle was purchased almost eight years ago by Mr. Hernandez, but he never used it. ECF 350-1. His son, Mr. Hernandez Anguiano, drives the vehicle and pays for the costs associated with it. ECF 350-2. As someone with five children, it is entirely unsurprising that Mr. Hernandez left a car at the Property for one of his sons to use. This one document falls short of overcoming the declarations submitted and the petitioners' own evidence that Mr. Hernandez has his dwelling place in Guatemala.

The Opposition argues at length about the absence of certain words from the declarations. This is of no moment. Mr. Hernandez and Mr. Hernandez Anguiano have executed declarations with identical content, now adding the statutory text and responding to ECF 343-18. ECF 350-1; ECF 350-2. There is thus no basis to argue that the Motion relies on unsworn testimony.

**III.   Rule 4 still applies, even if the case relates to arbitration, undermining the Opposition's argument regarding actual notice**

The Opposition argues that there is a different set of rules for service on non-parties related to arbitration proceedings. Opp. at 18. The relevant statute, 9 U.S.C. 9, does not contain this distinction, stating that "[i]f the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." The Second Circuit has interpreted the words "in like manner as other process of the court" to incorporate Rule 4. *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2d Cir. 1971). But the Opposition sees a new exception for non-parties that dispenses with Rule 4 in favor of actual notice.

The Opposition cites no authority for its novel approach to service on non-parties. Rather, there are citations to cases involving service on a party. *In Re the Arbitration Between Lauritzen Kosan Tankers & Chemical Trading, Inc.*, 903 F. Supp. 635, 637 (S.D.N.Y. 1995). Other courts have looked at this question, applying a more liberal standard to service of the arbitration demand. *Merrill Lynch, Pierce, Fenner & Smith Incorporated v. Costa Lecopulos, A/K/A Constantinos Lecopulos*, 553 F.2d 842 (2d Cir. 1977). And courts have also considered if the confirmation proceeding derives from an open proceeding on the merits. *Marcy Smiga v. Dean Witter Reynolds, Inc., and Raymond B. Anderson*, 766 F.2d 698 (2d Cir. 1985). Similarly, affirmatively seeking vacatur is grounds for waiver. *Absolute Nevada LLC v. Grand Majestic*

*Riverboat Co., LLC*, 646 F. Supp. 3d 426 (S.D.N.Y. 2022) (noting that Mr. Baer "has affirmatively sought the relief of vacatur in this action"). None of these cases are applicable.

Mr. Hernandez is a non-party and never consented to arbitration in New York or to arbitrate matters arising from the Shareholders Agreement. The action he filed in New York follows precisely this line of reasoning. And it hardly follows that arguing that there is no jurisdiction over him is sufficient to prove there is jurisdiction, despite how the Opposition may frame the issue. Opp. at 17, FN 8. An agreement to arbitrate in New York also serves as shaky ground to deviate from Rule 4. Textually, 9 U.S.C. 9 contemplates full compliance, requiring service by a marshal for any non-resident. Admittedly, there is a line of cases relaxing service on parties to an arbitration, but this does not change the requirement to personally serve a motion for contempt, as well as being inconsistent with the text of the statute.

Regardless, the Court does not need to reach these thornier issues. Mr. Hernandez does not have a dwelling or place of abode at the Property, and any service on him must be in Guatemala in accordance with Rule 4(f).

a.      <u>The petitioners are far from a showing of substitute service</u>

Substitute service is a seldom-used option when service is not possible on a foreign resident. *Rana v. Islam*, 305 F.R.D. 53, 66 (S.D.N.Y. 2015) (defendants had immunity from service in Morocco). For example, the plaintiff must show that it cannot serve the defendant. *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 511 (S.D.N.Y. 2013).

After failing to comply with CPLR 308 and then attempting service at the Property, despite knowing that Mr. Hernandez resides in Guatemala, the petitioners foresee a "Hollywood movie" of evading service. Opp. at 19. No such film is being developed. The Opposition falls far short of showing any bad faith or silver screen antics. There is no allegation that Guatemala

would fail to comply with its obligations to effectuate service, and Mr. Hernandez can hardly be faulted for moving to Guatemala long before the case started. The petitioners failed to conduct a reasonable inquiry into his residence, even with documents that show he lives in Guatemala. Absent an evidentiary showing, there is no basis for substitute service.

**IV.  The petitioners have failed to include the necessary documents to serve their Motion for Civil Contempt**

The petitioners allege "actual notice" (Opp. at 2), but they do not engage with the requirement of "personal service" when seeking to hold a non-party in contempt. As stated in the Motion, and not contradicted in the Opposition, "Local Rule 83.6(a) requires personal service of a non-party sought to be held in civil contempt; actual notice alone is insufficient." *Absolute Nevada, LLC v. Grand Majestic Riverboat Company LLC*, No. 1:19-cv-11479, 7-9 (S.D.N.Y. Sep 1, 2020) (gathering cases). Failure to effectuate service can defeat a motion for contempt. *See, e.g. Matrix Essentials v. Quality King Distributors, Inc.*, 346 F. Supp. 2d 384, 393 (E.D.N.Y. 2004); *see also Roytlender v. D. Malek Realty, LLC*, No. 2:21-cv-00052 (E.D.N.Y Mar 24, 2023) (applying New York law regarding service). The Opposition does not dispute either of these propositions.

The Opposition argues only that there is a technical defect in the failure by Mr. Klein to serve a copy of Local Civil Rule 83.6 (Opp. at 20), an admission that would further imperil the arguments regarding timeliness. The Opposition does not dispute that the language in Local Civil Rule 83.6 is mandatory, requiring that "service must be made personally, together with a copy of [the rule][.]" In *Absolute Nevada*, the court dismissed for failure to comply with Local Civil Rule 83.6, but the Opposition takes this to mean that some defects are forgivable. Opp. at 20. No such language exists in the rule. If the vague statement in the Pavlak Affidavit is accurate (Opp. at 20), that a copy of Local Civil Rule 83.6 was later sent (but, curiously, not served), then the

petitioners knew about their obligation to provide the rule and did not do so. Opp. at 20. They further knew that personal service, not actual notice, was mandatory, and the failure to personally serve Mr. Hernandez means that the Court should quash service.

## CONCLUSION

Based on the foregoing, Mr. Hernández respectfully requests that this Court quash service of both the petition to confirm and the motion for civil contempt.

Dated: May 29, 2025

/s/
Rodney Quinn Smith II
(admitted *pro hac vice*)
**GST LLP**
78 SW 7th Street, Suite 500
Miami, FL 33130
Phone: (305) 856-7723
quinn.smith@gstllp.com

*Counsel for Respondents*

Respectfully submitted,

/s/
Lucila I. M. Hemmingsen
**The Fladgate Firm PC**
305 Broadway, 7th Floor
New York, NY
Phone: (646) 369-5843
lh@hemmingsenadr.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), I hereby certify that this document complies with the word count limitations. There are 3,242 words in this document.

*/s/ Quinn Smith*
Rodney Quinn Smith II