June 6, 2025

| | |
|---|---|
| Gregg L. Weiner | Michael N. Ungar |
| Ropes & Gray LLP | Ulmer & Berne LLP |
| 1211 Avenue of the Americas | 1660 W. 2nd Street, Ste. 1100 |
| New York, NY 10036 | Cleveland, Ohio 44113 |

**BY CM/ECF & HAND DELIVERY**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

 Re: ***Telecom Business Solution, LLC, et al., v. Terra Towers Corp., et al.,***
   United States District Court for the Southern District of New York Civil Action No.: 1:22-cv-01761

Your Honor:

  Pursuant to Local Rule 7.1 of the Joint Local Rules, S.D.N.Y. and E.D.N.Y., and N.Y. C.P.L.R. §§ 2308, 5223, and 5224, Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay), Ltd. ("AMLQ," together with Peppertree, "Peppertree/AMLQ") respectfully move the Court for an order compelling Respondents Terra Towers Corp. and TBS Management, S.A. (collectively, "Terra"), and DT Holdings, Inc. ("DTH" and together with Terra, "Terra/DTH" or "Respondents") to provide complete responses to the information subpoenas and subpoenas *duces tecum* served on them.

**I. BACKGROUND**

  After more than three years of contentious litigation, Petitioners assume this Court's intimate familiarity with the procedural history and factual background of the instant case. Here, Petitioners recite only the facts relevant to this letter-motion.

  On April 11, 2025, Petitioners served (a) a Restraining Notice, Information Subpoena & Subpoena *Duces Tecum* Pursuant to CPLR §§ 5222, 5223 & 5224 directed to Terra Towers Corp.; (b) a Restraining Notice, Information Subpoena & Subpoena *Duces Tecum* Pursuant to CPLR §§ 5222, 5223 & 5224 directed to TBS Management, S.A.; and (c) a Restraining Notice, Information Subpoena & Subpoena *Duces Tecum* Pursuant to CPLR §§ 5222, 5223 & 5224 directed to DT Holdings, Inc. (*See* ECF No. 292).[1] Petitioners sent these documents to Respondents' counsel, Quinn Smith, and asked Mr. Smith to confirm whether he accepts service on Respondents' behalf. **Ex. 4**.  At the same time, Petitioners served these documents via Certified, U.S. Mail, Return Receipt Requested on Terra and TBS in mailings directed to Corporation Service Company (ECF No. 292), which is the Process Agent named in the Shareholders Agreement (ECF No. 272-1, §

---

[1] True and correct copies of these documents are attached as **Exhibits 1**, **2**, and **3**, respectively.

8.15). Petitioners also attempted service on DT Holdings, Inc. via Federal Express in a mailing directed to the address provided in the Development Agreement for notices to DT Holdings, Inc. (ECF No. 292; ECF No. 272-2, § 3.6).[2]

On April 16, 2025, Mr. Smith responded to confirm receipt of the documents and indicated the intent of Terra, TBS, and DT Holdings to respond. **Ex. 6**.[3] Mr. Smith requested an additional 10 days to respond to the information requests and the subpoenas *duces tecum*, respectively. *Id*. Petitioners agreed to provide Terra, TBS, and DT Holdings an additional seven (7) days to respond, extending the deadline for their answers to the information subpoena to April 25, 2025, and the deadline for their responses to the subpoena *duces tecum* to May 2, 2025. **Ex. 7**.

In what appears to be yet another attempt to delay and avoid their obligations, in early May 2025, Respondents advised Petitioners that they were "exploring options" to satisfy the monetary portions of the judgments confirming the First, Second, and Fourth Partial Final Awards by selling certain assets in Peru. To date, Respondents still have not paid the amounts owed, indicated that the Peru assets have been sold, or provided responses to the information subpoenas and subpoenas *duces tecum*.

Despite Petitioners' agreement to extend the time for compliance, and despite multiple subsequent attempts to meet-and-confer with Respondents' counsel in good faith in an attempt to secure compliance with the information subpoenas and subpoenas *duces tecum*, *see* **Ex. 8**, Respondents still have failed to respond as of this filing.

## II. ARGUMENT

### A. Respondents Terra, TBS, and DT Holdings Were Properly Served with the Restraining Notices, Information Subpoenas, and Subpoenas *Duces Tecum*

Service of process is proper if it follows the contractually agreed-upon service method. *See, e.g.*, *Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*, 41 A.D.3d 25, 29, 32 (1st Dep't 2007); *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10 CIV. 1853 PGG JCF, 2012 WL 4801452, at *11–12 (S.D.N.Y. Oct. 5, 2012). In the Shareholder Agreement, Terra and TBS designated Corporation Service Company as the "Process Agent", their "authorized agent to receive for and on their behalf service of summons or other legal process in any action . . . related to this Agreement" and further agreed that service may be made by mail. (ECF No. 272-1, § 8.15).

Under the New York Business Corporations Law:

(a) In any case in which a non-domiciliary would be subject to the personal or other jurisdiction of the courts of this state under article three of the civil practice law and

---

[2] Upon information and belief, Certified U.S. Mail, Return Receipt, cannot be sent to Guatemala; thus, Petitioners used Federal Express to attempt service. In addition, out of an abundance of caution, Petitioners also served DT Holdings, Inc. pursuant to Section 307 of the New York Business Corporation Law. Receipts for service directed to Terra, TBS, and DT Holdings are included in Group **Ex. 5**.

[3] Mr. Smith stated that he was not authorized to accept service on behalf of Jorge Hernandez. **Ex. 6**.

rules, a foreign corporation not authorized to do business in this state is subject to a like jurisdiction. In any such case, process against such foreign corporation may be served upon the secretary of state as its agent. Such process may issue in any court in this state having jurisdiction of the subject matter.

N.Y. Bus. Corp. Law § 307.  This Court has personal jurisdiction over DT Holdings.  DT Holdings is a foreign corporation not authorized to do business in New York.  Service on the New York Secretary of State as DT Holdings's agent therefore was proper under Section 307 of the Business Corporations Law.

Furthermore, "'when Rule 69 discovery [including a subpoena and restraining notice] is sought from a party represented by an attorney, service may proceed . . . under Rule 5(b) of the Federal Rules of Civil Procedure.'" *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, Nos. 10 Civ. 1853, 11 Civ. 2001, 2012 WL 4801452, at *12 (S.D.N.Y. Oct. 5, 2012); *see also First City, Texas-Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 256 (S.D.N.Y. 2000), *aff'd,* 281 F.3d 48 (2d Cir. 2002).  Thus, service directed to Respondents' counsel, Mr. Smith, also was proper service on Respondents.

### B. Respondents Should Be Compelled to Respond to the Information Subpoenas and Subpoenas Duces Tecum, Pursuant to Federal Rules 37(a)(3)(A) and 69(a)(2), and N.Y. C.P.L.R. 2308

Rule 69(a)(2) provides, in pertinent part, that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery *from any person* – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2) (emphasis added).  N.Y. C.P.L.R. § 5223 provides:

At any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon ***any person*** a subpoena, which shall specify all of the parties to the action, the date of the judgment, the court in which it was entered, the amount of the judgment and the amount then due thereon, and shall state that false swearing or ***failure to comply with the subpoena is punishable as a contempt of court***.

N.Y. C.P.L.R. § 5223 (emphases added). The judgment creditor may serve on the judgment debtor and third parties information subpoenas, subpoenas *duces tecum* seeking the production of documents, and deposition subpoenas.  *Id.* § 5224.  "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts."  *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012).  "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment."  *Id.*

The recipient of an information subpoena is required to respond within seven (7) days of receipt.  N.Y. C.P.L.R. § 5224(a)(3). Reasonable notice must be provided – thus, at least ten days' notice is required for compliance with a subpoena *duces tecum* seeking documents, unless the court orders shorter notice.  *Id.* § 5224(c). Respondents failed to respond within the extended deadlines

Petitioners offered and still have failed to respond as of this filing, well over a month after the latest extended deadline. Respondents also have failed to respond to multiple communications sent by Petitioners' counsel in an attempt to meet-and-confer in good faith to secure compliance without the need for Court intervention.

Where, as here, the judgment debtors resist discovery in aid of execution, courts routinely compel the debtors to respond under Federal Rules 37 and 69(a)(2) and N.Y. C.P.L.R. § 2308(b)(1), and award the moving party reasonable attorneys' fees and expenses incurred in seeking relief. *See, e.g.*, *Rodriguez v. New Generation Hardware Store Corp.*, No. 22-cv-4422, 2024 WL 232103, at **1-2 (S.D.N.Y. Jan. 22, 2024) (relying on Fed. R. Civ. P. 37(a)(1) and 69(a)(2) and CPLR § 2308(b)(1) to issue order compelling defendant to respond to information subpoena).

Furthermore, by failing to respond to the subpoenas within the allotted time, ***Respondents have waived all objections to the subpoenas***. *See Antonio Pich v. Queens Garden Nursery Inc.*, No. 22-CV-3362 (MKB)(MMH), 2025 WL 747643, at *3 (E.D.N.Y. Mar. 10, 2025) ("Further, despite receiving the duly-served subpoenas and after counsel's attempts to confer, the Nursery has not responded… The Nursery therefore waives any objections to Plaintiff's subpoenas by failing to timely respond or object in writing.").

Respondents' failure to comply with their post-judgment discovery obligations is the latest disappointing but predictable entry into their track record of obstruction and delay, reflected amply in the record of these proceedings. Respondents must not be allowed to continue to bog down the proceedings with baseless and unreasonable delays into the collections phase. This Court should compel Respondents by issuing an order compelling Respondents to respond to the information subpoenas and subpoenas *duces tecum*, backed by the threat of contempt sanctions.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Peppertree/AMLQ request that the Court enter an Order compelling Respondents Terra, TBS, and DT Holdings to respond to the information subpoenas and subpoenas *duces tecum* within three (3) business days of the date of entry, in a manner which fully complies with the obligations set forth in N.Y. C.P.L.R. § 5224.

Respectfully submitted,

| | |
|---|---|
| /s/ *Gregg L. Weiner* | /s/ *Michael N. Ungar* |
| Gregg L. Weiner | Michael N. Ungar |
| | |
| *Counsel for AMLQ Holdings (Cay), Ltd.* | *Counsel for Telecom Business Solution, LLC and LATAM Towers, LLC* |

CC: All Counsel of Record

4914-2583-8154, v. 3