UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
TELECOM BUSINESS SOLUTION, LLC, *et al.*,         :   Civil Action : 1:22-cv-01761
                                                  :
                        Petitioners,              :   Judge Lewis A. Kaplan
        v.                                        :
                                                  :   Magistrate Judge Robert W.
TERRA TOWERS CORP., *et al.*,                     :   Lehrburger
                                                  :
                        Respondents.              :
-------------------------------------------------------------------- :
                                                  X

**PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR CIVIL AND/OR CRIMINAL CONTEMPT SANCTIONS AGAINST
RESPONDENTS FOR CONTINUED NON-COMPLIANCE WITH
<u>INFORMATION SUBPOENAS AND SUBPOENAS *DUCES TECUM*</u>**

Michael N. Ungar
(admitted *pro hac vice*)
Katherine M. Poldneff
Ashtyn N. Saltz
(admitted *pro hac vice*)
**UB GREENSFELDER LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Phone: (216) 583-7000
Fax:    (216) 583-7001
mungar@ubglaw.com
kpoldneff@ubglaw.com
asaltz@ubglaw.com

David A. Landman
**UB GREENSFELDER LLP**
1700 Broadway, Suite 1802
New York, New York 10019-7710
Phone: (917) 262-0470
Fax:    (917) 262-0480
dlandman@ubglaw.com

*Counsel for Petitioners Telecom Business
Solution, LLC and LATAM Towers, LLC*

Gregg L. Weiner
Andrew S. Todres
Ethan R. Fitzgerald
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Phone: (212) 596-9000
Fax:    (212) 596-9090
gregg.weiner@ropesgray.com
andrew.todres@ropesgray.com
ethan.fitzgerald@ropesgray.com

Daniel V. Ward
(admitted *pro hac vice*)
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Phone: (617) 951-7000
Fax:    (617) 951-7050
daniel.ward@ropesgray.com

*Counsel for Petitioner AMLQ Holdings
(Cay), Ltd.*

Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay), Ltd. ("AMLQ," together with Peppertree, "Peppertree/AMLQ" or "Petitioners")[1] respectfully submit this Memorandum of Law in Support of their Motion for Civil and/or Criminal Contempt Sanctions Against Respondents for Continued Non-compliance with Information Subpoenas and Subpoenas Duces Tecum (ECF No. 388).

## I.  INTRODUCTION

Over ten (10) weeks after receiving service of post-judgment information subpoenas and subpoenas *duces tecum* on them, and despite explicit warning from the Court a week ago that Respondents were in "deliberate contempt" and must "answer them forthwith", and the Court's written Order a day later likewise compelling responses "forthwith", Respondents *still* have not answered a single question posed in the information subpoenas, nor have they produced a single document in response to the subpoenas *duces tecum*. Far less than the "full and complete responses" required by the Court (ECF No. 388), Respondents continue to thumb their nose at their clear obligation to respond and, worse yet, at the Court and its authority—effectively daring the Court to hold them in contempt (again) and, perhaps—this time—to impose criminal contempt sanctions.

Since February 2022, the Tribunal has issued five unanimous partial final awards against Respondents—four of which have been confirmed by this Court in judgments affirmed by the U.S. Court of Appeals for the Second Circuit. As the Tribunal and this Court have concluded, "none

---

[1] As the Court is aware, this action arises from an arbitration administered by the International Centre for Dispute Resolution of the American Arbitration Association, captioned *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*, AAA/ICDR Case No. 01-21-0000-4309 (the "Arbitration") and presided over by a panel of three highly qualified and experienced arbitrators (the "Tribunal"). The Arbitration is pending among petitioners Peppertree and AMLQ, Continental Towers LATAM Holdings Limited (the "Company"), and respondents Terra Towers Corp. and TBS Management, S.A. (collectively, "Terra"), respondent and Terra affiliate DT Holdings, Inc. ("DTH" and together with Terra, "Terra/DTH" or "Respondents"), and Terra/DTH's controller, respondent Jorge Hernandez ("Hernandez"). Terra is the majority shareholder of the Company together with minority shareholders Peppertree and AMLQ.

1

of [these awards] has been complied with in any respect." (Apr. 22, 2025 Order (ECF No. 295), at 2.) Under the First Partial Final Award (the "1PFA"), Second Partial Final Award (the "2PFA"), and Fourth Partial Final Award (the "4PFA"), Respondents are obligated to pay Petitioners, collectively, sums totaling over $2 Million (for Petitioners' attorneys' fees, costs, and forum fees) as of this filing, with interest continuing to accrue.[2] Petitioners made repeated demands that Respondents pay these sums, which Respondents ignored. Petitioners thus served information subpoenas and subpoenas *duces tecum* in aid of execution, pursuant to Federal Rule of Civil Procedure 69(a)(2) and New York C.P.L.R. §§ 5223 & 5224, on April 11, 2025.

Respondents still have failed to provide even a single answer or responsive document as of this filing, over ten (10) weeks later, in bald-faced defiance not only of the governing Rules and subpoenas issued thereunder, but also this Court's orders at a hearing on another contempt motion that they answer the subpoenas "forthwith". This is regrettably predictable behavior—wholly consistent with Respondents' past deliberate and repeated flouting of contractual and Court-ordered obligations. The record amply supports contempt sanctions and, while willfulness need not be shown for the Court to hold Respondents in civil contempt, the evident willfulness of their continued refusal to answer lawful subpoenas served in aid of execution of three judgments of this Court amply justifies serious sanctions here. Petitioners therefore respectfully request that the Court find Respondents and their agents in civil and/or criminal contempt, sanction Respondents and their agents accordingly, and award Petitioners their attorneys' fees incurred in connection with this contempt proceeding, and any other sanctions that the Court deems just, proper, and

---

[2] Of course, under the 5PFA, Respondents—including Hernández—are jointly and severally liable to Petitioners for over $300 Million in damages. But the Petition to Confirm the 5PFA, and cross-Motion to Vacate, remain in briefing as of this filing, and Petitioners served the post-judgment discovery in aid of execution of the earlier awards, as confirmed by this Court in judgments affirmed on appeal.

necessary to coerce compliance with the subpoenas, this Court's Orders, and Respondents' post-judgment discovery obligations under the N.Y. C.P.L.R.

## II. FACTUAL BACKGROUND

After more than three years of contentious litigation, Petitioners assume this Court's intimate familiarity with the procedural history and factual background of the instant case. Here, Petitioners recite only the facts relevant to the instant Motion.

On April 11, 2025, Petitioners served (a) a Restraining Notice, Information Subpoena & Subpoena *Duces Tecum* Pursuant to CPLR §§ 5222, 5223 & 5224 directed to Terra; (b) a Restraining Notice, Information Subpoena & Subpoena *Duces Tecum* Pursuant to CPLR §§ 5222, 5223 & 5224 directed to TBS; and (c) a Restraining Notice, Information Subpoena & Subpoena *Duces Tecum* Pursuant to CPLR §§ 5222, 5223 & 5224 directed to DTH. (*See* ECF No. 292).[3] On April 16, 2025, Respondents' counsel, Quinn Smith, responded to confirm receipt of the documents and indicated the intent of Terra, TBS, and DTH to respond. **Ex. 4**. Mr. Smith requested an additional 10 days to respond to the information requests and the subpoenas *duces tecum*, respectively. *Id*. Petitioners agreed to provide Respondents an additional seven (7) days to respond, extending the deadline for their answers to the information subpoena to April 25, 2025, and the deadline for their responses to the subpoena *duces tecum* to May 2, 2025. **Ex. 5**.

In what appears to be yet another attempt to delay and avoid their obligations, in early May 2025, Respondents advised Petitioners that they were "exploring options" to satisfy the monetary portions of the judgments confirming the 1PFA, 2PFA, and 4PFA, by selling certain assets in Peru. To date, Respondents still have not paid the amounts owed, indicated that the Peru assets have

---

[3] True and correct copies of these documents are attached as **Exhibits 1**, **2**, and **3**, respectively. Unless otherwise noted, all exhibits referenced herein refer to exhibits to the Declaration of Katherine M. Poldneff, filed herewith.

3

been sold, or provided responses to the information subpoenas and subpoenas *duces tecum*.

Despite Petitioners' agreement to extend the time for compliance, and despite multiple subsequent attempts to meet-and-confer with Respondents' counsel in good faith in an attempt to secure compliance, *see* **Ex. 6**, Respondents still failed to respond. Accordingly, Petitioners filed a letter motion to compel compliance on June 6, 2025. (ECF No. 364.)[4]

At the June 17, 2025 hearing on Petitioners' Motion for Further Findings of Civil Contempt and Sanctions (ECF Nos. 367-368), the following exchange took place on the record:

> THE COURT: Mr. Smith, why haven't you responded to the information subpoenas?
>
> MR. SMITH: Sir, our client is going to pay, and they offered the asset and—
>
> THE COURT: Guess what?
>
> MR. SMITH: Yes, sir.
>
> THE COURT: ***You're in deliberate contempt of that process***, and if you think, on the basis of a promise that he's going to pay, you're going to get away with it scot-free, you're mistaken. ***Answer them forthwith***.
>
> MR. SMITH: Yes, sir.

(6-17-25 Hearing Tr. at 30:9-19, a true and correct excerpt of which is attached hereto as **Exhibit 7** (emphases added).)

Having verbally ordered Respondents to answer the information subpoenas "forthwith", "[f]or the sake of clarity on the record", the Court subsequently entered a written Order, dated June 18, 2025, granting Petitioners' motion to compel compliance and ordering Respondents "forthwith to provide petitioners with full and complete responses to the information subpoenas and subpoenas *duces tecum* served on each of them." (ECF No. 388.) The Order further expressly

---

[4] Respondents ignored this too, and failed to respond by June 13, 2025, as required under Local Civil Rule 6.1(a).

"advised [Respondents] that any failure to comply with th[e] order may constitute civil and/or criminal contempt of court." (*Id.*)

As of this filing—made a week after the June 17, 2025 hearing—Respondents still have failed to provide Petitioners with full and complete responses—or, indeed, any response at all—to the information subpoenas and subpoenas *duces tecum* served on each of them over ten (10) weeks ago. As the Court aptly put it, Respondents are in "deliberate contempt" of Court. Civil and/or criminal contempt sanctions are warranted and necessary to bring them into compliance.

### III.  ARGUMENT

#### A.  Legal Standard

"Our judicial system could not function if litigants were free to evade lawful orders of the [c]ourt." *United States v. Mongelli*, 857 F. Supp. 18, 21 (S.D.N.Y. 1994). A judgment debtor's "[r]efusal or willful neglect" to comply with a post-judgment discovery subpoena is punishable by contempt. N.Y. C.P.L.R. § 5251. A district court also has inherent authority to hold a party in civil contempt for violation of a court order where (1) the order a party fails to comply with is "clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the [violating party] has not [been reasonably] diligent[ and energetic] in attempt[ing to accomplish what was ordered]." *Chevron Corp. v. Donziger*, 384 F. Supp. 3d 465, 488-89 (S.D.N.Y. 2019) (Kaplan, J.), *aff'd in relevant part*, 990 F.3d 191, 206 (2d Cir. 2021). The moving party need not establish that the "violation was willful." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). "In contrast, in order to hold a [party] in criminal contempt, a court must find that the violation was willful, *i.e.*, that the act was committed with 'a specific intent to consciously disregard an order of the court.'" *Herbalist & Alchemist, Inc. v. Alurent Prods., Inc.*, No. 16 CIV. 9204 (ER), 2018 WL 11219074, at *2 (S.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lynch*, 162 F.3d 732, 735 (2d Cir. 1998)).

"The public interest in orderly government demands respect for compliance with court mandates." *United States v. Petito*, 671 F.2d 68, 72 (2d Cir. 1982). "Though the use of judicial power to secure future compliance with a court order involves civil contempt remedies, the use of such power in the aftermath of past violations can take the form of either civil contempt remedies or criminal contempt punishments, or both." *Universal City Studios, Inc. v. N.Y. Broadway Int'l Corp.*, 705 F.2d 94, 96 (2d Cir. 1983) (citation omitted); *see also Petito*, 671 F.2d at 72 ("A trial court ordinarily first applies the coercive remedy of civil contempt and only makes use of the criminal sanction when the disobedience continues."). "'One who defies the public authority and willfully refuses his obedience, does so at his peril.'" *Id.* (quoting *United States v. United Mine Workers of America*, 330 U.S. 258, 303 (1947)).

### B.     Respondents Are in Contempt of the Court's Order Compelling Responses

Respondents have refused to comply with the information subpoenas and subpoenas *duces tecum* properly served on them by Petitioners for over ten (10) weeks, in violation of their obligations under the N.Y. C.P.L.R. §§ 5223 and 5224 and, more recently, this Court's Orders of June 17 and 18 ordering Respondents to provide "full and complete" responses "forthwith".

*First*, the Court's Order is clear and unambiguous. It expressly requires Respondents "forthwith to provide petitioners with full and complete responses to the information subpoenas and subpoenas duces tecum served on each of them." (ECF No. 388.) The Order further expressly "advised [Respondents] that any failure to comply with th[e] order may constitute civil and/or criminal contempt of court." (*Id.*)

*Second*, the proof of Respondents' noncompliance is clear and convincing. Respondents still have not provided *any* answers to the information subpoenas or responses to the subpoenas *duces tecum*, much less "full and complete responses". They had a duty to do so under the N.Y. C.P.L.R. and this Court's June 17 and 18 Orders.

6

***Third***, Respondents cannot demonstrate any diligent, reasonable, or good-faith efforts to comply with the subpoenas or this Court's Orders compelling compliance therewith. Respondents' contumacy of the Court's orders is ongoing, complete, and escalating.

As the Court is aware, it has "broad discretion to design a remedy that will bring about compliance" with its orders and directives. *Paramedics Electromedicina Comercial*, 369 F.3d at 657; *see also CBS Broad. Inc. v. FilmOn.com, Inc*., 2013 WL 4828592, at *7 (S.D.N.Y. Sept. 10, 2013) ("Courts possess broad discretion to require a party to take affirmative steps when such steps are required to bring that party into compliance with a court order.") (ordering party "to bring himself into compliance with" provisions of court-ordered consent judgment).

Civil and/or criminal contempt sanctions are amply warranted on this record, and the Court should exercise its broad discretion to design strong remedies that will bring about compliance with Respondents' post-judgment discovery obligations and this Court's June 17 and 18 Orders.

## IV.    CONCLUSION

For the reasons set forth above, Petitioners respectfully request that the Court find Respondents and their agents in civil and/or criminal contempt, issue an Order sanctioning Respondents and their agents in a manner that the Court deems just, proper, and necessary to coerce compliance with its orders and Respondents' post-judgment discovery obligations under the N.Y. C.P.L.R., and award Petitioners their attorneys' fees incurred in connection with this contempt proceeding, and such other and further relief as the Court deems just and warranted.

Dated: June 24, 2025                                    Respectfully submitted,

By: */s/ Michael N. Ungar*                              By: */s/ Gregg L. Weiner*
Michael N. Ungar                                        Gregg L. Weiner
(admitted *pro hac vice*)                               Andrew S. Todres
Katherine M. Poldneff                                   Ethan R. Fitzgerald
Ashtyn N. Saltz                                         **ROPES & GRAY LLP**
(admitted *pro hac vice*)                               1211 Avenue of the Americas

**UB GREENSFELDER LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Phone: (216) 583-7000
Fax:    (216) 583-7001
mungar@ubglaw.com
kpoldneff@ubglaw.com
asaltz@ubglaw.com

David A. Landman
**UB GREENSFELDER LLP**
1700 Broadway, Suite 1802
New York, New York 10019-7710
Phone: (917) 262-0470
Fax:    (917) 262-0480
dlandman@ubglaw.com

*Counsel for Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC*

New York, New York 10036-8704
Phone: (212) 596-9000
Fax:    (212) 596-9090
gregg.weiner@ropesgray.com
andrew.todres@ropesgray.com
ethan.fitzgerald@ropesgray.com

Daniel V. Ward
(admitted *pro hac vice*)
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Phone: (617) 951-7000
Fax:    (617) 951-7050
daniel.ward@ropesgray.com

*Counsel for Petitioner AMLQ Holdings (Cay), Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on June 24, 2025. Notice of this filing will be sent to all counsel of record through the Court's electronic notice system.

*/s/ Michael N. Ungar*
*Counsel for Telecom Business Solution, LLC*
*and LATAM Towers, LLC*
