**United States District Court**
**Southern District of New York**

| | |
|---|---|
| Telecom Business Solution, LLC, *et al.*, | Civil Action No.: 1:22-cv-01761 |
| Petitioners, | Judge Lewis A. Kaplan |
| v. | Magistrate Judge Robert W. Lehrburger |
| Terra Towers Corp., *et al.*, | |
| Respondents. | |

**RESPONSE IN OPPOSITION TO PETITIONERS' MOTION FOR FOR CIVIL AND/OR CRIMINAL CONTEMPT SANCTIONS AGAINST RESPONDENTS FOR CONTINUED NON-COMPLIANCE WITH INFORMATION SUBPOENAS AND SUBPOENAS *DUCES TECUM***

Rodney Quinn Smith, II
(admitted *pro hac vice*)
**GST LLP**
78 SW 7th Street, Suite 500
Miami, FL 33130
Phone: (305) 856-7723
Fax: (305) 856-7724
quinn.smith@gstllp.com

Lucila I. M. Hemmingsen
**The Fladgate Firm PC**
305 Broadway, 7th Floor
New York, NY
Phone: (646) 369-5843
lh@hemmingsenadr.com

*Counsel for Respondents and Mr. Hernandez*

Terra Towers Corp.; TBS Management S. de R.L. (together, "Terra"); DT Holdings Inc. ("DT Holdings") (collectively, "Respondents"); and Jorge Hernandez, hereby respond to Petitioners' Memorandum of Law in Support of their Motion for Civil and/or Criminal Contempt Sanctions against Respondents for Continued Non-Compliance with Information Subpoenas and Subpoenas *Duces Tecum*, filed on June 24, 2025 (ECF 392) and June 25, 2025 (ECF 395) (the "Sanctions Motion"), and in support thereof states as follows.

## INTRODUCTION

The Sanctions Motion relates to information subpoenas and subpoenas *duces tecum* (the "Subpoenas") served on counsel on April 11, 2025. ECF 396-1; 396-2; 396-3. The Sanctions Motion describes some of the factual background and legal standards but provide very little by way of precise requests. Sanctions are not warranted against the Terra Parties and Mr. Hernandez, and only a limited sanction could potentially be necessary as to DT Holdings for the reasons described below:

- The Terra Parties have complied with the information subpoenas and have no documents beyond the information provided. The Terra Parties have one asset—their shares in the joint venture company. There is thus no reason to impose sanctions against the Terra Parties.

- Mr. Hernandez is not a party to the judgments at issue or a judgment debtor. Petitioners do not attach any subpoenas that Mr. Hernandez allegedly received. It is unclear if Petitioners even seek sanctions against Mr. Hernandez. Sanctions against Mr. Hernandez are therefore inappropriate.

- DT Holdings has demonstrated past compliance with other discovery obligations and court orders, and it has provided responses to the information subpoena that disclose its assets. It has demonstrated an intent to pay, but its subsidiaries are refusing to provide further financial information to complete responses to the Subpoenas. An initial payment is being collected today for remittance to Petitioners. DT Holdings is desirous of complying but recognizes the current state of affairs. If this is insufficient, DT Holdings proposes a limited, civil contempt sanction of $250 per day, which shall run until compliance with the Subpoenas or satisfaction of the judgment debts, whichever occurs first.

For these reasons and those set forth below, Respondents respectfully request that the Court deny the motions for sanctions as to the Terra Parties and Mr. Hernandez and, if necessary, order a limited fine against DT Holdings.

**BACKGROUND**

*The Subpoenas and the Judgments*

On April 11, 2025, Petitioners served on the undersigned information subpoenas and subpoenas *duces tecum* (the "Subpoenas"). ECF 396-1; 396-2; 396-3. The Subpoenas seek information and documents in relation to the judgment debts ordered by this Court. *See, e.g.*, ECF 396-1, p. 12. Those judgments relate to the confirmation of 1PFA, 2PFA, and 4PFA. *Id*., p. 6. There are no liquidated sums owed in 3PFA. *Id*., pp. 2-3. The total principal amount is $1,967,843.18. *Id*. The post-judgment interest rate is currently 4%,[1] which renders annual interest at $78,713.73. This amount can fluctuate based on the statutory rate. The only parties to the judgments are the Terra Parties and DT Holdings. ECF 124, p. 2; ECF 207, p. 2; ECF 202. Mr. Hernandez is not a party to the judgments. *Id*. The judgments are largely for costs and fees related to the litigation of the first four partial final awards. None of the monetary obligations arise prior to the date of each of the awards.

The Court compelled compliance with the Subpoenas on June 18, 2025. ECF 388. The Terra Parties and DT Holdings served responses to the information subpoenas on June 26, 2025. ECF 408-2; 408-3; 408-4. Those responses were complete, except for account numbers of the subsidiaries of DT Holdings.

---

[1] The post-judgment rate is "the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System." Post-Judgment Interest Rate, available at https://www.uscourts.gov/court-programs/fees/post-judgment-interest-rate. The relevant rate is 4%. Selected Interest Rate Instruments, available at https://fred.stlouisfed.org/release/tables?rid=18&eid=290&od=.

In the responses served by the Terra Parties, they disclosed that they have no assets other than the shares they own in the joint venture company. ECF 408-2, pp. 3-4; ECF 408-3, p. 4. There are no bank accounts or other assets. The Terra Parties have not transferred the shares.

DT Holdings disclosed its assets as the shares of the entities it owns in Latin America. DT Holdings disclosed one bank account in Panama, which was closed. ECF 408-4, p. 2. DT Holdings stated that it would be getting further account information (ECF 408-4, p. 4), but it has been unable to do so. ECF 408-1, p. 2. DT Holdings intends to pay the judgment debts and understands that it will be receiving an initial payment in short order that it can remit in short order to Petitioners.

Petitioners filed the Sanctions Motion, which does not seek sanctions for violations of Rules 26-37 of the Federal Rules of Civil Procedure. ECF 395. The Sanctions Motion does not describe with specificity the sanctions sought. Because the two motions are essentially identical, Respondents and Mr. Hernandez are responding to both on July 9, 2025,

*Compliance with other Orders*

Regarding Judgment No. 1, the FPFA Contemnors have complied with the April 22 Order as of June 4, 2025. ECF 371. Compliance was timely and full. *Id*. The Terra Parties and DT Holdings have thus moved for an order confirming the purging of contempt as to Judgment No. 1.

Regarding Judgment No. 2, the Terra Parties and DT Holdings have sought to comply, providing the declarations of Mr. Hernandez. The individuals in charge of the local entities, all of which are subsidiaries of the joint venture company, not any of the Terra Parties and DT Holdings, have confirmed their intent to comply. ECF 299-2, 299-1. On May 21, 2025, the Terra Parties and DT Holdings informed the Court that the El Salvador Action had been dismissed.

ECF 338-1, p. 2. Following the Court's instructions, a certified translation is being provided. ECF 409.

DT Holdings was required to provide discovery following the hearing on May 21, 2025, on Petitioners' motion for temporary restraining order. DT Holdings provided documents and the deposition of a corporate representative.

## LEGAL ARGUMENT

Petitioners seek both civil and criminal contempt sanctions. ECF 392, p. 8. Respondents thus provide a legal standard for each, both of which are different from the other.

*Civil Contempt*

Civil contempt sanctions "may serve two purposes: 'to coerce the contemnor into complying in the future with the court's order, or to compensate the complainant for losses resulting from the contemnor's past noncompliance.'" *United Fabrics Int'l, Inc. v. Metro 22, Inc.*, 2016 WL 6310775, at 3 (S.D.N.Y. Oct. 27, 2016) (quoting *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 56 (2d Cir. 1982)). "Where the contempt sanction is coercive, a district court has broad discretion to design a remedy that will bring about compliance." *Cordius Trust v. Kummerfeld Assoc.*, No. 1:99-cv-03200, 15-16 (S.D.N.Y. Oct 23, 2009) (citations omitted). Still, "a court is obliged to use the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (citation omitted). Despite their broad discretion, in the civil contempt context, compensatory sanctions may only be awarded to compensate for harm actually suffered as a result of the contemptuous conduct. *Joint Stock Company Channel One Russia Worldwide v. Infomir LLC*, No. 1:16-cv-01318, 14-15 (S.D.N.Y. Sep 28, 2018).

*Criminal Contempt*

A district court judge can hold an individual in criminal contempt and impose corresponding fines under 18 U.S.C. § 401. *Doral Produce Corp., et al v. Paul Steinberg Assoc., Inc.,* 347 F.3d 36 (2d Cir. 2003). There must be fair notice of the court's commands before being punished for failing to comply, and criminal contempt is punishable only where it is "willful." *United States v. Lynch*, 162 F.3d 732, 734 n. 2 (2d Cir.1998). There must also be either "a specific intent to consciously disregard an order of the court," or the defendant "knows or should reasonably be aware" he or she is in the wrong. *Doral Produce Corp.*, 347 F.3d 36 (2d Cir. 2003) (internal citations omitted).

**I.     There is no basis for contempt sanctions against the Terra Parties or Mr. Hernandez**

The only relevant entity or individual for the present discussion is potentially DT Holdings. The Terra Parties have no assets other than their shares in the Company. They have no bank accounts and have not transferred anything. The Terra Parties have no documents to produce other than the share registry of the joint venture company, a document with which all involved are intimately familiar. The Terra Parties have complied with their obligations under the information subpoenas. There is thus no basis for contempt sanctions directed at the Terra Parties.

Mr. Hernandez presents a different situation but the same outcome. Mr. Hernandez is not a party to the judgments that form the basis for the subpoenas. When the Subpoenas were issued, none of which are directed at him, he was not a party to the lawsuit, and there is no argument that any of the entities are an *alter ego* of Mr. Hernandez. The arbitral tribunal did not decide as much, and Mr. Hernandez has no personal obligation to pay the judgment debts. The focus is

therefore DT Holdings, with no basis for any contempt sanctions against the Terra Parties or Mr. Hernandez.

  II.  **Without any basis for compensatory sanctions, any coercive measures should be limited**

  The fact of post-judgment discovery misconduct "does not permit plaintiffs to end-run this rule and obtain a damages award to which they would not otherwise be entitled." *Joint Stock Company Channel One Russia Worldwide*, No. 1:16-cv-01318 at 3. Coercive fines can be applied, but the amounts can be $100 to $250 per day. *See, e.g., Martinenko v. 212 Steakhouse Inc.*, No. 1:22-cv-00518, 28-29 (S.D.N.Y. Apr 12, 2023). If the Court decides that it is warranted, such a sanction is appropriate in this case.

  The Terra Parties have complied with the information subpoenas, and because they have no assets other than their shares in the joint venture company, further discovery orders or sanctions are unnecessary. As to DT Holdings, it is attempting to comply but has faced issues with procuring responses from its subsidiaries. ECF 408-1, p. 2. The subsidiaries are not responding or providing information in the form of a certification. *Id*. DT Holdings is collecting an initial payment for remittance to Petitioners. It also is cognizant of its discovery obligations. Should the above attempts be insufficient, and in light of the relatively small size of the judgment (in relation to the amounts sought in 5PFA), DT Holdings proposes a daily fine, as a civil contempt sanction, of $250 until it provides the documents in the subpoena *duces tecum* or satisfies the judgment debt. This amount should accrue as a judgment for the United States. DT Holdings hopes that this fine will help it in requiring compliance from its subsidiaries.

  While the amount is less than the sanctions imposed in the April 22 Order, there are circumstances militating in favor of a smaller fine. DT Holdings has expressed its intent to fully satisfy the pending judgment debt, which has a principal of $1,967,843.18 and annual interest

under the post-judgment rate of 4%, which equates to $6,559.47 per month. The proposed fine would be larger than the monthly interest. The fine is thus substantial in relation to the amount owed.

DT Holdings is not a totally recalcitrant judgment debtor. In addition to its efforts to satisfy the monetary judgment, it has complied with discovery ordered on May 21, 2025, and provided responses to the information subpoena, although it lacks account information as to the bank accounts of its subsidiaries. DT Holdings has offered assets to satisfy the judgment debts and is gathering the funds for an initial payment. It has adhered to the court's deadlines. If this is insufficient, DT Holdings thus proposes a limited fine as being appropriate.

### III. Respondents have shown there is no willful failure to comply

The only relevant actions are those of DT Holdings, which has largely complied with the information subpoenas and attempting to comply with the subpoena *duces tecum*. It has procured information regarding one asset, which is currently for sale. Those proceeds will then be loaned to DT Holdings so that it can satisfy the judgments. DT Holdings is not hiding the identity of the asset or trying to direct its subsidiary to abscond with the sale proceeds. Criminal contempt sanctions are unwarranted.

#### A. Anything other than a limited fine would exceed the scope of the Court's authority and the case plead by Petitioners

Petitioners do not describe the sanctions they seek. ECF 392, p. 8. Respondents thus address the sanctions normally sought, all of which should only be civil contempt sanctions.

##### 1. An adverse inference would be inappropriate

The party seeking an adverse inference must show "(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is

'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corporation v. Degeorge Financial Corp.,* 306 F.3d 99 (2d Cir. 2002). Relevance is "something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence." *Id*. Some courts have considered whether the requesting party "suffered prejudice as a result of the loss or withholding of evidence." *Joint Stock Company Channel One Russia Worldwide*, No. 1:16-cv-01318 at 12-13.

While DT Holdings has an obligation to produce the evidence, Petitioners have not shown a culpable state of mind or relevance of the missing evidence. DT Holdings is attempting to obtain the information requested and has had limited success. DT Peru has produced some documents, but other subsidiaries have refused or produced certifications prepared by their accountants. DT Holdings has only one bank account, which is closed. The primary assets of DT Holdings are the shares that it owns in its subsidiaries, and those shares have not been transferred. DT Holdings has identified the entities, and should Petitioners wish to attach the shares, DT Holdings has provided sufficient information to do so.

Should Petitioners seek any sort of adverse inference, it would not prove anything relevant to the claim for the judgment debts. The Terra Parties have engaged in the sale process, which would hopefully satisfy the amounts owed. DT Holdings has offered to convey assets, *in lieu* of cash, but Petitioners have rejected this offer. Any adverse inference would only prove that which already exists: DT Holdings's assets are the shares in the subsidiaries it owns, and to the extent those subsidiaries have assets that can be sold then conveyed to DT Holdings and then to Petitioners, that process is already underway. Any adverse inference would not prove that the judgment debts are more due and owing than they are today, nor would it advance any other claim that Petitioners have as to those debts.

2. <u>There are no other sanctions more appropriate than a limited coercive fine</u>

Petitioners have a method to recoup the time value of the money lost, which is the post-award, then post-judgment, interest. That interest is currently accruing at a rate of $1,513.73 per month, based on the current post-judgment statutory rate. The limited fines proposed would hopefully have the coercive effect necessary to urge DT Holdings's subsidiaries to comply. Any further amount should not be paid to Petitioners. They have the benefit of post-judgment interest, and the asset being sold exceeds the amount of the judgment debt.

Any arrest orders would be inappropriate. As Respondents have argued in the past, an arrest order should not issue since none of Respondents are in the United States or routinely visit the United States. *See Spectacular Venture, L.P. v. World Star International, Inc.*, 927 F. Supp. 683, 685 (S.D.N.Y. 1996). Such an order would also be unnecessary. The Terra Parties have already complied and shown their willingness to comply with past orders. They duly participated in the meeting of the board of directors to engage an investment bank and are participating in the sale process. The Terra Parties have proposed resolutions that led to the dismissal of the El Salvador Action and are urging the vacatur of the BVI Actions. DT Holdings has complied with discovery obligations related to temporary restraining order that Petitioners have abandoned. The Terra Parties and DT Holdings have responded to the information subpoenas. In light of this level of compliance, any arrest order would be unnecessary and unwarranted.

## Conclusion

For the foregoing reasons, Respondents and Mr. Hernandez respectfully request that the Court deny the motions for sanctions as to the Terra Parties and Mr. Hernandez and, in the event that DT Holdings's efforts are insufficient, grant nothing more than a daily fine, in the name of

the United States, of $250 until DT Holdings complies with the subpoena *duces tecum* or satisfies the judgment debts, whichever comes first.

Dated: July 9, 2025                                              Respectfully submitted,

      /s/                                                                          /s/
Rodney Quinn Smith II                                     Lucila I. M. Hemmingsen
(admitted *pro hac vice*)                                  **The Fladgate Firm PC**
**GST LLP**                                                        305 Broadway, 7th Floor
78 SW 7th Street, Suite 500                            New York, NY
Miami, FL 33130                                              Phone: (646) 369-5843
Phone: (305) 856-7723                                    lh@hemmingsenadr.com
quinn.smith@gstllp.com

*Counsel for Respondents and Mr. Hernandez*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), I hereby certify that this document complies with the word count limitations. There are 3,028 words in this document.

*/s/ Quinn Smith*
Rodney Quinn Smith II