**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Telecom Business Solution, LLC, *et al.*, | Civil Action No.: 1:22-cv-01761 |
| Petitioners, | Judge Lewis A. Kaplan |
| v. | |
| Terra Towers Corp., *et al.*, | Magistrate Judge Robert W. Lehrburger |
| Respondents. | |

**PERU NON-PARTIES' MEMORANDUM OF LAW IN SUPPORT OF
RENEWED MOTION FOR RECONSIDERATION OF, OR ALTERNATIVELY,
FOR RELIEF FROM, APRIL 22, 2025 MEMORANDUM OPINION [DKT 295] AND
JULY 7, 2025 MEMORANDUM OPINION ON RECONSIDERATION [DKT 406]**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii
BACKGROUND ........................................................................................................................... 1
I.     THE APRIL 22, 2025 CONTEMPT ORDER .................................................................. 1
II.    THE PROCEEDINGS ON RECONSIDERATION ......................................................... 2
III.   THE EVENTS AFTER ENTRY OF THE JULY 7 ORDER ........................................... 4
ARGUMENT .................................................................................................................................. 7
I.     LEGAL STANDARD ....................................................................................................... 7
     A.    Motion for Reconsideration ................................................................................... 7
II.    THE COURT SHOULD VACATE THE CONTEMPT ORDER AND THE
         JULY 7 ORDER AGAINST THE PERU NON-PARTIES ............................................. 8
CONCLUSION ............................................................................................................................. 10
CERTIFICATE OF SERVICE ..................................................................................................... 11
CERTIFICATE OF COMPLIANCE ............................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aczel v. Labonia*,
   584 F.3d 52 (2d Cir. 2009) ................................................................................................. 8

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*,
   970 F.3d 133 (2d Cir. 2020) ................................................................................................ 8

*In re New Oriental Ed. & Tech. Group Sec. Lit.*,
   293 F.R.D. 483 (S.D.N.Y. 2013) ......................................................................................... 8

*In re Optimal U.S. Litig.*,
   813 F.Supp.2d 383 (S.D.N.Y.2011) .................................................................................... 7

*Telecom Business Solutions S.R.L. et al. v. Continental Towers Holding Corp., et al.*,
   Case No. BVIHCOM2024/0577 .................................................................................. *passim*

*United Airlines, Inc. v. Brien*,
   588 F.3d 158 (2d Cir. 2009) ................................................................................................ 8

**Other Authorities**

Fed. R. Civ. P. 54(b) ............................................................................................................. 1, 4, 7

Fed. R. Civ. P. 59(e) ............................................................................................................. 1, 4, 7

Fed. R. Civ. P. 60 ......................................................................................................................... 8

Fed. R. Civ. P. 60(b) ............................................................................................................. 4, 7, 8

Fed. R. Civ. P. 60(b)(1) ................................................................................................................ 8

Fed. R. Civ. P. 60(b)(6) ................................................................................................................ 8

Fed. R. Civ. P. 60(c)(1) ................................................................................................................ 8

Local Civil Rule 6.3 .............................................................................................................. 1, 4, 7

Pursuant to Local Civil Rule 6.3 and Fed. R. Civ. P. 54(b), 59(e) and/or 60(b), non-parties—Telecom Business Solution S.R.L., Continental Towers Peru, S.R.L., Collocation Technologies Peru, S.R.L., Magali Merino Ascarrunz, and Alejandro Garzaro Perez ("**Peru Non-Parties**")—move for renewed reconsideration of: (i) the April 22, 2025 *Memorandum Opinion* (Dkt 295, "**Contempt Order**"), as it relates to them *only*; and (ii) the July 7, 2025 *Memorandum Opinion* denying reconsideration/modification of the Contempt Order (Dkt 406, "**July 7 Order**").

Specifically, without waiving their asserted defenses to lack of personal jurisdiction and due process, the Peru Non-Parties respectfully renew their request to modify the Contempt Order. The July 7 Order denies modification because the Peru Non-Parties' request for a release (from the Board of Continental Towers Latam Holdings Limited ("**Continental**")), "appears to be the proximate barrier to compliance" with the Contempt Order. After receiving that ruling, the Peru Non-Parties confirmed to the Board their willingness to cooperate in seeking to terminate the Peru-Related BVI Proceeding (as defined below) and to set aside the Recognition Order (as defined below) issued by the BVI Court, unconditionally and without any requirement of a prior release by Continental.

## BACKGROUND

### I.  The April 22, 2025 Contempt Order

The Court entered the April 22, 2025 Contempt Order based on Petitioners' request for an anti-suit injunction and civil contempt sanctions. *See* Dkt 295 at 1-2 (citing Dkt 243). The Contempt Order imposes coercive civil contempt sanctions against the named Respondents and certain non-parties, including the Peru Non-Parties, to terminate several foreign proceedings and vacate any relief granted to them in the foreign proceedings, or risk significant coercive civil fines, starting on May 6, 2025 (fourteen days after entry of the Contempt Order). *See* Dkt 295 at 43-51.

As relevant to this renewed motion, the Contempt Order requires that the named Respondents, as well as Jorge Hernandez, and the Peru Non-Parties terminate, and vacate any relief granted in certain

proceedings in the British Virgin Islands. Dkt 295 at 16-19, 33-36, 50 [§ 7.14]. Those BVI proceedings refer to *Telecom Business Solutions S.R.L. et al. v. Continental Towers Holding Corp., et al.*, Case No. BVIHCOM2024/0577 (Dkt 295 at 50 [§ 7.14]) ("**Peru-Related BVI Proceeding**"), which led to the entry of the "**BVI Recognition Order**" (*see* Dkt 323 at 9). As it relates to the Peru Non-Parties, the coercive civil fines are applicable only to Magali Marino Ascarrunz and Alejandro Garzaro Perez, individually. Dkt 295 at 48. The remaining Peru Non-Parties (the three entities) are specifically carved out of the imposition of the coercive fines or entry of money judgments for such fines in paragraph 8 of the Contempt Order. Dkt 295 at 50.

## II.     The Proceedings on Reconsideration

*The Motion for Reconsideration and Modification*—The Peru Non-Parties moved for reconsideration of the Contempt Order on the grounds that the Court does not have personal jurisdiction over them and, as non-parties, they were not afforded due process before the Contempt Order was entered against them. Dkt 322, 323, 324, 325. Without waiving those asserted defenses, in that same motion, the Peru Non-Parties asked for modification of the Contempt Order because, since they learned of the Contempt Order on April 28, 2025, they have been working diligently with the Continental Board to effectuate the intent of their resolutions aimed at complying with the injunction granted in the April 22 Contempt Order. Dkt 323 at 1-2, 9-11, 22-23.

As explained in the Peru Non-Parties' reconsideration motion and reply (Dkt 323 at 9-11; Dkt 359 at 6-7), the Peru Non-Parties contacted the BVI law firm of Walkers, which explained the three potential courses of action available for vacating the Recognition Order—the most viable and cost-efficient being the one identified as Option 3. That option requires that Continental itself apply to set aside the Recognition Order and submit with the application a consent order that will be joined by the Peru Non-Parties to discharge the Recognition Order. Dkt 310-7 at ¶ 10.

2

The Peru Non-Parties communicated to Continental's Board the outcome of their consultations with Walkers and twice sought confirmation on how to proceed given the options available under BVI law. *Id*. On the evening of May 5, the date compliance with the Contempt Order's injunction was due, the Peru Non-Parties received Continental's Resolution confirming its instruction to terminate the Peru Related BVI Action. The Resolution, however, was silent as to which course of action to follow. Dkt 323 at 9.

In the ensuing days, the Peru Non-Parties did not receive clear direction from the Continental Board as to which option to pursue and instead, received conflicting instructions, with the directors appointed by Petitioners flat out rejecting that Continental collaborate in pursuing Option 3, thereby causing delay. *See* Dkt 360 & 361 (*Supplemental Declarations of Merino and Garzaro*), at ¶16 and ¶17, respectively.

**The July 7, 2025 Order on Reconsideration and Modification**—In its July 7 Order, this Court ruled in relevant part that the Peru Non-Parties' efforts to work with the Continental Board to purge the contempt were not enough to warrant modification of the Contempt Order because the Peru Non-Parties had requested a release of liability when communicating with the Continental Board:

> In the alternative, the Peru Contemnors state that the April 22 Opinion — which afforded them fourteen days in which to purge their contempt by terminating the Peru-Related BVI Action and vacating any relief granted to them in that proceeding — "needs modification" in consideration of the their [sic] attempts to comply with it. While the Peru-Related BVI Action has not been terminated nor the relief the Peru Contemnors there obtained vacated, the Peru Contemnors rely on a declaration from a BVI lawyer who has recommended that the best way to vacate the BVI judgment would be the filing of an application by the Company seeking to set aside the judgment, made with the consent of the Peru Non-Parties. The Peru Contemnors state that they have purged their contempt because they have agreed to consent to such a motion, but that Petitioners have refused to go along to this approach. As always, the devil is in the details.
>
> The Peru Contemnors' offer to consent to such a motion by the Petitioners was not unconditional. Rather, the offer to consent was conditioned on Petitioners absolving

3

> the Peru Contemnors of any "potential past, present, or future liability of any kind." Peru Contemnors do not dispute having insisted on this demand.
>
> The Court assumes (without deciding) that the best and most expeditious means of accomplishing in the BVI what this Court has required is to pursue the route recommended by the Peru Contemnors' BVI lawyer — an application by the Petitioners with the expressed consent of the Peru Contemnors. And while it may be — as the Peru Contemnors put it — "understandable" why they would seek broad absolution from any liability to Petitioners, just as it may be "understandable" why a vendor might seek an excessive price in a sale of any goods and services, neither have any right to receive their hearts' desires. The Peru Contemnors' demand for absolution is entirely unjustified. It is just a bald faced attempt to extract something to which they are not entitled in exchange for doing what they have a legal obligation to do. Their insistence on absolution from liability as a quid pro quo for getting rid of the Peru-Related BVI Action is without any proper basis.
>
> Even if Peru Contemnors are correct that they cannot terminate unilaterally the Peru-Related BVI judgment, their unreasonable insistence on a broad liability waiver appears to be the proximate barrier to compliance with the Court's order. Accordingly, Peru Contemnors' supposed attempts at compliance with the April 22 Opinion do not warrant a modification or a stay of the contempt sanctions.

Dkt 406 at 9-10 (footnote citations omitted).[1]

### III. The Events After Entry of the July 7 Order

After the Court entered its July 7 Order, the Class A Directors of the Continental Board (the Terra Directors) wrote to the Peru Non-Parties on July 18, 2025, agreeing to proceed with Option 3 to terminate the Peru-Related BVI Proceeding and set aside the BVI Recognition Order, without such actions being subject to any release or waiver of liability. In pertinent part, they stated as follows:

> As Class A Directors, we are actively monitoring the Peru-related BVI Action in the interest of the Company.
>
> In an email dated May 9, 2025, the Class B Directors (the Peppertree Directors), referenced the law firm Maples & Calder—who are not counsel to Continental

---

[1] The Court analyzed the Peru Non-Parties' motion for reconsideration, which was filed pursuant to Local Rule 6.3 and Fed. R. Civ. P. 59(e) and 60(b), under Rule 54(b) instead, based on which "a Court may reconsider any decision or order before the entry of final judgment." Dkt 406 at 5, n. 14 (noting that, "[a]lthough the April 22 Opinion contemplates the entry of judgments against Peru Contemnors, no such judgments have been entered").

4

> Towers Latam Holdings Ltd.—and indicated that this firm had sent correspondence to the law firm Walkers. That message stated, verbatim:
>
> "... addressing the representations in your May 8 letter and demanding that you take the appropriate steps to comply with the valid and binding SDNY injunction and sanctions order. We agree with the positions set forth therein and will not engage in a legal debate with you regarding what steps are necessary in the BVI Court for Respondents and the Peru Contemnors to comply with their obligations. That is a discussion for counsel."
>
> To this date, we don't know if there was ever a counsel discussion; however, with the support of our legal counsel, we reviewed both your May 5 letter to the Board of Directors and the note signed by Maples & Calder. Our conclusion is that consistent with the legal principle of procedural economy and as the most cost-effective alternative, the Company should proceed as proposed by Walkers under what is referred to as option (iii), which we quote verbatim below:
>
> "(iii) that respondents, i.e. the Company, Telecom Business Solution LLC and LatamTowers LLC (the latter two being 'Peppertree'), be the ones applying to set aside the Recognition Order and submitting with the application a consent order that will be joined by the Applicants for the discharge of the Recognition Order."
>
> Accordingly, as Class A Directors of Continental Towers Latam Holdings Ltd., we ratify the instruction to move forward—without further delay—with the legal course of action proposed by Walkers, as stated in the content and documents of our email dated May 3, 2025 (attached here).
>
> This action must not be subject to or conditioned upon the issuance of releases, waivers of liability, or any equivalent commitments under any circumstances.
>
> We trust in your prompt and coordinated cooperation to ensure the proper execution of this instruction, in the best interest of the Company.

*See* Declaration of Jorge Alejandro Garzaro Perez (the "Garzaro July 21 Declaration"), attaching as Exhibit 1 the Terra Directors' July 18, 2025 email to the Peru Non-Parties.

The Peru Non-Parties immediately responded by confirming to the Continental Board their readiness, willingness, and ability to cooperate in seeking to terminate the Peru-Related BVI Proceeding and set aside the BVI Recognition Order, unconditionally and without any requirement of a release by Continental. *See* Garzaro July 21 Declaration, attaching as Exhibit 2 the Peru Non-Parties' Letter to the Continental Board, dated July 20, 2025.

5

We make reference to the latest communication from the Class A Directors of the Company dated July 18, 2025, and also, once again, to the Written Resolution from the Board of Directors of the Company dated May 5, 2025 (the "**Resolution**") to reiterate, unambiguously, that Telecom Business Solution, S.R.L., Collocation Technologies Peru, S.R.L., and Continental Towers Peru, S.R.L., (the "**Peruvian Entities**"), and us as their General Managers, are all, without exception, willing in good faith to collaborate with the Company to effectuate your request to (i) vacate, dismiss, terminate and/or withdraw the BVI Proceeding[1] and (ii) set aside the Recognition Order issued therein by the BVI Court.

We have expressed the foregoing in preceding communications. We do so here again, making patently clear that this intent is communicated without any preconditions.

We thus hereby confirm our willingness to cooperate in seeking to set aside the Recognition Order, unconditionally and without any requirement of a prior release by the Company, its directors, or shareholders. We reiterate our willingness to take the necessary actions to that end, as we have been proposing since May of 2025, as part of our ongoing commitment to the Peruvian Entities and to safeguard their interests.

As such, the Peruvian Entities and their General Managers are ready, willing, and able to act immediately following the advice of our BVI counsel, Walkers, and assist the Company in applying to set aside the Recognition Order and submitting, together with the application, a consent order to be joined by the Peruvian Entities and us. As you know, as of today's date, this remains the most straightforward and cost-effective option, with the greatest chances of success, to implement the intent of the Resolution without unnecessary delay. We have already received the instruction from the Class A Directors to proceed in this manner; however, it is also essential that the Class B Directors also expressly confirm their agreement so that we can move forward with the preparation of the papers in anticipation of the filing in the BVI (that will be made by the Company, with the consent of the Peruvian entities and us as their General Managers as has been previously outlined).

Please both, Class A and Class B Directors of the Company, confirm to us at your earliest convenience your openness to proceed in this manner.

We conclude this communication by reiterating that the fact that Telecom Business Solution, S.R.L., Collocation Technologies Peru, S.R.L., and Continental Towers Peru, S.R.L., and we as their General Managers, express our willingness to address the requests outlined in item 1 of the Resolution and take the actions within our reach in that regard, shall not and cannot be construed neither as acceptance of, or consent to, the jurisdiction or authority of the United States District Court for the Southern District of New York over the Peruvian Entities we represent or over ourselves personally, nor as an acceptance or admission of liability. Telecom Business Solution, S.R.L., Collocation Technologies Peru, S.R.L., Continental

> Towers Peru, S.R.L., and we personally, hereby make the broadest possible reservation of rights and specifically do not waive same.

*Id.*

To date, the Class B Directors appointed by Peppertree have not yet expressed their agreement that the Peru Non-Parties pursue Option 3 in the BVI (even with no release). This is fundamental to move forward. As noted, to set aside the Recognition Order pursuant to the more viable and expeditious Option 3, affirmative action by Continental, which can only act through the consensus of its entire Board, is required. While the Peru Non-Parties will instruct Walkers to prepare the necessary documents, the filing cannot be presented without Peppertree's approval.

## ARGUMENT

### I. Legal Standard

#### A. Motion for Reconsideration

***Local Civil Rule 6.3***—Under Local Civil Rule 6.3, a motion for reconsideration must be filed within fourteen days of the court's order and is committed to the sound discretion of the court. *See In re Optimal U.S. Litig.,* 813 F.Supp.2d 383, 403 (S.D.N.Y.2011). "[R]econsideration may be granted where the moving party points to matters that 'might reasonably be expected to alter the conclusion reached by the [C]ourt,'") (citation omitted). A motion for reconsideration also may be granted to "correct a clear error or prevent manifest injustice." *In re Optimal U.S. Litig.*, 813 F.Supp.2d at 387 (internal quotations and citations omitted).

***Federal Rules of Civil Procedure 54(b), 59(e), and 60(b)***—As the Court noted in its July 7 Order, Fed. R. Civ. P. 54(b) allows the Court to "reconsider any decision or order before the entry of final judgment." Dkt 406 at 5, n. 14 (noting that, "[a]lthough the April 22 Opinion contemplates the entry of judgments against Peru Contemnors, no such judgments have been entered").

7

To the extent the July 7 Order is treated as final, Rule 59(e) permits a motion to "alter or amend a judgment" within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion may be granted to correct a clear error, prevent manifest injustice, or account for newly discovered evidence or intervening change in controlling law. *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142–43 (2d Cir. 2020).

Lastly, Rule 60(b) permits a motion for relief from a judgment or order for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(1), (6). A Rule 60(b) motion must be filed within a "reasonable time," no later than one year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). The Rule "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice and it constitutes a grand reservoir of equitable power to do justice in a particular case." *In re New Oriental Ed. & Tech. Group Sec. Lit.*, 293 F.R.D. 483, 488 (S.D.N.Y. 2013) (granting, in part, Rule 60 motion). "Relief [under Rule 60(b)(6)] is warranted where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *United Airlines, Inc. v. Brien,* 588 F.3d 158, 176 (2d Cir. 2009) (citation omitted); *see also Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## II. The Court Should Vacate the Contempt Order and the July 7 Order Against the Peru Non-Parties

As set out above, based on this Court's July 7 Order, the Peru Non-Parties have confirmed to the Continental Board that they are ready, willing, and able to consent to the termination of the Peru-Related BVI Proceeding and to set aside the BVI Recognition Order, unconditionally and without any requirement of a prior release by Continental. *See* Garzaro July 21 Declaration, attaching as Exhibit 2 the Peru Non-Parties' Letter to the Continental Board, dated July 20, 2025.

8

To date, the Peru Non-Parties have not heard from the other directors of the Continental Board (the Class B Directors appointed by Peppertree) in response to the email from the Class A Directors appointed by Terra of July 18, 2025, and the Peru Non-Parties' response of July 21, 2025, to that communication, which they received.  The Peru Non-Parties have made their position clear: based on this Court's July 7 Order, they have removed any request for a release/waiver (as at no point have the Peru Non-Parties intended to create a barrier to comply with the Contempt Order), so that Continental can pursue Option 3 to terminate the Peru-Related BVI Proceeding and set aside the BVI Recognition Order.  At this point, the Peru Non-Parties have done everything they can to facilitate Respondents' compliance with the Contempt Order.[2]

As previously discussed, as a practical matter, the Contempt Order needs to be modified because setting aside the Recognition Order issued in the Peru-related BVI Proceeding will take longer than the two-week timeframe provided in the Contempt Order.  *See* Dkt 323 at 9-11.  Also, for Ms. Merino and Mr. Garzaro, the amount of the coercive fines are excessive; they cannot afford to pay the fines.  *See* Dkt 360 & 361 (*Supplemental Declarations of Merino and Garzaro*), at ¶11; *see also* Dkt 295 at 48, 50 (as it relates to the Peru Non-Parties, the coercive civil fines are applicable only to Ms. Merino and Mr. Garzaro, individually; the remaining Peru Non-Parties (the three entities)

---

[2] Petitioners, on the other hand, continue to seek the imposition of coercive sanctions against the Peru Non-Parties, while at the same time mischaracterizing the suggestion by Walkers to pursue Option 3 as shifting the onus for compliance to Continental claiming that Continental cannot pursue such course of action because it does not have BVI counsel.  That argument is flawed because the Peru Non-Parties offered to have Walkers prepare the submission required to pursue Option 3, which would require Continental to simply sign the papers at *no cost*.  *See* Dkt 360 & 361 (*Supplemental Declarations of Merino and Garzaro*), at ¶18.

At no point since the Peru Non-Parties provided the Continental Board with the courses of action available in the BVI for setting aside the Recognition Order have Petitioners cooperated with the Peru Non-Parties or attempted to find a workable resolution to accomplish same.  Instead, Petitioners have opted to challenge Walkers' advice with opinions from Petitioners' own BVI counsel, Maples.  *See* Dkt 354.  Moreover, as previously mentioned, Continental acts through its Board.  Therefore, a duly executed resolution directing Continental to pursue Option 3, which requires that Continental be the one to seek to vacate the Recognition Order, together with a consent by the Peru Non-Parties, which they have unconditionally agreed to do, is needed.  In light of the foregoing, the only reason Option 3 has not been pursued yet is Petitioners and their Directors' unwillingness to do so (and not a condition by the Peru Non-Parties).

are specifically carved out of the imposition of the coercive fines or entry of money judgments for such fines in paragraph 8 of the Contempt Order).

As a result, without waiving their asserted defenses of lack of personal jurisdiction and lack of due process, which are specifically preserved and not waived, the Peru Non-Parties respectfully renew their request to modify the Contempt Order as it applies to them only and the July 7 Order. Specifically, in light of the immediate steps taken to comply with the Court's directives and the time needed to set aside the Recognition Order in the Peru-Related BVI Proceeding under the most efficient Option 3—the Court should modify the Contempt Order and the July 7 Order to:

(i) extend the time for compliance (subject to monthly status reports) consistent with the timeframes associated with the options set out in the Walkers Declaration; and

(ii) eliminate the coercive civil fine provisions against the individual Peru Non-Parties, Ms. Merino and Mr. Garzaro.

## CONCLUSION

For these reasons, the Peru Non-Parties respectfully ask the Court to reconsider its Contempt Order (Dkt 295) and its July 7 Order (Dkt 406) as to the Peru Non-Parties only, and modify those Orders, as stated above, and for such other and further relief as the Court deems just and proper.

Dated: July 21, 2025

                                              Respectfully submitted,

                                              /*s*/ *Eduardo de la Peña Bernal*

| **PRYOR CASHMAN LLP** | **SHUTTS & BOWEN LLP** |
|---|---|
| James Stephen O'Brien , Jr | Eduardo De la Peña Bernal |
| Erik Bakke | Aliette D. Rodz |
| 7 Times Square, Ste. 40th Floor | Martha Ferral |
| New York City, NY 10036 | 200 S. Biscayne Blvd., Ste. 4100 |
| (212) 421-4100 | Miami, FL 33131 |
| Fax: (212) 326-0806 | (305) 358-6300 |
| ebakke@pryorcashman.com | edelapena@shutts.com |
| jobrien@pryorcashman.com | arodz@shutts.com |
| | mferral@shutts.com |

*Counsel for Peru Non-Parties, Telecom Business Solution S.R.L., Continental Towers Peru, S.R.L., Collocation Technologies Peru, S.R.L., Magali Marino Ascarrunz, and Alejandro Garzaro Perez*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on July 21, 2025. Notice of this filing will be sent to all counsel of record through the Court's electronic notice system.

                                              /s/ *Eduardo de la Peña Bernal*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the word count limitations of Local Civil Rule 7.1(c)—the memorandum of law consists of 3,425 words.

                                              /s/ *Eduardo de la Peña Bernal*