**United States District Court**
**Southern District of New York**

| | |
|---|---|
| Telecom Business Solution, LLC, *et al.*, | Civil Action No.: 1:22-cv-01761 |
| Petitioners, | Judge Lewis A. Kaplan |
| v. | Magistrate Judge Robert W. Lehrburger |
| Terra Towers Corp., *et al.*, | |
| Respondents. | |

**MEMORANDUM OF LAW IN SUPPORT OF MR. HERNANDEZ'S**
**CROSS-PETITION TO VACATE THE FIFTH PARTIAL FINAL AWARD**

Rodney Quinn Smith, II
(admitted *pro hac vice*)
**GST LLP**
78 SW 7th Street, Suite 500
Miami, FL 33130
Phone: (305) 856-7723
Fax: (305) 856-7724
quinn.smith@gstllp.com

Lucila I. M. Hemmingsen
**The Fladgate Firm PC**
305 Broadway, 7th Floor
New York, NY
Phone: (646) 369-5843
lh@hemmingsenadr.com

*Counsel for Jorge Hernández*

TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 1

ANALYSIS ..................................................................................................................................... 2

    I.    **The Court should reject the Opposition's overly expansive view of arbitral powers** ........................................................................................................ 2

        A.    The Opposition muddies the waters as to the claims for Ongoing Breach, the Torrecom Rejection, and the creation of new, equitable claims and remedies ........ 3

        B.    The Opposition struggles to identify the claims that could be a partial award, and it provides no basis for the tribunal's systematic failure to apply its own findings ............................................................................................................ 8

        C.    The Opposition fails to engage with the tribunal's manifest disregard of New York law .................................................................................................................... 9

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Arrowood Indemnity Company v. Equitas Insurance Limited*, No. 1:13-cv-07680, 9-10 (S.D.N.Y. May 14, 2015)..................................................................................................................8,9

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 947 (1995) ...................................3,4

*Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 68 (2d Cir. 2021).................................................6

*Hartford Fire Ins. Co. v. The Evergreen Org., Inc.*, 410 F.Supp.2d 180 (S.D.N.Y. 2006)...............6

*Hernandez v. Telecom Bus. Sol., LLC*, 2024 WL 3401092 (S.D.N.Y. July 12, 2024) .....................2

*Metzler Inv. Gmbh*, 970 F.3d 133, 142 (2d Cir. 2020) ...................................................................8

*Mobius Mgmt. Sys. Inc. v. Technologic Software Concepts, Inc.*, 2002 WL 31106409 (S.D.N.Y. Sept. 20, 2002) ................................................................................................................5

*Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama, S.A.*, 312 F.2d 299, 301 (2d Cir. 1963)...............................................................................................................5

*Raydo v. City of New York*, No. 1:18-cv-10919, 6 (S.D.N.Y. Oct 6, 2020) ....................................8

*Trina Solar US, Inc. v. Jasmin Solar Pty Ltd*, 954 F.3d 567, 570 (2d Cir. 2020).........................5,6

*VRG Linhas Aereas S.A. v. MatlinPatterson Global Opportunities Partners II L.P.*, 717 F.3d 322 (2d Cir. 2013)..................................................................................................................5

*VRG Linhas Aereas S/A v. MatlinPatterson Global Opportunities Partners II L.P.*, 605 F. App'x 59 (2d Cir. 2015)...............................................................................................................4

Mr. Hernández, by and through undersigned counsel, hereby submits his reply (the "Reply") in support of his Cross-Petition to Vacate (the "Petition") the Fifth Partial Final Award ("5PFA"), and in support thereof states as follows:

## INTRODUCTION

In the petitioners'[1] Opposition to Mr. Hernandez's Cross-Petition to Vacate (the "Opposition"), there is a striking reliance on avoiding controlling case law, invoking strained principles of waiver, and a failure to apply the undisputed facts. Mr. Hernández is a non-party that did not agree to arbitrate any dispute with the Company, in whose name the petitioners purported to bring derivative claims in the arbitration. Mr. Hernández objected early and often, as noted by the tribunal, and the decision in 5PFA to bind Mr. Hernández should be vacated for the following reasons:

- Mr. Hernández has consistently objected to consenting to the tribunal deciding questions of arbitrability over him, and without a clear and unmistakable consent for a non-signatory, such as Mr. Hernández, to arbitrate, the Opposition cannot deprive this Court of the independent review it must exercise.

- The Opposition's approach to direct benefits estoppel fails to apply the most recent articulation by the Second Circuit of the theory, and it does not identify any direct benefit to Mr. Hernández from the Shareholders Agreement.

For these reasons and those stated below, 5PFA should be vacated and have no effect on Mr. Hernandez.

## BACKGROUND

The Opposition focuses largely on the procedural history of the dispute. Opp., pp. 4-7. The Opposition concedes that Mr. Hernández "raised jurisdictional objections" at the time of being first named as a party to the arbitration. Opp., p. 4. But the Opposition does not mention

---

[1] Telecom Business Solution, LLC, LATAM Towers, AMLQ Holdings (Cay), Ltd.

1

that Mr. Hernández was never named in his personal capacity in any of the various statements of claim. Nor does the Opposition mention that Mr. Hernández is not a party to any of the prior award enforcement actions. The Opposition does not address that, once constituted, the tribunal recognized Mr. Hernández's timely objection to its jurisdiction, noting that he and the other individual defendants "expressly reserve their jurisdictional challenges to the Tribunal's jurisdiction over them and nothing herein shall be deemed a waiver of such challenge." ECF 401-11 (Procedural Order No. 2) at 2 n.1. The Tribunal repeatedly recognized Mr. Hernández's preserved objections to its jurisdiction and authority. *See, e.g.*, ECF 401-12 (Procedural Order No. 2024-11) at 3 ("Respondents have maintained objections to arbitral jurisdiction on behalf of [the Individual] Respondents."). Mr. Hernández later argued (i) that the Tribunal lacked jurisdiction to decide questions of arbitrability because that question had not been delegated to the Tribunal; and (ii) that, in any event, the Tribunal lacked jurisdiction over the individual respondents. *See, e.g.*, ECF 401-15 (Resps.' Opening Pre-Hearing Mem.) at 33–37. The Opposition does not cite any consent to let the tribunal rule on questions of arbitrability.

The Opposition discusses the petition filed by Mr. Hernández and other current and former directors. *Hernandez v. Telecom Bus. Sol., LLC*, 2024 WL 3401092 (S.D.N.Y. July 12, 2024). The Opposition cites to this Court's finding that the petitioners forfeited their right to "a pre-award judicial challenge." Opp., p. 5. There is no mention of this Court deciding that Mr. Hernández also waived a post-award challenge. The Opposition is also silent on the availability of judicial relief on arbitrability issues after the arbitration. *See Hernandez*, at 9 ("[T]o be clear, this holding does not leave petitioners without the possibility of judicial relief should they lose on the point before the arbitration tribunal. Arbitrability issues that have effectively been

2

preserved can be raised in *post*-arbitration judicial proceedings." (internal quotation marks omitted)).

The Opposition does not dispute many of the facts contained in Mr. Hernandez's declaration. It does not address the prohibition in the Shareholders Agreement of finding the board directors, "individual or severally . . . liable, responsible or accountable in damages or otherwise to the Company or to any Shareholder for any acts performed or omitted by him while serving as a Director or an officer or agent of the Company." SHA § 4.03. Pet., p. 5. There is no dispute that none of Peppertree, Goldman Sachs, Terra, TBS, or any other entity executed an arbitration clause with Mr. Hernández in his personal capacity. Pet., p. 5.

There is a discussion of prior testimony by Mr. Hernández regarding control over DT Holdings, but the Opposition does not dispute that, following adverse developments in the arbitration, Mr. Hernández lost his directorship of the Company and was asked to resign. Pet., p. 6. Further treatment of the lack of ownership and control follows in Section II.

## ARGUMENT

**I.        The Opposition fails to provide a basis for jurisdiction over Mr. Hernández**

Undoubtedly, Mr. Hernández is not a party to the Shareholders Agreement, bound only under a theory of direct benefits estoppel in 5PFA. Mr. Hernández consistently objected to jurisdiction, as recognized repeatedly by the tribunal. The Opposition fails to deal with the effect of these objections or identify a legal standard or facts that create jurisdiction over Mr. Hernández.

      **A.**    <u>The Opposition cannot overcome the extensive authority regarding the lack of deference due to an arbitration tribunal's decision to bind a non-signatory</u>

Preferring to rely almost entirely on an argument in footnote 4, the Opposition does not engage with the long list of authorities cited by Mr. Hernández requiring that courts

3

independently review jurisdiction over non-parties. This is a curious decision. Since at least 1995, the Supreme Court has held that the absence of clear agreement to "submit the question of arbitrability to arbitration" means that a finding of arbitrability is "subject to independent review by the courts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947 (1995). This is true when an objection is raised to the tribunal. *Id*., at 946 ("merely arguing the arbitrability issue to an arbitrator does not indicate a clear willingness to arbitrate that issue"). The same result follows when a non-party argues to the tribunal a limited consent to arbitrate. *VRG Linhas Aereas S/A v. MatlinPatterson Global Opportunities Partners II L.P.*, 605 F. App'x 59 (2d Cir. 2015) (affirming denial of confirmation).

The Opposition instead argues that this Court's order requiring Mr. Hernández to litigate his jurisdictional challenges in the arbitration resulted in forfeiting the independent review otherwise available to Mr. Hernández. Opp., p. 8. The Opposition does not argue that there is clear and unmistakable evidence that Mr. Hernández agreed to let the tribunal decide issues of arbitrability. Rather, the Opposition asserts that "it would make no sense" to start from scratch and that the "strong public policy" in favor of arbitration controls. *Id*. This reasoning contradicts the approach taken in *First Options*. There, the Supreme Court rejected the concern that "permitting parties to argue arbitrability to an arbitrator without being bound by the result would cause delay and waste in the resolution of disputes." *First Options of Chicago, Inc.*, 514 U.S. at 946. It also described as "legally erroneous" the argument that there is a "strong arbitration-related policy favoring" a decision by the tribunal regarding the existence of an arbitration agreement. *Id*., at 947.

The Opposition goes too far in its assertion that this Court reviewed the tribunal's determination on its own jurisdiction and somehow blessed that decision. Opp., p. 9, FN 4. This

4

argument presupposes that courts render advisory opinions on jurisdictional determinations not reduced to a final award (partial or otherwise). There is no support for this proposition. The citation on page 9 to *Mobius Mgmt. Sys. Inc. v. Technologic Software Concepts, Inc.*, does not alter the analysis. 2002 WL 31106409 (S.D.N.Y. Sept. 20, 2002). Unlike the non-signatory in *Mobius Mgmt.*, Mr. Hernández did not consent to let the tribunal decide questions of jurisdiction. The argument also suggests that this Court abdicated the independent review it possesses without a finding that Mr. Hernández clearly and unmistakably agreed to arbitrate. This is an improbable reading of the Order.

    The best approach is to look at the Shareholders Agreement. The contract excludes third-party beneficiaries, was not signed by Mr. Hernández in his personal capacity, and does not describe an intent to bind non-parties at all. Pet., p. 4-5. This satisfies the first, and only, step of the inquiry. *VRG Linhas Aereas S.A. v. MatlinPatterson Global Opportunities Partners II L.P.*, 717 F.3d 322 (2d Cir. 2013) (reasoning that "a court must begin by deciding whether the parties before it clearly and unmistakably committed to arbitrate questions regarding the scope of their arbitration agreement"). This analysis also resolves the level of deference to be granted—none.

    B.    <u>The Opposition's waiver argument fails to address the arbitrability question</u>

    Relying on a series of cases in footnotes 6 and 7, the Opposition does not offer any support for the argument that all jurisdictional arguments and facts must be submitted first to the arbitral tribunal. Each of the cases deals with evidence related to the merits of a party's claim. This is the wrong approach. The issue of arbitrability is under the independent review of the courts. A non-party could choose to present no arguments to the tribunal on arbitrability and still seek independent review. *Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama, S.A.*, 312 F.2d 299, 301 (2d Cir. 1963) (vacating award against non-signatory guarantor

who had knowledge of arbitration). Or it could have knowledge of the arbitration but decide not to litigate the merits. *Trina Solar US, Inc. v. Jasmin Solar Pty Ltd*, 954 F.3d 567 (2d Cir. 2020) (affirming vacatur as to non-party who "declined to participate further in the arbitration proceedings"). Since the courts have the power of independent review, a non-party could only waive its arguments if it chose to arbitrate, something Mr. Hernández undoubtedly did not do.

**II.     Focusing on direct benefits estoppel, the Opposition does not engage with recent precedent or identify where Mr. Hernández actually invoked the Shareholders Agreement for his benefit**

The Opposition pursues only the doctrine of direct benefits estoppel, not making any meaningful argument on the other four limited theories. Pet., p. 20. It then eschews direct engagement with the Petition. The Opposition does not deal with the Second Circuit's recent description of direct benefits estoppel and the two-pronged requirement that "[t]he nonsignatory beneficiary must actually invoke the contract to obtain its benefit, or the contract must expressly provide the beneficiary with a benefit." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 68 (2d Cir. 2021). Instead, the Opposition relies on this Court's order in *Hartford Fire Ins. Co. v. The Evergreen Org., Inc.*, 410 F.Supp.2d 180 (S.D.N.Y. 2006). That order resolved a motion to vacate because, in part, the non-signatories had not responded to allegations that would have constituted benefits estoppel. *Id.*, p. 187. This is certainly not our case.[2] The Court also did not have the benefit of the Second Circuit's opinion in *Gater Assets Ltd.*, issued 15 years later. The relevant analysis should therefore be the most recent recitation of the law.

---

[2] The Opposition invites the Court to find jurisdiction under the "intertwined claims" theory of estoppel. Opp., p. 12, FN 10. This is for a signatory that seeks to avoid arbitration with a non-signatory. *Hartford Fire Insurance*, 410 F. Supp. 2d 180, 186 (S.D.N.Y. 2006). Plainly, this is inapplicable to Mr. Hernández. As to *alter ego*, the tribunal did not find that the entities are Mr. Hernández's *alter ego*. The Opposition offers no evidence in support of the theory or analysis of the legal standard contained in the Petition.

On the first prong, the Opposition does not identify any finding in 5PFA or other evidence that Mr. Hernández invoked the Shareholders Agreement for his benefit. There is an argument about the funds spent by DT Holdings, Inc. under the "SG&A Agreement" (also known as the Development Agreement, found at ECF 272-2), but this is not the Shareholders Agreement. Opp., p. 12. And there is no alleged benefit to Mr. Hernández, only use of the funds to operate the Company's subsidiaries. *Id*. There is also no benefit alleged to have been received by Mr. Hernández, just actions against the petitioners' interests. The Opposition offers no other argument, and as Mr. Hernández testified at his deposition, he receives no benefits from the Shareholders Agreement. Pet., pp. 20-21. The tribunal thus lacked jurisdiction over Mr. Hernández.

The second prong is even more in Mr. Hernández's favor. The Opposition does not argue that Mr. Hernández receives a "tangible and direct benefit" (Pet., p. 17), which the Shareholders Agreement and Development Agreement exclude. The Opposition takes issue with the clauses excluding third party beneficiaries, but only from the theoretical perspective of how such a clause excludes benefits to non-parties. Opp., p. 13, FN 11. This is precisely the point. The Shareholders Agreement and Development Agreement do not allow for direct benefits to Mr. Hernández, leaving the Opposition with only the first prong of the analysis, addressed in the paragraph above.

The only remaining issue is Mr. Hernández's ownership of Terra Towers Corp., TBS Management S. de R.L. (the "Terra Parties"), and DT Holdings, Inc. ("DT Holdings"). Mr. Hernández affirmed that he is not the owner and has no rights consistent with ownership (Pet., pp. 20-21), and after searching for the relevant documents in response to the Opposition's arguments, he has been able to find the contract he signed whereby he agreed to hold the shares

7

as a proxy. ECF 423-1, p. 1, 2. Mr. Hernández has also received the share registries for the Terra Parties and DT Holdings, as well as the share certificates for TBS Management S. de R.L. and DT Holdings. ECF 423-3; 423-4.[3] Mr. Hernández was never the owner, and even if the petitioners believed he was, they knew that he would not continue to be. Opp., p. 11. As the Opposition concedes, the shares could be transferred. *Id*. 5PFA cites no piece of evidence to support the conclusion that Mr. Hernández owned anything. The Opposition cannot fare any better, and there is no basis to find Mr. Hernández owns the entities in question.

**III.    The Opposition seeks to bind Mr. Hernandez to the prior partial awards without giving him a chance to contest those instruments**

The petitioners continue their expansive view of arbitral power, this time asserting that a tribunal can, in a footnote without any claim from the petitioners or reasoning by the tribunal, make Mr. Hernández a party to three awards that are currently judgments. Opp., p. 16. The Opposition offers no authority to reopen arbitral awards where the proceedings have been closed or the awards rendered. The Opposition identifies no claim that would lead to the remedy or reopening a prior award to add a party. Indeed, there was never a claim against Mr. Hernández in his individual capacity until May 20, 2024, about six weeks before the final hearing and long after the prior partial final awards. The tribunal repeatedly asserted that it could not change the content of prior awards, and then it did just that. ECF 423-3, Procedural Order 2023-09, p. 7 (concluding that the tribunal does not have the power to "reconsider the merits of an award and to revise an award to reach a different result[.]").

Fundamentally, the Opposition wants to amend the prior judgments confirming 1PFA, 2PFA, 3PFA, and 4PFA to add Mr. Hernández. This is not available in a petition to confirm. "[A]

---

[3] Mr. Hernández will provide certified translations as soon as they are available.

party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Raydo v. City of New York*, No. 1:18-cv-10919, 6 (S.D.N.Y. Oct 6, 2020), *citing Metzler Inv. Gmbh*, 970 F.3d 133, 142 (2d Cir. 2020) (citation omitted). But Rule 60 is not available to change a judgment confirming an arbitral award. *Arrowood Indemnity Company v. Equitas Insurance Limited*, No. 1:13-cv-07680, 9-10 (S.D.N.Y. May 14, 2015) (noting that the Second Circuit "has found Rule 60(b) a procedurally improper means of redressing alleged wrongs or oversights in arbitration proceedings"). The time to name Mr. Hernández in the prior judgments has long since passed.

Any other conclusion would result in a grave violation of due process. The Opposition effectively seeks that, without a claim, Mr. Hernández would be found liable, as a party, for the monetary damages and other relief granted. Even worse, the Opposition wants to deprive Mr. Hernández of the ability to even challenge this conclusion under a theory of waiver. Opp., p. 19. But the Terra Parties and DT Holdings could never waive arguments personal to Mr. Hernández, especially when none of the entities had reason to know that the tribunal would, at a later date, drop an unreasoned footnote that extends liability to Mr. Hernández for claims not pled and judgments already rendered.

The tribunal and the Opposition cannot have it both ways. If the prior judgments are to be applied to Mr. Hernández, then he should be able to challenge the awards contained therein. Mr. Hernández should be able to show, as he does, that the tribunal, not a party (as the Opposition contends at page 20), lacks the power to obtain pre-award review of its partiality. This is precisely what 2PFA sought, which directly contradicts binding precedent and only resolved a "dispute," not claims, identified by the petitioners. Pet., p. 27. And on 3PFA, the Opposition still cannot identify the numbers that would be "applied mechanically" to reach the escrow account or

dispute that the petitioners control compliance with 3PFA. Opp., p. 21. No further argument is needed.

## CONCLUSION

For the foregoing reasons, Mr. Hernández respectfully requests that this Court vacate or, in the alternative, deny enforcement of the Fifth Partial Award insofar as it imposes any liability on Mr. Hernández.

Dated: July 24, 2025                                                          Respectfully submitted,

/s/
Rodney Quinn Smith II
(admitted *pro hac vice*)
**GST LLP**
78 SW 7th Street, Suite 500
Miami, FL 33130
Phone: (305) 856-7723
quinn.smith@gstllp.com

*Counsel for Mr. Hernandez*

/s/
Lucila I. M. Hemmingsen
**The Fladgate Firm PC**
305 Broadway, 7th Floor
New York, NY
Phone: (646) 369-5843
lh@hemmingsenadr.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), I hereby certify that this document complies with the word count limitations. There are 2,963 words in this document.

*/s/ Quinn Smith*
Rodney Quinn Smith II