UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Telecom Business Solution, LLC, *et al.*, | Civil Action No.: 1:22-cv-01761 |
| Petitioners, | Judge Lewis A. Kaplan |
| v. | |
| Terra Towers Corp., *et al.*, | Magistrate Judge Robert W. Lehrburger |
| Respondents. | |

**PERU NON-PARTIES' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION FOR RECONSIDERATION OF, OR ALTERNATIVELY, FOR RELIEF FROM, APRIL 22, 2025 MEMORANDUM OPINION [DKT 295] AND JULY 7, 2025 MEMORANDUM OPINION ON RECONSIDERATION [DKT 406]**

On July 21, 2025, pursuant to Local Rule 6.3 and Fed. R. Civ. P. 54(b), 59(e) and/or 60(b), non-parties—Telecom Business Solution S.R.L., Continental Towers Peru, S.R.L., Collocation Technologies Peru, S.R.L., Magali Merino Ascarrunz, and Alejandro Garzaro Perez ("**Peru Non-Parties**")—moved for renewed reconsideration (Dkt 417-419, "**Renewed Reconsideration**") of: (i) the April 22, 2025 *Memorandum Opinion* (Dkt 295, "**Contempt Order**"), as it relates to them *only*; and (ii) the July 7, 2025 *Memorandum Opinion* denying reconsideration/modification of the Contempt Order (Dkt 406, "**July 7 Order**").

In the Renewed Reconsideration, the Peru Non-Parties renewed their request to modify the Contempt Order, without waiving their asserted defenses to lack of personal jurisdiction and due process, based on the Court's findings in the July 7 Order that the Peru Non-Parties' request for a release (from the Board ("**Board**") of Continental Towers LATAM Holdings Limited ("**Continental**")), "appear[ed] to be the proximate barrier to compliance" with the Contempt Order. After receiving that ruling, the Peru Non-Parties confirmed to the Board their willingness to cooperate in seeking to terminate the Peru-Related BVI Action (as defined in the Contempt Order) and set aside the Recognition

Order (as defined below) issued by the BVI Court, unconditionally and without any requirement of a prior release by Continental (Dkt 419-2, Garzaro Decl., Ex. 2). Notwithstanding their removal of these impediments, the Peru Non-Parties insist their actions relating to the Peru-Related BVI Action (as opposed to Peppertree's assertions) were made by Ms. Merino and Mr. Garzaro independently, in their capacity as managers of the Peruvian Subsidiaries, in accordance with Peruvian law and their fiduciary duties to the Peruvian Subsidiaries, in order to preserve the continuing operation of the Peruvian Subsidiaries in light of Peppertree's attacks and constant threats to undermine the reputation of the Peruvian Subsidiaries, the latest example of which is the July 25 Correspondence (described below).

Since the July 7 Order, and specifically since the filing of the Renewed Reconsideration, the Peru Non-Parties have been subjected to increased aggressive and hostile communications from the Board, and in particular, from the Directors appointed by Peppertree. Rather than responding to the Peru Non-Parties' request for confirmation to proceed with the most cost-effective and expeditious way to terminate the Peru-Related BVI Proceeding, on July 25, 2025, the Peppertree[1] Directors[2] sent correspondence to the Terra[3] Directors[4] and to the Peru Non-Parties (the "**July 25 Correspondence**") the effect of which is to essentially bully the Peru Non-Parties into continued non-compliance through their unreasonable and irrational demands. *See July 25, 2025 letter from Peppertree Directors to Terra Directors attached hereto as* **Exhibit "A."** The July 25 Correspondence demonstrates that the Peru Non-Parties, and specifically, Magali Merino Ascarrunz ("**Ms. Merino**") and Alejandro Garzaro Perez ("**Mr. Garzaro**"), are caught in the

---

[1] "Peppertree" refers to petitioners Telecom Business Solution, LLC and LATAM Towers, LLC.

[2] "Peppertree Directors" refers to the directors appointed by Peppertree to the Continental Board.

[3] "Terra" refers to respondents Terra Towers Corp. and TBS Management, S.A.

[4] "Terra Directors" refers to the directors appointed by Terra to the Continental Board.

2

cross-hairs of a personal vendetta between and among the Peppertree Directors and the Terra Directors, with the Peppertree Directors seeking to hold Ms. Merino and Mr. Garzaro, among others, personally liable and evidences how factors beyond their control have hindered their execution of their expressed willingness to terminate the Peru-Related BVI and set aside the Recognition Order issued by the BVI Court. Through this Supplemental Memorandum, the Peru Non-Parties wish to bring this issue to the Court's attention for its consideration when ruling on the Renewed Reconsideration.

## BACKGROUND

**I.      Actions Taken by the Peru Non-Parties Since the April 22, 2025 Contempt Order**

The Contempt Order orders numerous parties, as well as the Peru Non-Parties, to terminate several foreign proceedings and vacate any relief granted to them thereunder, or risk significant coercive civil fines, commencing on May 6, 2025 –fourteen (14) days after the entry of the Contempt Order. As it relates to the Peru Non-Parties, the Contempt Order directs the termination of the Peru-Related BVI Action. Moreover, the coercive civil fines are applicable only to Ms. Merino and Mr. Garzaro (collectively, the "**Individual Peru Non-Parties**"), with the remaining Peru Non-Parties having been specifically carved out of the imposition of the coercive fines or entry of money judgments for such fines in paragraph 8 of the Contempt Order.

Upon learning of the Contempt Order, the Peru Non-Parties engaged in communications with the Continental Board and expressed, on three separate occasions, their willingness to identify ways to effectuate Continental's intent to vacate, dismiss, terminate and/or withdraw the Peru-Related BVI Action, and have acted consistent with those statements (Dkt 310-3, 4, & 5 – Peru Non-Parties' May 4 Letter, Peru Non-Parties' May 5 Letter, and Peru Non-Parties' May 8 Letter).

The Peru Non-Parties contacted the well-known BVI law firm of Walkers to consult regarding what steps could be taken to attend to Continental's request, which were communicated

3

to Continental's Board along with a request for confirmation on how to proceed given the options available under BVI law. *Id*. Specifically, in the May 5 Letter, the Peru Non-Parties set forth three possible courses of action available in the BVI, with the third option ("**Option 3**"), being the most viable and cost-effective. Importantly, Option 3, which this Court does not disagree is the best and most expeditious means of accomplishing in the BVI what the Court has required from the Peru Non-Parties, requires collaboration from Continental itself. Specifically, Option 3 requires the vacatur application be filed by Continental, the only respondent in the Peru-Related BVI Action, with consent from the Peru Non-Parties (Dkt 310, at 5), which the Peru Non-Parties offered to have Walkers prepare and submit to Continental for its consideration and signature. The Peru Non-Parties have since submitted three separate declarations by Walkers in support of pursuing Option 3 (Dkt 310-7, 326, 362).

The Peppertree Directors delayed confirmation of, and agreement to, a proposed written resolution of the Continental Board requesting the Peru-Related BVI Action be vacated, dismissed, terminated and/or withdrawn. On May 5, the date compliance with the Contempt Order was due, the Peru Non-Parties finally received Continental's Board Resolution directing them to terminate the Peru-Related BVI Action, but without addressing which course of action to pursue (Dkt 310-6, Board Resolution of May 5 with transmittal email). Shortly thereafter, on May 8, 2025, the Peppertree Directors rejected Option 3 as being the most expeditious course of action to unwind the Peru-Related BVI Action (Dkt 305) instead arguing, for the sake of arguing, that Walkers' recommendation was incorrect as a matter of BVI law. This only served to create uncertainty and cause further delay. Had the Peppertree Directors agreed, in May of 2025, to allow Continental and the Peru Non-Parties to proceed with Walkers' recommendation and move forward with Option 3, it is highly likely the Peru-Related BVI Action would already be terminated and the

4

Recognition Order set aside. Thus, to date, despite multiple requests, the most recent of which was on July 20, 2025, the Peru Non-Parties have not received a clear directive from Continental's Board conducive to addressing this issue in short order.

Based on their diligent efforts to effectuate the intent of the Continental Board resolutions aimed at complying with the injunction granted in the April 22 Contempt Order (Dkt 323 at 1-2, 9-11, 22-23), the Peru Non-Parties sought modification of the Contempt Order, among other relief. On July 7, 2025, the Court denied the request for reconsideration/modification of the Contempt Order (Dkt 406). During this time, rather than being proactive, the Continental Board – both the Terra Directors and the Peppertree Directors, opted to sit back and wait for the Court to rule on the Peru Non-Parties' reconsideration motion. Again, had the Board simply responded to the Peru Non-Parties' request, the process to terminate the Peru-Related BVI Action would be well under way.

In its July 7 Order, the Court ruled, in relevant part, that the Peru Non-Parties' efforts to work with the Continental Board to purge the contempt were not enough to warrant modification of the Contempt Order because the Peru Non-Parties had requested a release of liability when communicating with the Continental Board.

## II.     Peru Non-Parties' Communications with the Board Following the July 7 Order

On July 18, 2025, after the Court entered its July 7 Order, the Terra Directors wrote to the Peru Non-Parties agreeing to proceed with Option 3 to terminate the Peru-Related BVI action and set aside the BVI Recognition Order, provided such actions were not subject to any release or waiver of liability. On July 20, 2025, the Peru Non-Parties responded by confirming to the Continental Board their readiness, willingness, and ability to do so, and again requested a Board resolution with that directive, but unconditionally and without any requirement of a release by

5

Continental (Dkt 419, Garzaro July 21 Decl.; Dkt 419-2, Peru Non-Parties' July 20, 2025 Letter to the Continental Board).

On July 25, 2025, the Peppertree Directors wrote to the Terra Directors, purporting to respond to both the Terra Directors' July 18 email and the Peru Non-Parties' July 20, letter (Dkt 419-1 & 2).  *See also* Ex. A, July 25, Correspondence.  Rather than addressing the issue of termination of the Peru-Related BVI Action and vacatur of the Recognition Order, as requested in the Peru Non-Parties' July 20 Letter, the Peppertree Directors utilized the response as a vehicle to again make numerous unrelated allegations and accusations directed not only at Ms. Merino and Mr. Garzaro, but also at numerous other parties, including Respondents and others involved in the El Salvador-Related BVI Action.  As the Court is aware, the Peru Non-Parties have nothing to do with the El Salvador-Related BVI Action.  But that appears to be Peppertree's modus operandi – to turn every correspondence into a tirade, whether or not it is responsive to the matter at hand.  Most notably, the Peppertree Directors' correspondence once again rejects the Peru Non-Parties' request for confirmation to proceed in the BVI with Option 3 to cause the termination of the Peru-Related BVI Action and vacatur of the Recognition Order.

For example, the Peppertree Directors claim the Peru Non-Parties have wasted the Court's time and resources by twice seeking reconsideration of the Contempt Order, accusing them of orchestrating the renewed reconsideration with Terra and the Terra Directors.  Nothing could be further from the truth.  The Peru Non-Parties removed the apparent impediment to the Court's granting the request to modify the Contempt Order by confirming their unconditional request for confirmation that Option 3 be pursued in the BVI.  The Court entered its order on July 7 and the renewed reconsideration motion was timely filed 14 days later, on July 21, which they have a right to do.  This was not a coordinated effort to undermine the Contempt Order.  The timing of the

6

Terra Directors' correspondence of July 18, and the filing of the renewed reconsideration motion is coincidental.

The Peppertree Directors claim the specifics of the Peru Non-Parties' proposal are not clear. This is disingenuous. Since at least May 5, the Peru Non-Parties have been requesting the Continental Board to confirm their agreement with proceeding in the BVI with Option 3 to terminate of the Peru-Related BVI Action. That has not changed. The only change is the Peru Non-Parties' removal of any conditions or waivers they previously requested in order to proceed with Option 3. The Peppertree Directors again claim Walkers' recommendation is not the appropriate way to terminate the Peru-Related BVI Action and further claim this was done to improperly shift responsibility for terminating the Peru-Related BVI Action from the Peru Non-Parties onto Peppertree. That, again, is not true as the Peru Non-Parties have stated they will bear the cost of the application, they simply need the Board's confirmation and Continental's collaboration to do so. Conversely, based on Walkers' recommendation, the Peru Non-Parties cannot move forward with the application on their own.

But even more disingenuous and shocking is the Peppertree Directors state they intend to themselves file, in the BVI, actions seeking the termination and vacatur of the Peru-Related BVI Action (and also the El Salvador-Related BVI Action) and demand the Peru Non-Parties make a filing confirming they do not oppose the relief Peppertree intends to request. This comes as a surprise since Peppertree has been advocating all along the application needs to be made by the Peru Non-Parties, as the petitioners in the Peru-Related BVI Action. Yet now, all of a sudden, Peppertree, who is not a party to the Peru-Related BVI Action, will be making this application, and not Continental, who is the respondent in the Peru-Related BVI Action and thus a party thereto.

7

It appears Peppertree changes the narrative depending on its audience and the circumstances. It is not by coincidence that now that the Peru Non-Parties have confirmed their willingness to proceed in the BVI without conditions, Peppertree has changed its tune and intends to undertake precisely what they have argued against to the Peru Non-Parties and to the Court. It is not clear how this course of action, which has not been vetted, will be appropriate if undertaken by Peppertree, but the recommended filing by Continental, with the consent of the Peru Non-Parties, would not be. Again, Peppertree has been arguing all along that a filing by other than the Peru Non-Parties is not proper under BVI law. The Terra Directors have already consented to pursuing Option 3. Yet, given the dispute among the Directors, rather than agree to anything the Terra Directors have agreed to, the Peppertree Directors appear intent on pursuing a more convoluted and tortured route in the BVI to seek termination of the proceedings in the BVI versus the more expeditious and cost-effective route recommended by Walkers.

The Peppertree Directors further claim the Peru Non-Parties have never actually sent a proposed filing for their consideration in the three months since the Contempt Order was issued. This is absurd. Peppertree now claims to want drafts of filings they said they would not entertain. This is simply window dressing designed to distract the Court from Peppertree's own bad faith tactics. What is the purpose of asking to see a draft of something the Peppertree Directors outright rejected and stated they would not agree to? Throughout most of that same period of time, the Peru Non-Parties have been asking the Continental Board, and specifically the Peppertree Directors, for confirmation to proceed with Option 3 in order to engage Walkers to prepare the required submission. As previously mentioned, had the Peppertree Directors simply responded to the Peru Non-Parties confirming their agreement to proceed with Option 3, even requesting they do so unconditionally, it is likely the Peru-Related BVI Action would already be terminated and

8

the Recognition Order vacated. Also, why would the Peru Non-Parties task Walkers with such preparation and incur fees without knowing if Continental will agree to move forward with their proposal, when Peppertree has been arguing against Option 3? Given their multiple rejections, as recent as July 25, this is disingenuous.

      Next, the Peppertree Directors direct their vitriol at Walkers, claiming Walkers is not an appropriate representative to advance Continental's interests. To be clear, Walkers is not advising Continental or advancing its interests. Rather, Walkers would simply be preparing the vacatur application to be submitted in the BVI Court. Continental need only review and approve same, nothing more. The Peppertree Directors claim, without factual or legal basis, that certain allegations should be mentioned in such application, and attempt to discredit them based on their representation of the El Salvador Contemnors. This is a red herring. The partial awards submitted in the BVI for recognition mention the arbitration proceedings among Peppertree and Terra, as well as this action. Thus, Peppertree's claim that Walkers failed to make such disclosure to the BVI Court is misplaced. But even if they did not, the Peru Non-Parties have nothing to do with the actions of the El Salvador Contemnors or the El Salvador-Related BVI Action and Peppertree's attempt to hold the Peru Non-Parties accountable for those actions is improper and should be rejected by the Court.

      Finally, the Peppertree Directors attempt to place additional handcuffs on Ms. Merino and Mr. Garzaro by demanding they, individually, agree to pay all attorney's fees and costs incurred with respect to the Peru-Related BVI Action. But this is not part of the Contempt Order. Instead, the Peppertree Directors are demanding the impossible, in a bad faith attempt to ensure neither Ms. Merino nor Mr. Garzaro will be in a position to comply with such demand and purge themselves of their contempt. Indeed, in their declarations in support of the motion to modify the

Contempt Order (Dkt 360 & 361, at ¶ 11), Ms. Merino and Mr. Garzaro stated that based on their salaries, they would be unable to comply with a coercive fine as outlined in the Contempt Order, should one be imposed. The same rationale applies with Peppertree's demand for Ms. Merino and Mr. Garzaro to assume liability for Peppertree's attorney's fees and costs.

Ms. Merino and Mr. Garzaro have removed all conditions and request for waivers in order to proceed to exercise Option 3 in the BVI, which the Court considered and did not disagree is the one that makes sense. Rather than collaborating to accomplish what Petitioners themselves seek, the Peppertree Directors continue to change the goal posts and drag the Peru Non-Parties, and specifically Ms. Merino and Mr. Garzaro through the dispute among the shareholders.

The Peppertree Directors have rejected the request by the Peru Non-Parties to pursue Option 3 in the BVI (even without conditions or request for waiver or release). Continental Board approval is fundamental to move forward. As noted, to terminate the Peru-Related BVI Action and set aside the Recognition Order pursuant to the more viable and expeditious Option 3, affirmative action by Continental, which can only act through the consensus of its entire Board, is required. While the Peru Non-Parties can instruct Walkers to prepare the necessary documents, the filing cannot be presented without the Peppertree Directors' approval.

Peppertree's rejection of Option 3 basically amounts to demanding the Peru Non-Parties delay compliance with the Board's directive and instead just file "something," with no prospects of success or prompt resolution and with the only possible explanation being that Peppertree would prefer to prevent the Peru Non-Parties from complying as that will allow them to continue to come back to this Court and demand further sanctions be imposed for non-compliance.

## **CONCLUSION**

Following the July 7 Order, the Peru Non-Parties, and specifically Ms. Merino and Mr. Garzaro, confirmed to the Continental Board they are ready, willing, and able to move forward in

the BVI with Option 3, and seek to terminate the Peru-Related BVI Action and vacate the Recognition Order, unconditionally and without any request for waiver or release. To that end, the Peru Non-Parties again communicated with Walkers who provided a budget of USD $35,000 to prepare the application and has provided a list of what documents and materials are necessary to submit with the application that the Peru Non-Parties are prepared to share with the Court upon request and confirmation it will not be deemed a waiver of the attorney/client privilege.

Peppertree is now placing additional demands on the Peru Non-Parties, and specifically Ms. Merino and Mr. Garzaro, that are not required and are not part of the Contempt Order. Peppertree is also claiming they will pursue a different option. The Court has already considered Option 3, as expressed in the Peru Non-Parties' filings and does not disagree, based on Walkers' recommendation, it is the one that makes sense. In summary, the Peru Non-Parties, and specifically Ms. Merino and Mr. Garzaro, are attempting to work with the Continental Board to fulfill the intent of Continental's Board resolutions addressing the Contempt Order, but cannot do so with their hands tied behind their backs by the Continental Board, and specifically the Peppertree Directors' actions preventing them from moving forward with Option 3.

A Continental Board resolution, approved by both the Peppertree Directors and the Terra Directors, (i) expressly approving the course of action recommended by Walkers to terminate or vacate the Peru-Related BVI Action in the most expeditious and cost-effective manner; and (ii) consistent therewith, directing the Company to collaborate with the Peru Non-Parties and Walkers in making the application in the BVI Court, with the consent of the Peru Non-Parties, is needed in order to terminate or vacate the Peru-Related BVI Action. To date, that has not been issued.

The Peru Non-Parties incorporate herein by this reference, the Argument section of their Renewed Reconsideration as if fully set forth herein.

For the foregoing reasons, the Peru Non-Parties respectfully reiterate their request that the Court reconsider its Contempt Order (Dkt 295) and its July 7 Order (Dkt 406) as to the Peru Non-Parties only, and modify those Orders, as stated above, and for such other and further relief as the Court deems just and proper.

Dated: July 30, 2025

Respectfully submitted,

/s/ Eduardo de la Peña Bernal

**PRYOR CASHMAN LLP**
James Stephen O'Brien , Jr
Erik Bakke
7 Times Square, Ste. 40th Floor
New York City, NY 10036
(212) 421-4100
Fax: (212) 326-0806
ebakke@pryorcashman.com
jobrien@pryorcashman.com

**SHUTTS & BOWEN LLP**
Eduardo De la Peña Bernal
Aliette D. Rodz
Martha Ferral
200 S. Biscayne Blvd., Ste. 4100
Miami, FL 33131
(305) 358-6300
edelapena@shutts.com
arodz@shutts.com
mferral@shutts.com

*Counsel for Peru Non-Parties, Telecom Business Solution S.R.L., Continental Towers Peru, S.R.L., Collocation Technologies Peru, S.R.L., Magali Marino Ascarrunz, and Alejandro Garzaro Perez*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on July 30, 2025. Notice of this filing will be sent to all counsel of record through the Court's electronic notice system.

/s/ Eduardo de la Peña Bernal

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this filing complies with the word count limitations of Local Civil Rule 7.1(c)—the memorandum of law consists of 3,484 words.

/s/ Eduardo de la Peña Bernal