# EXHIBIT 2

| | |
|---|---|
| **From:** | John Ranieri <jranieri@peppertreecapital.com> |
| **Sent:** | Tuesday, August 12, 2025 1:25 PM |
| **To:** | aporras@terratowerscorp.com; 'Alejandro Sagastume' |
| **Cc:** | Howard Mandel; 'Alejandro Garzaro (CT Address)'; 'Magali Merino (TBS)'; 'Ryan Flanagan' |
| **Subject:** | Re: May 8, Letter to the Board of Directors of Continental Towers Holding |

Terra Directors:

We write in response to your August 4, 2025 correspondence (the "Aug. 4 Email") below.

In the Aug. 4 Email, you repeat the same positions and arguments that the BVI Contemnors (as defined in the Court's April 22, 2025 contempt order (the "April 22 Order")) have advanced in multiple Board communications and repeated SDNY filings since May 2025. Given that the BVI Contemnors have now filed endless, duplicative requests to the Court seeking to undo the April 22 Order, Petitioners' position on these issues has been adequately expressed in their oppositions to those requests. Suffice it to say that we stand by the position in those filings and in our July 25 correspondence, in which we made clear that we do not agree to the "Option 3" Mr. Garzaro and Ms. Merino (the "Peru Contemnors") and their counsel proposed in May 2025. We demand that the Peru Contemnors make the necessary filings in the Peru-Related BVI Action themselves, which both our counsel at Maples & Calder and their counsel at Walkers confirmed they are fully capable of doing.

You, on the other hand, remain aligned with the Peru Contemnors, making plain that they are acting on Respondents' behalf. It is transparent that your support for Option 3 comes not from any desire to comply with Judge Kaplan's order or to act in the best interest of the Company, but to keep the Company embroiled in an improper and frivolous proceeding during the sale process. Indeed, in your lengthy and repetitive Aug. 4 Email, you do nothing to address the issues we (and Petitioners' counsel at Maples & Calder) identified with Option 3, including, but not limited to, that the Company does not have BVI counsel either to review or to make the proposed filing and that Terra has refused to permit the Company to pay its BVI counsel at Harneys for years.

Also telling are the repeated and multiple misrepresentations (many of which are in direct contravention of the findings of both the Tribunal and the SDNY) and other troubling statements in your Aug. 4 Email. We will not take the time, yet again, to address all of these representations, but as just one example, you blatantly misquote and misrepresent the Court's July 7, 2025 Order. While you claim that order states that "…the court 'assume[d] what this Court has required is to pursue the route recommended by the Peru Contemnors' BVI lawyer,'" the Court said no such thing. Rather, it stated, "[t]he Court assumes *(without deciding)* that the best and most expeditious means of accomplishing in the BVI what this Court has required is to pursue the route recommended by the Peru Contemnors' BVI lawyer . . . ." (ECF 406 at 10 (emphasis added)). In doing so, it expressly stated that *it did not make any decision regarding the best option to pursue in the BVI Actions* but found that even assuming Option 3 were the best option, the Peru Contemnors *still* were in contempt because they insisted on an unreasonable Board liability waiver as a condition of their cooperation—a condition the Terra Directors supported even though it clearly was not in the best interests of the Company.

In addition, your statement questioning Petitioners' decision to seek legal advice in a highly contentious and heavily litigated matter is not only patently illogical but also extremely troubling since the alternative is to blindly rely on the Peru Contemnors and their personal counsel to adequately represent the interests of the Company, whom the Peru Contemnors sued in violation of the SDNY order confirming the Third Partial Final Award.  Ultimately, your proposal to do whatever your agent Peru Contemnors propose, and to rely on the advice of counsel with clear and obvious conflicts, all to the detriment of the Company, is disturbing to say the least.  That is a flagrant violation of your duties to the Company and its shareholders.

In sum, the parties have already expressed their positions on these issues multiple times, and your continued insistence on the same proposed action is both vexatious and tiresome.  To be clear, Peppertree again rejects the proposal in your Aug. 4 Email.  The BVI Contemnors themselves must make filings in the BVI Actions to terminate those actions and vacate any relief granted therein, in compliance with the April 22 Order.  Should they continue to refuse to do so and remain in contempt, Petitioners will be forced to make the filings themselves and seek all related fees and costs.

Peppertree reserves all rights and waives none.

Regards,

F. Howard Mandel          John Ranieri

*Directors of Continental Towers LATAM Holdings Limited*
*appointed by Peppertree*


John J. Ranieri
TPG Peppertree
57 E. Washington Street
Chagrin Falls, Ohio 44022
440-528-0166 direct dial
216-253-0517 mobile
440-528-0334 fax
www.peppertreecapital.com

---

**From:** aporras@terratowerscorp.com <aporras@terratowerscorp.com>
**Sent:** Monday, August 4, 2025 9:15 PM
**To:** John Ranieri <jranieri@peppertreecapital.com>; 'Alejandro Sagastume' <asagastume@dt-sa.com>
**Cc:** Howard Mandel <HMandel@peppertreecapital.com>; 'Alejandro Garzaro (CT Address)' <agarzaro@continentaltowerscorp.com>; 'Magali Merino (TBS)' <mmerino@tbstowers.com>; 'Ryan Flanagan' <ryan.flanagan@gs.com>
**Subject:** RE: May 8, Letter to the Board of Directors of Continental Towers Holding

Class B Directors,

We have taken the time to review your letter dated July 25, 2025, which—as usual—is filled with baseless and senseless accusations, our purpose is to address the substantive issue at hand: the withdrawal of the "Peru-Related BVI Action."

2

We have consistently demonstrated our willingness to support compliance with the "Judge Kaplan's April 22 Order." Without being repetitive, from the moment we were made aware of the Order, we have encouraged members of the subsidiaries of Continental Towers Latam Holdings Ltd. to comply with the Court's directives. Evidence of this is our email dated April 28, 2025, which we sent to the entire management team, along with our continued follow-ups, which we will persist in as circumstances require.

It must be emphasized that the delay in initiating the withdrawal of the "Peru-Related BVI Action" is directly attributable to your refusal to cooperate. Your justification—namely, that the "Judge Kaplan's April 22 Order" is sufficiently clear and therefore requires no further collaborative action—only underscores your unwillingness to support simple and sensible solutions. We are not questioning the content of the Order, but rather the attitude of the Class B Directors, who have chosen an approach that lacks basic common sense. It appears your real interest lies in perpetuating a state of apparent contempt rather than resolving the matters we face as directors. You have chosen instead to waste time and your monetary resources seeking legal counsel support—advice that routinely complicates matters, as in your decision to involve Maples & Calder in the discussion.

Therefore, your assertion that this is yet another effort coordinated with the Contemnors "to further undermine the April 22 Order and drag out the BVI Actions" is completely inaccurate, as we will further explain below.

Since the Peru Contemnors shared the opinion from Walkers, the Class A Directors, guided by common sense and acting in the best interests of the Company—especially knowing that the sale process of the Company was likely underway—supported the proposal from Walkers as the most straightforward and cost-effective solution. However, from the outset of this process to ensure compliance with the "Judge Kaplan's April 22 Order," the stance of the Class B Directors has been short-sighted and uncooperative, despite your repeated insistence *on paper* that the Order be fully enforced. A clear example of this is your email dated May 5, 2025, received at 2:22 p.m. GT time, where you stated:

"Thank you for sending the proposed Board resolutions. As an initial matter, we want to be clear that executing these or any Board resolutions is not required for Terra, DTH, and Jorge Hernandez (collectively, 'Respondents'), and their agents and representatives to comply with Judge Kaplan's April 2[2], 2025 injunction order (the 'Order') and terminate the improper, collateral El Salvador Action and BVI Actions (collectively, the 'Collateral Actions'). The Order does not require the Company to take any actions in connection with the Collateral Actions."

Nonetheless, you later agreed to sign board resolutions. We emphasize your initial statement, which clearly demonstrates your lack of intent to cooperate. This cannot be seen as a decision made in the best interest of the Company, but rather as one meant to harm the Respondents and the management team.

The "Peru-Related BVI Action" could have already been resolved. However, as we mentioned before, you chose to involve external counsel in the matter and then fell silent about the very discussion you brought to the table. One must recall the saying: *"When there are two counsels in a discussion, there will be three opinions."* What was your strategy in introducing a third, conflicting legal opinion that only served

3

to complicate the process and reduce certainty? The answer is simple: to cause harm, generate further threats against the Respondents and management team, and maintain an apparent state of contempt—your and your counsel's consistent modus operandi.

In our email dated July 18, 2025, sent at 4:26 p.m. GT time—during working hours in Guatemala (it seems you often forget time zones exist)—we took affirmative action after your long silence. Knowing your *modus operandi*, and with the Company's best interest in mind, we reopened the discussion that you had attempted to ignore and again proposed a solution:

"To this date, we don't know if there was ever a counsel discussion; however, with the support of our legal counsel, we reviewed both your May 5 letter to the Board of Directors and the note signed by Maples & Calder. Our conclusion is that consistent with the legal principle of procedural economy and as the most cost-effective alternative, the Company should proceed as proposed by Walkers under what is referred to as option (iii), which we quote verbatim below:

'(iii) that respondents, i.e. the Company, Telecom Business Solution LLC and LatamTowers LLC (the latter two being "Peppertree"), be the ones applying to set aside the Recognition Order and submitting with the application a consent order that will be joined by the Applicants for the discharge of the Recognition Order.'

Accordingly, as Class A Directors of Continental Towers Latam Holdings Ltd., we ratify the instruction to move forward—without further delay—with the legal course of action proposed by Walkers, as stated in the content and documents of our email dated May 3, 2025 (attached here).

This action must not be subject to or conditioned upon the issuance of releases, waivers of liability, or any equivalent commitments under any circumstances."

On July 21, 2025, Judge Kaplan issued a Memorandum of Opinion in response to your *umpteenth* attempt to continue imposing sanctions, issuing threats, and exacerbating the apparent state of contempt. After 20 pages of analysis, he concluded:

"For the foregoing reasons, Petitioners' motion for further findings of civil contempt and sanctions (Dkt 368) is denied."

Regarding the BVI Actions, he stated:

"… Respondents do not argue that Respondents have been '[p]rosecuting, litigating, participating in, or taking any action to obtain or enforce any relief or remedy' granted therein. Rather, they fault respondents for not taking affirmative action to cause the vacatur of judgements issued in the BVI Actions. But the anti-suit injunction component of the April 22 Opinion did not require them to do so. The April 22 Opinion separately issued contempt sanctions against Respondents and other non-party contemnors for violating the Court's judgement confirming the TPFA, and it afforded them an opportunity to purge that contempt. That process is ongoing, and contempt sanctions continue to accrue until compliance is achieved. But Petitioners have not demonstrated that Respondents are in contempt of the April 22 Opinion itself."

Furthermore, footnote 53 of the July 21 opinion notes:

4

"... the court 'assume[d] what this Court has required is to pursue the route recommended by the Peru Contemnors' BVI lawyer – an application by the Petitioners with the expressed consent of the Peru Contemnors'. Dkt 406 at 10. The proximate impediment to this course of action was Peru Contemnors' unreasonable insistence on a board liability waiver as a condition for their cooperation."

Your sudden change of heart after Judge Kaplan's ruling is no surprise. Yet once again, it comes with conditions clearly intended to delay the withdrawal of the "Peru-Related BVI Action." As we've said before, the real objective of the Class B Directors is to cause harm, generate additional threats against the Respondents and the management team, and preserve an apparent state of contempt.

It has been said countless times: Class A Shareholders have never opposed the sale of the Company. Their concern has always been with the terms, circumstances, and proposals that Class B Shareholders have attempted to impose—either by interfering with negotiations or by proposing terms below market value. Therefore, the finger now points back at the Class B Shareholders as the ones actively harming the Company's value by prolonging these proceedings.

Once more, Class A Shareholders propose that the correct path for withdrawing the "Peru-Related BVI Action" is the one recommended by the BVI law firm Walkers, around May 4 or 5, 2025, as follows:

1. That Respondents, i.e. the Company, Telecom Business Solution LLC, and Latam Towers LLC, be the ones applying to set aside the Recognition Order and submitting with the application a consent order that will be joined by the Applicants for the discharge of the Recognition Order.

2. The Applicants would consent to an order setting the Recognition Order aside.

3. Task Walkers with the preparation of the papers and submit them for the Company's consideration and subsequent application. This would be joined by the Applicants' consent.

Expecting your accordance with this proposal so the Board of Directors as a whole, instructs the Peru management team (Ms. Magali Merino and Mr. Alejandro Garzaro) to proceed without further delay.

Regards,

On behalf of Class A Board Members,

**Andrés Porras Castillo**
**Director**
**Continental Towers LATAM Holdings, Ltd.**

---

**De:** John Ranieri <jranieri@peppertreecapital.com>
**Enviado el:** viernes, 25 de julio de 2025 17:56
**Para:** Andrés Director Porras Castillo <aporras@terratowerscorp.com>; 'Alejandro Sagastume' <asagastume@dt-sa.com>

**CC:** Howard Mandel <HMandel@peppertreecapital.com>; Alejandro Garzaro (CT Address) <agarzaro@continentaltowerscorp.com>; Magali Merino (TBS) <mmerino@tbstowers.com>; Ryan Flanagan <ryan.flanagan@gs.com>
**Asunto:** Fw: May 8, Letter to the Board of Directors of Continental Towers Holding

Terra Board Members:

Attached please find a letter concerning the BVI Actions and other related correspondences.


John J. Ranieri
TPG Peppertree
57 E. Washington Street
Chagrin Falls, Ohio 44022
440-528-0166 direct dial
216-253-0517 mobile
440-528-0334 fax
www.peppertreecapital.com

---

**From:** Alejandro Garzaro CT <agarzaro@continentaltowerscorp.com>
**Sent:** Monday, July 21, 2025 9:56 AM
**To:** aporras@terratowerscorp.com <aporras@terratowerscorp.com>
**Cc:** Magali Merino <mmerino@tbstowers.com>; Howard Mandel <HMandel@peppertreecapital.com>; Ryan Flanagan <ryan.flanagan@gs.com>; John Ranieri <jranieri@peppertreecapital.com>; asagastume <asagastume@terratowerscorp.com>
**Subject:** Re: May 8, Letter to the Board of Directors of Continental Towers Holding

Members of the Board,

Please find for your reference the attached communication. We look forward to your prompt attention to the matter.

Regard,

Alejandro Garzaro/ Magali Merino



> El 18 jul 2025, a la(s) 5:27 p.m., aporras@terratowerscorp.com escribió:
>
> Dear Magali Merino and Alejandro Garzaro,
>
> As Class A Directors, we are actively monitoring the Peru-related BVI Action in the interest of the Company.
>
> In an email dated May 9, 2025, the Class B Directors (the Peppertree Directors), referenced the law firm Maples & Calder—who are not counsel to Continental Towers Latam Holdings

6

Ltd.—and indicated that this firm had sent correspondence to the law firm Walkers. That message stated, verbatim:

"… addressing the representations in your May 8 letter and demanding that you take the appropriate steps to comply with the valid and binding SDNY injunction and sanctions order. We agree with the positions set forth therein and will not engage in a legal debate with you regarding what steps are necessary in the BVI Court for Respondents and the Peru Contemnors to comply with their obligations. That is a discussion for counsel."

To this date, we don't know if there was ever a counsel discussion; however, with the support of our legal counsel, we reviewed both your May 5 letter to the Board of Directors and the note signed by Maples & Calder. Our conclusion is that consistent with the legal principle of procedural economy and as the most cost-effective alternative, the Company should proceed as proposed by Walkers under what is referred to as option (iii), which we quote verbatim below:

"(iii) that respondents, i.e. the Company, Telecom Business Solution LLC and LatamTowers LLC (the latter two being 'Peppertree'), be the ones applying to set aside the Recognition Order and submitting with the application a consent order that will be joined by the Applicants for the discharge of the Recognition Order."

Accordingly, as Class A Directors of Continental Towers Latam Holdings Ltd., we ratify the instruction to move forward—without further delay—with the legal course of action proposed by Walkers, as stated in the content and documents of our email dated May 3, 2025 (attached here).

This action must not be subject to or conditioned upon the issuance of releases, waivers of liability, or any equivalent commitments under any circumstances.

We trust in your prompt and coordinated cooperation to ensure the proper execution of this instruction, in the best interest of the Company.

Sincerely,

On behalf of Class A shareholders board members


**Andrés Porras Castillo**
**Director**
**Continental Towers LATAM Holdings, Ltd.**

**De:** John Ranieri <jranieri@peppertreecapital.com>
**Enviado el:** viernes, 9 de mayo de 2025 22:31
**Para:** 'Alejandro Sagastume' <asagastume@terratowerscorp.com>; Andrés Director Porras Castillo <aporras@terratowerscorp.com>; Magali Merino (TBS) <mmerino@tbstowers.com>; Alejandro Garzaro (CT Address) <agarzaro@continentaltowerscorp.com>
**CC:** Howard Mandel <HMandel@peppertreecapital.com>; Ryan Flanagan <ryan.flanagan@gs.com>
**Asunto:** Re: May 8, Letter to the Board of Directors of Continental Towers Holding

Terra Directors, Ms. Merino and Mr. Garzaro:

Please see the attached correspondence from our counsel at Maples & Calder to your counsel at Walkers, addressing the representations in your May 8 letter and demanding that you take the appropriate steps to comply with the valid and binding SDNY injunction and sanctions order. We agree with the positions set forth therein and will not engage in a legal debate with you regarding what steps are necessary in the BVI Court for Respondents and the Peru Contemnors to comply with their obligations. That is a discussion for counsel. Suffice it to say that we stand by the positions set forth in our May 5 email, attached again here for your convenience, that a Company board resolution is not required for you to comply with your obligations under the injunction and sanctions order.

Regards,

The Peppertree Directors


John J. Ranieri
Peppertree Capital Management, Inc.
57 E. Washington Street
Chagrin Falls, Ohio 44022
440-528-0166 direct dial
216-253-0517 mobile
440-528-0334 fax
www.peppertreecapital.com

---

**From:** agarzaro@continentaltowerscorp.com <agarzaro@continentaltowerscorp.com>
**Sent:** Thursday, May 8, 2025 8:09 PM
**To:** John Ranieri <jranieri@peppertreecapital.com>; Howard Mandel <HMandel@peppertreecapital.com>; 'Andrés Director Porras Castillo' <aporras@terratowerscorp.com>; 'Alejandro Sagastume' <asagastume@terratowerscorp.com>
**Cc:** Magali Merino <mmerino@tbstowers.com>
**Subject:** May 8, Letter to the Board of Directors of Continental Towers Holding

Members of the Board,

8

Please find attached for your review the letter dated May 8, 2025.

We kindly await your comments and confirmations as outlined in the document.

Regards,

Magali Merino

Alejandro Garzaro

On behalf of:

Telecom Business Solution S.R.L.

Collocation Technologies Peru S.R.L.

Continental Towers Peru S.R.L.

<mime-attachment>