August 19, 2025

| | |
|---|---|
| Gregg L. Weiner | Michael N. Ungar |
| Ropes & Gray LLP | Ulmer & Berne LLP |
| 1211 Avenue of the Americas | 1660 W. 2nd Street, Ste. 1100 |
| New York, NY 10036 | Cleveland, Ohio 44113 |

**BY CM/ECF & HAND DELIVERY**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: ***Telecom Business Solution, LLC, et al., v. Terra Towers Corp., et al.,***
United States District Court for the Southern District of New York Civil Action No.: 1:22-cv-01761

Your Honor:

Pursuant to your Honor's Individual Rules of Practice and Local Rule 7.1 of the Joint Local Rules, S.D.N.Y. and E.D.N.Y., Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay), Ltd. ("AMLQ," together with Peppertree, "Petitioners") respectfully move the Court for an order compelling Respondents Terra Towers Corp. and TBS Management, S.A. (collectively, "Terra"), DT Holdings, Inc. ("DTH" and together with Terra, "Terra/DTH"), and Jorge Hernandez ("Hernandez" and, together with Terra/DTH, "Respondents") to provide proper responses to the requests for production served on them in connection with Petitioners' Motion for Further Findings of Civil Contempt and Sanctions (ECF 367, the "Motion") regarding what the Court referred to as the "Towers Seizure Case" in its July 21, 2025 decision on the Motion (ECF 415, the "Opinion").[1]

### I. BACKGROUND

On May 21, 2025, this Court ordered expedited discovery, including document discovery, in connection with the Motion. *See* ECF 334. As detailed in Petitioners' June 6, 2025 letter to the Court, **Respondents utterly failed and refused to comply** with their basic discovery obligations ordered by this Court, including by outright refusing to produce multiple categories of documents based on discovery limitations that were never imposed by the Court. *See* ECF 365.[2]

---

[1] Unless otherwise noted, all defined terms herein shall have the same meaning as in the Opinion.

[2] Respondents' failure to comply with discovery obligations is not surprising or new: Respondents consistently flouted their discovery obligations—including in respect of their baseless criminal proceedings—throughout the Arbitration, and the Tribunal has issued numerous adverse inferences against them, and Petitioners' Motion for Civil and/or Criminal Contempt Sanctions Against Respondents for Continued Non-compliance with Information Subpoenas and Subpoenas Duces Tecum remains pending. *See* ECF 368 at 18; ECF 395.

In the Opinion your Honor found that because "the embargo on the transfer of cell towers ordered therein was issued to secure enforceability of any judgment that might be procured in a fraud case initiated by a DTH subsidiary against a subsidiary of the Company . . . Respondents may be subject to contempt sanctions," but that a determination could not be made "[w]ithout more information." ECF 415 at 14. This Court did not have the information it needed because Respondents failed to produce it, as ordered.

As stated in the Opinion, "to the extent [the action underlying the Towers Seizure Case] involves all or any of the subject matter of Respondents' counterclaims in the arbitration," it has been prosecuted by DTH in contempt of the TPFA *Id.* (quotations and alterations omitted). Moreover, the governmental seizure of 163 of the Company's towers unquestionably interferes with the Court-ordered sale of the Company as those towers are part of the ordered sale. Thus, it is critical that Respondents take any and all necessary steps to facilitate the release of these seized assets so that they can be sold. Indeed, under Section 5.04(b)(ii) of the governing Shareholders Agreement, which the Tribunal enforced in its now confirmed and affirmed First Partial Final Award, Respondents have an affirmative obligation to "take all necessary and reasonable actions in connection the consummation of" the ordered sale. ECF No. 272-1 (Shareholders Agreement) § 5.04(b)(ii)).

On July 31, 2025, Petitioners demanded that Respondents: (1) confirm that they will take any and all steps necessary to facilitate the release of the 163 towers; or (2) produce responsive documents in response to our previously served requests for production regarding the Towers Seizure Case. *See* Ex. 1 (Petitioners' July 31, 2025 Letter) at 2. Respondents' counsel responded by claiming that they "cannot voluntarily dismiss the litigation" and attached a letter sent by the DTH subsidiary to the Guatemalan prosecutor and the prosecutor's response. *See* Ex. 2 (Respondents' August 8, 2025 Letter); Ex. 3 (English Translation of August 1, 2025 Proyectos Terrestres Letter); Ex. 4 (English Translation of August 5, 2025 Ministerio Público Letter). What is clear from these letters is that Respondents failed to take any efforts reasonably calculated to achieving the release of the 163 towers. Rather, the DTH subsidiary wrote a duplicitous letter to the prosecutor in an apparent attempt to inflame the prosecutor by representing that Petitioners demanded the subsidiary withdraw the Complaint, and if it did not, Petitioners would inform this Court and seek sanctions, **even though the prosecutor has no power to lift the embargo ordered by the judge**. Respondents have thus failed to take appropriate steps necessary to facilitate the release of the 163 towers. They have also refused to produce documents regarding the Towers Seizure Case. *See* Ex. [Rs ltr.].

Accordingly, Petitioners move this Court for an order compelling Respondents to produce documents related to the Towers Seizure Case responsive to Petitioners' May 28, 2025 Amended First Set of Requests for the Production ("Amended Requests"). Ex. 1 at 4–19.

## II.   LAW AND ARGUMENT

The Federal Rules provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

of the case." Fed. R. Civ. P. 26(b)(1).[3] "A party is deemed to 'control' documents that it has the legal right or the practical ability to obtain—even where those documents are in the physical possession of non-parties." *Chevron Corp. v. Donzinger*, 296 F.R.D. 168, 190 (S.D.N.Y. 2013) (J. Kaplan) (citation omitted). Once the moving party demonstrates relevance, proportionality, and control the burden shifts to the opposing party to "justify curtailing discovery." *Yusupov-Millevoi v. Kingyum Transports LLC*, 2025 WL 1585687, at *2 (S.D.N.Y. May 28, 2025).

The Towers Seizure Case is indisputably relevant to the enforcement of this Court's orders regarding the sale of the Company and, as this Court has already observed, confirming the TPFA. *See* ECF 415 at 14.[4] The requests are proportional because Petitioners are only seeking to compel the production of documents related to the Towers Seizure Case, which has and will interfere with the ordered sale of the Company and thus also Petitioners' collection of the over $300 million in damages they are owed pursuant to the recently confirmed Fifth Partial Final Award.[5]

Respondents are in possession, custody, or control of the requested documents because they are unquestionably behind the Towers Seizure Case. Respondents have admitted that the Towers Seizure Case derives from an action brought by a DTH subsidiary, and the additional information that is known about the Towers Seizure Case—in spite of Respondents' flouting their discovery obligations—makes clear that the subsidiary is acting at Respondents' direction. For example, on March 17, 2025, Hugo Ortiz—an agent of DTH and manager who initiated several of the improper foreign arbitrations enjoined by the now confirmed and affirmed TPFA—notified the Board of the Company that 163 towers of the Company's Guatemalan subsidiaries were seized by the government as a "precautionary measure." ECF No. 369–23 at 2–3. In addition, Carlos Guzman Lopez—the same DTH agent who filed the December 2021 criminal complaint against Company CEO Jorge Gaitan that the Tribunal deemed part of a "false narrative of criminality"—is named as a co-plaintiff in the request for the seizure of towers. *Id*. at 12.

Moreover, the lawyer who signed documents in the Towers Seizure Case, Walter Sierra Herrera (*id*. at 23), is the same attorney who signed the April 10, 2025 criminal complaint on behalf of Hernandez against the CEO regarding allegations of purported death threats. ECF No. 369-30 at 5. Mr. Sierra, who is also counsel for the DTH affiliate Proyectos Terrestres, recently appeared at a July 4, 2025 hearing on behalf of Proyectos Terrestres against the Company's COO, Ms. Echeverría. Ex. 5 (July 4, 2025 Judicial Hearing Notes) at 1–2. As DTH's 30(b)(6) representative, Mr. Pimental testified at his June 1 deposition that Mr. Sierra is also the attorney who hired and

---

[3] Discovery of information related to issues beyond formal claims—such as enforcement of a court order—is appropriate. *See Floyd v. City of New York*, 2020 WL 3819566, at *4 (S.D.N.Y. Jul. 8, 2020) ("appropriate discovery should be granted where significant questions regarding noncompliance with a court order have been raised.") (internal quotations omitted); *Chevron Corp. v. Donziger*, 325 F. Supp. 3d 371, 388 (S.D.N.Y. 2018) (J. Kaplan) (no protective order ordinarily should issue where requests are relevant and in pursuit of enforcing a court's order).

[4] The relevance with respect to the sale of the Company has been demonstrated in Petitioners' Motion (ECF No. 368 at 14, 21–22, 26), Petitioners' Reply in Support of the Motion (ECF No. 383 at 2 and 8), Petitioners' Reply in Support of the Motion as to Jorge Hernandez (ECF No. 400 at 6, and 9).

[5] Petitioners are **only** moving to compel responses to the requests highlighted in the Amended Requests, all of which are related to the Towers Seizure Case. Ex. 1 at 4–19.

paid Mr. Pimentel for prior legal actions brought against Ms. Echeverría in October 2024 and January 2025. ECF No. 365–5 (Pimentel Tr.) at 26:1–27:3.  In fact, in preparing for his 30(b)(6) deposition, Mr. Pimentel testified that the <u>only</u> criminal complainant or representative of a complainant whom he spoke to was Mr. Sierra, again confirming he is an agent of Respondents. *Id*. at 45:6–22.

### III.   <u>CONCLUSION</u>

For the reasons set forth herein, Petitioners respectfully request that the Court compel Respondents to produce documents related to the Towers Seizure Case responsive to Petitioners' Amended Requests, award Petitioners their attorneys' fees incurred in connection with this proceeding, and order such other and further relief as the Court deems just and warranted.  In the alternative, and only if the Court denies the Motion, Petitioners request that the Court grant them leave to serve limited discovery requests related to the Towers Seizure Case.

Respectfully submitted,

| | |
|---|---|
| <u>/s/ *Gregg L. Weiner*</u> | <u>/s/ *Michael N. Ungar*</u> |
| Gregg L. Weiner | Michael N. Ungar |
| *Counsel for AMLQ Holdings (Cay), Ltd.* | *Counsel for Telecom Business Solution, LLC and LATAM Towers, LLC* |

CC: All Counsel of Record