August 22, 2025

| | |
|---|---|
| Gregg L. Weiner | Michael N. Ungar |
| Ropes & Gray LLP | Ulmer & Berne LLP |
| 1211 Avenue of the Americas | 1660 W. 2nd Street, Ste. 1100 |
| New York, NY 10036 | Cleveland, Ohio 44113 |

**BY CM/ECF & HAND DELIVERY**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   ***Telecom Business Solution, LLC, et al., v. Terra Towers Corp., et al.,***
United States District Court for the Southern District of New York Civil Action No.: 1:22-cv-01761

Your Honor:

Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay), Ltd. ("AMLQ," together with Peppertree, "Petitioners") respectfully seek leave to file the attached Sur-Reply in Opposition to the Renewed Motion for Reconsideration of, or Alternatively, for Relief from, April 22, 2025 Memorandum Opinion and July 7, 2025 Memorandum Opinion on Reconsideration (ECF Nos. 417-418, the "Renewed Motion") and Supplemental Memorandum in Support (ECF No. 424, the "Supplemental Memorandum"), filed by Magali Merino Ascarrunz and Alejandro Garzaro Perez (together, the "Peru Contemnors"), purporting to act on behalf of Telecom Business Solution S.R.L., Continental Towers Peru, S.R.L., and Collocation Technologies Peru, S.R.L. (together, the "Peru Subsidiaries").[1]

Petitioners submit the Sur-Reply to briefly address critical factual developments that have transpired since the filing of Petitioners' opposition on August 12, 2025 (ECF No. 430, the "Opposition") and to address related material omissions in the Peru Contemnors' reply filed on August 19, 2025 (ECF No. 435, the "Reply"). *See Trombetta v. Novocin,* 2021 WL 6052198, at *13 (S.D.N.Y. Dec. 21, 2021) ("[t]he decision to grant a requested sur-reply is left to the 'sound discretion of the court.'"); *Newton v. City of New York*, 738 F.Supp.2d 397, 417 n. 11 (S.D.N.Y. 2010) ("[C]ourts have broad discretion to consider arguments in a sur-reply"). Specifically, the Peru Contemnors have made various filings in the Peru Arbitration in direct violation of the TPFA—the same action that resulted in the BVI recognition order that they have taken no action to vacate in violation of the April 22 Order. The Peru Contemnors conspicuously omitted any discussion of these relevant actions in the Reply.

---

[1] Unless otherwise noted, all defined terms used herein shall have the same meaning as in the Court's April 22, 2025 Order (ECF No. 295, the "April 22 Order").

Therefore, Petitioners request that the Court grant leave for them to file the attached proposed Sur-Reply which addresses the relevance of these factual developments for the Court's consideration.

Respectfully submitted,

/s/ *Gregg L. Weiner*                    /s/ *Michael N. Ungar*
Gregg L. Weiner                          Michael N. Ungar

*Counsel for AMLQ Holdings (Cay), Ltd.*  *Counsel for Telecom Business Solution, LLC and LATAM Towers, LLC*

CC: All Counsel of Record