UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
TELECOM BUSINESS SOLUTION, LLC, *et al.*,  :  Civil Action No.: 1:22-cv-01761
                                                                            :
                                 Petitioners,  :  Judge Lewis A. Kaplan
        v.  :
                                                                       :  Magistrate Judge Robert W.
TERRA TOWERS CORP., *et al.*,  :  Lehrburger
                                                                            :
                                 Respondents.  :
------------------------------------------------------------------ X

**PETITIONERS' SUR-REPLY IN OPPOSITION TO PERU NON-PARTIES' RENEWED
MOTION FOR RECONSIDERATION OF, OR ALTERNATIVELY, FOR RELIEF
FROM, APRIL 22, 2025 MEMORANDUM OPINION [DKT 295] AND JULY 7, 2025
MEMORANDUM OPINION ON RECONSIDERATION [DKT 406]**

Petitioners hereby submit this Sur-Reply in Opposition to the Renewed Motion to address critical factual developments that have transpired since the filing of the Opposition and related material omissions in the Peru Contemnors' August 19, 2025 reply (ECF No. 435, the "Reply").[1] Specifically, while claiming in the Reply that they have "sought at all times" to comply with the April 22 Order (*id.* at 5), the Peru Contemnors fail to disclose that the Peru Contemnors made multiple filings in Peru in recent weeks seeking to perpetuate the Peru Arbitration underlying the Peru-Related BVI Action, in direct and continued violation of the TPFA. As set forth herein, these facts—and their omission—belie the Peru Contemnors' proffered excuses for their utter failure to take any action to terminate the Peru-Related BVI Action as required by the April 22 Order and establish that there is no basis to relieve them of this Court's sanctions. The Renewed Motion should be denied.

---

[1] Unless otherwise noted, all defined terms used herein shall have the same meaning as in Petitioners' August 12, 2025 Opposition to the Renewed Motion (ECF No. 430, the "Opposition").

As set forth in the April 22 Order, the "[t]he TPFA specifically required that Respondents cause the Peruvian arbitration to be terminated." ECF No. 295 at 19. In deciding to sanction non-parties, including the Peru Contemnors, the Court found that the "[t]he Non-Parties responsible for the foreign actions are therefore taking actions for the benefit of Respondents and to assist them in violating the TPFA." *Id.* at 41.

In their Reply, the Peru Contemnors deny they are "engaging in an orchestrated scheme with Respondents," (ECF No. 435 at 3), notwithstanding this Court's recent affirmance of "the well-established fact that Hernandez has seized control of the management of the Company, through which he exercises control over the [Peru Contemnors]" (ECF No. 414 at 13). Instead, the Peru Contemnors continue to advance the false narrative that they are eager to comply with this Court's orders and that Petitioners are preventing them from purging their contempt of the TPFA, repeating their self-serving claim that terminating the Peru-Related BVI Action requires action by Peppertree and the Company and asserting that "[o]nce Petitioners confirm they will cooperate, the Peru Non-Parties will immediately task Walkers [(their personal counsel who wrongfully initiated the BVI Actions on behalf of the BVI Contemnors)] with preparation of the submission and end this issue." *Id*. at 5.[2]

---

[2] On August 20, 2025, after the Peru Contemnors' Reply was filed, Terra proposed, for the first time, that the Company engage independent counsel in the BVI to make certain filings to terminate the BVI Actions. Terra's new proposal to engage counsel for the Company in the BVI, four months after issuance of the Court's April 22 Order, does nothing to change the relevant facts giving rise to that order, to provide any basis for the Peru Contemnors' vexatious and unnecessary Renewed Motion, or to purge the BVI Contemnors' (including the Peru Contemnors') contempt. However, in an effort to resolve the improper BVI Actions, on August 21, 2025, Peppertree agreed to engage certain counsel for the Company, provided that (i) the proposed counsel cleared conflicts, (ii) the Board (*i.e.*, Peppertree and Terra) agreed to any Company filings in the BVI Actions, and (iii) the BVI Contemnors (as defined in the Court's April 22 Contempt Order) agreed to pay all fees and costs associated with this engagement. Peppertree otherwise reserved all rights, including the right to make its own filings in the BVI Actions, which it represented to this Court it intended to make (and which still may be necessary if the Board is unable to agree to the fulsome filings necessary to apprise the BVI Court of the Peru Contemnors' prior misrepresentations in the BVI Actions). *See* ECF No. 430 at 8; ECF No. 431-2 at 3.

2

While the Peru Contemnors' words aim to convince this Court that they were eager to comply with its orders, their actions tell a different story. Since filing the Renewed Motion, **the Peru Contemnors have made numerous filings in the Peru Arbitration seeking to reopen those proceedings and effectively reverse the July 8, 2025 Peru Arbitration final award** in which Peppertree and the Company almost entirely prevailed as all of the Peru Contemnors' claims were dismissed. *See* Declaration of Fabio Núñez Del Prado Chaves ("Núñez Declaration"), filed herewith, at ¶¶ 4–6. As set forth in the Núñez Declaration, after filing their Opposition, Petitioners learned that the Peru Contemnors filed a flurry of additional post-award requests for relief in the Peru Arbitration, **confirming that they are continuing to litigate that arbitration in express violation of the confirmed and affirmed TPFA**. *Id.* at ¶¶ 4–7.[3]

These acts are not only a direct violation of the TPFA, demonstrating the Peru Contemnors' continued contempt of this Court's judgments, but the conspicuous absence of any discussion regarding the underlying Peru Arbitration in the Reply gives the lie to the Peru Contemnors' claim that they are making a good faith effort to comply with the April 22 Order. Indeed, the Peru Contemnors' claim in the Reply that they have tried to "proceed with an option that will result in compliance" (ECF No. 435 at 5), is simply not credible considering they have made it less than a week after they again engaged in **further conduct that directly violated the TPFA**.

Nor should the Court put any stock in the Peru Contemnors' claim that Option 1—the only proposed approach to terminating the BVI Actions that actually requires affirmative action by the BVI Contemnors—"is not likely to succeed." *Id.* at 4. To begin, that argument was thoroughly refuted in Petitioners' First Opposition and the accompanying declaration of Petitioners' BVI

---

[3] To be sure, the Peru Contemnors' filing an opposition to Peppertree's application to reverse the costs awarded against Peppertree in the Peru Arbitration, is not permitted under the TPFA.

counsel at Maples. *See* ECF Nos. 353, 354. And even if there were substantive merit to that argument (there is not), the Court should seriously question the Peru Contemnors' good faith in making it in light of the fact that they have continued to actively litigate the Peru Arbitration in violation of this Court's orders while also actively misleading the Court as to their intentions.

This is yet another reason why the Court should deny the Peru Contemnors' vexatious and disingenuous Renewed Motion, award Petitioners all costs and fees incurred in connection with both the Renewed Motion and terminating and vacating any relief granted in the Peru-related BVI Action, and grant such other and further relief as this Court deems just and warranted.

Dated: August 22, 2025                                                       Respectfully submitted,

By: */s/ Michael N. Ungar*                                                   By: */s/ Gregg L. Weiner*
Michael N. Ungar                                                             Gregg L. Weiner
(admitted *pro hac vice*)                                                    Andrew S. Todres
Katherine M. Poldneff                                                        Ethan R. Fitzgerald
**UB GREENSFELDER LLP**                                                      **ROPES & GRAY LLP**
1660 West 2nd Street, Suite 1100                                             1211 Avenue of the Americas
Cleveland, Ohio 44113-1406                                                   New York, New York 10036-8704
Phone: (216) 583-7000                                                        Phone: (212) 596-9000
Fax: (216) 583-7001                                                          Fax: (212) 596-9090
mungar@ubglaw.com                                                            gregg.weiner@ropesgray.com
kpoldneff@ubglaw.com                                                         andrew.todres@ropesgray.com
                                                                             ethan.fitzgerald@ropesgray.com

David A. Landman
**UB GREENSFELDER LLP**                                                      Daniel V. Ward
1700 Broadway, Suite 1802                                                    (admitted *pro hac vice*)
New York, New York 10019-7710                                                **ROPES & GRAY LLP**
Phone: (917) 262-0470                                                        Prudential Tower
Fax: (917) 262-0480                                                          800 Boylston Street
dlandman@ubglaw.com                                                          Boston, Massachusetts 02199-3600
                                                                             Phone: (617) 951-7000
*Counsel for Petitioners Telecom Business*                                   Fax: (617) 951-7050
*Solution, LLC and LATAM Towers, LLC*                                        daniel.ward@ropesgray.com

                                                                             *Counsel for Petitioner AMLQ Holdings (Cay),*
                                                                             *Ltd.*

4

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that a copy of the foregoing was filed electronically on August 22, 2025. Notice of this filing will be sent to all counsel of record through the Court's electronic notice system.

                                                    /s/ *Gregg L. Weiner*
                                                  *Counsel for Telecom Business Solution, LLC*
                                                  *and LATAM Towers, LLC*