UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TELECOM BUSINESS SOLUTION, LLC, *et al.*,

                    Petitioners,

          -against-

TERRA TOWERS CORP., *et al.*,

                  Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

22-cv-1761 (LAK)

```
┌────────────────────────────────┐
│ USDS SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #: _____      │
│ DATE FILED: __09/03/2025___     │
└────────────────────────────────┘
```

**MEMORANDUM OPINION**

Appearances:

        Gregg L. Weiner
        Ethan Fitzgerald
        Daniel V. Ward
        Katherine M. McDonald
        ROPES & GRAY LLP

        David A. Landman
        Michael N. Ungar
        Katherine M. Poldneff
        Gregory C. Djordjevic
        ULMER & BERNE LLP

        *Attorneys for Petitioners*

        Rodney Quinn Smith, II
        GST LLP

        Lucila I.M. Hemmingsen
        THE FLATGATE FIRM PC

        *Attorneys for Respondents and Non-Party Jorge Hernandez*

        James S. O'Brien Jr.
        Aliette D. Rodz
        Eduardo de la Peña Bernal
        Martha M. Ferral
        SHUTTS & BOWEN LLP

        *Attorneys for Non-Parties Telecom Business Solution, S.R.L., Continental Towers Peru, S.R.L., Collocation Technologies Peru, S.R.L., Magali Merino Ascarrunz, and Jorge Alejandro Garzaro Perez*

LEWIS A. KAPLAN, *District Judge.*

Petitioners Telecom Business Solution, LLC, LATAM Towers, LLC, and AMLQ Holdings (Cay), Ltd. (collectively, "Petitioners") issued post-judgment subpoenas and subpoenas *duces tecum* to Respondents Terra Towers Corp. ("Terra"), TBS Management, S.A. ("TBS"), and DT Holdings, Inc. ("DTH") in April 2025.  After Respondents failed to respond, the Court granted a motion to compel responses to the subpoenas (the "June 18 Order").[1]  Petitioners now move for contempt sanctions to coerce compliance with the subpoenas and the June 18 Order.[2]

### *Facts*

The Court assumes familiarity with the underlying facts and procedural history.  In brief, Petitioners entered into a shareholders agreement ("SHA") with Terra and TBS in 2015 whereby they co-own and operate Continental Towers LATAM Holdings, Ltd. (the "Company"), the business of which is the development and operation of telecommunications towers in Central and South America.[3]  On February 2, 2021, Petitioners commenced the arbitration underlying this action before a three-arbitrator panel (the "Tribunal").  Petitioners alleged, *inter alia*, that Terra and TBS had breached the SHA by obstructing the proposed sale of the Company, which Petitioners contended was required pursuant to the SHA.

The Tribunal has issued five partial final awards.  At the time this motion was filed,

---

[1]    Dkt 364 (motion); Dkt 388 (order); *see also* Dkt 396-7 at 30:9–19 (Court directing Respondents to respond to the subpoenas at June 17, 2025, hearing on a separate motion).

[2]    Dkt 394.

[3]    Dkt 9-22 at ¶ 1.

3

this Court had confirmed the first four awards,[4] which awarded over $1.9 million to Petitioners.[5] Since the filing of this motion, the Court confirmed the fifth partial final award ("5thPFA"), which awarded over $300 million to Petitioners.[6]

On April 11, 2025, Petitioners served information subpoenas and subpoenas *duces tecum* on Respondents Terra, TBS, and DTH respectively  (the "Terra Subpoena," the "TBS Subpoena," and the "DTH Subpoena," and collectively, the "Subpoenas").[7]  The Subpoenas seek information and documents related to assets and accounts in which Respondents possess an interest.[8] After delays in responding, Petitioners moved to compel responses to the Subpoenas.  The Court subsequently issued the June 18 Order, which directed Respondents "forthwith to provide petitioners with full and complete responses to the information subpoenas and subpoenas duces tecum served on each of them."[9]

On June 25, 2025, Petitioners filed this motion to impose civil contempt sanctions against Respondents to coerce compliance with the June 18 Order.[10]  The next day, Respondents

---

[4] Dkts 207; 208 (confirming second partial final award); Dkts 182; 183 (confirming third partial final award); Dkts 202; 203 (confirming fourth partial final award); Dkts

[5] Respondents contend that the principal amount awarded by these awards is $1,967,843.18. Dkt 407 at 3.  Petitioners argue that they are entitled to an additional $1,800,000.  Dkt 410 at 9 n.9.

[6] Dkt 429.

[7] Dkt 395-1; Dkt 395-2; Dkt 395-3.

[8] *Id.*

[9] Dkt 388.

[10] Dkt 394.

4

served their respective responses to Subpoenas (the "Subpoena Responses").[11]  In their reply brief in support of the motion, Petitioners maintain that the Subpoena Responses are incomplete and evasive and that the Court therefore should impose sanctions to coerce full and complete responses to the Subpoenas.[12]

## Discussion

### I.    Legal Standard

"The court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."[13]  "The purpose of civil contempt is not to punish but to compensate for injury caused by any violation of a court order or process, to coerce compliance, or both. In order to prevail on a civil contempt motion, the moving party must establish that (1) the court order with which the alleged contemnor failed to comply was clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the alleged contemnor has not diligently attempted to comply in a reasonable manner. . . . A court order is clear and unambiguous when it 'leaves no uncertainty in the minds of those to whom it is addressed.'"[14]

---

[11]     Dkts 408-2; 408-3; 408-4.

[12]     Dkt 410.

[13]     Fed. R. Civ. P. 45(g).

[14]     *Chevron Corp. v. Donziger*, 384 F. Supp. 3d 465, 488–89 (S.D.N.Y. 2019) (footnotes omitted) (quoting *Hess v. New Jersey Transit Rail Operations, Inc.*, 846 F.2d 114, 116 (2d Cir. 1988)), *aff'd in relevant part*, 990 F.3d 191 (2d Cir. 2021).

II.     *Compliance with the June 18 Order*

At the time the motion was filed, Respondents had not complied with the Subpoenas or the June 18 Order.    Respondents purported to comply by serving the Subpoena Responses on June 26.  The question before the Court therefore is whether there is clear and convincing proof that the Subpoena Responses violate the clear and unambiguous terms of the Subpoenas or the June 18 Order.[15]

A.     *Terra and TBS*

First, Petitioners contend that the Terra and TBS Subpoena Responses are non-compliant to the extent they withhold information or documents based on untimely objections.  The Court agrees that objections raised for the first time in the Subpoena Responses are untimely and therefore had been waived.  The Court does not agree, however, that withholding information on the basis of those objections violated the clear and unambiguous terms of the Subpoenas or the June 18 Order.

Second, Petitioners argue that the Terra and TBS Subpoena Responses are contumacious because they are false.  Specifically, Petitioners argue that Terra and TBS falsely represented that they do not own any assets aside from Company stock.  Petitioners allege that this is false based on a civil complaint filed by Terra, TBS, and DTH against a third party, American Tower International, Inc., in Florida state court in 2022.[16]  That complaint concerned Respondents'

---

[15]     Petitioners have not sought sanctions to compensate for the injury caused by Respondents' non-compliance.  *See* Dkt 395 at 7.

[16]     *See* Dkt 411-2.

attempt to sell Terra's and TBS's shares in the Company[17] — it does not indicate that Terra and TBS owned any other assets.  Petitioners state that they "are also aware of other litigation, in the form of private arbitrations, between Hernandez/Terra and various tower companies unrelated to the business of the Company, further undercutting Terra's characterization of itself as purely an ownership vehicle for stock in the Company."[18]  But they have provided no — much less clear and convincing — evidence that Terra and TBS own additional assets and that the Subpoena Responses are false.

Third, Petitioners argue that the Subpoena Responses are contumacious because they were not signed and certified by counsel.  They contend that Federal Rule of Civil Procedure 11 requires counsel to sign and certify subpoena responses.  Rule 11(a) requires an attorney of record to sign pleadings, motions, and other papers filed in federal court.  It does not, by its terms, apply to responses to discovery requests, and Petitioners cite no authority indicating that it does.  And no other provision of Rule 11 requires that subpoena responses be signed and certified by an attorney.

Fourth, Petitioners argue that the Subpoena Responses are contumacious because Raul Pimentel, the authorized agent who signed the responses, had "no personal knowledge about the matters sworn to therein."[19]  In a declaration filed in opposition, Mr. Pimentel states that he has "been working diligently to obtain the information and documents requested."[20]  The record does

---

[17]      *Id.* at ¶¶ 1, 9.

[18]      Dkt 410 at 3 n.4.

[19]      *Id.* at 3.

[20]      Dkt 408-1 at ¶ 8.

not contain clear and convincing evidence that this is not the case nor that the information and documents provided in the Terra and TBS Subpoena Responses is false. Petitioners therefore do not provide a basis to hold Terra and TBS in contempt for authorizing Mr. Pimentel to sign the Subpoena Responses.

Accordingly, the Court will order Terra and TBS to produce information and documents withheld on the basis of their untimely objections to the Subpoenas. But the Court does not find that Terra and TBS are in contempt of the Subpoenas or the June 18 Order.

### B.    DTH

The DTH Subpoena demanded that DTH provide information about, *inter alia*, bank accounts in which it has an interest or is a beneficiary.[21] DTH responded by providing the information for a suspended bank account in Panama City, Panama, with a balance of $20,130.24.[22] The Subpoena Response did not name or acknowledge the existence of any other accounts. In its briefing in response to this motion, DTH concedes that its Subpoena Responses were "complete, except for account numbers of [its] subsidiaries."[23]

DTH minimizes the extent of its non-compliance. Its Subpoena Response did not merely omit account numbers. It did not provide any information whatsoever about other accounts, or even acknowledge that other accounts exist. The Subpoena Response further states that payments that DTH receives from the Company — including a $480,000 monthly payment plus additional

---

[21]     Dkt 396-3 at 9–11.

[22]     Dkt 408-4 at 1.

[23]     Dkt 407 at 3.

8

payments for the construction of towers — go directly to DTH's subsidiaries.[24]  In refusing to provide any financial information whatsoever about its subsidiaries, DTH therefore is shielding millions of dollars in assets from Petitioners.

DTH does not provide a substantial excuse for its non-compliance.  Mr. Pimentel states that he "attempted to obtain additional information, but this has been difficult due to the resignation of [DTH] officials . . . ."[25]  DTH does not substantiate this claim with any details about the efforts it has undertaken to retrieve responsive information.  Indeed, DTH concedes that "[c]oercive fines can be applied" to remedy its non-compliance.[26]

DTH argues that a sanction of $100 to $250 per day is "appropriate in this case" and "will help it in requiring compliance from its subsidiaries."[27]  DTH argues that this amount is appropriate "in light of the relatively small size of the judgment (in relation to the amounts sought in [the 5thPFA])."[28]  However, since the motion was briefed, the Court confirmed the 5thPFA, which holds DTH jointly liable for over $300,000,000 in damages.[29]  The information sought by the DTH Subpoena is relevant to the collection of that larger sum, thereby warranting a larger sanction to coerce compliance.  Moreover, there is no reason to believe that the amounts suggested by DTH are

---

[24]     Dkt 408-4 at 3.

[25]     Dkt 408-1 at ¶ 9.

[26]     Dkt 407 at 7.

[27]     *Id.*

[28]     *Id.*

[29]     Dkt 429 at 10.

Case 1:22-cv-01761-LAK    Document 441    Filed 09/03/25    Page 9 of 11

9

likely to coerce compliance.

Accordingly, DTH is in contempt and will be subject to fines of $500 per day so long as it fails to comply with the DTH Subpoena and the June 18 Order.[30]  Should it fail to comply fully within fourteen days after the date of this order, the fine will increase to $1,000 per day thereafter. In the event of subsequent non-compliance, Petitioners may seek further increases.  And, as with Terra and TBS, the Court will order DTH to provide information and documents withheld on the basis of its untimely objections to the DTH Subpoena.

###### C.    Jorge Hernandez

Petitioners' motion seeks to impose contempt sanctions against "Respondents."  It does not name Jorge Hernandez specifically, and none of the Subpoenas was served on Hernandez individually.  In reply, Petitioners argue that the Court should impose sanctions on Hernandez because he "exercises considerable control of the affairs of the subject parties."[31]

The Court generally may not consider arguments raised for the first time on reply. In any event, the Court may not impose contempt sanctions against Hernandez because the original motion does not "set out with particularity the misconduct complained of" with respect to Hernandez.[32]

Accordingly, the Court does not find that Jorge Hernandez is in contempt of the

---

[30]  In so ruling, the Court need not conduct a hearing because (1) DTH has not requested one, and (2) it concedes its non-compliance and therefore does not "put[] in issue [its] alleged misconduct," see Local Civ. R. 83.6(b).

[31]  Dkt 410 at 6.

[32]  Local Civ. R. 83.6(a).

Subpoenas or the June 18 Order.

## *Conclusion*

For the foregoing reasons, Petitioners' motion for contempt sanctions (Dkt 394) is granted in part.

With respect to the information subpoenas and subpoenas *duces tecum* served on April 11, 2025 (the "Terra Subpoena," the "TBS Subpoena," and the "DTH Subpoena," and collectively, the "Subpoenas"), Respondents shall serve revised responses and document productions by no later than September 19, 2025. Respondents may not withhold any information or documents on the basis of any objections to the Subpoenas.

Respondent DT Holdings, Inc. ("DTH") is in contempt for its failure to obey the DTH Subpoena and this Court's June 18, 2025, order requiring compliance with the Subpoenas (the "June 18 Order"). DTH shall pay a coercive civil fine of $500 to the Clerk of this Court with respect to the date of this order and each subsequent day until the date of which they have provided a full and complete response to the DTH Subpoena. Should DTH fail to comply fully within fourteen days after the date of this order, the fine will increase to $1,000 per day thereafter.

Fourteen days from the date of this order, DTH shall serve and file in this Court an affidavit stating the measures taken to comply with the DTH Subpoena and the June 18 Order. DTH shall serve and file such an affidavit every fourteen days thereafter so long as it fails fully to purge itself of this contempt.

The motion is denied is all other respects.


SO ORDERED.

Dated:      September 3, 2025

_____
Lewis A. Kaplan
United States District Judge