UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TELECOM BUSINESS SOLUTION, LLC, *et al.*,

                           Petitioners,

        -against-                                22-cv-1761 (LAK)

TERRA TOWERS CORP., *et al.*,

                           Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        In its Memorandum Opinion Granting Anti-Suit Injunction and Coercive Civil Contempt Remedies ("April 22 Opinion"), the Court issued coercive civil contempt sanctions against Terra Towers Corp. and TBS Management, S.A. (collectively, "Terra"), and DT Holdings, Inc. ("DTH," and together with Terra, "Respondents") arising from their non-compliance with two of this Court's judgments confirming arbitral awards. The Court issued sanctions also against non-parties who were aiding and abetting Respondents' non-compliance. A subset of those non-party contemnors — Telecom Business Solution, S.R.L., Continental Towers Peru, S.R.L., Collocation Technologies Peru, S.R.L., Magali Merino Ascarrunz, and Jorge Alejandro Garzaro Perez ("Peru Contemnors") — moved for reconsideration or, in the alternative, modification of the April 22 Opinion as it relates to them. The Court denied that motion.[1] Peru Contemnors now bring a "renewed motion for reconsideration of, or alternatively, relief from" coercive contempt sanctions imposed against them.

---

[1] Dkt 406.

2

***Facts and Procedural Posture***

The facts relevant to this motion are set forth in the Court's opinion denying Peru Contemnors' first motion for reconsideration (the "July 7 Opinion").[2]  The Court does not reiterate those facts here.

In the July 7 Opinion, the Court held that (1) the Court has personal jurisdiction over Peru Contemnors, and (2) Peru Contemnors' supposed attempts at compliance with the April 22 Opinion did not warrant a modification or a stay of the contempt sanctions.  Peru Contemnors do not seek reconsideration of the first holding.  They do seek reconsideration or, in the alternative, modification of the second ruling in light of their alleged efforts to comply with the April 22 Opinion since the July 7 Opinion was issued.

***Discussion***

I.  *Reconsideration of the July 7 Order*

"A litigant is entitled to a single motion for reconsideration,"[3] and "[p]arties are not afforded a second chance to move for reconsideration."[4]  To the extent this motion seeks reconsideration, it is an impermissible successive motion.  In any event, the motion is based entirely

---

[2]  *Id.* at 2–5.

[3]  *Guang Ju Lin v. United States*, No. 13-CV-7498 SHS, 2015 WL 747115, at *2 (S.D.N.Y. Feb. 18, 2015).

[4]  *Whitehead v. Walt Disney Co.*, No. 24-CV-02283 (MMG), 2025 WL 2459970, at *8 (S.D.N.Y. Aug. 27, 2025); *see also Sussman Sales Co., Inc. v. VWR Int'l, LLC*, No. 20 CIV. 2869 (JHR), 2025 WL 1004729, at *4 (S.D.N.Y. Apr. 1, 2025); *Frederick v. Cap. One Bank (USA), N.A.*, No. 14-CV-5460 (AJN), 2017 WL 2666113, at *1 (S.D.N.Y. June 19, 2017).

3

on events post-dating the July 7 Order.[5]  These events do not supply a proper basis for reconsideration because they are not "factual matters put before the court on the underlying motion . . . that might reasonably be expected to alter the court's decision,"[6] as required under Local Rule 6.3.

II.     *Relief from Contempt Sanctions*

The April 22 Opinion granted contempt sanctions against Peru Contemnors for aiding and abetting contempt by Respondents in this matter.  It afforded them fourteen days to purge their contempt by causing the termination of an action they initiated in the British Virgin Islands (the "Peru-Related BVI Action") and the vacatur of any relief granted to them there.  In the July 7 Order, the Court denied Peru Contemnors' request to stay or modify those sanctions.  It "assume[d] (without deciding) that the best and most expeditious means of accomplishing in the BVI what this Court has required is to pursue the route recommended by the Peru Contemnors' BVI lawyer — an application by the Petitioners with the expressed consent of the Peru Contemnors."[7]  Modification was not warranted, however, because Peru Contemnors' "offer to consent was conditioned on Petitioners absolving the Peru Contemnors of any 'potential past, present, or future liability of any kind.'"[8]

---

[5] Dkt 418 at 4–7.

[6] *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

[7] Dkt 406 at 10.

[8] *Id.* at 9.

4

In their renewed request for relief, Peru Contemnors assert that they "have done everything they can to facilitate Respondents' compliance with the [April 22 Opinion]."[9] Specifically, they wrote to the Company Board (the "July 20 Letter") confirming their "willingness to cooperate in seeking to set aside the Recognition Order, unconditionally and without any requirement of a prior release by the Company, its directors, or shareholders."[10] The July 20 Letter added that Peru Contemnors were "ready, willing, and able to act immediately following the advice of our BVI counsel, Walkers, and assist the Company in applying to set aside the Recognition Order."[11]

The parties dispute whether Peru Contemnors are capable of securing vacatur of a judgment granted in the Peru-Related BVI Action (the "BVI Judgment") absent any involvement from Petitioners and the Company. Petitioners and Peru Contemnors each have submitted declarations from their respective BVI counsel on this question.[12] Petitioners' BVI counsel contends that a unilateral application seeking vacatur of the BVI Judgment would be permissible in England and that this position would be followed in the BVI. Peru Contemnors' counsel argues that BVI courts are not empowered to amend a final order or judgment previously made by a court of competent jurisdiction, and thus a unilateral application by Peru Contemnors seeking vacatur of the BVI Judgment "would not be straightforward, would require oral argument and so could not be dealt

---

[9] Dkt 418 at 9.

[10] Dkt 419-2.

[11] *Id.*

[12] *See* Dkt 326; Dkt 354.

5

with on the papers, and is likely to have to wait its turn in the Court's schedule so may take some time to come on for hearing."[13]  Petitioners' BVI counsel counters that "there is no practical difference between a judgment and an order in the BVI," and that a court may modify the BVI Judgment just as it could any order.

In this Court's view, it is not clear how BVI courts would treat a unilateral application seeking vacatur of the BVI Judgment. This ambiguity militates against the imposition of additional contempt sanctions.[14]  At the same time, the possibility that vacatur could be obtained without the need to involve Petitioners or the Company suggests that this option should be exhausted first.

Accordingly, the Court will stay the imposition of contempt sanctions against Peru Contemnors starting from the date this motion was filed, July 21, 2025, and will direct Peru Contemnors to seek discharge of the BVI Judgment. In the event that application is unsuccessful, the parties may proceed consistent with the alternative procedure suggested by Peru Contemnors' BVI counsel. And to any extent that Peru Contemnors do not seek in good faith to vacate the BVI Judgment, Petitioners may seek to dissolve the stay *nunc pro tunc* to the date of this order.

### *Conclusion*

The motion for reconsideration of or for relief from the Court's April 22 and July 7 memorandum opinions (Dkt 417) is granted to the extent that the running of contempt sanctions

---

[13] Dkt 326 at ¶ 22.

[14] *See Chevron Corp. v. Donziger*, 384 F. Supp. 3d 465, 488–89 (S.D.N.Y. 2019) (contempt sanctions warranted only where "the court order with which the alleged contemnor failed to comply was clear and unambiguous").

6

imposed pursuant to the Court's Memorandum Opinion Granting Anti-Suit Injunction and Coercive Civil Contempt Remedies (Dkt 295) against Magali Merino Ascarrunz and Jorge Alejandro Garzaro Perez are stayed *nunc pro tunc* as of July 21, 2025 on condition that:

Telecom Business Solution, S.R.L., Continental Towers Peru, S.R.L., Collocation Technologies Peru, S.R.L., Magali Merino Ascarrunz, and Jorge Alejandro Garzaro Perez ("Peru Contemnors"), no later than fourteen days after the date of this order, (1) submit an application to the BVI Commercial Court seeking vacatur of the judgment issued in the case styled *Telecom Business Solutions S.R.L. v. Continental Towers LATAM Holdings Limited*, Case No. BVIHCOM2024/0577, by the Eastern Caribbean Supreme Court in the High Court of Justice, Commercial Division, British Virgin Islands (the "BVI Judgment"), and (2) file a status update in this Court appending the application. Peru Contemnors shall submit additional status reports every fourteen days thereafter apprising the Court of any updates on the disposition of the application. In the event the application is denied or not acted upon prior to October 31, 2025, Petitioners and Peru Contemnors shall submit a joint status report of no more than four pages specifying their respective positions regarding next steps to take to vacate the BVI Judgment.

The motion is denied in all other respects.

SO ORDERED.

Dated:   September 26, 2025

/s/   Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge