**United States District Court**
**Southern District of New York**

---

| | |
|---|---|
| Telecom Business Solution, LLC, *et al.*, | Civil Action No.: 1:22-cv-01761 |
| Petitioners, | Judge Lewis A. Kaplan |
| v. | Magistrate Judge Robert W. Lehrburger |
| Terra Towers Corp., *et al.*, | |
| Respondents. | |

---

### RESPONSE IN OPPOSITION TO PETITIONERS' MOTION FOR
### <u>CIVIL AND/OR CRIMINAL CONTEMPT SANCTIONS</u>

Rodney Quinn Smith, II
(admitted *pro hac vice*)
**GST LLP**
78 SW 7th Street, Suite 500
Miami, FL 33130
Phone: (305) 856-7723
Fax: (305) 856-7724
quinn.smith@gstllp.com

*Counsel for Respondents*

Lucila I. M. Hemmingsen
**Sagiance LLP**
125 Park Avenue, 25th Floor
New York, NY
Phone: (212) 520-7266
lhemmingsen@sagiancellp.com

Respondents, Terra Towers Corp. ("Terra"), TBS Management S.A. ("TBS") (the "Terra Parties"), DT Holdings Inc. ("DT Holdings"), and Jorge Hernández hereby respond to Petitioners' Memorandum of Law in Support of their Motion for Civil and/or Criminal Contempt Sanctions (the "Sanctions Motion"), filed on September 18, 2025 (ECF 447), by Telecom Business Solution, LLC; LATAM Towers, LLC (together, "Peppertree"); and AMLQ Holdings (Cay), Ltd. ("AMLQ"), and in support thereof state as follows.

## INTRODUCTION

The Sanctions Motion revolves around the Memorandum Opinion dated July 21, 2025 (the "July 21 Order"; ECF 415) and the discovery ordered to determine if the "Tower Seizures Case" may "satisfy the first threshold criterion" for an anti-suit injunction. ECF 415, p. 14. The July 21 Order cited to uncertainty regarding the identity of the parties and the interaction with 3PFA. *Id*. The Sanctions Motion should be denied for the following reasons:

- Despite their efforts, the respondents cannot comply due to the restrictions imposed by Guatemalan law, as explained by Prof. Mérida in his Second Declaration;

- Principles of comity already raised by the prosecuting authorities in Guatemala counsel against imposing sanctions; and

- Further sanctions are inappropriate, especially in light of the lack of detail offered by the petitioners.

For these reasons and those set forth below, the respondents respectfully request that the Court deny the Sanctions Motion in its entirety.

## BACKGROUND

*The Respondents Attempts to Comply with Discovery*

On July 31, 2025, the petitioners wrote to counsel for the respondents regarding "Tower Seizures Case," making a slew of baseless allegations, wrongly presuming that the respondents

had responsive documents, and requesting confirmation of "steps necessary to facilitate the release of the 163 towers." ECF 432-1, p. 2-3. Because the issues raised by petitioners related to the actions of the entity Proyectos Terrestres Ltda. ("Proyectos Terrestres"), a subsidiary of DT Holdings, the relevant inquiries were made of Proyectos Terrestres. ECF 432-2, p. 1. Proyectos Terrestres conveyed the request made by the petitioners to the prosecuting authorities. *Id*. The prosecuting authorities stated in response that given the types of crimes under investigation, the official authorities have the obligation to investigate, are the only ones that can move this investigation forward, that the investigation could not be subject to any interference from a foreign tribunal or third parties seeking to suspend the investigation or the preliminary measures, and that the urgent preliminary measures in place (i.e. the temporary restrictions over the towers) cannot be lifted until the investigation is finalized. ECF 432-2, p. 4. DT Holdings conveyed this response to the petitioners. *Id*., p. 1.

This exchange led to the petitioners seeking discovery, which this Court granted. ECF 440 (the "September 3 Order"). DT Holdings conveyed the requests for production to Proyectos Terrestres, which sought documents from the Tower Seizures Case. ECF 452-1. Proyectos Terrestres again sent this request to the prosecuting authorities, who responded by denying the request by Proyectos Terrestres to make the documents available. ECF 452-2.[1]

Aside from the documents that could not be obtained from the prosecuting authorities, on October 1, 2025, the respondents provided to the petitioners answers to requests for admissions, interrogatories, and documents. The respondents also provided a legal opinion from Prof. Mérida confirming what documents could be produced as well as a description of the features of the Tower Seizures Case. Professor Mérida is an independent expert who has provided a declaration

---

[1] The respondents will promptly filed certified translations of these exhibits.

in the past. ECF 452-3. Professor Mérida ratified, as more fully cited below, that the respondents could not obtain additional documents from the file of the Tower Seizures Case.

## LEGAL ARGUMENT

### I.    The petitioners have cured any contempt of the September 3 Order

"The purpose of civil contempt is not to punish but to compensate for injury caused by any violation of a court order or process, to coerce compliance, or both." *Chevron Corp. v. Donziger*, 384 F. Supp. 3d 465, 488-489 (S.D.N.Y. 2019). The moving party must establish that (1) the court order with which the alleged contemnor failed to comply was clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the alleged contemnor has not diligently attempted to comply in a reasonable manner." *Id*.

Although the respondents did not send any responses or documents to the initial set of discovery requests, they have complied with the broader discovery served on September 17, meeting their obligations under the second and third prongs under the *Chevron Corp. v Donzinger* case cited. The respondents' belated compliance is largely the result of its inability to get the documents requested, despite its extensive good faith efforts. As mentioned above, DT Holdings has attempted to procure the relevant documents from the Towers Seizure Case, and the prosecuting authorities have denied the request. DT Holdings then sought an independent analysis of the law, which Prof. Mérida has supplied. Professor Mérida concludes that the shareholders of a company do not have the right to access or interfere with criminal proceedings. ECF 452-3, p. 4. The respondents therefore cannot comply.

### II.    The position of the Guatemalan authorities justifies, as a matter of comity, excusing the respondents' inability to procure the documents sought

"When foreign law is invoked as the basis for resisting discovery, the party resisting discovery bears the burden" of proving the content of the foreign law and showing why it

impedes production. *Maher v. Bank of Nova Scotia*, No. 1:14-cv-01459, 3 (S.D.N.Y. May 6, 2019) (citations omitted); *see also S.E.C. v. Gibraltar Glob. Sec., Inc.*, No. 13-CV-2575, 2015 WL 1514746 at (S.D.N.Y. 2015) (collecting cases). The party must "provide the Court with information of sufficient particularity and specificity." *Maher v. Bank of Nova Scotia*, No. 1:14-cv-01459, at 3 (citations omitted).

Once there is an actual conflict between the discovery request and foreign law, the court must perform a comity analysis, balancing this country's national interests against those of the foreign jurisdiction to decide "the weight to be given to the foreign jurisdiction's law." *Laydon v. Mizuho Bank, Ltd.*, 183 F. Supp. 3d 409, 413 (S.D.N.Y. 2016) (quotation marks and citations omitted). In performing this balancing test, courts consider many factors, including the following:

> (1) the importance to the investigation or litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine the important interests of the state where the information is located; (6) the hardship of compliance on the party or witness from whom discovery is sought; and (7) the good faith of the party resisting discovery. *Laydon*, 183 F. Supp. 3d at 419–20 (citations omitted).

Of the foregoing factors, "the competing interests of the countries involved and the hardship imposed by compliance" are generally the most important. *Minpeco, S.A. v. Conticommodity Servs., Inc.*, 116 F.R.D. 517, 522 (S.D.N.Y. 1987) (collecting cases).

The respondents have met the standard elicited above. Professor Mérida highlights the conflict, citing the relevant law that is impeding the respondents from meeting the production obligations. The prosecuting authorities have done the same. Even though DT Holdings is the

sole shareholder of Proyectos Terrestres, it cannot obtain the documents from the Tower Seizures Case. The prosecuting authorities have clarified that it will not allow even the undersigned to have access to the documents, illustrating that an actual conflict exists, and that there is nothing else that the respondents can do to avoid the same.

The competing interests and hardship tip in favor of the respondents. While this Court certainly has an interest in enforcing its orders and judgments, the Tower Seizures Case does not halt the sale of the joint venture company, and as described by Prof. Mérida, it is fundamentally different than the kind of civil action barred by 3PFA. The Tower Seizures Case will not result in the payment of compensation to Proyectos Terrestres or DT Holdings. The parties are different, and the nature of the cases is distinct. The Tower Seizures Case is a criminal action being investigated by the Guatemalan authorities. Proyectos Terrestres made the decision to present the *querella*, and DT Holdings will not even benefit from the case.

The hardship associated with compliance falls almost completely on the respondents. They cannot provide the documents from the case, and they will incur in criminal liability if they do. The respondents do not presently have the documents, meaning that only a criminal act will enable them to access the documents to then produce them. The petitioners do not bear these risks and will not face them through their continued demands.

The other factors also weigh in favor of the respondents. The documents are not particularly important in light of the legal distinctions between a civil and criminal proceeding. The petitioners' requests are sufficiently specific on some counts, but with all of the information originating outside of the United States, any specificity is outweighed by the burden in producing the documents. The respondents are unaware of alternative means to access the documents, but with the straightforward opposition from the prosecuting authorities, it is not possible to override

the interest in Guatemala of prohibiting disclosure. The respondents have shown good faith by requesting the opinion of an independent expert, who has already provided testimony in this case. In short, comity counsels against imposing sanctions on the respondents for their insurmountable inability to produce documents that they are not lawfully able to provide (*i.e.* the respondents would be forced to breach Guatemalan law to attempt to obtain these documents).

### III.    Any other sanction is unwarranted

The Sanctions Motion does little to elaborate on the additional sanctions it seeks, so the respondents have little to which they can respond. Criminal sanctions are certainly inappropriate, especially in light of the legal hurdles to compliance and the location of the respondents outside of the country. *See, e.g., Spectacular Venture, L.P. v. World Star International, Inc.*, 927 F. Supp. 683, 685 (S.D.N.Y. 1996). The petitioners do not seek an anti-suit injunction, but it would be unwarranted when the prosecuting authorities have already rejected the request by Proyectos Terrestres to halt the proceedings. The petitioners have also failed to show that the parties are the same, due to the presence of the prosecuting authorities—a third party to the dispute that is not subject to the control of anyone outside Guatemala. Although the respondents cannot determine the details of the Tower Seizures Case, they do not stand to reap any financial benefit. The Tower Seizures Case thus cannot function as an "end run" around 3PFA. Finally, the reference to the El Salvador proceedings is irrelevant, and any connection is baseless. The authorities in El Salvador have carried out their own investigation and reached their own conclusions based on their analysis of the facts and the applicable law. The respondents cannot control the authorities in El Salvador, nor can the authorities in Guatemala. There is no basis to link anything in the Tower Seizures Case to the proceedings in El Salvador, which are being pursued by authorities who are separate and independent of each other. Any other sanctions are thus unwarranted.

## CONCLUSION

For the foregoing reasons, the respondents respectfully request that the Court deny the

Sanctions Motion in its entirety.

Dated: October 2, 2025                    Respectfully submitted,


_____/s/_____                     _____/s/_____
Rodney Quinn Smith II                   Lucila I. M. Hemmingsen
(admitted *pro hac vice*)               **Sagiance LLP**
**GST LLP**                             125 Park Avenue, 25th Floor
78 SW 7th Street, Suite 500             New York, NY 10017
Miami, FL 33130                         Phone: (212) 520-6672
Phone: (305) 856-7723                   lhemmingsen@sagiancellp.com
quinn.smith@gstllp.com

*Counsel for Respondents*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), I hereby certify that this document complies with the word count limitations. There are 1,895 words in this document.


*/s/ Quinn Smith*
Rodney Quinn Smith II