UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELECOM BUSINESS SOLUTION, LLC, *et al.*, | Civil Action No.: 1:22-cv-01761 |
| Petitioners, | Judge Lewis A. Kaplan |
| v. | |
| TERRA TOWERS CORP., *et al.*, | Magistrate Judge Robert W. Lehrburger |
| Respondents. | |

# PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR TURNOVER ORDER TO ENFORCE JUDGMENT

Michael N. Ungar
(admitted *pro hac vice*)
Katherine M. Poldneff
Ashtyn N. Saltz
(admitted *pro hac vice*)
**UB GREENSFELDER**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Phone: (216) 583-7000
Fax:     (216) 583-7001
mungar@ubglaw.com
kpoldneff@ubglaw.com

David A. Landman
**UB GREENSFELDER**
1700 Broadway, Suite 1802
New York, New York 10019-7710
Phone: (917) 262-0470
Fax:     (917) 262-0480
dlandman@ubglaw.com

*Counsel for Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC*

Gregg L. Weiner
Andrew S. Todres
Ethan R. Fitzgerald
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Phone: (212) 596-9000
Fax:     (212) 596-9090
gregg.weiner@ropesgray.com
andrew.todres@ropesgray.com
ethan.fitzgerald@ropesgray.com

Daniel V. Ward
(admitted *pro hac vice*)
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Phone: (617) 951-7000
Fax:     (617) 951-7050
daniel.ward@ropesgray.com

*Counsel for Petitioner AMLQ Holdings (Cay), Ltd.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................2

BACKGROUND ..............................................................................................................................3

I.    PETITIONERS HAVE MET ALL THE ELEMENTS FOR A TURNOVER ORDER .....6

    A.    The Court "Shall" Order a Turnover of Property in Which the Judgment Debtor Has an Interest ..................................................................................................6

    B.    Property for Purposes of C.P.L.R. § 5225 Includes Shares in an Out-of-State Business Entity ........................................................................................................7

    C.    Hernández Was the Sole Member of the KVC and CVS LLCs Until His Daughter Marcela Was Listed as the Sole Member on Paper This Year; Upon Information and Belief, Hernández Remains in Control of the KVC and CVS LLCs and Retains Rights, Title, and Interest in those LLCs ....................8

II.    TURNOVER SHOULD BE MADE TO PETITIONERS DIRECTLY OR, ALTERNATIVELY, AS RECEIVER ...............................................................................9

III.    HERNÁNDEZ SHOULD BE RESTRAINED FROM TAKING OR DIRECTING ANY ACTION TO DISPOSE OF HIS RIGHTS, TITLE AND INTERESTS IN THE LLCS, THE LLCS' ASSETS, OR ANY OF HIS ASSETS ...........................................................11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*79 Madison LLC v. Ebrahimzadeh*,
   2022 NY Slip Op 02052, 203 A.D.3d 589, 166 N.Y.S.3d 126 (App. Div. 1st
   Dept.) ..................................................................................................................................10

*245 Park Member LLC v. HNA Grp. (Int'l) Co.*,
   674 F. Supp. 3d 28 (S.D.N.Y. 2023), *aff'd*, No. 23-842, 2024 WL 1506798
   (2d Cir. Apr. 8, 2024) ................................................................................................6, 7, 8, 9

*245 Park Member LLC v. Hna Grp. Int'l Co. Ltd.*,
   No. 23-842-cv, 2024 U.S. App. LEXIS 8383 (2d Cir. Apr. 8, 2024) .......................................7

*Astrea NYC LLC v. Rivada Networks, Inc.*,
   No. 21 Civ. 10493, 2023 WL 3862671 (S.D.N.Y. June 7, 2023) ..........................................12

*Distressed Holdings, LLC v. Ehrler*,
   113 A.D.3d 111 (2d Dist. 2013) ............................................................................................12

*Fox Corp. v. Media Deportes Mexico, S. de R.L. de C.V.*,
   No. 25-cv-6703, 2025 WL 2607321 (S.D.N.Y. Sept. 9, 2025) ..............................................12

*Freeman v. Giuliani*,
   No. 24-MC-00353 (LJL), 2024 WL 4546883 (S.D.N.Y. Oct. 22, 2024),
   *appeal dismissed* (Feb. 25, 2025) ..........................................................................................11

*Gortat v. Capala Bros.*,
   No. 07-CV-3629, 2008 U.S. Dist. LEXIS 144251 (E.D.N.Y., Mar. 17, 2008) ......................12

*Gryphon Domestic VI, LLC v. App Intern. Finance Co., B.V.*,
   No. 603315/02, 2005 WL 6345678 (N.Y. Sup. Ct. May 23, 2005) .....................................7, 8

*Hotel 71 Mezz Lender LLC v. Falor*,
   926 N.E.2d 1202 (2010) ..................................................................................................10, 11

*Kaplan v. Kaplan*,
   2019 NY Slip Op 05650, 174 A.D.3d 691, 106 N.Y.S.3d 102 (App. Div. 2d
   Dept.) ......................................................................................................................................7

*Koehler v. Bank of Bermuda Ltd.*,
   12 N.Y.3d 533 (2009) ..........................................................................................................7, 8

*Motorola Credit Corp. v. Uzan*,
   739 F. Supp. 2d 636 (S.D.N.Y. 2010) ...................................................................................12

**Statutes**

Cal. Civ. Code §§ 3439 *et seq*..................................................................................................6

New York Civil Practice Law.....................................................................................................1

**Other Authorities**

C.P.L.R. § 5201..........................................................................................................................7

C.P.L.R. § 5222...................................................................................................................4, 11

C.P.L.R. § 5225................................................................................................................6, 7, 8

C.P.L.R. § 5228.......................................................................................................................10

C.P.L.R. § 5240.......................................................................................................................12

Fed. R. Civ. P. 69......................................................................................................................6

Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay), Ltd. ("AMLQ," and together with Peppertree, "Peppertree/AMLQ") hereby respectfully submit this memorandum of law in support of their Motion to Enforce Judgment (the "Motion") through the issuance of a turnover order and restraints, pursuant to Federal Rule of Civil Procedure ("Rule") 69 and New York Civil Practice Law & Rules ("C.P.L.R.") §§ 5222, 5225 and 5240, (i) requiring Respondent and Judgment Debtor Jorge Hernández ("Hernández") to turn over to Petitioners, whether directly or as receivers, all rights, title, and interest in Knights Valley California LLC ("KVC") and Calistoga Vintner Services, LLC ("CVS") in partial satisfaction of the monetary judgment contained in the Fifth Partial Final Award (the "5PFA") and confirmed by this Court August 7, 2025 (ECF No. 429); (ii) restraining Hernández from pledging, hypothecating, selling, transferring or otherwise disposing of any right, title, or interest in any of his assets without prior authorization of this Court, and restraining Hernández from causing any entity or person under his direct or indirect control from doing the same; and (iii) enjoining Hernández from dissipating any of his assets, whether in his own name or not, and whether solely or jointly owned, or directly or indirectly controlled, unless and until Hernández and the other Judgment Debtors pay the 5PFA Judgment in full.[1]

---

[1] This action arises from an arbitration administered by the International Centre for Dispute Resolution of the American Arbitration Association captioned *Telecom Business Solution, LLC, et al. v. Terra Towers Corp.*, et al., AAA/ICDR Case No. 01-21-0000-4309 (the "Arbitration") and presided over by a panel of three highly qualified and experienced arbitrators (the "Tribunal"). The Arbitration is pending among Peppertree/AMLQ, Continental Towers LATAM Holdings Limited (the "Company"), and Respondents Terra Towers Corp. and TBS Management, S.A. (collectively, "Terra"), Terra's affiliate DT Holdings, Inc. ("DTH" and together with Terra, "Terra/DTH"), and Hernández (collectively, "Respondents" or "Judgment Debtors"). Terra is the majority shareholder of the Company together with minority shareholders Peppertree and AMLQ. In the 5PFA, confirmed by this Court on August 7, 2025 (ECF No. 429), the Tribunal determined that it had jurisdiction over Hernández and sustained claims Peppertree/AMLQ had brought against him, while declining to exercise jurisdiction over Terra's other appointees to the Company's board against whom Peppertree/AMLQ had brought claims. The Court entered Judgment confirming the 5PFA on October 3, 2025 (the "Judgment"). (ECF No. 454.)

1

This Motion should be granted to prevent the imminent risk that Hernández will dissipate valuable real property he indirectly owns via these entities, which have just been listed for sale at a collective list price of $115 Million.

## PRELIMINARY STATEMENT

Petitioners Peppertree/AMLQ seek a turnover order requiring the transfer to Petitioners of all of Hernández's rights, title, and interest in at least two LLCs through which Hernández owns valuable real property in California. Petitioners have recently learned that such property has now been listed for sale for a combined price of **$115 Million**. Should Hernández be permitted to liquidate these assets, there is little doubt that none of the proceeds from their sale would be put toward a partial satisfaction of Hernández's joint and several liability under the 5PFA, which awarded Peppertree/AMLQ **$300,749,761** in compensatory damages, including **$25,166,653 in punitive damages** and $15,130,798 attorneys' fees and costs, plus interest. (ECF No. 276-41, 5PFA, Award, ¶¶ 3-16, 18.) But applicable New York law does not allow such a result, and instead dictates that this Court "shall" order that Hernández's rights, title, and interest in the LLCs be turned over to satisfy the judgment.

Furthermore, not only should the Court compel Hernández to turn over to Peppertree/AMLQ all rights, title, and interest in the LLCs; the Court should restrain Hernández from pledging, hypothecating, selling, transferring or otherwise disposing of any right, title, or interest in any of his assets without prior authorization of this Court, and restrain Hernández from causing any entity or person under his direct or indirect control from doing the same. Hernández should be enjoined from dissipating any of his assets, whether in his own name or not, and whether solely or jointly owned, or directly or indirectly controlled, unless and until the Judgment Debtors pay the Judgment in full.

2

**BACKGROUND**

As this Court is acutely aware, this case has a long and fraught history, stretching back to arbitration proceedings commenced in February 2021 and resulting in a total of five arbitral awards—all of which were in Petitioners' favor, all of which have since been confirmed by this Court, and none of which Respondents have yet satisfied. Notably, in its First Partial Final Award from February 23, 2022 ("1PFA"), the Tribunal found Respondents had breached the SHA by failing to cause the Company to be sold and, *inter alia*, issued an order of specific performance requiring the sale of the Company to proceed pursuant to the engagement of an Investment Bank. (ECF No. 9-22, 1PFA ¶ 72(i)-(iii).)

After several more years of obstruction and outright refusal by Respondents to comply with the Tribunal's mandates, and three further partial awards, the Tribunal issued the 5PFA on March 24, 2025, which this Court then confirmed in full on August 7, 2025. (ECF No. 429.) In the 5PFA, the Tribunal recounted the history of this "deeply troubling case." (ECF No. 276-41, 5PFA, Preamble (1).) It noted its previous "four Partial Final Awards, all of them against the Respondents, and none of [which] has been complied with in any respect," and lamented that "Respondents' efforts to undermine enforcement of the awards have become increasingly disturbing." (*Id.*)

The 5PFA holds Jorge Hernández jointly and severally liable, alongside Terra and DTH, for **$300,749,761** in compensatory damages, including $25,166,643 in punitive damages and $15,130,798.21 in attorneys' fees and costs, plus interest. (ECF No. 276-41, 5PFA, Award, ¶¶ 3-16, 18.) It also made Hernández jointly and severally liable for the monetary damages awarded in the Tribunal's prior partial final awards. (*Id.*, ¶ 3.c.) On August 7, 2025, this Court issued a Memorandum Opinion granting Peppertree/AMLQ's Petition to Confirm the 5PFA and denying Respondents' petitions to vacate the 5PFA (ECF No. 429) and, on October 3, 2025, this Court entered Judgment (ECF No. 454) (the "Judgment"). On October 14, 2025, Petitioners served a

3

Supplemental Restraining Notice Pursuant to CPLR § 5222 on each of the Respondents/Judgment Debtors, advising the Judgment Debtors (including Hernández) that they are "**FORBIDDEN** to make or suffer any sale, assignment or transfer of, or any interference with any property in which [they] have an interest, except as therein provided." (Ex. 1.[2], [3]) The Judgment Debtors have done *nothing* to comply with the 5PFA in the more than six months since it was issued and nearly three months since it was confirmed. On the contrary, the Judgment Debtors affirmatively avoided responding to information subpoenas demanding the identification of assets in which Hernández and the other Judgment Debtors have an interest that might be available to satisfy the judgment.

And now, Peppertree/AMLQ have uncovered evidence that entities owned in part (if not in whole) by Hernández have listed Napa Valley real estate for sale at list prices of $50 Million and $65 Million, respectively. First, a "Napa Valley Wine Hospitality Development Opportunity" located at 865 Silverado Trail N., Calistoga, California ("865 Silverado Trail") was *listed for $50 Million* by Engel & Völkers. (Ex. 6.) The listing includes the Museion Napa Winery properties and adjacent parcels, including a retail store, wine/olive oil tasting event space, wine/olive oil production facility, a large former water plant, and undeveloped land. Days later, after notice of the Supplemental Restraining Notice was given, a sprawling "2099 acre Recreational Ranch in Prestigious Wine Country", located at 16035 Highway 128, Calistoga, California ("16035 Highway 128"), was *listed for $65 Million* by the same agent. (Ex. 7.)

---

[2] Exhibits cited herein refer to exhibits to the Declaration of Michael N. Ungar, filed herewith.

[3] Notably, the October 14, 2025 Supplemental Restraining Notice was the second Restraining Notice Pursuant to CPLR § 5222 served on Hernández and the other Judgment Debtors. Peppertree/AMLQ served a Restraining Notice dated April 11, 2025 on Hernández and his counsel Mr. Smith, concerning the Court's earlier judgments confirming the 1PFA, 2PFA, and 4PFA. (*See* Ex. 2.) While Mr. Smith accepted service of the Restraining Notices directed to Terra and DTH, he refused to accept service of the Restraining Notice directed to Hernández. (Ex. 3.) Hernández was served via Certified U.S. Mail directed to his home in Saint Helena, California, and signed for by Krisi Raymond, the Director of Operations at Grove 45 LLC—the olive oil business run by Hernández's co-obligor and wife, Ana Beatriz Hernández. (ECF No. 292; Exs. 4, 5.)

4

The real property located at 865 Silverado Trail is owned by Calistoga Vintner Services, LLC ("CVS"). (Exs. 8, 9, 10.) CVS is a Delaware limited liability company authorized to do business in California, which lists 865 Silverado Trail as its principal address and 965 Silverado Trail, Calistoga, California as its mailing address in records on file with the California Secretary of State. (Ex. 11.) On April 26, 2024, CVS reported that Hernández was its sole manager and member. (*Id.*) As of April 24, 2025, however—about a month after the Tribunal issued the 5PFA—CVS reported that Hernández's daughter Marcela became the sole manager and member of CVS. (Ex. 12.) Upon information and belief, Hernández continues to control CVS and retains rights, title and/or interest in the LLC and its assets.

The real property located at 16035 Highway 128 is owned by Knights Valley California LLC ("KVC"). (Exs. 13, 14.) KVC is a Delaware limited liability company authorized to do business in California. (Ex. 15.) On April 26, 2024, KVC reported that Hernández was its sole manager and member and listed Hernández's Napa Valley Estate, 2500 Spring Mountain Road, St. Helena, California, as its principal address in records on file with the California Secretary of State. (*Id.*) Yet, by September 15, 2025, after this Court confirmed the 5PFA, KVC reported that Marcela Hernández was its sole manager and member, and listed 965 Silverado Trail, Calistoga, California as its principal address. (Ex. 16.) Upon information and belief, Hernández continues to control KVC and retains rights, title and/or interest in the LLC and its assets.

Hernández's deliberate transfers of LLC membership into the name of his daughter and subsequent listing of the LLCs' substantial assets for sale to third-parties, accomplished after the Tribunal's multiple awards against him and following judgments confirming those awards, happened in open defiance of and with a clear intent to interfere with Peppertree/AMLQ's collection efforts. (See, e.g., Exs. 17, 18, 19.) These transfers constitute fraudulent conveyances

under the law, *see* Cal. Civ. Code §§ 3439 *et seq.*, and willful contempt of this Court's authority—a blatant attempt by Hernández to render the Tribunal's awards against him, and this Court's multiple judgments confirming them, hollow. The timing of these transfers reflects the ongoing bad faith of Hernández and his affiliates: Less than two (2) weeks after the Judgment and almost immediately upon the receipt of the Supplemental Restraining Notice by Hernández's counsel, Hernández – and those acting on behalf of Hernández or in concert with him – continued executing a plan to dissipate his U.S. assets and place them far beyond the reach of Peppertree/AMLQ.

This Court can and should put a stop to this shell game by granting the Motion, ordering Hernández to turn over his rights, title, and/or interests in the LLCs, enjoining Hernández from taking any action to facilitate the sale of assets owned by those LLCs, and further restraining Hernández more broadly from dissipating assets, unless and until the Judgment is fully satisfied.

## I. PETITIONERS HAVE MET ALL THE ELEMENTS FOR A TURNOVER ORDER

### A. The Court "Shall" Order a Turnover of Property in Which the Judgment Debtor Has an Interest

Under Federal Rule of Civil Procedure 69, the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Accordingly, "Article 52 of the C.P.L.R. governs the enforcement and collection of money judgments" in execution proceedings under Rule 69. *245 Park Member LLC v. HNA Grp. (Int'l) Co.*, 674 F. Supp. 3d 28, 39 (S.D.N.Y. 2023), *aff'd*, No. 23-842, 2024 WL 1506798 (2d Cir. Apr. 8, 2024).

C.P.L.R. § 5225 provides:

> Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the

6

> money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

N.Y. C.P.L.R. § 5225(a). "To obtain such an order, the judgment creditor need only establish that the judgment debtor owns and possesses the property at issue." *245 Park Member LLC.*, 674 F. Supp. 3d at 39. "Once this showing is made, 'the court ***shall*** order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor.'" *Id.* (emphasis added) (quoting C.P.L.R. § 5225(a)).

> **B.     Property for Purposes of C.P.L.R. § 5225 Includes Shares in an Out-of-State Business Entity**

"A money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested, unless it is exempt from application to the satisfaction of the judgment. N.Y. C.P.L.R. § 5201(b). Shares in an LLC or other business entity are among the property subject to a turnover order under C.P.L.R. § 5225. *See 245 Park Member LLC v. Hna Grp. Int'l Co. Ltd.*, No. 23-842-cv, 2024 U.S. App. LEXIS 8383, at *9 (2d Cir. Apr. 8, 2024) (holding that membership interests in a foreign LLC are property against which a judgment may be enforced under New York's enforcement procedures); *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 535 (2009) (holding that a New York court may order a bank to turnover stock certificates owned by a judgment debtor); *Kaplan v. Kaplan*, 2019 NY Slip Op 05650, 174 A.D.3d 691, 106 N.Y.S.3d 102 (App. Div. 2d Dept.) (holding that stock certificates and other "indicia of ownership" in business entities are property against which a judgment may be enforced under New York's enforcement procedures); *Gryphon Domestic VI, LLC v. App Intern. Finance Co., B.V.*, No. 603315/02, 2005 WL 6345678 (N.Y. Sup. Ct. May 23, 2005) (ordering turnover of stock certificates in foreign corporation).

7

Moreover, the Court's jurisdiction to issue a turnover order arises from its personal jurisdiction over the judgment debtor or other garnishee rather than jurisdiction over the property at issue and, thus, extends to out-of-state property of the judgment debtor. *See Koehler*, 12 N.Y.3d at 535 (holding that a New York court may order the turnover of stock certificates owned by a judgment debtor when those stock certificates are located outside New York); *Gryphon Domestic VI, LLC*, 2005 WL 6345678 ("[I]nasmuch as the Court has obtained personal jurisdiction over the Judgment Debtors and the Judgment has been entered against them in this action, the Court can order them to satisfy it by delivering their property, regardless of its location.").

**C.    Hernández Was the Sole Member of the KVC and CVS LLCs Until His Daughter Marcela Was Listed as the Sole Member on Paper This Year; Upon Information and Belief, Hernández Remains in Control of the KVC and CVS LLCs and Retains Rights, Title, and Interest in those LLCs**

Under C.P.L.R. § 5225(a), "the judgment creditor need only establish that the judgment debtor owns and possesses the property at issue… Once this showing is made, the court *shall order* that the judgment debtor… deliver [] personal property, or so much of it as is of sufficient value to satisfy the judgment[.]" *245 Park Member LLC.*, 674 F. Supp. 3d at 39 (emphasis added). Filings made in 2024 with the California Secretary of State identify Hernández as the sole and, thus, controlling manager and member of the KVC and CVS LLCs. (Exs. 11, 15.) Through those ownership interests, Hernández indirectly owned the recently listed 16035 Highway 128 and Silverado Trail properties. (*See* Exs. 6, 7.) In the September 15, 2025 and April 25, 2025 filings, however, Hernández's daughter, Marcela Hernández, is listed as the sole manager and member of the KVC and CVS LLCs. (Exs. 12, 16.) Those public filings suggest that Hernández began taking steps to place his considerable Napa Valley assets beyond the reach of Peppertree/AMLQ little more than one (1) month after the Tribunal issued the 5PFA. But they do not foreclose the possibility that Hernández remains in control of the KVC and CVS LLCs and retains rights, title

8

and interest in them—whether a future right or interest, or otherwise.[4] Thus, Hernández's rights, title or interest, whether present or future, in the KVC and CVS LLCs are properly subject to a turnover order.

## II. TURNOVER SHOULD BE MADE TO PETITIONERS DIRECTLY OR, ALTERNATIVELY, AS RECEIVER

Rather than turning over the assets to a sheriff, the Court should order that Hernández's rights, title or interests in the LLCs be transferred directly to Petitioners—in proportion with their respective ownership interests in the Company. Doing so will provide the best means to ensure Petitioners' control over any liquidation of assets held by the LLCs and the application of any proceeds to payment of Hernández' debts.

Other courts have ordered direct turnovers when dealing with closely held equity interests, given the nature of the assets and the uncertainty of their value, particularly where there has been a history of obstructionist conduct aimed at frustrating enforcement of a judgment. In *245 Park*, for instance, the court ordered a direct turnover of shares in a corporation to the plaintiffs where the shares were of uncertain value, and the defendants tried to frustrate the plaintiffs from collecting on the judgment by attempting bad-faith transfers of both their interest in the company and company assets. *See 245 Park Member LLC v. HNA Grp. (Int'l) Co.*, 674 F. Supp. 3d 28, 41 (S.D.N.Y. 2023), *aff'd*, No. 23-842-cv, 2024 U.S. App. LEXIS 8383 (2d Cir. Apr. 8, 2024); *see also 79 Madison LLC v. Ebrahimzadeh*, 2022 NY Slip Op 02052, ¶ 2, 203 A.D.3d 589, 590-91, 166 N.Y.S.3d 126, 129 (App. Div. 1st Dept.) ("The court providently exercised its discretion in

---

[4] As the Court is aware, the Respondents have resisted Petitioners' efforts to obtain useful pre- and post-judgment discovery concerning Respondents' assets, including the personal assets of Hernández. (*See* ECF No. 441.) Additional post-judgment discovery was served on Hernández, through his counsel, on October 14, 2025, which seeks (*inter alia*) information relating to his ownership of and the assets held by the KVC and CVS LLCs. (Ex. 1.) To the extent necessary to decide Peppertree/AMLQ's request for relief here, the Court should order Hernández to respond to that discovery on an expedited basis and in any event, should Hernández fail to present credible evidence regarding his interests in these entities in opposition to this Motion, the Court should make adverse inferences against him.

ordering a direct turnover, given that the value of defendant's membership interest is uncertain and that defendant has obstructed plaintiff's efforts to pursue the judgment."). Similarly, here, the value of Hernández's rights, title and interests in the LLCs cannot be fully determined without a sale of the LLC's real estate holdings—which Hernández appears to be intent on pursuing, but which Hernández's extensive history of obstructionist tactics suggests is yet another effort to frustrate Petitioners' efforts to collect on their judgments.[5]

As an alternative, this Court could order the turnover of Hernández's rights, title and interests to Petitioners as receivers pursuant to C.P.L.R. § 5228, subject to a directive to carry on the liquidation of the LLCs' assets. C.P.L.R. § 5228 expressly permits the appointment of a judgment creditor as receiver, with the only difference being that the judgment creditor is not entitled to compensation for its work as receiver.

> Appointment of a receiver may be particularly appropriate where "the property interest involved is intangible, lacks a ready market, and presents nothing that a sheriff can work with at an auction." [*Hotel 71 Mezz Lender LLC v. Falor*, 926 N.E.2d 1202, 1212 (2010)] (citing Siegel, N.Y. Prac § 512 (4th ed)). Though receivership is not a common enforcement device, "[o]ne of its prime uses is where it's shown that a private sale of some item of the debtor's property, real or personal, will likely bring a substantially higher price than would the public auction that a sheriff is required to conduct when levying an execution. This is especially the case when the debtor's residence is involved: a receiver can use the usual channels of newspaper advertisements, brokers, etc." Siegel, N.Y. Prac. § 512 (6th ed.).

*Freeman v. Giuliani*, No. 24-MC-00353 (LJL), 2024 WL 4546883, at *3 (S.D.N.Y. Oct. 22, 2024), *appeal dismissed* (Feb. 25, 2025); *see also Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 318, 926 N.E.2d 1202, 1212 (2010) ("[G]iven the lack of marketability of defendants' intangible

---

[5] The Court is well-acquainted with the history of Respondents' obstructionist tactics, and their failure to satisfy or comply with any one of the Court's earlier judgments, including the judgments confirming the First, Second, Third, and Fourth Partial Final Awards.  Notably, the Judgment confirming the 5PFA holds Hernández personally liable for each and every one of the Court's earlier judgments.

property interests (there is no ready market for them), turning the property over to the sheriff would not be helpful in trying to satisfy the judgment.").

The Court should order the turnover of Hernández's rights, title and interests in the LLCs directly to Petitioners, whether in their own capacity or as receivers under a mandate to liquidate the LLCs' assets, as the best means of ensuring that the proceeds of any sale of those assets are used to satisfy the judgments owed to Petitioners.

### III. HERNÁNDEZ SHOULD BE RESTRAINED FROM TAKING OR DIRECTING ANY ACTION TO DISPOSE OF HIS RIGHTS, TITLE AND INTERESTS IN THE LLCS, THE LLCS' ASSETS, OR ANY OF HIS ASSETS

"A judgment debtor … served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as … pursuant to an order of the court, until the Judgment or order is satisfied or vacated." C.P.L.R. § 5222(b). Petitioners served a restraining notice with respect to the 5PFA on Hernández and his counsel on October 14, 2025.[6] The April 25, 2025 and September 15, 2025 filings listing Marcela Hernández as the sole member of the LLCs and more recent listings for sale of the 16035 Highway 128 and Silverado Trail properties evidence Hernández's efforts to dissipate the assets he holds indirectly through the KVC and CVS LLCs. It is therefore proper for this Court, pursuant to its power to extend an enforcement procedure, to enter an order retraining Hernández and those subject to his control from pledging, selling, transferring, or otherwise disposing of any right, title, or interest in *any* of his assets—including any rights, title and interests in the KVC and CVS LLCs as well as the assets held by those LLCs—without prior authorization of this Court. *See Astrea NYC LLC v. Rivada Networks, Inc.*, No. 21 Civ. 10493, 2023 WL 3862671, at *3 (S.D.N.Y. June

---

[6] Despite Petitioners' request they do so, Respondents have not confirmed that they will comply with their obligations under the restraining notices. Petitioners are awaiting confirmation of delivery of service via certified mail on Hernández. In any event, the real estate listings certainly imply that Hernández and those acting in concert with him are intent on engaging in a shell game and rapidly dissipating assets.

11

7, 2023); *see also Fox Corp. v. Media Deportes Mexico, S. de R.L. de C.V.*, No. 25-cv-6703, 2025 WL 2607321, at *3 (S.D.N.Y. Sept. 9, 2025) (in support of enforcing contempt sanctions, enjoining contemnors from "transferring, conveying, or otherwise dissipating any assets, or causing anyone else from transferring, conveying, or otherwise dissipating any assets, located in the United States that they possess, own, or otherwise control" or "conveying any title or interest in any real or personal property held in [contemnor's] name, or in the name of any entity over which he exercises control, located in the United States"); *Motorola Credit Corp. v. Uzan*, 739 F. Supp. 2d 636, 642 (S.D.N.Y. 2010) (judgment debtor "forbidden to make or suffer any sale, assignment, transfer or interference with any property . . . in which it has an interest, real or inchoate, except upon direction of the Court" pursuant to § 5222); *Gortat v. Capala Bros.*, No. 07-CV-3629, 2008 U.S. Dist. LEXIS 144251, at *5 (E.D.N.Y., Mar. 17, 2008) (restraining judgment debtors from "transferring, encumbering, or otherwise dissipating any interest in any real or personal property owned by defendants, or transferred from defendants to the related parties (including the Conveyed Properties), to any other person or entity without the permission of the Court"). Further, C.P.L.R. § 5240 provides that "[t]he court may at any time . . . make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." N.Y. C.P.L.R. § 5240. That provision "grants the court substantial authority to order equitable relief", *Distressed Holdings, LLC v. Ehrler*, 113 A.D.3d 111, 120 (2d Dist. 2013), including the relief requested here.

## CONCLUSION

For the foregoing reasons, Petitioners Peppertree/AMLQ respectfully request that the Court grant this Motion and issue the Proposed Order filed herewith.

Dated: October 20, 2025                                    Respectfully submitted,

4933-3112-1524, v. 2

| | |
|---|---|
| By: /s/ Michael N. Ungar | By: /s/ Gregg L. Weiner |

Michael N. Ungar  
(admitted *pro hac vice*)  
Katherine M. Poldneff  
Ashtyn N. Saltz  
(admitted *pro hac vice*)  
**UB GREENSFELDER LLP**  
1660 West 2nd Street, Suite 1100  
Cleveland, Ohio 44113-1406  
Phone: (216) 583-7000  
Fax:    (216) 583-7001  
mungar@ubglaw.com  
kpoldneff@ubglaw.com  
asaltz@ubglaw.com  

David A. Landman  
**UB GREENSFELDER**  
1700 Broadway, Suite 1802  
New York, New York 10019-7710  
Phone: (917) 262-0470  
Fax:    (917) 262-0480  
dlandman@ubglaw.com  

*Counsel for Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC*

Gregg L. Weiner  
Andrew S. Todres  
Ethan R. Fitzgerald  
**ROPES & GRAY LLP**  
1211 Avenue of the Americas  
New York, New York 10036-8704  
Phone: (212) 596-9000  
Fax:    (212) 596-9090  
gregg.weiner@ropesgray.com  
andrew.todres@ropesgray.com  
ethan.fitzgerald@ropesgray.com  

Daniel V. Ward  
(admitted *pro hac vice*)  
**ROPES & GRAY LLP**  
Prudential Tower  
800 Boylston Street  
Boston, Massachusetts 02199-3600  
Phone: (617) 951-7000  
Fax:    (617) 951-7050  
daniel.ward@ropesgray.com  

*Counsel for Petitioner AMLQ Holdings (Cay), Ltd.*

## CERTIFICATE OF SERVICE

    I hereby certify that an as-filed copy of the foregoing and related filings was filed electronically on October 20, 2025. Notice of this filing will be sent to all counsel of record through the Court's electronic notice system.

                                                            */s/ Michael N. Ungar*
                                                           *Counsel for Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC*

4933-3112-1524, v. 2