UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ------------------------------------------------------------------- X | | |
| TELECOM BUSINESS SOLUTION, LLC, *et al.*, | : | Civil Action No.: 1:22-cv-01761 |
| | : | |
| Petitioners, | : | Judge Lewis A. Kaplan |
| v. | : | |
| | : | Magistrate Judge Robert W. Lehrburger |
| TERRA TOWERS CORP., *et al.*, | : | |
| | : | |
| Respondents. | : | |
| ------------------------------------------------------------------- | : | |
| | X | |

### PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISSOLVE STAY OF EXECUTION AND FOR LEAVE TO REGISTER JUDGMENT PURSUANT TO 28 U.S.C. § 1963

Michael N. Ungar
(admitted *pro hac vice*)
Katherine M. Poldneff
Ashtyn N. Saltz
(admitted *pro hac vice*)
**UB GREENSFELDER**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Phone: (216) 583-7000
Fax:    (216) 583-7001
mungar@ubglaw.com
kpoldneff@ubglaw.com

David A. Landman
**UB GREENSFELDER**
1700 Broadway, Suite 1802
New York, New York 10019-7710
Phone: (917) 262-0470
Fax:    (917) 262-0480
dlandman@ubglaw.com

*Counsel for Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC*

Gregg L. Weiner
Andrew S. Todres
Ethan R. Fitzgerald
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Phone: (212) 596-9000
Fax:    (212) 596-9090
gregg.weiner@ropesgray.com
andrew.todres@ropesgray.com
ethan.fitzgerald@ropesgray.com

Daniel V. Ward
(admitted *pro hac vice*)
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Phone: (617) 951-7000
Fax:    (617) 951-7050
daniel.ward@ropesgray.com

*Counsel for Petitioner AMLQ Holdings (Cay), Ltd.*

Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay), Ltd. ("AMLQ," and together with Peppertree, "Peppertree/AMLQ") hereby respectfully submit this memorandum of law in support of their Motion to Dissolve Stay of Execution and for Leave to Register Judgment Pursuant to 28 U.S.C. § 1963 (the "Motion"), to enforce the sizeable monetary judgment contained in the Fifth Partial Final Award (the "5PFA") and confirmed by this Court on August 7, 2025 (ECF Nos. 429, 454), jointly and severally, against Respondents Terra Towers Corp. and TBS Management, S.A. (collectively, "Terra"), Terra's affiliate DT Holdings, Inc. ("DTH" and together with Terra, "Terra/DTH"), and Jorge Hernández ("Hernández") (collectively, "Respondents" or "Judgment Debtors").[1]

## I.   PRELIMINARY STATEMENT

The unanimous, well-reasoned and well-supported 5PFA awarded Peppertree/AMLQ **$300,749,761** in compensatory damages, punitive damages, attorneys' fees and costs, plus interest. (ECF No. 276-41, 5PFA, Award, ¶¶ 3-16, 18.)  On August 7, 2025, this Court issued a Memorandum Opinion granting Peppertree/AMLQ's Petition to Confirm the 5PFA and denying Respondents' petitions to vacate the 5PFA (ECF No. 429) and, on October 3, 2025, this Court entered Judgment (ECF No. 454) (the "Judgment").  All of the Judgment Debtors have filed notices of appeal from the judgment against them.  (ECF No. 433.)  None of the Judgment Debtors have sought or obtained a stay of the Judgment, and none of the Judgment Debtors have sought or

---

[1] This action arises from an arbitration administered by the International Centre for Dispute Resolution of the American Arbitration Association captioned *Telecom Business Solution, LLC, et al. v. Terra Towers Corp.*, et al., AAA/ICDR Case No. 01-21-0000-4309 (the "Arbitration") and presided over by a panel of three highly qualified and experienced arbitrators (the "Tribunal").  The Arbitration is pending among Peppertree/AMLQ, Continental Towers LATAM Holdings Limited (the "Company"), and respondents Terra, DTH, and Hernández.  Terra is the majority shareholder of the Company together with minority shareholders Peppertree and AMLQ.  In the 5PFA, confirmed by this Court on August 7, 2025 (ECF No. 429), the Tribunal determined that it had jurisdiction over Hernández and sustained claims Peppertree/AMLQ had brought against him, while declining to exercise jurisdiction over Terra's other appointees to the Company's board against whom Peppertree/AMLQ had brought claims.

obtained a supersedeas bond (or any security) as a prerequisite to any such stay.

To Peppertree/AMLQ's knowledge, Terra and DTH have no assets capable of satisfying these monetary judgments, aside from Terra's shares in the Company, and the Judgment Debtors have no assets in New York. Judgment Debtor Hernández and his transferees and affiliated entities hold substantial assets in the States of California and Florida—*including assets which, public records show, Hernández and entities he controls now have listed for sale at a combined $115 Million*. Accordingly, Peppertree/AMLQ now seek to register the Judgment in the Northern District of California and the Southern District of Florida, as well as other United States districts, under 28 U.S.C. § 1963 to enable enforcement and execution on the Judgment in States where Judgment Debtor Hernández is believed to be the beneficial owner of substantial assets.

II. **ARGUMENT**

   A. **The Court Should Immediately Dissolve the 30-Day Stay of Execution Pursuant to Federal Rule of Civil Procedure 62(a)**

Under Federal Rule of Civil Procedure 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). Thus, "Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay," and "[o]ne reason" for doing so "may be a risk that the judgment debtor's assets will be dissipated." Fed. R. Civ. P. 62, 2018 Advisory Committee Note. As this District has recognized, Rule 62(a) is not intended to serve as "a 30-day window [for judgment debtors] to conceal and dissipate their assets." *Mattel, Inc. v. Arming*, No. 18 CIV. 8824 (LAP), 2021 WL 3683871, at *9 (S.D.N.Y. Aug. 18, 2021).

Courts routinely exercise their discretion to dissolve the Rule 62(a) stay to protect judgment creditors against the risk that a recalcitrant judgment debtor will hide or dissipate assets. *See, e.g., id.; Mattel, Inc. v. wwwfisherpriceonline*, No. 21-CV-9608 (LJL), 2022 WL 2801022, at *15

2

(S.D.N.Y. July 18, 2022); *Allstar Mktg Grp., LLC v. AFACAI*, No. 20 CIV. 8406 (JPC), 2021 WL 2555636, at *8 (S.D.N.Y. June 22, 2021); *Mattel, Inc. v. 1622758984*, No. 18-CV-8821 (AJN), 2020 WL 2832812, at *7 (S.D.N.Y. May 31, 2020). And, although not required to do so, courts have considered a judgment debtor's track record of failing to obey court orders at earlier stages of the proceedings. *See No. 8 Mine, LLC v. Eljen Grp., LLC*, No. 3:18-CV-00104-WGC, 2020 WL 13882026, at *1 (D. Nev. Nov. 4, 2020) (noting that the judgment debtor "continually ignored the court's orders imposing sanctions"); *USA Gymnastics v. Ace Am. Ins. Co. (In re USA Gymnastics)*, Nos. 18-9108-RLM-11, 2020 Bankr. LEXIS 2612, at *68 (Bankr. S.D. Ind. Sep. 29, 2020) (considering judgment debtor's failure to comply with prior court orders to pay).

The circumstances here strongly favor immediate dissolution of the automatic stay. Over the long and tortured history of this case, as the Court well knows, Hernández has proven himself to be an unwilling and uncooperative litigant. He and the entities he controls (including Terra and DTH) blatantly have ignored and refused to comply with the Tribunal's orders and awards, and with this Court's past judgments confirming the First, Second, Third, and Fourth Partial Final Awards. (*See, e.g.,* ECF Nos. 295, at 2, 32, 35-37, 39-40.)[2] Less than two (2) weeks after the Court entered the Judgment holding Hernández personally liable for over $300 Million in damages—and over two months after the Court confirmed the 5PFA—two LLCs in the Hernández family business empire listed Napa Valley real estate for sale for a collective $115 Million. Public filings dated April 25, 2025 and September 15, 2025, respectively, report that Hernández's daughter, Marcela, is the sole member of those LLCs; yet, the reports for 2024 and earlier years

---

[2] As the Tribunal wrote in the 5PFA, "We have made four Partial Final Awards, all of them against Respondents, and none of them has been complied with in any respect." (ECF No. 285, at 2.)

3

identify Hernández himself as the sole member. This shell game must be stopped *now*. The Court should exercise its discretion to immediately dissolve Rule 62(a)'s automatic stay.[3]

### B. The Court Should Grant Peppertree/AMLQ Leave to Register the Judgment Outside this District

#### 1. The Federal Judgment Registration Statute Provides That A Judgment Creditor May Register A Judgment Outside The Issuing District "For Good Cause Shown" Where An Appeal Is Pending

The federal judgment registration statute, 28 U.S.C. § 1963, was amended in 1988 to allow judgment creditors to register their judgments outside the issuing district during the pendency of an appeal, where "good cause" exists to do so. The statute provides, in pertinent part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal *or when ordered by the court that entered the judgment for good cause shown* . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963 (emphasis added); *see also Ambac Assurance Corp. v. Adelanto Pub. Util. Auth.*, No. 09-cv-5087, 2014 WL 2893306, at *4 (S.D.N.Y. June 26, 2014).

The "good cause" standard is not difficult to meet. "'Good cause' is established 'upon a mere showing that the [party against whom the judgment has been entered] has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment.'" *Owen v. Soundview Fin. Grp., Inc.*, 71 F. Supp. 2d 278, 278–79 (S.D.N.Y. 1999) (citing *Jack Frost Labs, Inc. v. Physicians & Nurses Mfg. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y.

---

[3] Notably, Respondents/Judgment Debtors have appealed, but have not posted a bond or provided any other security. Any stay of execution must be conditioned on the posting of an adequate supersedeas bond pursuant to Rule 62(b). Given the history here and indications that Hernández has begun transferring and dissipating assets located in the U.S., only a full supersedeas bond will suffice. Anything less will unduly endanger Peppertree/AMLQ's interest in recovery.

1997)); *accord Lifetree Trading Pte. Ltd. v. Washakie Renewable Energy, LLC*, No. 14-cv-9075 (JPO), 2018 WL 4278280, at *1 (S.D.N.Y. Feb. 1, 2018) (citations omitted) (same); *see also Capitol Recs., Inc. v. MP3Tunes, LLC*, No. 07CV9931, 2015 WL 4557414, at *1–2 (S.D.N.Y. July 6, 2015) (granting motion for leave to register judgment in California where judgment creditors made showing that debtor's family trusts and other entities connected to him were located there). A judgment creditor seeking to demonstrate good cause "need not show exact evidence of assets"; the Court may grant registration upon a "lesser showing". *See Owen*, 71 F. Supp. 2d at 279; *see also, e.g., Ambac Assurance Corp.*, 2014 WL 2893306, at *4 (same). A court may rely on affidavits and other documentary evidence in its determination and, "[i]n the absence of contrary evidence, the affidavit in support of the judgment creditor['s] motion should be presumed to be true." *Owen*, 71 F. Supp. 2d at 279.

Additional factors including dissipation or concealment of assets, or risk thereof, also may be considered under Section 1963. Indeed, the statute allows for registration to prevent improper transfers or other activity designed to deprive a party of the benefits of a judgment where the judgment debtors neither posted a bond nor sought a stay. *Broker Genius Inc. v. Seat Scouts LLC*, No. 17-CV-8627 (SHS), 2020 WL 1126762, at *1 (S.D.N.Y. Jan. 28, 2020) ("'while improper transfers or other activity designed to deprive plaintiff of the benefits of the judgment are sufficient to satisfy the requirement of good cause, they are not necessary'"; but, in any event, evidence of same "further fortifies the existence of good cause") (judgment debtors "neither posted a bond nor sought a stay" and, thus, the judgment creditor was "free to enforce its judgment"); *see also Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 66-67 (D.N.J. 1989) ("the distinct possibility of plaintiff being faced with an unsatisfied judgment is sufficient 'good cause' . . . notwithstanding the alleged inconvenience and cost to defendant").

## 2. Good Cause Exists Here for Registering the Judgment Outside of this District

Good cause exists to register the Judgment in the Northern District of California and Southern District of Florida. To Peppertree/AMLQ's knowledge, the Judgment Debtors have no assets located in New York, much less assets sufficient to satisfy the over $300 Million Judgment. Nevertheless, Peppertree/AMLQ have obtained information showing that Judgment Debtor Hernández, his family trust, and business entities connected to him own substantial assets outside of this District – primarily in Napa Valley, California and in Florida.

The assets in California include, among others, a lavish 62.5 acre Napa Valley estate located at 2500 Spring Mountain Road, St. Helena, California (titled to the Hernández Family Trust); over 15 acres of real property located at 865 Silverado Trail N., Calistoga, California, including winery and olive grove properties, owned by Calistoga Vintner Services LLC and, indirectly, upon information and belief, by Hernández; and an over 2,000 acre ranch located at 16035 Highway 128, Calistoga, California, owned by Knights Valley California LLC and, indirectly, upon information and belief, by Hernández. (*See* ECF Nos. 343-1 through 343-6; *see also* Petitioners' Motion for Turnover Order to Enforce Judgment (filed Oct. 20, 2025); Ungar Declaration in Support Thereof and Exs. 6 through 16 (ECF Nos. 462, 463, 464-6 through 464-16).)

The assets in Florida include, upon information and belief, the assets of two Florida LLCs—Illumination Technologies LLC and Illumination Technologies Florida LLC. (Exs. 1, 2.)[4] Illumination Technologies is based in California and Florida; and has been described as a "sister company to Terra Towers" and a "rapidly growing" and "unique provider of cell phone

---

[4] Exhibits cited herein refer to exhibits to the Declaration of Michael N. Ungar, filed herewith.

tower technology and construction in the US". (Ex. 3.) According to filings made with the California and Florida Secretaries of State, Illumination Technologies shares a principal address in California with Grove 45 and Museion Napa.

These assets will be needed to satisfy the judgment given its size and the Judgment Debtors' apparent lack of assets in this District. Furthermore, *bolstering the good cause showing here, Peppertree/AMLQ uncovered evidence of efforts to transfer and dissipate assets in California*: in the two (2) weeks since this Court issued Judgment, the real properties located at 865 Silverado Trial and 16035 Highway 128 recently were listed for sale for a collective $115 Million. (Ungar Declaration in Support of Petitioners' Motion for Turnover Order to Enforce Judgment and Exs. 6 & 7 thereto (ECF Nos. 464-6, 464-7).) Those properties are owned by two LLCs, and, upon information and belief, Hernández retains rights, title and/or interest in each such LLC.[5]

Accordingly, the Court should permit Peppertree/AMLQ to register the Judgment outside the Southern District of New York to ensure its right in the Judgment.

### 3. The Judgment Debtors' Failure to Post a Bond Further Supports Peppertree/AMLQ's Request to Register the Judgment Outside this District

Peppertree/AMLQ has shown good cause within the meaning of Section 1963 and, therefore, should be permitted to register the Judgment in foreign judicial districts. None of the Judgment Debtors have posted a supersedeas bond—a requirement to obtain a stay of execution under Federal Rule of Civil Procedure 62(d). Nor have any of the Judgment Debtors indicated that they intend to post a supersedeas bond during the pendency of the Appeal. Without a bond as

---

[5] Although records publicly filed with the California Secretary of State, dated April 25, 2025 and September 15, 2025, identify Marcela Hernández as the sole member, records in 2024 and years prior identified Hernández himself as the sole member. Post-judgment discovery requests were served on Hernández on October 14, 2025, but responses have not yet been provided.

security, Peppertree/AMLQ should be permitted to register the Judgment in other districts so that enforcement proceedings may proceed without delay.

### III. CONCLUSION

For the foregoing reasons, Petitioners Peppertree/AMLQ respectfully request that the Court grant this Motion to Dissolve Stay of Execution and for Leave to Register the October 3, 2025 Judgment pursuant to 28 U.S.C. § 1963. Further, because Form AO-451 does not contemplate the pre-appeal registration authorized by 28 U.S.C. § 1963, the Court should order that the Clerk of Court issue a certified copy of the judgment using Form AO-451 and also including a copy of the Court's order granting the foregoing relief.

Dated: October 20, 2025

Respectfully submitted,

By: /s/ Michael N. Ungar
Michael N. Ungar
(admitted *pro hac vice*)
Katherine M. Poldneff
Ashtyn N. Saltz
(admitted *pro hac vice*)
**UB GREENSFELDER LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Phone: (216) 583-7000
Fax:    (216) 583-7001
mungar@ubglaw.com
kpoldneff@ubglaw.com
asaltz@ubglaw.com

David A. Landman
**UB GREENSFELDER**
1700 Broadway, Suite 1802
New York, New York 10019-7710
Phone: (917) 262-0470
Fax:    (917) 262-0480
dlandman@ubglaw.com

*Counsel for Petitioners Telecom Business Solution, LLC and LATAM Towers, LLC*

By: /s/ Gregg L. Weiner
Gregg L. Weiner
Andrew S. Todres
Ethan R. Fitzgerald
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Phone: (212) 596-9000
Fax:    (212) 596-9090
gregg.weiner@ropesgray.com
andrew.todres@ropesgray.com
ethan.fitzgerald@ropesgray.com

Daniel V. Ward
(admitted *pro hac vice*)
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Phone: (617) 951-7000
Fax:    (617) 951-7050
daniel.ward@ropesgray.com

*Counsel for Petitioner AMLQ Holdings (Cay), Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that an as-filed copy of the foregoing and related filings was filed electronically on October 20, 2025. Notice of this filing will be sent to all counsel of record through the Court's electronic notice system.

*/s/ Michael N. Ungar*
*Counsel for Petitioners Telecom Business*
*Solution, LLC and LATAM Towers, LLC*
