**United States District Court**
**Southern District of New York**

---

Telecom Business Solution, LLC, *et al.*,

        Petitioners,

    v.

Terra Towers Corp., *et al.*,

        Respondents.

---

Civil Action No.: 1:22-cv-01761

Judge Lewis A. Kaplan

Magistrate Judge Robert W. Lehrburger

## RESPONSE IN OPPOSITION TO PETITIONERS' MOTION FOR FOR TURNOVER ORDER TO ENFORCE JUDGMENT

Rodney Quinn Smith, II
(admitted *pro hac vice*)
**GST LLP**
78 SW 7th Street, Suite 500
Miami, FL 33130
Phone: (305) 856-7723
Fax: (305) 856-7724
quinn.smith@gstllp.com

*Counsel for Mr. Hernandez*

Lucila I. M. Hemmingsen
**Sagiance LLP**
125 Park Avenue, 25th Floor
New York, NY 10017
Phone: (212) 520-6672
lhemmingsen@sagiancellp.com

**Table of Contents**

INTRODUCTION……………………….................................................................................4

BACKGROUND..............................................................................................................4

LEGAL ARGUMENT ......................................................................................................7

I.    Petitioners fail to meet the prerequisites for a Turnover Order of the membership
      interests of KVC and CVS ..................................................................................7

    A.    Turnover is inappropriate because Mr. Hernandez does not own the membership
        interests of KVC and CVS ................................................................................7

    B.    Petitioners have not undertaken the steps to take any action against
        KVC or CVS ..................................................................................................8

    C.    Any variation from the text of CPLR 5225 is unnecessary where Mr. Hernandez
        does not own the assets at issue, the value is not uncertain, and Mr. Hernandez has
        not obstructed any collection against an asset he does not own ...........................10

    D.    The proposed injunction is unwarranted and will waste judicial
        time and resources ..........................................................................................12

CONCLUSION ..............................................................................................................12

## Table of Authorities

**Cases**

*245 Park Member LLC v. HNA Group (International) Company Limited*, No. 1:22-cv-05136, 25 (S.D.N.Y. May 19, 2023) ..........................................................................................................10

*AG Worldwide v. Red Cube Mgmt. AG*, No. 01-cv-1228, 2002 WL 417251, at *8 (S.D.N.Y. Mar. 15, 2002) ..........................................................................................................................7

*Chevron Corp. v. Donziger*, 296 F.R.D. 168, 222 (S.D.N.Y. 2013) ..............................................10

*Erin Capital Management, LLC v. Celis*, 19 Misc. 3d 390, 392 (Nassau County District Court 2008) ...............................................................................................................................8

*Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 314 (NY 2010) ..........................................11

*JSC Foreign Economic Ass'n Technostroyex-Port v. International Development & Trade Services, Inc.*, 295 F. Supp. 2d 366, 391 (S.D.N.Y. 2003) ..............................................................7

*Oil City Petroleum Co. v. Fabac Realty Corp.*, 50 N.Y.2d 853, 854 (NY 1980) ............................8

*Sumitomo Shoji New York, Inc. v. Chemical Bank New York Trust Co.*, 47 Misc.2d 741, 263 N.Y.S.2d 354, 358 (N.Y. Sup. 1965) ............................................................................. 7-8

*Swezey v. Lynch*, 87 A.D.3d 119, 126 (N.Y. App. Div. 2011) ........................................................9

**Statutes**

CPLR 5225.................................................................................................................... 9-11

Respondent, Jorge Hernandez, hereby responds to Petitioners' Memorandum of Law in Support of their Motion for Turnover Order to Enforce Judgment (ECF 463) (the "Turnover Motion"), filed by Telecom Business Solution, LLC; LATAM Towers, LLC (together, "Peppertree"); and AMLQ Holdings (Cay), Ltd. ("AMLQ") (collectively, "Petitioners"), and in support thereof state as follows.

## INTRODUCTION

Relying on a form from the California Secretary of State that uses the words "Manager or Members," Petitioners delete the words "Manager" and "or," automatically assign the role of "Member" to Mr. Hernandez, and create an emergency where none exists. Petitioners have come nowhere close to showing a basis for their Turnover Motion for the following reasons:

- Mr. Hernandez does not own, and has never owned, the membership interests of Knights Valley California LLC ("KVC") and Calistoga Vintner Services LLC ("CVS"). He was a manager of both entities, resigning effective June 6, 2024. There can be no turnover of an asset that Mr. Hernandez neither owns nor possesses.

- In addition to failing to show Mr. Hernandez owns the assets at issue, Petitioners argue that Mr. Hernandez's daughter owns the membership interests of KVC and CVS, but they have not undertaken the necessary process to join the owner of the entities' interests, plead and prove jurisdiction, serve the owner, or satisfy the minimal steps for a turnover order.

- There are grounds to deviate from the statutory procedure for turnover when Mr. Hernandez does not own the assets, enforcement against the assets is not governed by New York law, and Petitioners cannot show that they should have the right to sell something they cannot acquire or manage.

- An injunction is unwarranted where Petitioners have provided no factual support to prove that Mr. Hernandez does not own the assets at issue.

For these reasons and those set forth below, Mr. Hernandez respectfully requests that the Court deny the Turnover Motion.

**BACKGROUND**

*The Ownership of KVC and CVS*

Mr. Hernandez has never owned the membership interests of either KVC or CVS. *See* Hernandez Declaration, ¶¶ 5. 11, attached as Exhibit 1. Mr. Hernandez was only the Manager of KVC and CVS until he resigned, effective June 6, 2024, over a week before the hearing began that would lead to the Fifth Partial Final Award ("5PFA"). *See* Ex. 1, ¶ 8; Resignation Letters, pp. 1-2, attached as Exhibit 2. On April 25, 2025, the entity in charge of filing a Statement of Information duly presented one. ECF 464-12 (for CVS); ECF 464-15 (for KVC). The form updated the change of management that occurred in June 2024. Petitioners cite no legal obligation to immediately file an amended Statement of Information to change the manager. While Mr. Hernandez was the Manager of KVC and CVS, he had a limited role. Ex. 1, ¶¶ 3, 9. His daughter, Marcela Hernandez, was in charge of operating the entities, a role she undertook in November 2021. *See* Declaration of Marcela Hernandez, ¶¶ 8, 14, attached as Exhibit 3.

Mr. Hernandez does not own the membership interests of the sole member of KVC and CVS. Ex. 1, ¶ 16. HF Real Estate Holdings LLC ("HF") is the sole member of KVC and CVS. Ex. 3, ¶¶ 5, 11. Mr. Hernandez was the manager, not owner, of HF until June 6, 2024, when he resigned. Ex. 1, ¶ 13; Ex. 3. Marcela is the current manager of HF. Ex. 3, ¶ 15. Mr. Hernandez does not control the activities of HF. Ex. 1, ¶ 16; Ex. 3, ¶ 18.

Mr. Hernandez does not own the membership interests of the sole member of HF. Ex. 3, ¶ 17. HF Master Holdings LLC ("HF Master") owns the membership interests of HF. Ex. 3, ¶ 17. Mr. Hernandez was the manager of HF Master until his resignation effective June 6, 2024. Ex. 1, ¶ 16; Ex. 2. Marcela is currently the manager of HF Master. Ex. 3, ¶ 19. Mr. Hernandez has no control over HF Master.

The membership interests of HF Master are beneficially owned by The Bryn Mawr Trust Company of Delaware (the "Trustee"), in its capacity as Trustee of the HF 2018 Dynasty Trust (the "HF Trust"). Ex. 3, ¶ 21. Mr. Hernandez does not direct the activities of the Trustee. Ex. 1, ¶ 20. From both a legal and practical perspective, Mr. Hernandez has no ownership or control over KVC and CVS.

*Jurisdiction over KVC and CVS*

Both KVC and CVS are Delaware LLCs. *See* Resolutions, p. 1, 3, a true and correct copy attached as Exhibit 4. The same is true for HF, which is the sole member of KVC and CVS. Ex. 4, p. 5. HF Master is a Delaware LLC, and so is the Trustee. Ex. 4, pp. 7, 8. Marcela does not reside in New York. Ex. 3, ¶ 7. The principal office of CVS is in California. ECF 464-12. KVC, CVS, HF, HF Master, the Trustee, the HF Trust, and Marcela do not appear in the arbitration or related court proceedings.

*The Operations of KVC and CVS*

KVC acquired property from a lengthy list of grantors, none of whom is Mr. Hernandez or has any connection to him. ECF 464-13. KVC has granted a security interest on the property. ECF 464-14, p. 30. Mr. Hernandez signed the instrument in his capacity as manager. *Id*. KVC's primary activity is managing the agricultural activities of certain real property in Sonoma County, California. Ex. 3, ¶ 7.

CVS's primary activity is the management of a winery in Calistoga, California, and providing custom crush services to various wineries nearby. *Id*., ¶ 13. The deed is in the name of CVS, not Mr. Hernandez. ECF 464-9, p. 2. The deed of trust, similar to a mortgage in other states, was given by CVS, not Mr. Hernandez. ECF 464-10, p. 30. Mr. Hernandez signed as manager of CVS. *Id*.

Petitioners provide no evidence of Mr. Hernandez's role in KVC or CVS, and the exhibits show that Marcela is running the business. ECF 464-5, pp. 2-3. Marcela has had operational control of both entities since November 2021, pre-dating the article regarding the business. *Compare* Ex. 3 *with* ECF 464-5, p. 2 (article dated June 23, 2023).[1]

LEGAL ARGUMENT

### I.    Petitioners fail to meet the prerequisites for a Turnover Order of the membership interests of KVC and CVS

Petitioners concede that they must show Mr. Hernandez "owns and possesses" the membership interests of KVC and CVS. Mot., p. 11. Petitioners fall far short of this first step, nor can they overcome other significant hurdles. Petitioners claim that Mr. Hernandez "indirectly owned" the properties at issue and that Marcela now owns them. Mot., p. 12. None of this is true. But just as important, there is no relief available for an indirect interest and a complete failure to follow the steps necessary to seize property held by a third party.

### A.    Turnover is inappropriate because Mr. Hernandez does not own the membership interests of KVC and CVS

"Restraining notices issued pursuant to § 5222 are effective against assets in which the judgment debtor has an 'interest,' and they 'only reach property and debts with such a connection to the judgment debtor.'" *JSC Foreign Economic Ass'n Technostroyex-Port v. International Development & Trade Services, Inc.*, 295 F. Supp. 2d 366, 391 (S.D.N.Y. 2003), *citing AG Worldwide v. Red Cube Mgmt. AG*, No. 01-cv-1228, 2002 WL 417251, at *8 (S.D.N.Y. Mar. 15, 2002). The "interest" must be a "direct interest in the property itself . . . and not an indirect interest in the proceeds of the property." *Id.*, *citing Sumitomo Shoji New York, Inc. v. Chemical*

---

[1] In footnote 2, Petitioners refer to Mr. Hernandez's wife as a "co-obligor." Mot., p. 8. If this statement is directed at the obligations of the various partial final awards, it is knowingly false. Ms. Hernandez is not an obligor of anything. She was not a party and had no role in the arbitration.

*Bank New York Trust Co.*, 47 Misc.2d 741, 263 N.Y.S.2d 354, 358 (N.Y. Sup. 1965). Where, prior to the commencement of the turnover proceeding, the judgment debtor has divested itself completely of all interest in the asset, turnover "simply does not lie." *Oil City Petroleum Co. v. Fabac Realty Corp.*, 50 N.Y.2d 853, 854 (NY 1980).

Petitioners cannot overcome this threshold requirement. Mr. Hernandez does not have a direct interest in the membership interests of KVC and CVS. He does not own or control those membership interests. Marcela is the manager, and she has undertaken both the day-to-day and long-term management obligations since November 2021. Petitioners are not even close to showing that Mr. Hernandez has a direct interest in the membership interests of KVC and CVS, and the Turnover Motion should be dismissed.

The evidence offered by Petitioners cannot change this analysis. Websites can be a helpful tool, but they are of no evidentiary value in relation to actual proof. *See, e.g., Erin Capital Management, LLC v. Celis*, 19 Misc. 3d 390, 392 (Nassau County District Court 2008). Petitioners point solely to two Statements of Information, both of which are useless to their argument. Mot., p. 9; ECF 464-11. There is a box marked "Manager or Member Name." Petitioners read this box to exclude the word "Manager," but the key word is "or," which Petitioners also ignore. It means the individual or entity underneath "Manager or Member Name" could be a manager <u>or</u> a member. But it is not proof of ownership. In both forms, KVC and CVS correctly identified the manager of both entities, not the member.

Other Delaware LLCs operating in California use the exact same form. *See* Statements of Information, pp. 1-2, a true and correct copy attached as Exhibit 5. Indeed, Petitioners could have selected Calistoga Vines LLC or Calistoga Ranch Owner LLC and seen an identical description that is equally meaningless. *Id*. Using a form with more than one meaning is not indicative of

ownership, and the form has no evidentiary value in comparison to the signed resolutions and resignations provided by Mr. Hernandez.

      B.    <u>Petitioners have not undertaken the steps to take any action against KVC or CVS</u>

Among the various requirements to obtain turnover, the judgment creditor must join the actual owner, demonstrate jurisdiction over it, and properly serve the judgment debtor. Petitioners have fallen short on all grounds.

      1.    *The actual owner is an indispensable party, and Petitioners' failure to join HF mandates denial of the Turnover Motion*

When a turnover order seeks property not in the possession of the judgment debtor, CPLR 5225(b) requires joinder of the person that "possesses an actual, current interest in the property in question." *Swezey v. Lynch*, 87 A.D.3d 119, 126 (N.Y. App. Div. 2011) (citation omitted). That person's right to that property cannot be placed in jeopardy by the outcome of the race among" the creditors. *Id*.

Petitioners have not sought to join the owners of the membership interests of KVC or CVS, even though Petitioners acknowledge that Mr. Hernandez may not be in control of either entity. Mot., p. 8. Mr. Hernandez has shown that he does not own, has never owned, and does not control the membership interests of KVC or CVS. Petitioners must, therefore, join the owners of both entities, and failure to do so merits denial of the Turnover Motion.

      2.    *To the extent that Petitioners argue Mr. Hernandez does not have possession of the membership interests of KVC and CVS, Petitioners have not effected proper service*

It appears that Petitioners are arguing that Mr. Hernandez does not have possession of the membership interests of KVC and CVS. Mot., pp. 8-9. They must therefore serve him "in the same manner as a summons or by registered or certified mail, return receipt requested." CPLR 5225(b). Petitioners attach a receipt for a mailing to St. Helena, California. ECF 264-4, p. 3.

Anyone at the address could have signed, and Mr. Hernandez did not. *Id.*; Mot., p. 8, fn 3. Mr.

Hernandez resides in Guatemala, consistent with Petitioners' own exhibits (ECF 279-2, p. 1) and

the testimony of both Marcela and Jorge Anguiano. Ex. 3, ¶ 7; ECF 302-2, p. 1. Petitioners have

an address in Guatemala for Mr. Hernandez—they just refuse to use it. This is improper service,

and the Turnover Motion should be denied.

>C.    Any variation from the text of CPLR 5225 is unnecessary where Mr. Hernandez does not own the assets at issue, the value is not uncertain, and Mr. Hernandez has not obstructed any collection against an asset he does not own

Petitioners seek direct turnover of HF's membership interests in KVC and CVS, without

dealing with the numerous flaws in their argument. Mot., pp. 8-9. "Courts applying New York

law have ordered direct turnovers of membership interests in LLCs . . . where the value of [the]

defendant's membership interest is uncertain and the defendant has obstructed [the plaintiff's]

efforts to pursue the judgment." *245 Park Member LLC v. HNA Group (International) Company

Limited*, No. 1:22-cv-05136, 25 (S.D.N.Y. May 19, 2023) (internal citations omitted). This case

poses three hurdles that Petitioners cannot overcome.[2]

First, it is unclear that New York law would even apply when Mr. Hernandez does not

own the membership interests of KVC and CVS and both entities were organized in Delaware

and never consented to the application of New York law. In *245 Park Member*, the sole case cited

by Petitioners, this Court relied on the judgment debtor's admitted ownership of the membership

interests at issue, coupled with a choice of law clause signed by the parties. No. 1:22-cv-05136,

---

[2] In footnote 4, Petitioners make a passing request for adverse inferences. Mot., p. 13. Adverse inferences are uncalled for where Mr. Hernandez has provided more than enough evidence to show he does not own the membership interests of KVC and CVS, and Petitioners have not shown that Mr. Hernandez had an obligation to produce the evidence, a culpable state of mind in failing to do so, and the materiality of the evidence provided. *See, e.g., Chevron Corp. v. Donziger*, 296 F.R.D. 168, 222 (S.D.N.Y. 2013).

22 (S.D.N.Y. May 19, 2023). Neither is present here. New York courts routinely consider the necessity to identify a "New York situs." *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 314 (NY 2010). No such connection exists where Mr. Hernandez does not own the membership interests and cannot bring into New York any rights connected to them. *Id*., at 315-16.

Second, the value of the interests is rather certain. Petitioners refer to the interests interchangeably with the property listings. Mot., p. 8. A real estate transaction is rather sure way of ascertaining value. And even though Petitioners freely cite the numbers at issue, they do nothing more than make conclusory allegations as to the certainty of the valuation.

Third, Mr. Hernandez has not obstructed any turnover of the membership interests of CVS and KVC. Mr. Hernandez has testified that those assets are held in trust, and Petitioners have previously cited to documents that state the same. ECF 343-1, p. 3; ECF 343-2, pp. 3, 8, 10. Mr. Hernandez was never asked to disclose the identity of entities in which he was formerly a manager, and any discovery as to assets that he neither owns nor controls would be a fishing expedition. There are therefore no equitable grounds to deviate from the procedure in CPLR 5225.

There are fewer grounds to appoint a receiver. Appointing a receiver is an extraordinary remedy that could never lie where Mr. Hernandez does not own the membership interests at issue. Moreover, the appointment of a receiver would be pointless. The deeds of trust stipulate that the appointment of a receiver is an event of default. ECF 464-14, p. 16; ECF 464-10, p. 16. Any receiver would thus trigger the bank's right to seize the property and foreclose on its interest, resulting in a sale by the sheriff or relevant official in California. Finally, Petitioners have shown no capacity to effectively market and sell real estate in Napa Valley, California, a niche market that Petitioners are wholly unfit to effectively exploit. Petitioners would also have

to operate crushing facility while having no experience or the relationships to maintain the business. Any receivership would be a waste of time and more likely to lead to further litigation as Petitioners fumbled through the process.

D.    The proposed injunction is unwarranted and will waste judicial time and resources

Petitioners seek to put this Court in the position of authorizing the sale of the membership interests of KVC and CVS, as well as those entities' assets. Mot., p. 15. The injunction relies on a number of factually inaccurate predicates. Marcela does not own the membership interests of the entities, nor does Mr. Hernandez. There is no dissipation because Mr. Hernandez is not doing anything. The assets have never belonged to him, and he has no control over them. Petitioners have known this, based on their prior filings, and could never expect to collect against assets that Mr. Hernandez does not own. Based on these facts alone, an injunction is improper.

There are other issues that counsel against an injunction, including the failure to properly plead jurisdiction over HF, the owner of the membership interests of KVC and CVS, and make any showing that HF is aiding and abetting any contempt of court. HF has had nothing to do with this case until the Turnover Motion, and there is no indication it will have any role in the future.

Finally, the Turnover Motion would put this Court in the position of overseeing the sale of real property in California, including mundane issues such as sales price, issues arising during the negotiation of the contract for purchase and sale, and the continued operation of the business where KVC and CVS function. This would be a waste of judicial time and resources.

## CONCLUSION

For the foregoing reasons, Mr. Hernandez respectfully requests that the Court deny the Turnover Motion in its entirety.

Dated: October 24, 2025                                    Respectfully submitted,

_____/s/_____
Rodney Quinn Smith II
(admitted *pro hac vice*)
**GST LLP**
78 SW 7th Street, Suite 500
Miami, FL 33130
Phone: (305) 856-7723
quinn.smith@gstllp.com

*Counsel for Mr. Hernandez*

_____/s/_____
Lucila I. M. Hemmingsen
**Sagiance LLP**
125 Park Avenue, 25th Floor
New York, NY 10017
Phone: (212) 520-6672
lhemmingsen@sagiancellp.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), I hereby certify that this document complies with the word count limitations. There are 2,986 words in this document.


*/s/ Quinn Smith*
Rodney Quinn Smith II