UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TELECOM BUSINESS SOLUTION, LLC, *et al.*,

                Petitioners,

      -against-

TERRA TOWERS CORP., *et al.*,

                Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

22-cv-1761 (LAK)

**MEMORANDUM OPINION**

Appearances:

        Gregg L. Weiner
        Ethan Fitzgerald
        Daniel V. Ward
        Katherine M. McDonald
        ROPES & GRAY LLP

        David A. Landman
        Michael N. Ungar
        Katherine M. Poldneff
        Gregory C. Djordjevic
        ULMER & BERNE LLP

        *Attorneys for Petitioners*

        Rodney Quinn Smith, II
        GST LLP

        Lucila I.M. Hemmingsen
        THE FLATGATE FIRM PC

        *Attorneys for Respondents and Non-Party Jorge Hernandez*

        James S. O'Brien Jr.
        Aliette D. Rodz
        Eduardo de la Peña Bernal
        Martha M. Ferral
        SHUTTS & BOWEN LLP

        *Attorneys for Non-Parties Telecom Business Solution, S.R.L., Continental Towers Peru, S.R.L., Collocation Technologies Peru, S.R.L., Magali Merino Ascarrunz, and Jorge Alejandro Garzaro Perez*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/2025

LEWIS A. KAPLAN, *District Judge.*

Petitioners Telecom Business Solution, LLC, LATAM Towers, LLC, and AMLQ Holdings (Cay), Ltd. (collectively, "Petitioners") obtained a substantial monetary judgment against Respondents Terra Towers Corp. ("Terra"), TBS Management, S.A. ("TBS"), DT Holdings, Inc. ("DTH"), and Jorge Hernandez.  Petitioners now move this Court to order Hernandez to turn over to Petitioners all rights, title, and interests in two limited liability corporations ("LLCs") in partial satisfaction of the judgment.

### *Facts*

I.  Procedural History

The Court assumes familiarity with the underlying facts and procedural history.  In sum, Petitioners entered into a shareholders agreement ("SHA") with Terra and TBS in 2015 whereby they co-own and operate Continental Towers LATAM Holdings, Ltd. (the "Company"), the business of which is the development and operation of telecommunications towers in Central and South America.[1]  On February 2, 2021, Petitioners commenced the arbitration underlying this action before a three-arbitrator panel (the "Tribunal").  Petitioners alleged, *inter alia*, that Terra and TBS had breached the SHA by obstructing the proposed sale of the Company, which Petitioners contended was required pursuant to the SHA.

The Tribunal has issued five partial final awards. The fifth partial final award

---

[1]   Dkt 9-22 at ¶ 1.

3

("5thPFA") found Terra, TBS, DTH, and Jorge Hernandez liable for $300,749,761.[2] All of the awards have been confirmed by the Court, including the 5thPFA on August 7, 2025.[3]

## II.    *Calistoga Vintner Services, LLC and Knights Valley California LLC*

In their efforts to collect on the 5thPFA judgment, Petitioners allegedly uncovered evidence that entities owned in part (if not entirely) by Hernandez listed two Napa Valley real estate properties for sale at prices of $50 million and $65 million, respectively.[4] Those properties are owned respectively by Calistoga Vintner Services, LLC ("CVS") and Knights Valley California LLC ("KVC" and, together with CVS, the "LLCs").

In April 2024, CVS and KVC each filed a statement of information with the California Secretary of State listing Jorge Hernandez as their sole manager or member.[5] In 2025, CVS and KVC each filed a statement of information listing Marcela Hernandez — Jorge Hernandez's daughter — as their sole manager or member.[6]

According to declarations submitted respectively by Jorge and Marcela Hernandez, Jorge never has owned the LLCs.[7] Instead, according to Marcela, the only member of each of the

---

[2] Dkt 276-41 at 198.

[3] Dkt 429.

[4] Dkt 463 at 4.

[5] Dkts 464-11, 464-15.

[6] Dkts 464-12, 464-16.

[7] Dkt 472-1 at ¶¶ 5, 11; Dkt 472-3 at ¶¶ 5, 11.

4

LLCs is HF Real Estate Holdings LLC ("HF"), the only member of which is HF Master Holdings LLC ("HF Master"), and the only member of HF Master is The Bryn Mawr Trust Company of Delaware, in its capacity as trustee of the HF 2018 Dynasty Trust (the "Trust").[8] Marcela represents also that Jorge resigned as sole manager of the LLCs on June 6, 2024, and that she thereafter was appointed sole manager of the LLCs.[9] In support of these representations, Marcela attaches (1) resignation letters signed by Jorge dated June 7, 2024,[10] and (2) documents signed on behalf of the LLCs, HF, and HF Master consenting to Jorge's resignation and Marcela's appointment as manager of the LLCs.[11] The documents were signed on behalf of the LLCs and HF by Marcela and on behalf of HF Master by Williams E. Holmes, Jr., as a representative of the Trust.

In reply, Petitioners point to an "equipment finance agreement" signed by Jorge Hernandez in August 2022 on behalf of CVS.[12] That document identifies Hernandez as a "member" of CVS,[13] and Hernandez's signature block identifies him as a "member."[14] Hernandez certified that the information contained in the document was "complete and correct."[15]

---

[8] Dkt 472-3 at ¶¶ 5, 11, 17, 21.

[9] *Id.* at ¶¶ 3, 9.

[10] Dkt 472-2.

[11] Dkt 472-4.

[12] Dkt 475-2.

[13] *Id.* at 13.

[14] *Id.* at 5, 6, 13.

[15] *Id.* at 13.

### III.  *Turnover Motion and Related Discovery*

On October 20, 2025, Petitioners moved for an order compelling Jorge Hernandez to turn over to them all of his rights, titles, and interests in the LLCs in partial satisfaction of the 5thPFA judgment.[16] In the alternative, Petitioners asked that the Court order Hernandez to provide full and complete responses to post-judgment interrogatories and requests for production on an expedited basis and to appear in person in the Southern District of New York for a "debtor's examination."[17] In addition, Petitioners asked the Court to enjoin Hernandez from (1) "pledging, hypothecating, selling, transferring or otherwise disposing of any right, title, or interest in any of his assets without prior authorization of this Court," (2) "causing any entity or person under his direct or indirect control to pledge, hypothecate, sell, transfer or otherwise dispose of any right, title, or interest in any of his assets without prior authorization of this Court," and (3) "dissipating any of his assets."[18]

On October 28, 2025, the Court held argument on the motion. Petitioners there confirmed that they had served a restraining notice on Hernandez containing substantially similar language to relief requested in the motion. Petitioners confirmed also that they had (1) filed a complaint in California Superior Court against Jorge and Marcela Hernandez, the LLCs, and others seeking to void the allegedly fraudulent transfer of assets, including the real estate, from Jorge to

---

[16]  *See* Dkt 461-1.

[17]  *See* Dkt 474-1.

[18]  *Id.*

6

Marcela Hernandez,[19] and (2) recorded *lis pendens* with county recorders regarding the properties listed for sale by the LLCs.[20] Following the argument, the Court ordered Hernandez to provide full and complete responses to post-judgment interrogatories and requests for production by November 1, 2025, and for the parties to file a joint status report updating the Court on Hernandez's responses.[21]

## *Discussion*

### I.   *Turnover of LLCs*

Rule 69(a) provides that "[t]he procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."[22] The relevant law therefore is the New York C.P.L.R.[23] Section 5225 of the C.P.L.R., which governs the payment or delivery of property of a judgment debtor, establishes distinct procedures for "[p]roperty in the possession of the judgment debtor" and "[p]roperty not in the possession of the judgment debtor."[24] The Court therefore must determine whether the property sought (the LLCs) is in the possession of

---

[19] *See* Dkt 475-3.

[20] *See* Dkts 475-4, 475-5.

[21] Dkt 476.

[22] Fed. R. Civ. P. 69(a)(1).

[23] N.Y. C.P.L.R. §§ 5201-53.

[24] *Id.* at § 5225.

the judgment debtor (Jorge Hernandez).

Jorge and Marcela Hernandez each declare that Jorge "never" has had a membership interest in the LLCs.[25] The 2024 statements of information for KVC and CVS — which list Jorge Hernandez as the sole manager or member of the LLCs — and the 2022 equipment finance agreement — which identifies Hernandez as a "member" of CVS — significantly undermine the credibility of the declarations. Although it is possible that the identification of Hernandez as a member was a mistake, Respondents do not offer any evidence in support of such a contention. The Court thus does not afford any weight to the declarations.

Other, more reliable evidence indicates that Jorge is not presently a member of the LLCs. In chief, the 2025 statements of information for the LLCs do not list Jorge as a member or manager. Furthermore, documents consenting to Jorge's resignation and Marcela's appointment as manager of the LLCs provide that HF is the "Sole Member" of the LLCs, HF Master is the "Sole Member" of HF, and the Trust is the "Sole Member" of HF Master. These documents provide substantial — although not determinative — evidence that as of 2025, Jorge Hernandez does not have a membership interest in the LLCs. The evidence supplied by Petitioners — the 2024 statements of interest and the 2022 equipment finance agreement — indicate that Jorge Hernandez was a member of the LLCs at one time, but they do not demonstrate that he retains any membership interest. The Court therefore concludes, for the purposes of this motion, that the LLCs are not in Jorge Hernandez's possession.

Petitioners therefore must resort to the procedures set forth in Section 5225(b), which apply to property not in possession of the judgment debtor. Section 5225(b) states in relevant part:

---

[25] Dkt 472-1 at ¶¶ 5, 11; Dkt 472-3 at ¶¶ 5, 11.

8

> "Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff."[26]

In other words, Petitioners must initiate a proceeding against the individual(s) or entity(ies) in possession of the membership interests in the LLCs to obtain a turnover order. They have not done so.[27] Accordingly, the Court may not grant order the turnover of the LLCs.[28]

## II. Discovery

In the alternative to turnover of the LLCs, Petitioners ask that the Court order Hernandez to provide full and complete responses to post-judgment interrogatories and requests for production on an expedited basis and to appear in person in the Southern District of New York for

---

[26] N.Y. C.P.L.R. § 5225(b).

[27] *See* Dkt 474 at 9 ("Petitioners do not seek a turnover order under C.P.L.R. § 5225(b).").

[28] The Court does not decide, at this stage, whether Petitioners necessarily must initiate a separate action to obtain a turnover order. "If a party mistakenly seeks relief by motion in an action when it should be by special proceeding, the Court may simply deem the motion a special proceeding, *if it has jurisdiction over the parties*." *Mitchell v. Lyons Pro. Servs., Inc.*, 727 F. Supp. 2d 120, 123 (E.D.N.Y. 2010) (emphasis added). Here, there is no indication that Marcela, HF, HF Master, or the Trust have been served or that the other jurisdictional requirements are satisfied here. *Cf. id.* at 125 ("There is no issue about having secured personal jurisdiction over the Garnishees . . . ."). The Court therefore does not treat the motion as a special proceeding because it does not have jurisdiction over the relevant entities.

9

a debtor's examination.[29]  The Court already has ordered Hernandez to respond to the discovery requests.[30]

With respect to the requested debtor's examination, "[t]he creditor's attorney need not seek leave or make a motion for a court to exercise th[is] statutory enforcement tool[]. Rather, an attorney may exercise these tools directly as an officer of the court . . . ."[31]  Accordingly, Petitioners' attorneys may serve a subpoena on Hernandez "requiring attendance for the taking of a deposition upon oral or written questions at a time and place named therein."[32]  The Court need not issue an order authorizing such a subpoena.

### III.    *Restraining Order*

Petitioners request also that the Court issue an order restraining Hernandez from transferring or dissipating any of his assets, among other restrictions.  At oral argument, Petitioners conceded that such an order would be cumulative of the restraining notice they already have issued to Hernandez.  Petitioners nevertheless ask the Court to issue a restraining order because it will "get more attention" from Hernandez than the restraining notice.

At this stage — and without any indication that a court order would have any significance independent of the restraining notices — the Court will not an issue order reiterating

---

[29] *See* Dkt 474-1.

[30] Dkt 476.

[31] *Wagner v. Chiari & Ilecki, LLP*, 973 F.3d 154, 158 (2d Cir. 2020).

[32] N.Y. C.P.L.R. § 5224.

the contents of the restraining notice. The Court does emphasize, however, that disobedience of a restraining notice "is punishable as a contempt of court."[33] Any such disobedience by Hernandez may give rise to severe penalties.

### *Conclusion*

For the foregoing reasons, Petitioners' motion for a turnover order (Dkt 462) is denied..

SO ORDERED.

Dated:    November 13, 2025

_____
Lewis A. Kaplan
United States District Judge

---

[33] N.Y. C.P.L.R. § 5222.