USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/05/2025

December 4, 2025

Gregg L. Weiner
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036

Michael N. Ungar
UB Greensfelder LLP
1660 W. 2nd Street, Ste. 1100
Cleveland, Ohio 44113

**BY CM/ECF & HAND DELIVERY**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   ***Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.,***
      No. 22-cv-01761

Your Honor:

We represent petitioners Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay), Ltd. ("AMLQ," together with Peppertree, "Petitioners") in the above-captioned action. Pursuant to Federal Rule of Civil Procedure 5.2(d), S.D.N.Y L. Civ. R. 7.1(e), and S.D.N.Y. ECF Rule 13.1, Petitioners respectfully request (i) leave to file under seal two forthcoming motions related to the Shareholders Agreement this action arises from (ECF 259-1) and that the Court order any responses to the motions likewise be filed under seal, and (ii) that the Court order expedited briefing on the motions.

***First***, as the Court is aware, having previously ordered the sealing of filings in this action on multiple occasions (*see, e.g.*, ECF 218), the Shareholders Agreement contains a confidentiality provision under which the parties agreed not to disclose any confidential information disclosed to it by another shareholder, subject to limited exceptions. *See* ECF 259-1 § 6.03. The Shareholders Agreement also included a provision providing for the sale of Continental Towers Latam Holdings, Ltd. (the "Company"), which this Court has issued multiple orders enforcing. *See* ECF 124; ECF 295. "[C]ourts have consistently found that confidential commercial information of a business—including confidential research, internal business documents and information about a business's operations are the proper subject of sealing."[1] Petitioners' forthcoming motions contain competitively sensitive and confidential information regarding the Company and the sale process that is being conducted pursuant to the Court's orders and that is covered by the confidentiality provisions of the Shareholders Agreement. Accordingly, Petitioners respectfully request leave to

---

[1] *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022); *see also Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, 2022 WL 3704002, at *1 (S.D.N.Y. Aug. 26, 2022) (sealing warranted to protect "sensitive business information"); *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) ("Courts in this District routinely permit redaction and sealing of . . . competitively sensitive business information.").

file the motions, and the documents filed therewith under seal, and order that any ensuing responses likewise be filed under seal.

*Second*, because the motions seek relief related to the ongoing sale process that, for the reasons set forth in Petitioners' briefs in support of the motions, is needed on an urgent basis, the Court should also order expedited briefing on the motions. Specifically, Petitioners request that the periods to file answering and reply briefs regarding the motions under Local Civ. R. 6.1(b) each be shortened by three days, such that Respondents' opposition briefs are due on Monday, December 15, and Petitioners' replies are due on Friday, December 19. This schedule would allow briefing on the motions to be completed before the upcoming holiday period.

We thank the Court for its consideration of these requests.

Respectfully submitted,

/s/ Gregg L. Weiner
Gregg L. Weiner

Counsel for AMLQ Holdings (Cay), Ltd.

/s/ Michael N. Ungar
Michael N. Ungar

Counsel for Telecom Business Solution, LLC
and LATAM Towers, LLC


GRANTED

SO ORDERED

LEWIS A. KAPLAN, USDJ

12/05/2025