**United States District Court**
**Southern District of New York**

| | |
|---|---|
| Telecom Business Solution, LLC, *et al.*, | Civil Action No.: 1:22-cv-01761 |
| Petitioners, | Judge Lewis A. Kaplan |
| v. | Magistrate Judge Robert W. Lehrburger |
| Terra Towers Corp., *et al.*, | |
| Respondents. | |

**RESPONSE IN OPPOSITION TO PETITIONERS' MOTION FOR CIVIL CONFINEMNT, CRIMINAL CONTEMPT, AND REFERRAL AGAINST TERRA TOWERS CORP., TBS MANAGEMENT, S.A., AND JORGE HERNANDEZ**

Rodney Quinn Smith, II
(admitted *pro hac vice*)
**GST LLP**
78 SW 7th Street, Suite 500
Miami, FL 33130
Phone: (305) 856-7723
Fax: (305) 856-7724
quinn.smith@gstllp.com

Lucila I. M. Hemmingsen
**Sagiance LLP**
125 Park Avenue, 25th Floor
New York, NY 10017
Phone: (212) 520-6672
lhemmingsen@sagiancellp.com

*Counsel for Terra Towers Corp., TBS Management S.A., and Mr. Hernandez*

## Table of Contents

**INTRODUCTION**………………………………..........................................................................xx

**BACKGROUND**..........................................................................................................................xx

**LEGAL ARGUMENT**................................................................................................................xx

I.      Respondents have not violated the 1PFA Judgment, and sanctions are unwarranted.........................................................................................................xx

        A.      Terra and TBS have diligently attempted to comply ...............................xx

        B.      Petitioners request relief that the Court cannot grant..............................xx

**CONCLUSION** ...........................................................................................................................xx

Respondents, Terra Towers Corp. ("Terra"), TBS Management S.A. ("TBS") (together, the "Terra Parties"), and Jorge Hernandez, hereby respond to Motion for Sanctions of Civil Confinement and a Criminal Contempt Order and Referral under Federal Rule of Criminal Procedure 42 against Respondents for Willful Non-Compliance with Turnover Order (ECF 539, 540) (the "Motion"), filed by Telecom Business Solution, LLC, and LATAM Towers, LLC (together, "Peppertree"), and in support thereof state as follows.

## INTRODUCTION

Peppertree, but not their co-petitioners, has again rushed to Court seeking contempt sanctions without undertaking the basic tasks of establishing standing, analyzing the facts in dispute, or separating the conduct of the Terra Parties from Mr. Hernandez. The Motion should be denied for the following reasons:

- Peppertree has not made cogent arguments that Mr. Hernandez breached the turnover order, dated January 21, 2026 (the "Turnover Order"), only generalized allegations against "Respondents."

- The Terra Parties have attempted to comply, and the history in this case does not alter those documented efforts.

- Civil confinement of Mr. Hernandez is inappropriate where the Terra Parties have diligently attempted to comply but face criminal sanctions prohibiting compliance.

- Civil confinement is even more inappropriate where Peppertree has failed to engage with the applicable legal standard and not undertaken any efforts to contradict the evidence of the ineffectiveness of the sanction.

- Peppertree cannot show it has standing to receive an order of criminal contempt, and the request for a referral should fail in light of the lack of willfullness.

For these reasons and those set forth below, the Terra Parties and Mr. Hernandez respectfully request that the Court deny the Motion.

**BACKGROUND**

The factual background in many ways is similar as it relates to Peppertree's motion for contempt and sanctions, a motion joined by AMLQ Holdings (Cay) Ltd. ("AMLQ"). ECF 536. For the sake of completeness, Respondents have included the factual background in opposition to both motions.

Following the Court's opinion (ECF 521) and judgment (ECF 520) dated January 21, 2026 (the "Turnover Order"), the directors of the Terra Parties reviewed the Turnover Order and consulted legal counsel. Ex. 1, pp. 1-2; Ex. 2, p. 1; Ex. 3; Ex. 4; Ex. 5, p. 1 (translated at Ex. 6, p. 1); Ex. 7, p. 1 (translated at Ex. 8, p. 1). Mr. Porras and Mr. Sagastume were the directors of Terra Towers Corp. and TBS Management S.A., which is now TBS Management S.R.L. Ex. 3; Ex. 4; Ex. 5, p. 1 (translated at Ex. 6, p. 1); Ex. 7, p. 1 (translated at Ex. 8, p. 1). Mr. Porras and Mr. Sagastume were the directors appointed by the A Shareholders to the board of directors of Continental Towers Latam Holdings Limited (the "Joint Venture Company"). Ex. 1, p. 1; Ex. 2, p. 1. They both resigned from this position and others. *Id*. Mr. Porras and Mr. Sagastume cited the conflict between the Turnover Order and orders in Central America. Ex. 1, pp. 1-2; Ex. 2, p. 1; Ex. 3; Ex. 4; Ex. 5, p. 1 (translated at Ex. 6, p. 1); Ex. 7, p. 1 (translated at Ex. 8, p. 1). The resignations referred to legal opinions (*id*.), which are described below and were provided to Peppertree prior to filing the Motion. ECF 537-4, pp. 6-11.

*The El Salvador Legal Opinion*

The Directors sought a legal opinion from Dr. Rommell Ismael Sandoval Rosales, a lawyer in El Salvador who was admitted to the bar in 1993. Ex. 9, p. 7. Dr. Sandoval has a Ph.D. from the Autonomous University of Barcelona and a specialization in constitutional law from

Carlos III University of Madrid. *Id*. He cites experience working with USAID, the Inter-American Development Bank, the World Bank, and others. *Id*.

Dr. Sandoval analyzed the criminal proceedings in El Salvador, which are the same proceedings that Dr. Azucena opined on about a year ago. ECF 254-17. The proceedings started with a criminal complaint filed on May 13, 2022 (ECF 254-17, p. 6), which is after the facts that culminated in 2PFA. ECF 94-103, p. 5 (noting the filing of criminal complaints in December 2021 and January 2022). The proceedings resulted in an indictment on May 27, 2024. ECF 254-17, p. 5. These proceedings have followed due process. *Id*., p. 8. Peppertree has never challenged this conclusion with expert evidence. Guatemala later extradited Mr. Gaitan Paredes to face the charges against him in El Salvador. *Id*., p. 10.

Dr. Sandoval opined on the structure of the criminal system in El Salvador and then reached a conclusion that is directly applicable:

> Any director who is part of the corporate structure of Continental Towers or its partners, who signs instruments or performs acts intended to facilitate the transfer of ownership or control of the various companies to third parties, whether local or foreign, including those carried out in compliance with a foreign court, may be held liable for the crime of DISOBEDIENCE OF PRIVATE INDIVIDUALS Art 338 of CP, or the crime of CONCEALMENT Art. 308 of CP[.]

The relevant provisions are Article 308 of the Penal Code, which states that "[a]nyone who, with knowledge that a crime has been committed and without prior agreement, commits any of the following acts shall be punished with imprisonment for six months to three years[.]" Ex. 11. Those acts include "[a]ssisting in evading investgations . . . procuring or assisting some in obtaining the disappearance, concealment, or alteration of traces, evidence, or instruments of the crime . . . and [a]cquiring, receiving, or concealing money, goods, or effects derived from a crime[.]" *Id*. Article 338 of the same code is shorter, stating as follows: "[a]nyone who disobeys

an order issued in accordance with law and issued by a public official or authority in exercise of their functions shall be punished with imprisonment for one to three years and a fine of fifty to one hundred days." *Id*.

*The Guatemala Legal Opinion*

The Directors sought a legal opinion from Prof. Luis Abel Urizar Tuells, a lawyer and professor of criminal law at Francisco Marroquin University. Ex. 10, p. 4. Prof. Urizar cited an "identifiable conflict of jurisdiction" between the present case and criminal proceedings in Guatemala. Based on the absence of a "civil court order from a foreign country" that is "ratified in Guatemala," the directors are bound to comply with Guatemalan law. Prof. Urizar opined that there is a path for foreign orders to have effect in Guatemala: "[a]lthough it is true that an arbitration order issued abroad may eventually be recognized by a Guatemalan judicial authority[.]" *Id.*, p. 3. He then continued: "it should be noted that there are criminal proceedings that take priority and that, if the criminal proceedings are affected, the person who fails to comply with a criminal court order is personally liable and may in turn be punished as the perpetrator of contempt of court." *Id*. He concluded that "[a]ny director who fails to comply with an order issued by a criminal court . . . may be held liable for committing a crime." *Id*., p. 4. The relevant provision is Article 414 of the Criminal Code, which provides that "[a]nyone who openly disobeys an order . . . shall be punished with a fine[.]" There is also criminal liability under Article 474. It states as follows:

> A person is responsible for concealment if, without prior agreement, collusion, or arrangement with the perpetrators or accomplices of the crime but with knowledge of its commission, they intervene subsequently by performing any of the following acts:
> 1. Hiding the offender or facilitating their escape.
> 2. Refusing, without justifiable reason, to hand over to the authorities a suspect, fugitive, or offender who is in the residence or dwelling of the person requested,

> 3. Helping the perpetrator or accomplice to evade investigation by the authorities or escape from their investigation,
> 4. Receiving, concealing, destroying, rendering useless, using, storing, hiding, trafficking, or negotiating in any way objects, effects, instruments, evidence, or traces of the crime. Ex. 12.

*Current Search for New Directors*

Mr. Porras and Mr. Sagastume presented their resignations on January 29, 2026. Ex. 1, pp. 1; Ex. 2, p. 1; Ex. 3; Ex. 4; Ex. 5, p. 1 (translated at Ex. 6, p. 1); Ex. 7, p. 1 (translated at Ex. 8, p. 1). Shortly thereafter, the shareholders of the Terra Parties appointed Raúl Pimentel Mata to search for suitable candidates to be directors of the two companies. Ex. 13. That search is ongoing and has not yet yielded any results. Ex. 14, p. 2.

## LEGAL ARGUMENT

### I. An order of civil confinement is inappropriate

Peppertree begins the Motion by seeking an order of civil confinement against Mr. Hernandez. Mot., p. 5. "The purpose of civil contempt is not to punish but to compensate for injury caused by any violation of a court order or process, to coerce compliance, or both. In order to prevail on a civil contempt motion, the moving party must establish that (1) the court order with which the alleged contemnor failed to comply was clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the alleged contemnor has not diligently attempted to comply in a reasonable manner .... A court order is clear and unambiguous when it leaves no uncertainty in the minds of those to whom it is addressed." ECF 295, p. 14 (citations omitted). Peppertree must meet these three requirements before advancing to the more rigorous test for civil confinement.

A.  <u>The Motion's reliance on general allegations of contempt fails to argue that Mr. Hernandez breached any obligation imposed by the Turnover Order</u>

The Motion fails to distinguish between the actions ordered as to Terra and those directed at Mr. Hernandez, who was not named as a respondent in the motion for turnover. ECF 499, p. 5. The Turnover Order directs "Terra" to turnover the shares. ECF 520, pp. 1-2. The Motion elides this difference. It makes a general allegation that "Respondents" had to turn over the shares. Mot., p. 9. This is inaccurate. Mr. Hernandez did not have to execute any documents or return them by any deadline. ECF 520, p. 2. Mr. Hernandez's obligations went more to non-interference. *Id*. The Motion fails to identify how Mr. Hernandez violated the Turnover Order, and this absence means that Peppertree has not carried its burden as to Mr. Hernandez.

B.  <u>The general allegations of past conduct do not rebut the Terra Parties' attempts to comply with the Turnover Order</u>

Peppertree cites a prior history of contempt without accounting for the numerous successful attempts to purge that contempt. Mot., pp. 5-6. The Terra Parties and Mr. Hernandez have purged the contempt of Judgment No. 1 (ECF 414, p. 11), and Mr. Hernandez, even though he maintains his position that he has no control, has purged the contempt as it relates to the El Salvador Action. ECF 415, p. 16. The Peru Non-Parties have set aside the Peru-Related BVI Judgment, leaving only the El Salvador-Related BVI Judgment pending. ECF 523. This did not implicate the Terra Parties. ECF 295, pp. 44-45. These are the only contempt orders against the Terra Parties or Mr. Hernandez. The monetary sanctions are pending, but the non-payment is not due to disregard but rather inability to pay. The amounts are substantial.

The supposed "five-year history" relies on accusations against "company executives" and supporting "foreign arbitrations." Mot., p. 6. The allegedly false allegations are still under investigation in Guatemala and El Salvador, but the resignations of Messrs. Sagastume and

Porras relate instead to later criminal complaints that no tribunal has passed judgment on. This is a position shared by the tribunal. Mr. Goldstein, the chair of the tribunal, has publicly written about his awards, referring to criminal cases "before courts in Guatemala and El Salvador and perhaps elsewhere." ECF 531, Ex. 14, p. 6. Mr. Goldstein has said that "[t]he Tribunal has made no orders or awards affecting the criminal jurisdiction of those courts or the conduct of criminal court judges or prosecutors in those countries." *Id*. He further clarified that "[t]he Tribunal had made no findings of fact and has drawn no conclusions about the possible criminality, under the laws of any jurisdiction, of any conduct that may have been engaged in by the Company CEO after August 12, 2022." *Id*. To the extent the "five-year history" speaks to accusations in the last four years, there is no documented history of misconduct in any award. All of the foreign arbitrations have been terminated, one of the judgments has been vacated, and since Respondents do not control the lawsuits filed by the Joint Venture Company's subsidiaries, they can only hope that the El Salvador-Related BVI Judgment will be vacated soon.

    C.    <u>Civil confinement is unwarranted where the Terra Parties have diligently attempted to comply</u>

When Peppertree gets to the Turnover Order, its primary argument is the timing of the response. Mot., p. 6. But the actions of the Terra Parties show a diligent attempt to comply, not a manufactured excuse. Like any prudent director, Mr. Porras and Mr. Sagastume hired independent counsel after receiving the Turnover Order. Mr. Porras and Mr. Sagastume were obviously concerned about the implications of the Turnover Order, and it is perfectly natural for them to retain counsel to provide an opinion. This could only occur after the Turnover Order. There can be nothing pretextual about acting in response to the Turnover Order. Mr. Porras and Mr. Sagastume then decided to resign based on those legal opinions. They could not carry out the

terms of the Turnover Order due to the possibility of criminal liability. If anything, this shows an attempt to comply supported by competent evidence.

The Motion avoids any meaningful engagement with the legal opinions, preferring to summarily criticize them by using quotation marks. Mot., p. 7. There is no attack on the credentials of the individuals or contrary statements of Guatemalan or Salvadoran law. Peppertree makes a passing attempt to discredit the legal opinions by citing a lack of any prohibition. Mot., p. 6. This misses the point. The legal opinions reach concrete conclusions as to the conflict between the Turnover Order and proceedings in El Salvador and Guatemala. The legal opinions cite to the applicable criminal law. Peppertree had the opportunity to consult its own lawyers or retain expert witnesses to dispute these conclusions, and it has chosen not to. It can hardly seek civil confinement of Mr. Hernandez when the Motion does not offer contrary evidence to rebut the conclusions upon which the Terra Parties reasonably attempt to comply with the Turnover Order.

  D. <u>The Motion requests civil confinement, even though there has been no showing that this relief is available</u>

As this Court has found in the past, determining the appropriate sanction for contempt requires considering "(1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *Spectacular Venture, L.P. v. World Star International, Inc.*, 927 F. Supp. 683, 685 (S.D.N.Y. 1996), *citing New York State NOW v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989). Peppertree seeks civil confinement of Mr. Hernandez and no one else.

While Mr. Hernandez has been the focus of much of the proceedings since March 2025, Peppertree has not engaged with *Spectacular Venture* or its requirements, even though it has been

cited frequently. *See, e.g.*, ECF 295, p. 40; ECF 414, p. 7. Mr. Hernandez is not in continued contumacy of the Turnover Order, there is no attempt to show that Mr. Hernandez comes to the United States, and the prior rulings have shown that he does not have any business interests in the United States. Mr. Hernandez is not a member of the LLCs that own two real estate properties in Napa Valley. ECF 486, p. 7. Mr. Hernandez has testified that he lives in Guatemala and has no plans to live in the United States. ECF 369-48, p. 67:20-25. Mr. Hernandez has appealed the confirmation of 5PFA and its conclusion regarding his control of the Terra Parties (as well as DT Holdings), and those entities do not operate in the United States. The Motion does not meet, much less discuss, the requirements for civil confinement, and the Court should deny it.

**II.     Criminal contempt is outside the scope of this proceeding, and the Motion fails to provide evidence supporting a criminal referral**

Peppertree cites to Federal Rule of Criminal Procedure 42, presuming it is "appropriate," but this falls far short of the requisite analysis. Mot., p. 7. As a private party, Peppertree is not positioned to seek or obtain an order for criminal contempt. *Young v. United States Ex Rel. Vuitton Et Fils S. A.*, 481 U.S. 787, 790 (1987); *Keawsri v. Ramen-ya Inc.*, No. 1:17-cv-02406 (S.D.N.Y. Nov 16, 2023) (denying motion for an order of criminal contempt because private parties have no standing). Peppertree offers no authority that permits it to request the "criminal contempt order" suggested in the Motion. This portion of the Motion must be denied.

Peppertree also advances to criminal contempt without a finding of civil contempt. The Supreme Court has routinely counseled that a court must exercise "[t]he least possible power adequate to the end proposed." *Shillitani v. United States*, 384 U.S. 364, 371 (1966) (citations omitted). When judgment have come into compliance with court orders, the exercise of criminal contempt is not appropriate. *Keawsri*, No. 1:17-cv-02406 at 2. It is difficult to punish the Terra

Parties or Mr. Hernandez when coercive measures of compliance have not been attempted, the Terra Parties have purged their prior contempt, and Mr. Hernandez has undertaken efforts to purge his prior contempt, at least to the extent he has the power to do so. This is especially true in light of the legal threats that Mr. Porras and Mr. Sagastume face and their reliance on legal experts.

As to the elements of criminal contempt, the Terra Parties and Mr. Hernandez do not dispute Peppertree's citations but rather their application. Mot., pp. 4-5. The Motion continues with its fundamental flaw. It fails to distinguish between the actions ordered as to Terra and those directed at Mr. Hernandez, as discussed above. Peppertree can hardly expect to succeed on criminal contempt against Mr. Hernandez when it has not identified how he violated the Turnover Order.

Turning to the Terra Parties, the key element is the fourth. "Ordinarily, one charged with contempt of court for failure to comply with a court order makes a complete defense by proving that he is unable to comply." *United States v. Bryan*, 339 U.S. 323, 330 (1950). "Good faith is only a defense ... where the defendant has made a reasonable effort to comply with a court order but has failed because of the indefiniteness of the order or some other inability to do so." *United States v. George Remini*, 967 F.2d 754 (2d Cir. 1992) (affirming jury instruction on inability to comply).

The Terra Parties have not willfully violated the Turnover Order because they could not carry it out. The directors of the Terra Parties, neither of whom are parties to this litigation, relied on the opinion of independent counsel and resigned once it was clear to them that they would face criminal liability should they comply with the Turnover Order. The Terra Parties then had no directors, meaning they could not comply. The shareholders of the Terra Parties have retained an

individual to locate new directors. As of the filing of this Opposition, he has not been able to do so.

To the extent there is any need to balance the competing demands of the Turnover Order and the criminal actions in Guatemala and El Salvador, the relevant test points to denying the Motion. The Second Circuit has traditionally employed a five-factor test when two countries "have jurisdiction to prescribe and enforce rules of law." *United States v. First National City Bank*, 396 F.2d 897 (1st Cir. 1968). The factors include the following:

> (a) vital national interests of each of the states, (b) the extent and the nature of the hardship that inconsistent enforcement actions would impose upon the person, (c) the extent to which the required conduct is to take place in the territory of the other state, (d) the nationality of the person, and (e) the extent to which enforcement by action of either state can reasonably be expected to achieve compliance with the rule prescribed by that state. *Id*.

These five factors tilt in favor of the Terra Parties.

Between the interests of enforcing the Turnover Order, which stems from a civil proceeding, the criminal proceedings and potential for prosecution should carry greater weight. It is vital for all three countries to enforce their laws, but criminal laws go to a person's liberty, not the payment of money. This bleeds into the second factor. The hardship faced for non-compliance in El Salvador and Guatemala is more stringent. Mr. Porras and Mr. Sagastume face jail time for their compliance, something not at stake here. The Terra Parties are not incorporated in either El Salvador or Guatemala, but their ownership in the Joint Venture Company requires conduct to have a direct effect in El Salvador and Guatemala, where its former directors are based. The fourth factor, the nationality of the Terra Parties, therefore has less relevance. The criminal sanction exists regardless. The final factor favors the Terra Parties. Because the Joint

Venture Company is present through its subsidiaries in El Salvador and Guatemala, but not the United States, compliance should be more reasonably expected in Central America.

## CONCLUSION

For the foregoing reasons, the Terra Parties and Mr. Hernandez respectfully request that the Court deny the Motion in its entirety.

Dated: February 24, 2025                              Respectfully submitted,


    /s/                                                                      /s/
Rodney Quinn Smith II                               Lucila I. M. Hemmingsen
(admitted *pro hac vice*)                           **Sagiance LLP**
**GST LLP**                                         125 Park Avenue, 25th Floor
78 SW 7th Street, Suite 500                         New York, NY 10017
Miami, FL 33130                                     Phone: (212) 520-6672
Phone: (305) 856-7723                               lhemmingsen@sagiancellp.com
quinn.smith@gstllp.com

*Counsel for Terra Towers Corp., TBS Management S.A., and Jorge Hernandez*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), I hereby certify that this document complies with the word count limitations. There are 2,211 words in this document.

<u>*/s/ Quinn Smith*</u>
Rodney Quinn Smith II