USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/07/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TELECOM BUSINESS SOLUTION, LLC, *et al.*,

                    Petitioners,

                    22-cv-1761 (LAK)

        -against-


TERRA TOWERS CORP., *et al.*,

                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## CONTEMPT AND REMEDIAL ORDER


For the reasons stated in the accompanying Opinion Granting In Part Civil Contempt Motions, it is hereby

**ORDERED** that:

1. Terra Towers, TBS, and Jorge Hernandez are in civil contempt of this Court's January 18, 2023, judgment confirming the First Partial Final Award and of this Court's January 21, 2026, order at Docket 520 requiring the turnover of shares in the Company.

2. Terra Towers and TBS shall execute (or cause to be executed) the Transfer Documents and return the executed Transfer Documents to Petitioners within two (2) calendar days of the date of this Order.

3. If either Terra Towers or TBS, or both, fails to comply with paragraph 2, Petitioners, within two (2) business days, shall advise the Court in writing of the noncompliance of Terra Towers and/or TBS and submit to the Court for

2

approval such documents as (a) will empower the Court to transfer to Petitioners all shares in the Company owned by Terra Towers and TBS, beneficially or of record, directly or indirectly (the "Shares"), and (b) when executed by the Clerk will transfer the Shares to Petitioners, with such execution having the same legal force and effect as if the documents had been executed by Terra Towers and TBS.

4 Petitioners are authorized to take any and all actions necessary to continue and complete a Sale of all or substantially all of the Company, including, but not limited to, executing any and all documents necessary to effectuate a Sale, which shall be binding on the Company and the Respondents without any further act by Respondents.

5 Until such time as a Sale of the Company has been fully consummated, Respondents; their officers, agents, servants, employees, and attorneys; and all other persons who are in active concert or participation with any of those persons, who receive actual notice of this order, are **HEREBY ENJOINED** from

5.1 issuing any further directions or instructions to Santander, or any other investment bank, regarding any Sale or potential Sale;

5.2 raising any objection to any directions or instructions provided by Peppertree to Santander, or any other investment bank retained by the Company regarding any Sale or potential Sale;

3

5.3 directly or indirectly contacting bidders or potential bidders regarding a Sale or potential Sale without the consent of Petitioners; and/or

5.4 directing or permitting the transfer of any Company funds to Respondents, their officers, agents, servants, employees, and/or attorneys, and/or all other persons who are now and/or in the future may be in active concert or participation with them and/or any direct or indirect subsidiary of any of them, unless such transfer is explicitly authorized in writing by the Petitioners.

6 Respondents shall execute any and all documents necessary to effectuate a Sale as reasonably requested by Petitioners.

7 The following terms are defined as follows for purposes of this Order:

7.1 "Company" means Continental Towers LATAM Holdings Limited.

7.2 "Hernandez" means Jorge Alberto Hernandez Ortiz.

7.3 "Peppertree" means Telecom Business Solution, LLC and LATAM Towers, LLC.

7.4 "Person" and "person" includes a human being and any form of legal entity wherever organized or situated.

7.5 "Petitioners" means Telecom Business Solution, LLC, LATAM Towers, LLC, and AMLQ Holdings (Cay), Ltd.

7.6 "Respondents" means DT Holdings, Inc., Hernandez, Terra Towers, and TBS.

4

7.7   "Sale" means "Approved Sale" as defined in Section 5.04(b) of the SHA.

7.8   "SHA" means the October 22, 2015, shareholders agreement entered into by the Company, Terra Towers, TBS, and Petitioners.

7.9   "Terra Towers" means Terra Towers Corp.

7.10   "TBS" means TBS Management, S.R.L, formerly known as TBS Management, S.A.

7.11   "Transfer Documents" means the documents included within Dkt 537-1 and set out in Appendix A.

SO ORDERED.

Dated:    May 7, 2026
Issued at:    2:10pm

_____

Lewis A. Kaplan
United States District Judge

# APPENDIX A

Company no. 1882295

## Continental Towers LATAM Holdings Limited

(the "**Company**")

UNANIMOUS WRITTEN RESOLUTIONS OF THE SHAREHOLDERS OF THE COMPANY

**1        Resignations of Directors, Maximum Number of Directors and Minimum Number of Directors**

1.1      It is noted that article 45 of the articles of association of the Company (the "**Articles**") includes requirements concerning the composition of the board of directors of the Company (the "**Board**"), including that unless the shareholders of the Company decide otherwise by a resolution of shareholders:

(a)      the Board shall consist of a maximum of four (4) directors of the Company (each a "**Director**") and a minimum of two (2) Directors; and

(b)      for as long as the Initial Shareholders (or their Permitted Transferees) (as those terms are defined in the Articles) are the only shareholders of the Company, the Board shall consist of four (4) Directors, two (2) of which may be appointed and removed by the Initial A Shareholders (as defined in the Articles) (or their Permitted Transferees) and two (2) of which may be appointed and removed by the Initial B Shareholders (as defined in the Articles) (or their Permitted Transferees).

1.2      It is noted that each of Jose Alejandro Sagastume Figueroa and Andres Porras Castillo (each a "**Resigned Director**"), being the Directors appointed (or deemed to have been appointed) by the Initial A Shareholders, resigned from their positions as Directors on 29 January 2026, leaving the Company with two remaining Directors in office, being the Directors appointed by the Initial B Shareholders.

1.3      It is noted that in view of the proposed transfers of the Transferring Shares (as defined below) and the resignations of each Resigned Director, the undersigned shareholders of the Company propose to exercise their powers to pass a resolution deciding that the composition of the Board shall be different from the default position established under Article 45.1 and Article 45.1(a) of the Articles.

1.4      Accordingly, it is resolved that:

(a)      with immediate effect the Board shall consist of a maximum of two (2) Directors and a minimum of two (2) Directors all of whom may be Directors appointed by the Initial B Shareholders; and

(b)      the obligation under article 45.1(c) of the Articles for the Initial A Shareholders to appoint Directors is discharged and of no further effect.

1.5      It is further resolved that the Directors are authorised to pass such resolutions as they think fit in connection the resignations of the Resigned Directors and the related updates required to the register of directors of the Company to reflect the resignations of the Resigned Directors and related matters.

**2        Transfers of Shares**

2.1      It is noted that:

(a)     Terra Towers Corp. is currently the holder of 50,000 class A shares of no par value in the Company; and

(b)     TBS Management, S. de R.L. is currently the holder of 9,215.23 class A shares of no par value in the Company.

2.2     It is noted that the persons listed in the first column of the table (the "**Share Transfers Table**") immediately below (the "**Transferors**" and each a "**Transferor**") propose to transfer the shares in the Company described in the third column of the table immediately below (the "**Transferring Shares**") to the persons listed in the second column of the table immediately below (the "**Transferees**" and each a "**Transferee**") and that in view of article 20 of the Articles, in respect of each Transferee, the Transferring Shares shall automatically convert into such number of shares of the class of shares specified opposite the name of the Transferee in the fourth column of the Share Transfers Table (the "**Converted Shares**"):

| Transferor | Transferees | Transferring Shares | Converted Shares |
|---|---|---|---|
| Terra Towers Corp. | LATAM Towers, LLC | 26,047.23 class A shares of no par value | 26,047.23 class B shares of no par value |
| Terra Towers Corp. | AMLQ Holdings (Cay), Ltd. | 14,651.56 class A shares of no par value | 14,651.56 class C shares of no par value |
| Terra Towers Corp. | Telecom Business Solution, LLC | 9,301.21 class A shares of no par value | 9,301.21 class B shares of no par value |
| TBS Management, S. de R.L. | LATAM Towers, LLC | 4,800.62 class A shares of no par value | 4,800.62 class B shares of no par value |
| TBS Management, S. de R.L. | AMLQ Holdings (Cay), Ltd. | 2,700.35 class A shares of no par value | 2,700.35 class C shares of no par value |
| TBS Management, S. de R.L. | Telecom Business Solution, LLC | 1,714.26 class A shares of no par value | 1,714.26 class B shares of no par value |

2.3     It is noted that the Company is party to that certain shareholders' agreement in respect of the Company dated as of 22 October 2015 between LATAM Towers, LLC, Telecom Business Solution, LLC, TBS Management, S. de R.L. (then named *TBS Management S.A.*), AMLQ Holdings (Cay), Ltd., Terra Towers Corp. and the Company (the "**Shareholders' Agreement**") and that the Shareholders' Agreement contains certain contractual restrictions applicable to transfers of shares in the Company.

2.4     It is noted that:

(a)     article 12.1 of the Articles provides that registered shares in the Company shall only be transferred by a written instrument of transfer signed by the transferor and containing the name and address of the transferee;

(b)    article 12.2 of the Articles provides that the instrument of transfer shall also be signed by the transferee if registration as a holder of the shares in the Company imposes a liability to the Company on the transferee;

(c)    article 12.3 of the Articles provides that an instrument of transfer shall be sent to the Company for registration;

(d)    article 12.4 of the Articles provides that, subject to the Articles, the Company shall, on receipt of an instrument of transfer, enter the name and address of the transferee of the shares in the Company in the register of members of the Company (the "**Register of Members**") unless the Directors resolve to refuse or delay the registration of the transfer for reasons that shall be specified in the resolution;

(e)    with respect to the requirements of article 14.1 of the Articles, the "Lock-up Period" (as defined in the Articles and the Shareholders' Agreement) that previously applied in relation to transfers of shares held by the Transferors as  the "Initial A Shareholders" (as defined in the Articles and the Shareholders' Agreement) has expired and, accordingly, those of the restrictions on transfers of shares by the Transferors applicable only during the "Lock-up Period" no longer apply;

(f)    in respect of each Transferor, with respect to the requirement for the giving by the Transferor to the Company of 30 calendar days' prior written notice of a transfer of shares where required under article 14.2 of the Articles and under the Shareholders' Agreement, by its signature below each undersigned shareholder of the Company confirms that this requirement is waived in relation to the proposed transfers of the Transferring Shares for all purposes;

(g)    each undersigned shareholder of the Company confirms that it is satisfied that the transfers of the Transferring Shares would not violate any applicable law, including for the purposes of the requirements of article 14.2 of the Articles or any requirement of the Shareholders' Agreement;

(h)    in respect of each Transferor, with respect to the requirement for the giving by the Transferor to the Company and each other shareholder of the Company of a Sale Notice (as defined in article 16(a) of the Articles and the Shareholders' Agreement), by its signature below each undersigned shareholder of the Company confirms that this requirement is waived in relation to the proposed transfers of the Transferring Shares for all purposes;

(i)    each of the Transferors shall cease to be shareholders of the Company upon the registration of the transfers of the Transferring Shares in the Register of Members; and

(j)    without limitation to the generality of the foregoing, each undersigned shareholder of the Company confirms that all and any requirements of the Articles and the Shareholders' Agreement be and are hereby waived to the maximum extent permitted by law and that it consents to the transfers of the Transferring Shares for all purposes.

2.5    It is noted that:

(a)    the Transferees are already party to the Shareholders' Agreement and accordingly no requirement under section 5.01(b) of the Shareholders' Agreement for any Transferee to execute and deliver a counterpart to the Shareholders' Agreement agreeing to be bound by its terms and conditions arises; and

(b)     article 20 of the Articles and section 5.07 of the Shareholders' Agreement provides that where a share in the Company is transferred to a shareholder in accordance with the Shareholders' Agreement and that share is of a different class to the shares in the Company held by that shareholder, the share so transferred will, immediately before the transfer is recorded in the Register of Members of the Company, be automatically converted to a share of the class held by that shareholder (the foregoing being herein referred to as the "**Automatic Conversion**").

2.6     It is noted that upon the transfer of the Transferring Shares to the Transferees, in relation to each Transferee, the Transferee shall not be a mere nominee.

2.7     In relation to the transfers of the Transferring Shares, to the extent any transfer of any of the Transferring Shares involves the transfer of a fractional share, it is noted that in accordance with article 9 of the Articles, such fractional share shall confer on its holder the corresponding fractional rights, obligations and liabilities of a whole share of the same class or series of shares.

2.8     It is resolved that:

(a)     the transfers of the Transferring Shares be and are hereby consented to by the undersigned shareholders of the Company and the Directors are authorised to pass such resolutions as they think fit to approve the transfers of the Transferring Shares;

(b)     in respect of each Transferee and the Transferring Shares to be transferred to such Transferee pursuant to the transfers of the applicable Transferring Shares, in accordance with the provisions of article 20 of the Articles, immediately before the transfer of such Transferring Shares is recorded in the Register of Members, such Transferring Shares shall be automatically converted under the Automatic Conversion into the class of shares that are already held by the Transferee in the Company so that such Transferee shall have transferred to it such number of Converted Shares as are specified opposite the name of the Transferee above; and

(c)     the Directors are authorised to provide the Company's registered agent, Conyers Trust Company (BVI) Limited (the "**Registered Agent**"), with such instructions as the Directors think fit in connection with the transfers of the Transferring Shares and the related updates required to the Register of Members in respect of the transfers of the Transferring Shares, the conversions of Transferring Shares into Converted Shares and related matters.

## 3      Approval of Ancillary Matters

It is resolved that in connection with the actions contemplated by the foregoing resolutions, any Director and such other person(s) as are authorised by a Director are authorised in the name of and on behalf of the Company:

3.1     to sign, execute or seal and dispatch all other such documents, instruments or notices on behalf of the Company in connection with the matters contemplated by these resolutions as he or she shall in his or her absolute discretion think fit, the signature of any such person on any such document, instrument or notice being due evidence for all purposes of such person's approval thereof on behalf of the Company; and

3.2     to do such further acts and things as such person shall deem necessary or appropriate in connection with, or to carry out the actions contemplated by, the foregoing resolutions, the

taking of such action being due evidence for all purposes of such person's approval thereof on behalf of the Company.

**4        Consent of holder of class C Shares**

4.1     It is acknowledged that the class C shares of the Company do not confer on their holder rights to vote on a resolution of shareholders of the Company. The undesigned holder of class C shares of the Company confirms that its signature of these resolutions is given for the purposes of providing its consent to any matters provided for herein that may require its consent and that its consent is given for all purposes.

**5        Counterparts**

These written resolutions may be executed in counterpart and each counterpart shall be deemed to be an original and which counterparts when taken together shall constitute one and the same instrument.

[*signature page follows*]

_____

Duly authorised for and on behalf of
**LATAM Towers, LLC**
Shareholder

Name:
Title:

_____

Duly authorised for and on behalf of
**AMLQ Holdings (Cay), Ltd.**
Shareholder

Name:
Title:

_____

Duly authorised for and on behalf of
**Telecom Business Solution, LLC**
Shareholder

Name:
Title:

_____

Duly authorised for and on behalf of
**Terra Towers Corp.**
Shareholder

Name:
Title:

_____

Duly authorised for and on behalf of
**TBS Management, S. de R.L.**
Shareholder

Name:
Title:

[*signature page to the written resolutions of the shareholders of
Continental Towers LATAM Holdings Limited*]

Company no. 1882295

## Continental Towers LATAM Holdings Limited

(the "**Company**")

### Instrument of Transfer

pursuant to section 54
of the
BVI Business Companies Act (Revised Edition 2020) (as amended)

TBS Management, S. de R.L. (the "**Transferor**") does hereby transfer to LATAM Towers, LLC of 57 E. Washington Street, Chagrin Falls, Ohio 44022, United States of America (the "**Transferee**") 4,800.62 class A shares of no par value standing in the Transferor's name in the Company to hold the same unto the Transferee.

The Transferor represents and warrants to the Transferee that no lien, pledge, mortgage, deed of trust, security interest, charge, claim, easement, encroachment or other similar encumbrance, or any option, right of preemption, "usufruct" or other third-party interest or right of any kind exists over any of the aforementioned class A shares, save for any lien (if any) arising under the memorandum and articles of association of the Company.

This instrument of transfer may be executed in counterpart, and each counterpart shall be deemed to be an original and which counterparts when taken together shall constitute one and the same instrument

Executed and delivered as a                )               _____
deed by **TBS Management, S. de R.L.**      )
acting by its authorised representative     )
Name:
Title:
in the presence of:
Witness signature:
Witness name:

Dated this ……. day of ……………. 2026

The Transferee does hereby agree to become the registered holders of the above shares to hold them subject to the provisions of the Memorandum and Articles of Association of the Company.

Executed and delivered as a                )               _____
deed by **LATAM Towers, LLC**               )
acting by its authorised representative     )
Name:
Title:
in the presence of:
Witness signature:
Witness name:

Dated this ……. day of ……………. 2026

Company no. 1882295

## Continental Towers LATAM Holdings Limited

(the "**Company**")

### Instrument of Transfer

pursuant to section 54
of the
BVI Business Companies Act (Revised Edition 2020) (as amended)

TBS Management, S. de R.L. (the "**Transferor**") does hereby transfer to AMLQ Holdings (Cay), Ltd. of c/o Maples Corporate Services Limited, Ugland House, South Church Street, PO Box 309, George Town Grand Cayman, KY1-1104, Cayman Islands (the "**Transferee**") 2,700.35 class A shares of no par value standing in the Transferor's name in the Company to hold the same unto the Transferee.

The Transferor represents and warrants to the Transferee that no lien, pledge, mortgage, deed of trust, security interest, charge, claim, easement, encroachment or other similar encumbrance, or any option, right of preemption, "usufruct" or other third-party interest or right of any kind exists over any of the aforementioned class A shares, save for any lien (if any) arising under the memorandum and articles of association of the Company.

This instrument of transfer may be executed in counterpart, and each counterpart shall be deemed to be an original and which counterparts when taken together shall constitute one and the same instrument

| | | |
|---|---|---|
| Executed and delivered as a | ) | _____ |
| deed by **TBS Management, S. de R.L.** | ) | |
| acting by its authorised representative | ) | |

Name:
Title:
in the presence of:
Witness signature:
Witness name:

Dated this ……. day of ……………. 2026

The Transferee does hereby agree to become the registered holders of the above shares to hold them subject to the provisions of the Memorandum and Articles of Association of the Company.

| | | |
|---|---|---|
| Executed and delivered as a | ) | _____ |
| deed by **AMLQ Holdings (Cay), Ltd.** | ) | |
| acting by its authorised representative | ) | |

Name:
Title:
in the presence of:
Witness signature:
Witness name:

Dated this ……. day of ……………. 2026

Company no. 1882295

**Continental Towers LATAM Holdings Limited**

(the "**Company**")

**Instrument of Transfer**

pursuant to section 54
of the
BVI Business Companies Act (Revised Edition 2020) (as amended)

TBS Management, S. de R.L. (the "**Transferor**") does hereby transfer to Telecom Business Solution, LLC of 57 E. Washington Street, Chagrin Falls, Ohio 44022, United States of America (the "**Transferee**") 1,714.26 class A shares of no par value standing in the Transferor's name in the Company to hold the same unto the Transferee.

The Transferor represents and warrants to the Transferee that no lien, pledge, mortgage, deed of trust, security interest, charge, claim, easement, encroachment or other similar encumbrance, or any option, right of preemption, "usufruct" or other third-party interest or right of any kind exists over any of the aforementioned class A shares, save for any lien (if any) arising under the memorandum and articles of association of the Company.

This instrument of transfer may be executed in counterpart, and each counterpart shall be deemed to be an original and which counterparts when taken together shall constitute one and the same instrument

| | | |
|---|---|---|
| Executed and delivered as a | ) | _____ |
| deed by **TBS Management, S. de R.L.** | ) | |
| acting by its authorised representative | ) | |
| Name: | | |
| Title: | | |
| in the presence of: | | |
| Witness signature: | | |
| Witness name: | | |

Dated this ……. day of ……………. 2026

The Transferee does hereby agree to become the registered holders of the above shares to hold them subject to the provisions of the Memorandum and Articles of Association of the Company.

| | | |
|---|---|---|
| Executed and delivered as a | ) | _____ |
| deed by **Telecom Business Solution, LLC** | ) | |
| acting by its authorised representative | ) | |
| Name: | | |
| Title: | | |
| in the presence of: | | |
| Witness signature: | | |
| Witness name: | | |

Dated this ……. day of ……………. 2026

Company no. 1882295

## Continental Towers LATAM Holdings Limited

(the "**Company**")

### Instrument of Transfer

pursuant to section 54
of the
BVI Business Companies Act (Revised Edition 2020) (as amended)

Terra Towers Corp. (the "**Transferor**") does hereby transfer to LATAM Towers, LLC of 57 E. Washington Street, Chagrin Falls, Ohio 44022, United States of America (the "**Transferee**") 26,047.23 class A shares of no par value standing in the Transferor's name in the Company to hold the same unto the Transferee.

The Transferor represents and warrants to the Transferee that no lien, pledge, mortgage, deed of trust, security interest, charge, claim, easement, encroachment or other similar encumbrance, or any option, right of preemption, "usufruct" or other third-party interest or right of any kind exists over any of the aforementioned class A shares, save for any lien (if any) arising under the memorandum and articles of association of the Company.

This instrument of transfer may be executed in counterpart, and each counterpart shall be deemed to be an original and which counterparts when taken together shall constitute one and the same instrument

| | | |
|---|---|---|
| Executed and delivered as a | ) | _____ |
| deed by **Terra Towers Corp.** | ) | |
| acting by its authorised representative | ) | |

Name:
Title:
in the presence of:
Witness signature:
Witness name:

Dated this ……. day of ……………. 2026

The Transferee does hereby agree to become the registered holders of the above shares to hold them subject to the provisions of the Memorandum and Articles of Association of the Company.

| | | |
|---|---|---|
| Executed and delivered as a | ) | _____ |
| deed by **LATAM Towers, LLC** | ) | |
| acting by its authorised representative | ) | |

Name:
Title:
in the presence of:
Witness signature:
Witness name:

Dated this ……. day of ……………. 2026

Company no. 1882295

## Continental Towers LATAM Holdings Limited

(the "**Company**")

### Instrument of Transfer

pursuant to section 54
of the
BVI Business Companies Act (Revised Edition 2020) (as amended)

Terra Towers Corp. (the "**Transferor**") does hereby transfer to AMLQ Holdings (Cay), Ltd. of c/o Maples Corporate Services Limited, Ugland House, South Church Street, PO Box 309, George Town Grand Cayman, KY1-1104, Cayman Islands (the "**Transferee**") 14,651.56 class A shares of no par value standing in the Transferor's name in the Company to hold the same unto the Transferee.

The Transferor represents and warrants to the Transferee that no lien, pledge, mortgage, deed of trust, security interest, charge, claim, easement, encroachment or other similar encumbrance, or any option, right of preemption, "usufruct" or other third-party interest or right of any kind exists over any of the aforementioned class A shares, save for any lien (if any) arising under the memorandum and articles of association of the Company.

This instrument of transfer may be executed in counterpart, and each counterpart shall be deemed to be an original and which counterparts when taken together shall constitute one and the same instrument

Executed and delivered as a                )           _____
deed by **Terra Towers Corp.**             )
acting by its authorised representative    )
Name:
Title:
in the presence of:
Witness signature:
Witness name:

Dated this ……. day of ……………. 2026

The Transferee does hereby agree to become the registered holders of the above shares to hold them subject to the provisions of the Memorandum and Articles of Association of the Company.

Executed and delivered as a                )           _____
deed by **AMLQ Holdings (Cay), Ltd.**      )
acting by its authorised representative    )
Name:
Title:
in the presence of:
Witness signature:
Witness name:

Dated this ……. day of ……………. 2026

Company no. 1882295

## Continental Towers LATAM Holdings Limited

(the "**Company**")

### Instrument of Transfer

pursuant to section 54
of the
BVI Business Companies Act (Revised Edition 2020) (as amended)

Terra Towers Corp. (the "**Transferor**") does hereby transfer to Telecom Business Solution, LLC of 57 E. Washington Street, Chagrin Falls, Ohio 44022, United States of America (the "**Transferee**") 9,301.21 class A shares of no par value standing in the Transferor's name in the Company to hold the same unto the Transferee.

The Transferor represents and warrants to the Transferee that no lien, pledge, mortgage, deed of trust, security interest, charge, claim, easement, encroachment or other similar encumbrance, or any option, right of preemption, "usufruct" or other third-party interest or right of any kind exists over any of the aforementioned class A shares, save for any lien (if any) arising under the memorandum and articles of association of the Company.

This instrument of transfer may be executed in counterpart, and each counterpart shall be deemed to be an original and which counterparts when taken together shall constitute one and the same instrument

Executed and delivered as a            )            _____
deed by **Terra Towers Corp.**          )
acting by its authorised representative  )
Name:
Title:
in the presence of:
Witness signature:
Witness name:

Dated this ……. day of ……………. 2026

The Transferee does hereby agree to become the registered holders of the above shares to hold them subject to the provisions of the Memorandum and Articles of Association of the Company.

Executed and delivered as a            )            _____
deed by **Telecom Business Solution, LLC**  )
acting by its authorised representative  )
Name:
Title:
in the presence of:
Witness signature:
Witness name:

Dated this ……. day of ……………. 2026