June 8, 2026

Michael N. Ungar
UB Greensfelder LLP
1660 W. 2nd St, Ste. 1100
Cleveland, OH 44113

Gregg L. Weiner
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036

Rahul Mukhi
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

**BY CM/ECF**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    ***Telecom Business Solution, LLC, et al., v. Terra Towers Corp., et al.***
Civil Action No.: 1:22-cv-01761-LAK

Your Honor:

We write on behalf of Telecom Business Solution, LLC, LATAM Towers, LLC, (collectively, "Peppertree") and AMLQ Holdings (Cay) Ltd. ("AMLQ" and, together with Peppertree, "Petitioners") to notify the Court regarding certain matters relevant to the Court's May 7, 2026 Opinion Granting in Part Civil Contempt Motions (ECF No. 569, the "May 7 Opinion") and Contempt and Remedial Order (ECF No. 570, the "May 7 Order") in the above-captioned action.[1]

Pursuant to the May 7 Order and the Court's May 12, 2026 Memorandum and Order Denying Motion for Stay Pending Appeal (ECF No. 581, the "May 12 Order"), Petitioners have counter-signed the Transfer Documents that were executed by the Clerk of Court (ECF Nos. 582-1, 582-2, 582-3) and returned them to the Clerk as instructed. True and correct copies of the fully-executed Transfer Documents are attached hereto as Exhibits A-C.

Petitioners are also attaching hereto a true and correct copy of a May 15, 2026 letter purportedly sent on behalf of Terra to the Company's registered agent, Conyers Trust Company (BVI) Limited ("Conyers"). *See* Ex. D (the "May 15 Letter").[2] As the Company's registered

---

[1] Unless otherwise noted, all defined terms herein shall have the same meaning as in the May 7 Opinion.

[2] As this Court knows, Terra have claimed that they "have no directors and can only act through their directors." ECF No. 569 at 36. Yet notwithstanding this claim, they evidently were able to engage the BVI law firm O'Neal Webster to send the May 15 Letter, further confirming that, as this Court found, "[s]omeone no doubt is managing [Terra's] affairs," and that that person is, or ultimately answers to, Jorge Hernandez, who "retains control over Terra such that he and Terra are one and the same." *Id.* at 53-54, 58.

agent, Conyers is charged with effecting changes to registration in the shareholding of the Company.

The May 15 Letter continues Terra's and Jorge Hernandez's "perhaps unprecedented defiance of multiple judgments and other Court process." ECF No. 581 at 1. Specifically, the May 15 Letter seeks to block Conyers from effectuating the share transfer required by the Court's Turnover Order and May 7 Order. The letter purports to "put [Conyers] on notice that [Terra] . . . object[s] to the registration of any share transfer that is not signed by them as transferors . . . ." This preemptive challenge to Conyers accepting the Transfer Documents that have now been fully executed is yet another blatant violation of this Court's directive in the Turnover Order that "Terra (and all those in active concert and participation with Terra, including, without limitation . . . Jorge Hernandez) shall take no action . . . that in any way interferes with or obstructs the turnover of Terra's shares in the Company to Petitioners." ECF No. 520 at 2.

Worse yet, in a clear effort to deter Conyers from effecting this Court's Turnover Order and May 7 Order, the May 15 Letter attempts to mislead Conyers by mischaracterizing this Court's final and binding judgments and orders as "outstanding." As the Court made clear in the May 12 Order, Terra and Hernandez "were and remain obliged by law to comply with the Turnover Order unless and until it is stayed or reversed, neither of which has occurred." ECF No. 581 at 5.

Thus, yet again, Terra and Hernandez are in contempt of this Court's orders. Petitioners respectfully submit that further sanctions are warranted. Additionally, Peppertree submits that the additional, contumacious conduct described herein further warrants the sanctions requested in Peppertree's Motion for Civil Confinement and a Criminal Contempt Order and Referral (ECF No. 539), which remains pending.[3]

We thank the Court for its attention to this matter.

Sincerely,

/s/ *Michael N. Ungar*                                    /s/ *Gregg L. Weiner*
Michael N. Ungar                                         Gregg L. Weiner

/s/ *Rahul Mukhi*                                        *Counsel for AMLQ Holdings (Cay), Ltd.*
Rahul Mukhi
*Counsel for Telecom Business Solution, LLC*
*and LATAM Towers, LLC*

---

[3] At the May 12 hearing, the Court alluded to the fact that Hernandez is currently outside of the United States. Hr'g Tr. at 10:20-21, May 12, 2026. In similar circumstances in *FTC v. Verity*, this Court held that confinement orders are appropriate sanctions against foreign contemnors because, while they "may be able to remain outside the country for a long period in order to avoid arrest, it seems likely that such conduct would interfere with their ability to manage their United States interests and otherwise give them an incentive to comply with the Court's order." 140 F. Supp. 2d 313, 318 (S.D.N.Y. 2001) (Kaplan, J.) ("an order of arrest directed to a foreign contemnor [is] the practical equivalent of an order preventing the contemnor from entering the United States until the contemnor complies with the Court order, which in the case of these individuals is an entirely appropriate coercive measure"), *vacated on other grounds*, 443 F.3d 48, 70 (2d Cir. 2006); *accord CE Int'l Res. Holdings LLC v. S.A. Minerals Ltd. P'ship*, No. 12 Civ. 8087 (CM), 2013 WL 324061, at *2–4 (S.D.N.Y. Jan. 24, 2013) (following *Verity* in similar circumstances).