**United States District Court**
**Southern District of New York**

| | |
|---|---|
| Telecom Business Solution, LLC, *et al.*, | Civil Action No.: 1:22-cv-01761 |
| Petitioners, | Judge Lewis A. Kaplan |
| v. | Magistrate Judge Robert W. Lehrburger |
| Terra Towers Corp., *et al.*, | |
| Respondents. | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF</u>
## <u>OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS</u>

Rodney Quinn Smith, II
(admitted *pro hac vice*)
**GST LLP**
78 SW 7th Street, Suite 500
Miami, FL 33130
Phone: (305) 856-7723
Fax: (305) 856-7724
quinn.smith@gstllp.com

Lucila I. M. Hemmingsen
**Sagiance LLP**
125 Park Avenue, 25th Floor
New York, NY 10017
Phone: (212) 520-6672
lhemmingsen@sagiancellp.com

*Counsel for Terra Towers Corp., TBS Management S.R. de L., and Jorge Hernandez*

Terra Towers Corporation ("Terra"), TBS Management S.R. de L. ("TBS") (collectively, the "Terra Parties"), and Jorge Hernandez, by and through undersigned counsel, hereby respond to the Motion for an Award of Attorney's Fees and Costs (ECF 587) (the "Motion for Attorney's Fees and Costs"), and in support thereof, state as follows:

## INTRODUCTION

A motion for sanctions under Rule 11 requires adhering to notions of due process, inherent in the Rule 11, which are only heightened in the context of the court's inherent powers. The Court should deny the Motion for Sanctions for the following reasons:

- There was no notice and opportunity to be heard regarding the potential for sanctions, as required by Rule 11(c)(2). The deadlines did not allow for the time necessary, but Petitioners do not provide any authority that permits Rule 11 sanctions arising after a decision on the offending document or without complying with the 21-day safe harbor provision.

- While the Motion for Stay was found to be legally deficient and roundly rejected, there are no circumstances supporting a finding of bad faith. This is required for sanctions under the Court's inherent powers.

For these reasons and those stated herein, the Terra Parties and Mr. Hernandez respectfully request that the Court deny the Motion for Attorney's Fees and Costs.

## BACKGROUND

On May 7, 2026, the Court issued its order (the "May 7 Order") finding the Terra Parties and Mr. Hernandez in contempt of the January 18, 2023, judgment (the "1PFA Judgment") and the Turnover Order dated January 21, 2026 (the "Turnover Order"). ECF 570. The May 7 Order required the Terra Parties to execute transfer documents within two calendar days. If they did not, Petitioners could submit documents for Court approval that would authorize the Clerk to execute instruments that would transfer all shares in the Joint Venture Company to Petitioners. *Id*.

On the morning of May 8, 2026, the Terra Parties and Mr. Hernandez filed their motion to stay (the "Motion to Stay") and motion to expedite. ECF 573, 575. Later that day, the Court stayed the May 7 Order pending briefing from Petitioners on May 10, 2026. ECF 578. A hearing was set for May 12, 2026. *Id*.

Petitioners filed their opposition on May 11 (the "Opposition"). ECF 579. The Opposition did not characterize the Motion to Stay as "frivolous" but instead addressed the arguments in the Motion to Stay. *See generally* ECF 579. At the hearing on May 12, Petitioners did not describe the Motion to Stay as frivolous and once again addressed all the arguments raised in the Motion to Stay. On the issue of mootness, Petitioners merely stated that they were unsure but never rejected the argument; instead, by showing uncertainty conceded that it could be an argument with some color to it. *See* Transcript p. 4:5-8.[1] At the conclusion of the hearing, this Court described the Motion to Stay as "frivolous." ECF 588, p. 7.

The Court issued its order denying the motion to stay on May 12, 2026 (the "May 12 Order"). ECF 581. The Terra Parties and Mr. Hernandez did not renew their motion to stay with the Second Circuit. Two weeks after the May 12 Order, Petitioners filed the Motion for Sanctions. ECF 588.

**ANALYSIS**

The Motion for Attorney's Fees and Costs seeks sanctions under Rule 11 and this Court's inherent power. ECF 588, p. 4. The Terra Parties and Mr. Hernandez address each in turn.

---

[1] "And I think Mr. Ungar can talk more broadly to mootness, but I do think that, in terms of this issue, first of all, we don't know whether or not the May 7th order would moot the turnover order appeal."

**I.    The Request for Rule 11 sanctions must fail because there was no compliance with Rule 11(c)(2)**

As the Motion for Attorney's Fees and Costs concedes, Rule 11(c)(2)'s 21-day safe harbor was not granted. ECF 588, p. 6, fn 2. Petitioners contend that this should be excused "where the Court has already adjudicated and rejected the offending paper." *Id*. This is incorrect. "At the very least, a party must serve its Rule 11 motion before the court has ruled on the pleading, and thus before the conclusion of the case. Otherwise, the purpose of the 'safe harbor' provision would be nullified." *In Re Pennie & Edmonds LLP*, 323 F.3d 86, 93, fn 2 (2d Cir. 2003); *see also Lawrence v. Richman Group of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010) (reversing award of Rule 11 sanctions ordered after dismissal of amended complaint). The Second Circuit has also held that, "[i]n accordance with principles of due process and Rule 11 itself, the subject of a sanctions motion 'must receive specific notice of the conduct alleged to be sanctionable and the standard by which the conduct will be assessed, and an opportunity to be heard on that matter.'" *Streeteasy, Inc. v. Chertok*, 752 F.3d 298, 310 (2d Cir. 2014), citing *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 97 (2d Cir.1997). Pursuant to Rule 11(c)(2), district courts cannot award sanctions in contravention of the explicit procedural requirements of Rule 11. *Perpetual Securities, Inc. v. Julie Tang and Hua Yu Chen*, 290 F.3d 132, 142 (2d Cir. 2002). "The safe-harbor provision is a strict procedural requirement." *Star Mark Management, Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).

The Motion for Attorney's Fees and Costs does not provide any authority to dispense with the 21-day safe harbor requirement, and the Second Circuit has routinely held that there must be notice and opportunity to be heard prior to a Rule 11 sanction. With this element absent, the Motion for Attorney's Fees and Costs does not meet this mandatory requirement and should thus be denied.

**II.    The Motion for Attorney's Fees and Costs does not meet the test for sanctions pursuant to the Court's inherent powers**

The Court's inherent power to issue sanctions falls under a different standard than Rule 11. "Imposition of sanctions under a court's inherent powers requires a specific finding that an attorney acted in bad faith." *Wolters Kluwer Financial Services, Inc. v. Scivantage*, 564 F.3d 110 (2d Cir. 2009) (citation omitted). Inherent-power sanctions are appropriate "only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Id*. "Conduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue. A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Id*. (citations omitted).

The Motion for Attorney's Fees and Costs links the analysis largely to "past misconduct." ECF 588, p. 9. There is little argument regarding the necessary "clear evidence." While the Court forcefully rejected the arguments made by the Terra Parties and Mr. Hernandez, the argument regarding mootness was based on a genuine and good faith apparent "misreading" of a prior case while the foreign law argument was found to be a recycling of prior arguments. This does not rise to the level of being "entirely without color." There is also a lack of support for the necessary "improper purpose." The Court certainly rejected the Motion to Stay, but the purpose of the motion was narrow and limited to a distinct legal issue. The Terra Parties and Mr. Hernandez did not seek to belabor the issue by taking it to the Second Circuit or amplify the costs involved. While the Motion to Stay could have been better, the Terra Parties and Mr. Hernandez respectfully submit that they pursued this stay in genuine good faith and respectfully request that

the Court consider the tight timeframes and lack of any prior argument or warning as to the

frivolousness of the request.

**CONCLUSION**

Based on the foregoing, the petitioners respectfully request that this Court deny the

Motion for Sanctions.


Dated: June 9, 2026                                      Respectfully submitted,


_____/s/_____                          _____/s/_____
Rodney Quinn Smith II                             Lucila I. M. Hemmingsen
(admitted *pro hac vice*)                          **Sagiance LLP**
**GST LLP**                                             125 Park Avenue, 25th Floor
78 SW 7th Street, Suite 500                      New York, NY 10017
Miami, FL 33130                                      Phone: (212) 520-6672
Phone: (305) 856-7723                            lhemmingsen@sagiancellp.com
quinn.smith@gstllp.com

*Counsel for Respondents*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), I hereby certify that this document complies with the word count limitations. There are 2,128 words in this document.

/s/ Quinn Smith
Rodney Quinn Smith II