BOIES SCHILLER FLEXNER

October 15, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**RE: Privilege Concerns Regarding Holland & Knight LLP's Production**
***Telecom Business Solution, LLC et al v. Terra Towers Corp. et al.*, 1:22-cv-01761-LAK (S.D.N.Y.)**

Dear Judge Kaplan,

We write on behalf of 25 non-parties listed in **Table A** appended to this letter ("Non-Parties") to address an imminent privilege problem arising from Holland & Knight LLP's anticipated October 16, 2026 production. Holland & Knight LLP formerly represented several Non-Parties including but not limited to Ana Hernandez, Monte Olivos LLC, Grove 45 LLC, HF Real Estate Holdings LLC, and Illumination Technologies LLC. Holland & Knight LLP's anticipated production may include documents containing the Non-Parties' attorney-client privileged or work-product protected information that they have not had a meaningful opportunity to review and have not waived. The Non-Parties therefore respectfully request a short administrative stay of any production of their documents or, if any such documents already have been produced, sequestration and non-use pending privilege review and resolution.

On the evening of October 14, 2026, the Non-Parties learned that this Court issued an Order on October 13, 2026 compelling Holland & Knight LLP to comply with a subpoena. Neither undersigned counsel, nor the Non-Parties, had received notice of the subpoena from the subpoenaing parties, or from the subpoena recipient Holland & Knight LLP.

At 4:58 p.m. ET on October 15, 2026, Holland & Knight LLP confirmed that its anticipated October 16, 2026 production includes over 2,000 documents hitting on the term "Illumination Technologies." Holland & Knight LLP explained that "[i]t is H&K's position that the October 13, 2026 Order demands production of these documents" and that "H&K will therefore not be withholding any of Illumination's documents from the court-ordered production mandated for tomorrow, October 16, 2026." Undersigned counsel have had no opportunity to review Holland & Knight LLP's anticipated production for attorney-client privilege or work-product protection belonging to the Non-Parties.

The Non-Parties' privileges belong to them and they have not waived them. It appears from Holland & Knight LLP's invoices issued to the Non-Parties that the firm billed certain work for the Non-Parties as "c/o Jorge Hernandez," even though Mr. Hernandez was not the client for those matters. That administrative notation by Holland & Knight LLP is not a waiver by the Non-Parties.

BSF

Nor could Mr. Hernandez waive the Non-Parties' privileges because the actions by an agent of a corporation do not waive the corporation's privileges absent deliberate disclosure by the entity itself. *See Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 505 (S.D.N.Y. 2019) ("[T]he issue of waiver in the case of the testimony of a corporation's agent is whether the corporation has acted deliberately in disclosing privileged information, not whether the witness acted deliberately." (emphasis in original)); *see also In re Grand Jury Proc.*, 219 F.3d 175, 188 (2d Cir. 2000) (same). That rule is consistent with the high bar in this District for finding waiver of an attorney-client privilege. *See, e.g.*, *Mazzocchi v. Windsor Owners Corp.*, No. 111CV07913RASDA, 2020 WL 4038342, at *3 (S.D.N.Y. July 17, 2020) ("[T]he filing error made by an employee of Defendants' counsel's law firm[ ] is not a basis for finding waiver of the sacrosanct attorney-client privilege."); *Partners, L.P. v. Fieldcrest Cannon, Inc*., 1997 WL 736726, at *7 (S.D.N.Y. Nov. 26, 1997); *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, No. 96CIV.7590(DAB)(JCF), 1997 WL 736726, at *7 (S.D.N.Y. Nov. 26, 1997) ("Absent any prejudice to the defendants caused by restoring immunity to the documents, [i]t would be inappropriate for the client of producing counsel to suffer the waiver of privilege . . . due to an isolated, inadvertent error." (internal quotation marks omitted)).

Here, Respondent Jorge Hernandez, whom undersigned counsel do not represent, has no ownership interest in any of the Non-Parties. Although he previously served as a manager or the eqivalent of certain Non-Parties, he left those roles years ago. His historical connection to the Non-Parties is therefore far more attenuated than the current agency relationship found insufficient to waive privilege in *Parneros*. Accordingly, the Court's conclusions regarding Mr. Hernandez's conduct are insufficient, without more, to waive the Non-Parties' privileges.

The Non-Parties therefore respectfully request request that the Court (1) enter a short administrative stay or modification of the October 16 production obligation for documents concerning the Non-Parties; (2) direct Holland & Knight LLP not to produce those documents, or require sequestration and non-use of any such documents if already produced, pending privilege review; (3) require Holland & Knight LLP to provide the Non-Parties with the documents and any privilege log necessary to assess privilege; and (4) permit up to sixty (60) days, or such shorter schedule as the Court deems appropriate, for the Non-Parties to complete their review and assert any privilege claims.

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

*/s/ Geoffrey J. Derrick*
Geoffrey J. Derrick

COBLENTZ PATCH DUFFY & BASS LLP

/s/ Frank Busch
Frank Busch (*pro hac vice* forthcoming)

*Attorneys for Non-Parties*

BSF

## TABLE A

1. Ana Beatriz Hernandez;
2. Marcela Hernandez, individually and as co-trustee of the Hernandez Family Trust;
3. Jorge Hernandez Anguiano, individually and as co-trustee of the Hernandez Family Trust;
4. Knights Valley California LLC;
5. Calistoga Vintner Services LLC;
6. Grove 45 LLC;
7. Museion Winery LLC;
8. Gaia Winery LLC;
9. Greystone St. Helena LLC;
10. Firestopper LLC;
11. Vector Axis Florida LLC;
12. Vector Axis California LLC;
13. Illumination Technologies LLC;
14. Illumination Technologies California LLC;
15. Illumination Technologies Florida LLC;
16. Wine Country Events and Rentals LLC;
17. Napa Safe LLC;
18. Monte Olivos LLC;
19. Monte Olivos Property Management LLC’
20. Monte Olivos Services LLC;
21. Vector Axis LLC;
22. Gaia Services USA LLC;
23. HF Real Estate Holdings LLC;
24. HF Master Holding LLC; and,
25. Fossils and Minerals LLC