October 19, 2026

Quinn Smith
GST LLP
78 SW 7th Street
Miami, FL 33130

Lucila I. M. Hemmingsen
Sagiance LLP
125 Park Avenue, 25th Floor
New York, NY 10017

**BY CM/ECF**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*, Case No. 22-cv-1761**

Your Honor:

We write only on behalf of Mr. Hernandez regarding the order dated October 16, 2026 (ECF 636) (the "October 16 Order") and the submission by BSF on behalf of numerous third parties, dated October 15, 2026 (ECF 635) (the "October 15 Submission").

As an initial matter, counsel is unsure of its authority and thus not in a position to speak on behalf of Terra Towers, Corp., TBS Management S. de R.L. (the "Terra Parties"), or DT Holdings Inc. ("DT Holdings"). The BVI courts have issued an *ex parte* interim receivership order of certain companies owned by the HF 2020 BVI Trust. *See* Trust Receivership Order, p. 4. The Trust Receivership Order states a receiver was appointed "with immediate effect as a receiver over all rights and obligations . . . without any of the limitations or conditions under the terms of the Trust." *See* Exhibit A, Trust Receivership Order, p. 4. The order extends the receiver's powers to defending "any action within or outside" the BVI. *Id*. The receiver "shall act impartially . . . and shall not be deemed to be agents of any party." *Id*. There is a "Penal Notice" on the first page of the order stating that "[a]ny other person who knows of this order and anything which helps or permits the respondent to breach the terms of this order may also be held in contempt[.]" *Id*., p. 1. The respondent is Conyers Trustee Services (BVI) Limited in its capacity as trustee of the HF 2020 BVI Trust. *Id*.

Petitioners' letter dated October 5, 2026, and docketed October 6, 2026 (ECF 630) asserts that the receiverships encompass shareholder rights relating to the Terra Parties and DT Holdings and that steps have been taken to reconstitute certain boards. Counsel does not adopt those assertions or Petitioners' characterization of the scope and effect of the BVI orders. Those orders and the actions taken pursuant to them nevertheless raise questions concerning who presently may authorize litigation decisions and instruct existing counsel for each corporate Respondent. They also do not determine Mr. Hernandez's role, which is presently being litigated.

Counsel has sought clarification from BVI counsel, but those questions remain unresolved. The receivership implicates corporate activities in numerous jurisdictions, and counsel understands that challenges to the receivership orders are being pursued in the BVI, including by the beneficiaries and the Protector of the HF 2020 BVI Trust. *See* Exhibit B, Transcript dated October 1, 2026, p. 21 (discussing upcoming schedule). We recognize our continuing status as counsel of record and seek guidance on how to discharge our obligations.

Counsel has further concerns based on prior submissions. Petitioners referenced the Trust Receivership Order in their letter dated October 5, 2026. ECF 630. According to Petitioners, they now exercise joint control based on the "current receiverships." ECF 630, p. 2. Petitioners stated that the "respective receivers have taken steps to replace and reconstitute boards of entities within . . . the HF 2020 BVI Trust[.]" *Id*. It appears that Petitioners, based on the use of the plural "receiverships," are claiming to have control over the corporate Respondents. Counsel cannot confirm this statement, opine on how this may interact with the Trust Receivership Order, or consider the impact of such an argument in the various jurisdictions affected by the Trust Receivership Order. Counsel cannot proceed where Petitioners may seek to hold counsel in contempt. Counsel therefore seeks guidance from this Court as to its ability to represent the corporate Respondents owned by the BVI Trust.

Any guidance is particularly important because the Terra Parties, DT Holdings, and Mr. Hernandez have an upcoming deadline of October 28, 2026, to present their opening brief in their appeal of this Court's order confirming the final award. ECF 597.

Turning to the content of the October 15 Submission, Mr. Hernandez does not have an ownership interest in any of the Non-Parties. The podcast interview referenced in the October 16 Order was published in 2021. *See* Exhibit C, Metadata, p. 1 (line 20 "published_time"). Counsel does not represent the Non-Parties, listed in Table A. Since the Non-Parties have asserted their attorney-client privilege, and Mr. Hernandez does not control them, Mr. Hernandez expresses no position on the relief sought.

Respectfully submitted,

| | |
|---|---|
| */s/ Rodney Quinn Smith, II* | */s/ Lucila I. M. Hemmingsen* |
| Rodney Quinn Smith, II | Lucila I. M. Hemmingsen |

cc: Counsel of Record