Holland & Knight

787 Seventh Avenue, 31st Floor | New York, New York 10019 | T +1.212.513.3200 | F +1.212.385.9010
Holland & Knight LLP | www.hklaw.com

Matthew R. DiBlasi
+1 212-513-3539
Matthew.DiBlasi@hklaw.com

October 19, 2026

**VIA ECF**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Telecom Business Solution, LLC et al., v. Terra Towers Corp., et al.*, Civil Action No. 1:22-cv-01761 (S.D.N.Y.) – Response Letter

Dear Judge Kaplan:

We write on behalf of non-party Holland & Knight ("H&K) in response to the October 15, 2026, "emergency" letter application ("10/15 Application") filed by non-parties Illumination Technologies, Ana Hernandez, Monte Olivos LLC, Grove 45 LLC, and HF Real Estate Holdings LLC, et al. (collectively the "Hernandez Entities") [ECF No. 635] to clarify and correct the record with respect to several issues.

First, H&K fully complied with Your Honor's October 16, 2026 Order ("10/16 Order").

Second, counsel for the Hernandez Entities did not comply with paragraph "4" of the 10/16 Order because they failed to serve a copy of the 10/16 Order by 10/16.[1] Fortunately, H&K was following the docket and was able to comply with Your Honor's Order, revising and producing the documents to Petitioners the evening of October 16th.

Third, H&K did perform various legal tasks for the following Hernandez Entities at the request and under the direction of the judgment debtor Mr. Hernandez: Ana Beatriz Hernandez; Marcela Hernandez; Jorge Hernandez Anguiano; Knights Valley California LLC; Grove 45 LLC; Greystone St. Helena LLC; Firestopper LLC; Vector Axis Florida LLC; Vector Axis California LLC; Illumination Technologies LLC; Illumination Technologies California LLC; Illumination

[1] H&K was also never sent a copy of the Hernandez Entities' 10/15 emergency letter application.

Technologies Florida LLC; Monte Olivos LLC; Monte Olivos Services LLC; Vector Axis LLC; HF Real Estate Holdings LLC; HF Master Holding LLC; and Fossils and Minerals LLC.

Fourth, in the 10/15 Application, submitted by Illumination Technologies (among others), counsel for the Hernandez Entities states "[n]either undersigned counsel, nor the Non-Parties, had received notice of the subpoena from the subpoenaing parties, or from the subpoena recipient Holland and Knight LLP." This is a false statement.

Upon receipt of the subpoena H&K communicated with counsel for Mr. Hernandez, Quinn Smith of GST LLP, and informed him that H&K would comply with the subpoena and that H&K would give counsel for Mr. Hernandez an opportunity to review the materials and privileged communications prior to production to Petitioners. Despite multiple communications over the course of the next 7-8 months, at no point was H&K informed that any other attorney represented either Mr. Hernandez, any of his family members, or the Hernandez Entities. As set forth in H&K's October 8, 2026 letter to the Court, on July 24, 2026, H&K transmitted to GST LLP for its review the document production set along with potentially privileged documents / documents to be redacted, noting that H&K was relying on GST LLP to review the materials and enforce the scope of attorney-client privilege and/or other protection that it intended to assert moving forward.

It was not until October 14, 2026 that in-house counsel for Illumination Technologies, Danielle Kirby, Esq.,[2] sent an email to H&K indicating, for the very first time, that Quinn Smith of GST LLP did not represent all of Mr. Hernandez's entities. *See* Exhibit B. *Critically*, the email chain sent by Ms. Kirby contains an August 20, 2026 email from Quinn Smith to Ms. Kirby discussing the document production and privilege log sent by H&K (on July 24th) and states:

> "I think we are going to need to at least go through and understand what is being produced to then decide if a deeper review is necessary. It looks like HK was just cc'd on emails out of habit, leading to a rather large production. If you want to download the entire production, you can scroll down this thread and see the link to the download as well as the password to unzip the files."

***Thus, an applicant in the 10/15 Application—Illumination Technologies——has had access to the document production set since August, did nothing for almost 7 full weeks (or 48 days) to review the materials, inform us of the scope of privilege and/or protection her clients intended to assert, and take steps to enforce such privilege and/or protection.*** Illumination Technologies waited a full week *after* the motion to compel was filed (and 2 days *after* an Order was issued by the Court) to make their involvement and concerns known to H&K. The undersigned made these facts clear to Ms. Kirby in an October 15, 2026 email response. *See* Exhibit C. Accordingly, the statement in the 10/15 Application that "[u]ndersigned counsel have had no

[2] *See* Exhibit A (screenshot of Illumination Technologies website listing Danielle Kirby, Esq. as counsel for Illumination Technologies).

opportunity to review Holland & Knight LLP's anticipated production for attorney-client privilege or work-product protection" belonging to their clients is patently false for the same reasons as well.

In sum, H&K acted diligently at all times in complying with the subpoena while still upholding its ethical obligations to its former client(s). H&K provided ample opportunity for its former client(s) to review the production set and take steps to enforce such privilege and/or protection. The Hernandez Entities failed to act in a timely manner. H&K stands ready to comply with any further Order this Court may issue with respect to the Hernandez Entities' documents in its possession.

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Matthew R. DiBlasi*

Matthew R. DiBlasi, Esq.

787 Seventh Avenue
New York, New York 10019
Tel: (212) 513-3539
matthew.diblasi@hkclaw.com

*Counsel for Non-Party Holland & Knight LLP*

Cc: Attorneys of record (via ECF)