# EXHIBIT C

**From:** DiBlasi, Matthew R (NYC - X73539)
**To:** "Danielle Kirby"
**Cc:** "Busch, Frank"; Burns, Robert J (NYC - X73490); Casal, Jose (MIA - X27713)
**Subject:** RE: FW: Telecom Business Solution LLC v Terra Towers Corp SDNY 1:22cv1761 Subpoena to Holland & Knight
**Date:** Thursday, October 15, 2026 3:14:49 PM
**Attachments:** image001.png
image002.png

---

Danielle,

I am in receipt of your email dated October 14, 2026 and write to correct the record with respect to the various misrepresentations contained therein. Your attempts to shift blame to Holland & Knight (H&K), who conducted a thorough document collection and review in response to a non-party subpoena, are not well taken. It was Mr. Smith's lack of diligence and systematic failure of communication—and, apparently, yours, although we had no inkling you were involved in this process until we received your email yesterday—that caused the situation we, and your client(s), find ourselves in.

I will take each of your accusations in turn:

First, H&K's former clients included Jorge Alberto Francisco Hernandez Ortiz, and several related entities controlled by Mr. Hernandez (Illumination Technologies, LLC; Terra Towers Corp; Continental Towers Corp.; and DT Holdings, Inc.). Your email conflates our ethical duties arising from H&K's former representation of these specific former clients with a supposed obligation to protect "privilege and confidentiality interests" allegedly belonging to a laundry list of individuals and entities the firm never represented. No such obligation exists. H&K followed, in every respect, the ethical guidance cited in my recent letter to the court. H&K was obligated to communicate, or attempt to communicate, with the former clients whose confidential and/or privileged information is at issue in the subpoena, to seek the former clients' consent to the subpoenaed production, and to take the former clients' direction as to the invocation of privilege and/or protection as to the subpoenaed documents. H&K did exactly that, reaching out to Mr. Smith—current counsel of record for nearly all of H&K's former clients in the litigation under whose auspices the subpoena issued—first on January 7, 2026 and then repeatedly from July 2026 onward. H&K made it clear to Mr. Smith in its July 13, 2026 correspondence that it would transmit the responsive documents to Mr. Smith for review and that H&K was relying on Mr. Smith, as current counsel for H&K's former clients, to provide instruction as to the scope of privilege and/or protection H&K's former clients intended to assert as to responsive materials. At no time from January 7, 2026 until your email of yesterday did anyone state, or even suggest, that Mr. Smith was not representing H&K's former clients listed above, or that he lacked the authority to engage in this process with respect to certain of the firm's former clients.

Second, your accusation that Mr. Smith was only provided access to the documents on August 19th is categorically false. As we accurately conveyed to the Court on October 8th, "the document production set along with potentially privileged documents / documents to be redacted were sent to GST LLP . . . for review." That is an undeniable fact. Mr. Smith then waited 26 days to attempt to access the production set and ask for the password (which both Mr. Smith and I rectified within hours on August 19th). The nearly month-long delay before Mr. Smith attempted access is not H&K's problem, and it does not change the fact that Mr. Smith could have, at any point after my July 24th email transmitting the production link, taken the actions he ended up taking on August 19th. And thereafter, Mr. Smith (and apparently you, as per your email correspondence with Mr. Smith of August 20th) still had almost 7 full weeks (or 48 days) before the motion to compel was filed to review the materials, inform us of the scope of privilege and/or protection your clients intended to assert, and take steps to enforce such privilege and/or protection. You could have done so, you should have done so, and Mr. Smith was in fact prodded by myself on multiple occasions to do so. H&K stood ready to follow Mr. Smith's instructions, on behalf of the firm's former clients, and to address any other issues or concerns that Mr. Smith raised to us. But despite numerous reminders that the subpoena proponent was pushing us for production, and repeated requests for Mr. Smith to perform the necessary tasks as the current representative of H&K's former clients, we heard nothing whatsoever. This was the history we accurately summarized for the Court, and Mr. Smith filed nothing—and said nothing—suggesting that the account in the movant's motion, or in H&K's opposition, was inaccurate.

Which brings us to the irrelevant contention that you "faced reviewing almost 10,000 items and finding qualified assistance we could afford." Even if true, your statement is irrelevant, and hardly justifies the long course of inaction that we faced here. H&K fulfilled its legal obligations as a subpoenaed non-party by conducting a document search and review, and fulfilled its ethical obligations by notifying its former clients, through their current counsel of record, that there were potentially privileged materials in the production that necessitated review and action by the former clients to assert, and to seek to enforce, whatever privilege and/or protection the firm's former clients intended to invoke with respect to the materials identified as responsive to the subpoena. H&K had no further obligation in this matter. Mr. Smith, on behalf of H&K's former clients, could have moved to quash the subpoena, could have opposed the motion to compel, or could have meaningfully engaged in the review and instruction process that H&K repeatedly urged. None of that happened. The contention that H&K's efforts to respond to a lawful subpoena served upon the firm, and to do so in full compliance with H&K's ethical obligations to its former clients, "unfairly shifted responsibility to the former clients" is preposterous, not based in reality, and a gross misstatement of H&K's legal and ethical obligations.

Further highlighting the lack of diligence here is the fact that only yesterday did you make your involvement in this matter known to H&K. This despite the fact that Mr. Smith detailed his concerns to you about the need to review the production in detail in his August 20th email to you. *See* 8/20/26 email from Q. Smith to yourself below ("In any event, I'm unsure that we can just rely on HK. I think we are going to need to at least go through and understand what is being produced to then decide if a deeper review is necessary.") To the extent you or Mr. Smith had issues with H&K's efforts in responding to this non-party subpoena, or concerns with the responsive documents H&K intended to produce, or privileges and/or protections your clients intended to invoke and seek to enforce with respect to some or all of the designated production set, you had an obligation to communicate some and/or all of that to H&K in a timely manner. Had any of that occurred, we stood ready to work with Mr. Smith, and to follow his legitimate instructions to preserve privilege and/or protection to give Mr. Smith, and H&K's former clients, the opportunity to invoke and seek to enforce them. But raising these concerns now, after months of silence in response to our inquiries and to the ensuing motion to compel, and only after the court has ordered production, comes far too late. The fact that you waited a full week *after* the motion to compel was filed (and 2 days *after* an Order was issued by the Court) to make your involvement and concerns known to H&K is mystifying, and strongly suggestive of an intention to improperly shift responsibility for your side's inaction to H&K. Mr. Smith was informed of the Motion to Compel by myself on Tuesday, October 6th (the filing date) and I had a conversation with Mr. Smith the same day. At no point either during our phone call *or at any point prior* did he mention that you were in any way involved in this process, or that anyone else may have been responsible for the privilege review, or

that you or H&K's former clients had issues with H&K's intended production. All of this only came to light in your email of yesterday.
In sum, H&K fully complied with its obligations in responding to this non-party subpoena: informing its former clients and their current counsel; providing objections to the document requests; negotiating the scope of the requests with the requesting party; conducting a sizable and time-consuming narrowing of the document universe and corresponding review; and supplying access to counsel for H&K's former clients (Mr. Smith) with repeated instruction that "as current counsel for H&K's former clients, [H&K is] relying on you to review the materials we are withholding as privileged and expect you will enforce the scope of attorney-client privilege H&K's former clients (and your current clients) intend to assert as to these documents moving forward."

If your clients think they have an application to make with respect to the Court's October 13 order, I suggest that it be made promptly. Barring relief from the Court, H&K intends to timely comply with the Court's Order.

Regards,
Matt

**Matthew DiBlasi** | **Holland & Knight**
Partner
Holland & Knight LLP
787 Seventh Avenue, 31st Floor | New York, New York 10019
Phone +1.212.513.3539 | Fax +1.212.385.9010
matthew.diblasi@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Danielle Kirby <dkirby@globaltowersites.com>
**Sent:** Wednesday, October 14, 2026 5:17 PM
**To:** DiBlasi, Matthew R (NYC - X73539) <Matthew.DiBlasi@hklaw.com>
**Cc:** 'Busch, Frank' <fbusch@coblentzlaw.com>
**Subject:** FW: FW: Telecom Business Solution LLC v Terra Towers Corp SDNY 1:22cv1761 Subpoena to Holland & Knight

*[External email]*
Mr. DiBlasi,

By way of introduction, I am Danielle Kirby. I spent seven years at Holland & Knight, although I do not believe we have ever met. I am writing to protect the privilege and confidentiality interests of the non-party U.S. trusts, entities and individuals whose information is implicated by the subpoena and proposed production.

For the avoidance of doubt, no consent to disclosure or waiver of privilege is being given through this correspondence. Neither my participation in reviewing the materials nor communications with GST should be treated as authorization to disclose privileged information belonging to any affected client. Each client's privilege rights and the authority to make decisions concerning them must be separately identified and addressed.

I am deeply concerned that HK's response to the motion to compel gave Judge Kaplan a materially incomplete picture of the chronology, the condition of the proposed production, and the clients whose privileges are implicated. With production ordered for October 16, please explain what HK intends to do immediately to correct those impressions and prevent disclosure of privileged materials belonging to clients whose rights were not addressed.

First, sending a link on July 24 was not equivalent to delivering an accessible production with a privilege log. We could not access the documents until August 19, when you supplied the missing password. After Mr. Smith confirmed access and asked for the log, you responded that it had just been uploaded (see email chain below). The Court should have been given that complete chronology.

Second, the materials were not ready for production subject only to client approval. On August 20, you confirmed that entries marked "Privileged - Redact" identified redactions still to be made. Mr. Smith's contemporaneous email identified 229 log entries against more than 9,700 items and flagged a randomly selected, potentially privileged email concerning negotiation strategy that HK had not included in the log. He expressly questioned whether HK's review was comprehensive and concluded that we could not simply rely on it.

Those exchanges establish that flagged redactions remained unimplemented and that GST had identified substantive concerns about the completeness of HK's privilege review. HK was asking GST and the former clients to undertake substantive review and determine the privilege positions to be asserted, not merely approve an otherwise completed production.

After HK had taken months to provide the materials, we faced reviewing almost 10,000 items and finding qualified assistance we could afford, without HK's staffing and resources. Presenting the subsequent delay without that context unfairly shifted responsibility to the former clients and their current counsel.

Moreover, Mr. Smith had expressly asserted his clients' privilege position in January. Although that did not replace the need for a sufficient privilege log, it is important context that should not disappear from the account presented to the Court.

Most importantly, Mr. Hernandez is not the only potential privilege holder. The materials implicate separate privilege and confidentiality interests belonging to, or asserted on behalf of, Monte Olivos, Ana Hernandez, Marcela Hernandez, the Hernandez Family Trust, the HF 2018 Dynasty Trust, the HF 2020 BVI Trust, and other U.S. entities. These nonparties' independent rights were not separately addressed in HK's response, which centered on Mr. Hernandez as the "Former Client," despite HK's earlier recognition of multiple former clients.

Mr. Hernandez has held no management, advisory, or decision-making role in the U.S. trusts or U.S. entities since mid-2024. His status as one of multiple beneficiaries does not, by itself, make him the holder of privileges arising from HK's representation of the trustees or authorize him to waive privileges belonging to other clients.

The fact that HK may have communicated legal advice to Mr. Hernandez between 2018 and 2023 does not resolve this issue. HK must distinguish advice provided to

him personally from advice he received in a representative or advisory capacity, or as a beneficiary. Receipt of advice is not equivalent to ownership of the privilege or continuing authority to waive it.

Before treating Mr. Hernandez's failure to respond as a basis for producing these materials, HK needed to identify the client for each relevant representation, the privilege applicable to the communications, and the person currently authorized to assert or waive that privilege. A finding of waiver concerning Mr. Hernandez's own privilege does not, without a separate basis, establish waiver of privileges arising from HK's representation of trustees, entities, or other individuals.

There is a separate issue concerning Terra and TBS. As Mr. Smith explained to you, there are BVI receivership orders that create an unresolved dispute over who could instruct counsel for those companies. That dispute materially complicated their ability to respond to the October motion and assert their own privilege positions. HK should have explained that issue to the Court and sought appropriate directions or interim protection.

The order expressly finds waiver by Mr. Hernandez while directing broader production. HK needs to bring that distinction to the Court's attention urgently. Please identify what notice each affected nonparty client received, who HK understood was authorized to assert that client's privilege, and what HK did to protect those separate rights.

NYSBA Ethics Opinion 1239 addresses an analogous situation involving court-ordered production containing information of both waiving and non-waiving clients. It explains that one client's waiver does not eliminate the lawyer's obligations to notify and take reasonable protective steps for the others. This issue requires affirmative action by HK.

Please confirm today:

- Whether any documents have already been produced or made accessible to PPT or anyone acting for it, and, if so, precisely what was disclosed and when.
- Whether HK will promptly correct the chronology and description of the production's readiness before Judge Kaplan, including the August 19 and 20 exchanges.
- How HK intends to protect the other clients' privileges and address the unresolved authority issue concerning Terra and TBS, whether by seeking an immediate stay or extension of the October 16 deadline and clarification or modification of the order.
- How HK will complete the necessary privilege review, identify the relevant privilege holders, and implement the required withholding and redactions.
- If protected materials have already been disclosed, what immediate steps HK will take to seek their return, prevent further dissemination or use, and obtain appropriate relief.

I recognize that HK must address the Court's order through proper procedural channels. That makes immediate corrective action essential. The firm should take responsibility for remedying the deficiencies in its review and presentation rather than leaving the affected former clients to bear the consequences.

Please provide a concrete plan and confirm who at HK will take responsibility for implementing it before the production deadline.

I am copying external litigation counsel for a number of the nonparty U.S. trusts, entities, and individuals to ensure that their separate interests and rights are fully protected in connection with any proposed disclosure by HK.

Danielle

**Danielle Jasmin Kirby, Esq.**
Group General Counsel
c: 901.849.3734
e: dkirby@globaltowersites.com

*Please note I do not expect a reply from you on evenings and weekends.

The information contained in this email and any attachments constitutes proprietary and confidential information and information that may be subject to attorney-client, work product or other legal privilege. This communication is for the use of the addressee only. If you are not the intended recipient, you are hereby formally notified that any use, copying or distribution of this communication, in whole or in part, is strictly prohibited. Please immediately notify the sender by return email and destroy any copies, electronic, paper or otherwise, you may have of this communication. Unless explicitly and conspicuously stated in the subject matter of the above email, this communication does not constitute a contract offer, a contract amendment, or an acceptance of a contract offer.

---

**From:** Quinn Smith <quinn.smith@gstllp.com>
**Sent:** Thursday, August 20, 2026 1:18 PM
**To:** Danielle Kirby <dkirby@globaltowersites.com>
**Cc:** Diego B. Gosis <diego.gosis@gstllp.com>
**Subject:** Fwd: FW: Telecom Business Solution LLC v Terra Towers Corp SDNY 1:22cv1761 Subpoena to Holland & Knight

Danielle:

I've attached the privilege log. It's helpful but incomplete. They are only flagging redactions to be made, not making any redactions. There are 229 items in the privilege log and over 9700 items in the file. I'm not terribly confident that this is a comprehensive privilege review. I grabbed a random email: 85934. It details the negotiation strategy for a purchase in Colorado (I'm assuming it did not close). In the past, we have objected, based on privilege, to communications regarding negotiation strategy. To be consistent, we would need to withhold this email.

Not everything is an email that needs to be reviewed. Some emails are full of attachments that we would not withhold (unless they are subject to another confidentiality agreement we cannot breach). For example, email 85986 has 19 attachments, all of which are invoices showing work that was done. We would probably produce these without a fuss.

In any event, I'm unsure that we can just rely on HK. I think we are going to need to at least go through and understand what is being produced to then decide if a deeper review is necessary. It looks like HK was just cc'd on emails out of habit, leading to a rather large production.

If you want to download the entire production, you can scroll down this thread and see the link to the download as well as the password to unzip the files.

Let us know what your thoughts are.

Quinn

---------- Forwarded message ---------
From: **Matthew.DiBlasi@hklaw.com** <Matthew.DiBlasi@hklaw.com>
Date: Thu, Aug 20, 2026 at 11:12 AM
Subject: RE: FW: Telecom Business Solution LLC v Terra Towers Corp SDNY 1:22cv1761 Subpoena to Holland & Knight
To: quinn.smith@gstllp.com <quinn.smith@gstllp.com>

Yes on both.

**Matthew DiBlasi** | **Holland & Knight**
Partner
Holland & Knight LLP
787 Seventh Avenue, 31st Floor | New York, New York 10019
Phone +1.212.513.3539 | Fax +1.212.385.9010
matthew.diblasi@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Quinn Smith <quinn.smith@gstllp.com>
**Sent:** Thursday, August 20, 2026 1:07 PM
**To:** DiBlasi, Matthew R (NYC - X73539) <Matthew.DiBlasi@hklaw.com>
**Subject:** Re: FW: Telecom Business Solution LLC v Terra Towers Corp SDNY 1:22cv1761 Subpoena to Holland & Knight

*[External email]*
I got it. Tks.

On the privilege log, if it says "Privileged - Redact," does this mean there are redactions to be made? If a document is not in the privilege log, does this mean that no privilege has been identified?

Quinn

On Wed, Aug 19, 2026 at 1:44 PM Matthew.DiBlasi@hklaw.com <Matthew.DiBlasi@hklaw.com> wrote:

It was just uploaded. Please let me know if you don't see it:

My files > P-05298_Outgoing > **20260724_Privilege Exports**

| Name | Modified | Modified By | File size | Sharing | Activity |
| --- | --- | --- | --- | --- | --- |
| 20260819_Privilege Log.xlsx | 33 minutes ago | Healey, Daniel (HOU - X56883) | 30.4 KB | Shared | |
| 20260724_Privilege Exports.zip | July 24 | Healey, Daniel (HOU - X56883) | 2.91 GB | Shared | |

**Matthew DiBlasi** | **Holland & Knight**
Partner
Holland & Knight LLP
787 Seventh Avenue, 31st Floor | New York, New York 10019
Phone +1.212.513.3539 | Fax +1.212.385.9010
matthew.diblasi@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Quinn Smith <quinn.smith@gstllp.com>
**Sent:** Wednesday, August 19, 2026 1:16 PM
**To:** DiBlasi, Matthew R (NYC - X73539) <Matthew.DiBlasi@hklaw.com>
**Subject:** Re: FW: Telecom Business Solution LLC v Terra Towers Corp SDNY 1:22cv1761 Subpoena to Holland & Knight

*[External email]*
That worked. Thanks. And are you sending a privilege log?

On Wed, Aug 19, 2026 at 10:54 AM Matthew.DiBlasi@hklaw.com <Matthew.DiBlasi@hklaw.com> wrote:

Hi Quinn – try the following. If it doesn't work for some reason please let me know.

Zip Password : v9LfPgai45

Best,
Matt

**Matthew DiBlasi** | **Holland & Knight**
Partner
Holland & Knight LLP
787 Seventh Avenue, 31st Floor | New York, New York 10019
Phone +1.212.513.3539 | Fax +1.212.385.9010
matthew.diblasi@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** Quinn Smith <quinn.smith@gstllp.com>
**Sent:** Wednesday, August 19, 2026 12:36 PM
**To:** DiBlasi, Matthew R (NYC - X73539) <Matthew.DiBlasi@hklaw.com>
**Subject:** Re: FW: Telecom Business Solution LLC v Terra Towers Corp SDNY 1:22cv1761 Subpoena to Holland & Knight

*[External email]*
Hi, Matthew. I just realized that the password didn't come through. Can you resend?

On Fri, Jul 24, 2026 at 2:30 PM Matthew.DiBlasi@hklaw.com <Matthew.DiBlasi@hklaw.com> wrote:

> Hi Quinn – apologies for the delay in getting this to you but there were more potentially privileged documents than we expected.
>
> Here is the link to the documents and privilege / redaction logs along with the zip password:
>
> 20260724_Privilege Exports
>
> As mentioned, if you could please let us know when you've completed your review so that we can turn the document production over to the other side we would greatly appreciate it.
>
> Thanks much and enjoy the weekend!
>
> Best,
> Matt
>
> **Matthew DiBlasi** | **Holland & Knight**
> Partner
> Holland & Knight LLP
> 787 Seventh Avenue, 31st Floor | New York, New York 10019
> Phone +1.212.513.3539 | Fax +1.212.385.9010
> matthew.diblasi@hklaw.com | www.hklaw.com
>
> Add to address book | View professional biography
>
> ---
>
> **From:** Quinn Smith <quinn.smith@gstllp.com>
> **Sent:** Monday, July 13, 2026 8:21 PM
> **To:** DiBlasi, Matthew R (NYC - X73539) <Matthew.DiBlasi@hklaw.com>
> **Cc:** Burns, Robert J (NYC - X73490) <Robert.Burns@hklaw.com>
> **Subject:** Re: FW: Telecom Business Solution LLC v Terra Towers Corp SDNY 1:22cv1761 Subpoena to Holland & Knight
>
> *[External email]*
> Thanks, Matt.
>
> On Mon, Jul 13, 2026 at 6:18 PM Matthew.DiBlasi@hklaw.com <Matthew.DiBlasi@hklaw.com> wrote:
>
>> Good afternoon Quinn,
>>
>> My name is Matt DiBlasi, my partner Bob Burns (cc'd) forwarded along the below correspondence between you both on this case. We have completed our search for and review of relevant documents in response to the below-referenced subpoena. In the coming days we will be forwarding you a zip drive of the relevant responsive documents along with a draft privilege log. We are withholding all attorney-client privileged materials from the production universe and we are taking a broad scope re privilege. As Bob mentioned below, as current counsel for H&K's former clients, we are relying on you to review the materials we are withholding as privileged and expect you will enforce the scope of attorney-client privilege H&K's former clients (and your current clients) intend to assert as to these documents moving forward.

Please let us know if you have any questions once you get the log/documents and please keep us apprised as to when you've completed your review so that we can turn the document production over to the other side.

Best,
Matt

**Matthew DiBlasi** | **Holland & Knight**
Partner
Holland & Knight LLP
787 Seventh Avenue, 31st Floor | New York, New York 10019
Phone +1.212.513.3539 | Fax +1.212.385.9010
matthew.diblasi@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** Quinn Smith <quinn.smith@gstllp.com>
**Sent:** Wednesday, January 7, 2026 3:03 PM
**To:** Burns, Robert J (NYC - X73490) <Robert.Burns@hklaw.com>
**Subject:** Re: Telecom Business Solution LLC v Terra Towers Corp SDNY 1:22cv1761 Subpoena to Holland & Knight

*[External email]*
Hi, Bob. Thanks for following up. My clients will (and do) assert the broadest possible scope of the attorney client privilege. I understand your points regarding the scope of the subpoena. Please let me know if I can be of any assistance.

Quinn

On Wed, Jan 7, 2026 at 7:57 AM Robert.Burns@hklaw.com <Robert.Burns@hklaw.com> wrote:

> Quinn,
>
> Good to meet you by email, and happy new year.
>
> I am handling the response of Holland & Knight LLP (H&K) to the attached subpoena served on our firm by the Petitioners in the above-referenced case pending in SDNY. I understand that you were provided notice of intent to serve the H&K subpoena on November 20, 2025; service on H&K occurred on November 21, 2025. After extensions, H&K's responses and objections are due to be served on January 9, 2026.
>
> As you are likely aware, H&K was former counsel for several of the Respondents you now represent in the SDNY action, including Jorge Hernandez and several related entities. The subpoena targets several aspects of H&K's work for these former clients over the course of a number of years. H&K's view is that the subpoena, in the form in which it was served, is extremely broad (particularly in light of H&K's extensive and longstanding work for these former clients), and encompasses within its stated scope documents that are protected from disclosure by the attorney-client privilege. On the January 9 response deadline, we intend to assert these (and other) objections, and to invite a meet-and-confer with propounding counsel with the objective to narrow the scope of the subpoena. We do not intend to make a production on January 9.
>
> All that said, H&K's view is that, if the subpoena is sufficiently tailored to allow a reasonable scope of search, and to exclude privileged materials and communications from its scope, H&K will be obligated to comply. We will, of course, need to rely upon you, as current counsel for H&K's former clients, to provide guidance as to the scope of attorney-client privilege H&K's former clients (and your current clients) intend to assert as to certain responsive materials. For now, all attorney-client privileged materials will be withheld from any production(s), pending your views on behalf of our former clients as to the scope of privilege you intend to assert. When the time comes for production(s), we will work with you on this process.
>
> For now, I just wanted to connect with you and inform you of H&K's views and intentions. I am happy to discuss with you further if you think that would be helpful on the front-end of this process; if so, just let me know, and we'll set up a call. In the meantime, I will be sure to copy you on H&K's as-served responses and objections to the subpoena, and to keep you updated on efforts to narrow the scope of the subpoena through the meet-and-confer process.
>
> Thanks,
> Bob Burns
>
> **Robert J. Burns** | **Holland & Knight LLP**
> 787 Seventh Avenue | New York, NY 10019
> Phone 212.513.3490 | Mobile 917.547.2170
> robert.burns@hklaw.com | www.hklaw.com
>
> Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.